RECEIPT NUMBER
38208

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, AS NEXT OF FRIEND OF JONATHAN BOND
**Plaintiff**

-vs-

CITY OF DETROIT, A MUNICIPAL CORPORATION, DETROIT POLICE CHIEF, ELLA BULLY CUMMINGS, DEPUTY POLICE CHIEF CARA BEST, JOHN DOE POLICE OFFICERS, ATTORNEY GENERAL MIKE COX-STATE OF MICHIGAN, FORMER CHIEF OF POLICE OF DETROIT JERRY OLIVER, MAYOR OF CITY OF DETROIT KWAME KILPATRICK, FORMER CHIEF OF STAFF FOR MAYOR OF CITY OF DETROIT, CHRISTINE BEATTY

**Defendants, jointly and severa**lly

```
JUDGE : Rosen, Gerald E.
DECK : S. Division Civil Deck
DATE : 11/07/2005 @ 10:15:06
CASE NUMBER : 2:05CV74253
CMP ERNEST FLAGG V CITY OF
DETROIT ET AL (JLC)
```

**COMPLAINT**

JURISDICTION

MAGISTRATE JUDGE R. STEVEN WHALEN
*Magistrate Judge R. Steven Whalen*

NOW COMES PLAINTIFF, ERNEST FLAGG – BIOLOGICAL/CUSTODIAL PARENT AND NEXT OF FRIEND OF JONATHAN BOND - BY AND THROUGH HIS ATTORNEY, DELICIA COLEMAN, and state for HIS complaint:

1. That Plaintiff, Ernest Flagg, AS NEXT OF FRIEND OF Jonathan Bond, is a resident of the State of Michigan, County of Wayne and City of Detroit.

2. That Jurisdiction is conferred on this court pursuant to Title 28 USC § 1331.

3. That Defendant, City of Detroit, is a Municipal Corporation, organized under the laws of the State of Michigan.

4. That the Defendant, Ella Bully-Cummings, is a resident of the State of Michigan, County of Wayne, City of Detroit.

ERNEST FLAGG, AS NEXT OF FRIEND OF JONATHAN BOND

5. That the Defendant, Cara Best, is resident of the State of Michigan, County of Wayne, City of Detroit.

6. That Defendant, Kwame Kilpatrick, Mayor of City of Detroit, is a resident of the State of Michigan, County of Wayne, and City of Detroit.

7. That Defendant, Mike Cox, Attorney General for State of Michigan, maintains an office in the State of Michigan, County of Wayne and City of Detroit.

8. That Defendant, Christine Betty, former Chief of Staff for the Mayor of Detroit, is a resident of the State of Michigan, County of Wayne, and City of Detroit.

9. That Defendant, Jerry Oliver, former Chief of Police of the Detroit Police Department of the City of Detroit, is a resident of the State of Arizona, County of Maricopa, and City of Phoenix.

10. That Defendant, John Does, agents of the City of Detroit, are residents of the State of Michigan, County of Wayne, and City of Detroit.

11. That the amount in controversy is greater than $75,000.

## COUNT I - VIOLATION OF THE FOURTEENTH AMENDMENT CONSTITUITONAL DUE PROCESS - RIGHT OF ACCESS TO THE COURTS PURSUANT TO TITLE 42, §1983, §1985(2)(3), §1986 and §1988

12. That on or about April 3, 2003, at approximately 3:40 a.m., 27-year-old Tamara Greene, was gunned down as she sat in her car on Roselawn with a friend who sat in the front passenger seat.

13. Ms. Greene's murderer drove up to her vehicle, fired several shots into her vehicle, striking Ms. Greene in the head and injuring the other occupant of the car, and drove off.

14. Ms Greene died at the scene.

ERNEST FLAGG, AS NEXT OF FRIEND OF JONATHAN BOND 2

15. Ms. Greene had been employed as an exotic dancer in various clubs in Detroit and was well known by her stage name, "Strawberry."

16. As of the date of this complaint, the police have not arrested anyone for Ms. Greene's murder and, on information and belief, have not developed any good suspects.

17. Nine days after Greene's murder, Deputy Chief Gary Brown was fired as the head of the Department's Internal Affairs Bureau allegedly investigating a party at the Manoogian Mansion involving exotic dancers.

18. Five days after Brown was terminated, a memo was distributed to the news media by Defendant Beatty through the Mayor's press consultant and campaign manager, Robert Berg, who identified Police Officer Harold Neltrope as the source of the information concerning misconduct of certain members of Kilpatrick's Executive Protection Unit and the Manoogian Mansion party.

19. Shortly after these events, an investigative journalist for a Detroit newspaper developed information concerning the identity of three dancers who performed at the Manoogian party, one of whom was allegedly Tamara Greene (AKA Strawberry).

20. The investigative journalist passed this information on to several members of the Department and very little was done to investigate Ms. Greene's murder largely because Detroit Homicide detectives reportedly considered it a "hot potato" and did not want to end up like Deputy Chief Brown or Police Officer Harold Neltrope.

21. During the remainder of 2003, the case was passed around several squads within Homicide, but very little was being done to find Ms. Greene's killer(s).

22. That Tamara Greene was the mother of Jonathan Bond, a minor child.

23. That the Detroit Police Department, Homicide Section, was assigned to investigate and solve the murder of Tamara Greene.

24. That Defendants, Detroit Police Department and City of Detroit, through its agents/employees within eleven months of Greene's death, placed the homicide case of Tamara Greene in the cold case file after less than one year – diametrically opposing customs that a case had to be at least two years old before the Cold Case Squad would accept it, further delaying her murder investigation, thusly depriving the right of access of court from the child.

25. That the assignment of this case to the SAS or Special Assignment Section would have been more advantageous to the investigation and thusly increasing the chance of solving the murder.

26. That the City of Detroit and members of its Police Department deliberately avoided sending spent .40 caliber bullet casings and retrieved bullets remaining at the scene of the murder to the appropriate agency to determine if the weapon belonged to an officer or was registered.

27. That the City of Detroit and members of its Police Department deliberately avoided interviewing key individuals who could have offered valuable information in the investigation of this murder.

28. That the City of Detroit and members of its Police Department refused to subpoena critical documents which could have potentially enhanced Greene's murder investigation.

29. That Lt. Al Bowman of the Detroit Homicide section of the Detroit Police Department was a detective investigating the Greene homicide.

30. That Bowman as a part of his investigation of the Greene homicide began sharing information with Michigan State Police who was concurrently investigating allegations about a party at the Mayor's residence, the Manoogian Mansion.

31. That he was called into a meeting with Police Chief Ella Bully-Cummings, Assistant Chief of Police Harold Cureton, Commander Craig Schwartz, and Lt. Billy Jackson and was directed to cease investigating Greene's homicide and to put the file away.

32. That shortly after the said meeting, Bowman was transferred out of the Homicide Section of the Police Department to the 2nd Precinct to a different position to ensure that he discontinued the investigation of Greene's murder.

33. That Defendants, Detroit Police Department and City of Detroit, through its agents, employees, acting under color of state law and with malicious intention, deprived the plaintiff of his due process right of access of court.

34. That Defendants, Detroit Police Department and City of Detroit, engaged in a laxity in investigation, deliberately ignored and actively concealed material evidence in the investigation of Greene's death in an effort to avoid inflicting damaging information upon and the potential implication of high city officials in Greene's murder, including Mayor Kwame Kilpatrick and his wife, Carlita Kilpatrick.

35. That the actions of defendants, Detroit Police Department and City of Detroit, resulted in a delay of decedent's murder investigation, thereby, causing evidence to grow stale and the fading of materials facts in the minds of witnesses and potential witnesses.

36. That Defendants, the City of Detroit and several John Does had knowledge of the wrongs conspired to be done, possess the power to prevent or aid in preventing and that reasonable diligence could have prevented any of the wrong.

37. That these and a myriad of other deliberate and malicious acts occurred through Mayor of the City of Detroit, other executive leadership and throughout the official decision-making channel which included policy makers.

38. That without adequate investigation, Defendants have shielded from the public and the plaintiff, meaningful and effective material facts that could have lead to the apprehension of the perpetrator(s) and form the basis for the plaintiff's state court claim for redress.

39. That it would be futile to file a state court claim when plaintiff have no one to file against.

## COUNT II - CONSPIRACY TO DENY FOURTEENTH AMENDMENT CONSTITUITONAL DUE PROCESS - RIGHT OF ACCESS TO THE COURTS PURSUANT TO TITLE 42, §1983, §1985(2)(3), §1986 §1988

Plaintiff incorporates by reference paragraphs 1-39 of Count I as if herein actually stated.

40. That Defendants, Mike Cox, Attorney General, State of Michigan, Kwame Kilpatrick, Mayor of City of Detroit, Jerry Oliver, former Chief of Police, City of Detroit, and Christine Betty, former Chief of Staff for Mayor of City of Detroit, entered into an agreement with malicious intention to deprive plaintiff of his constitutional due process right to access of courts.

41. That Defendants, Detroit Police Department and City of Detroit, engaged in a laxity in investigation, deliberately ignored and actively concealed material evidence in an effort to avoid inflicting damaging information upon and the potential implication of high city officials including the Mayor of Detroit Kwame Kilpatrick and his wife, Carlita, in

Greene's murder, thereby, depriving her child of his due process right of access to court to bring a wrongful death suit against his mother's murderer(s).

42. That Defendants and the City of Detroit had knowledge of the wrongs conspired to be done, possess the power to prevent or aid in preventing and that reasonable diligence could have prevented any of the wrong.

43. That these deliberate actions and inactions resulted in a delay of decedent's murder investigation, thereby, causing evidence to grow stale and the fading of materials facts in the minds of witnesses and potential witnesses, further impairing the child's access to state court.

44. That the investigation of the homicide of Tamara Greene was assigned to the Detroit Police Department, Homicide Section.

45. That Detective, Al Bowman, in investigating the homicide of Tamara Greene, was led to exchange information with the Michigan State Police, which was investigating allegations relative to a party held at the Mayor's official residence – the Manoogian Mansion.

46. That the homicide investigation of Tamara Greene by the Homicide Section has led to inquiries and events and connections to an alleged party at the Mayor's official residence.

47. That the Defendant, Mike Cox engaged in the murder investigation.

48. That Mike Cox's interrogation of Mayor Kwame Kilpatrick and Carlita Kilpatrick was the epitome of a façade, a deliberate attempt to shield Kwame and Carlita Kilpatrick from potentially damaging information.

57. That Brown had received information from a police officer who made allegations of impropriety by city officials.

58. That among the allegations Brown was investigating was that a "stripper" had been beaten at the Mayor's official residence during a "wild party."

59. That a meeting between Brown and former Chief of Police Oliver occurred about one week prior to his termination.

60. That during this meeting Chief Oliver asked Brown to draft a memo delineating the activities of his investigation into Kilpatrick security force.

61. That former Police Chief Oliver, Mayor Kilpatrick, former Chief of Staff Betty and other City officials had a meeting regarding Brown's investigation.

62. That a decision was made at the meeting to terminate Brown.

63. That Defendant, Mayor Kwame Kilpatrick, fired Deputy Police Chief Gary Brown on or about May, 2004 to avoid further investigation into the allegations of "wild party."

64. That the Defendant's conduct was 'malicious, wanton or oppressive or in reckless disregard of the plaintiff's rights.

65. That Defendants, Detroit Police Department and City of Detroit conspiracy have permeated throughout the City of Detroit, the State Attorney General's Office and beyond…adversely impacting witnesses, evidence, and mainly the plaintiff - giving rise to a world class **administrative and police cover-up**.

Plaintiff requests compensatory and punitive damages including attorney fees.

49. That Mike Cox failed to formally interrogate Mayor Kwame Kilpatrick or Carlita Kilpatrick specifically about the occurrence of the party or even Greene's murder.

50. That Mike Cox **deliberately** did not tape record the interview with the Mayor and his wife.

51. That Mike Cox **deliberately** did not use prewritten questions during the interview/interrogation of the Mayor and his wife.

52. That Mike Cox failed to allow the State Police lead investigator to be present during the interview of the Mayor.

53. That Mike Cox **refused** to issue subpoenas to the Michigan State Police in support of the investigation into the alleged party at the Mayor official residence or the murder of Greene.

54. That Mike Cox's **publicly** announced investigative conclusion that the allegations had the "**earmarks of an urban legend**" served as a profound **discouragement** to any individual(s) who might have come forward with valuable information to contribute to the investigation of this notorious murder.

55. That the conspiracy efforts, active concealment and hands-off approach to the murder investigation of Greene by Defendant, Mayor Kwame Kilpatrick, and Defendant, Mike Cox, and Defendant, Jerry Oliver, and Defendant, Christine Betty, consequently sealed the state court door closed.

56. That Gary Brown, Deputy Police Chief over Internal Affairs of the Detroit Police Department, began an investigation of possible criminal acts of police officers of the Mayor's security detail and into allegations of a "wild party" and of criminal conduct by the Mayor.

**WHEREFORE**, Plaintiffs respectfully request this court enter a judgment in their favor and against Defendants and the City jointly and severally for whatever amount Plaintiffs are found to be entitled, plus costs, attorneys' fees and statutory interest form the date this Complaint is filed.

### DEMAND FOR JURY TRIAL

Plaintiffs by and through their attorney Delicia Coleman demands a jury trial.

BY: _/s/ Delicia Coleman_
Delicia Coleman P-56278
Attorney for Plaintiffs
23300 Greenfield Road, Ste 111
Oak Park, Michigan 48237
(248) 967-6293

Dated: November 04, 2005

# CIVIL COVER SHEET

County in which this action arose: Wayne

J6163

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ERNEST FLAGG

## DEFENDANTS
City of Detroit

**(b)** County of Residence of First Listed Plaintiff: Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)
J6163

County of Residence of First Listed Defendant: Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Delicia Coleman, 23300 Greenfield Ste. 111 Oak Park MI 48237

Attorneys (If Known)

MAGISTRATE JUDGE R. STEVEN WHALEN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Citizen of This State: PTF ☒1 DEF ☒1 — Incorporated or Principal Place of Business In This State: ☐4 ☐4

JUDGE : Rosen, Gerald E.
DECK : S. Division Civil Deck
DATE : 11/07/2005 @ 10:15:06
CASE NUMBER : 2:05CV74253
CMP ERNEST FLAGG V CITY OF DETROIT ET AL (JLC)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610
- ☐ 620
- ☐ 625
- ☐ 630
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

440

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Section 1983
Brief description of cause: Violation of due process right of access of court.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE: Michael Callahan DOCKET NUMBER: PLA

DATE: 11/07/05
SIGNATURE OF ATTORNEY OF RECORD: D Coleman

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: Wayne County District Court

   Case No.: _____

   Judge: Michael Callahan

   Notes: Alvin Boman v. City of Detroit