# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Ernest Flagg,**

Michigan.

2. Plaintiff's Complaint names, inter alia, the City of Detroit, Mayor Kwame Kilpatrick, the Mayor's Chief of Staff, Christine Beatty, and the City Police Chief, Ella Bully-Cummings as party defendants.

3. On November 15, 2005, Plaintiff effected service on the City, Kilpatrick, Beatty, and Bully-Cummings.

4. Plaintiff's complaint asserts constitutionally predicated claims only; essentially he contends Defendants failed to properly investigate his mother's homicide and thereby prevented him from bring a wrongful death action against her killer in state court.

5. Defendants, however, owe Plaintiff no legal duty in this regard.

6. Plaintiff's complaint, therefore, fails to state a claim upon which relief may be granted.

7. On November 29, 2005, Defendants' counsel sought Plaintiff's concurrence in the relief sought in this motion; concurrence, however, has been declined.

Predicated upon the facts presented and the authorities cited above, Defendants City of Detroit, Kwame Kilpatrick, Christine Beatty, and Ella Bully-Cummings respectfully request the court dismiss Plaintiff's complaint, in its entirety, with prejudice, and with costs and attorneys fees.

Respectfully submitted,

S/John A. Schapka

John A. Schapka
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 237-3062

DATED: 29 November 2005

K:\DOCS\LIT\SCHAJ\A37000\CAPT_BLK\JS2482.WPD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ernest Flagg,** as Next Friend of
**Jonathon Bond**,

    Plaintiff,

vs.

Case No. 05-CV-74253-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

**City of Detroit**, A Municipal Corporation,
City of Detroit Chief of Police **Ella Bully-Cummings**,
City of Detroit Deputy Chief of Police **Cara Best**,
John Doe Police Officers,
Michigan Attorney General **Mike Cox**,
Former City of Detroit Chief of Police **Jerry Oliver**,
City of Detroit Mayor **Kwame Kilpatrick**,
City of Detroit Chief of Staff **Christine Beatty**,

    Defendant.
_____/

| | |
|---|---|
| Delecia Coleman (P-56278) | John A. Schapka  (P-36731) |
| Attorney for Plaintiff | Attorney for Kilpatrick, Beatty, and Bully-Cummings |
| 23300 Greenfield Road, Suite 111 | City of Detroit Law Department |
| Oak Park, Michigan 48237 | 1650 First National Building |
| (248) 967-6293 | (313) 224-4550    ext 73062 |

_____/

**DEFENDANTS CITY OF DETROIT, KWAME KILPATRICK, CHRISTINE BEATTY,
AND ELLA BULLY-CUMMINGS' BRIEF IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
(In Lieu of Responsive Pleadings)**

    This civil matter arises from the April 3, 2003, drive-by shooting death of Tamara Greene and the ensuing investigation into her murder.

**Plaintiff's Claims**

    Acting through his Next Friend, Ernest Flagg, Plaintiff Jonathon Bond alleges his mother, Tamara Greene was killed by unknown gunmen as she sat in an automobile during the early morning

hours on April 3, 2003. He further asserts that the City of Detroit, the City's Mayor, Kwame Kilpatrick, his Chief of Staff, Christine Beatty, and the City's Chief of Police, Bully-Cummings thereafter failed to adequately investigate and that they engaged in a cover-up of Greene's murder.

The precise basis underlying Plaintiff's position is, at best, murky. Giving his complaint a liberal reading, however, it appears that Plaintiff contends Defendants' conduct prevented the apprehension and criminal prosecution of Green's killer, and that as a result, he is unable to bring a civil action for damages against the killer in state court. He further asserts that Defendants thereby denied him access to the courts as otherwise provided by due process clause of the 14th Amendment to the Constitution of the United States because he is.[1]

Neither the City, nor its elected or appointed officials, nor its employees, however, owe a legal duty to Bond to investigate Greene's death or apprehend her killer. Accordingly, any such failure does not implicate any right recognized under federal statute or the Constitution of the United States. Plaintiff's Complaint does not, therefore, state a claim upon which relief may be granted.

### Statement of Issues

> Federal precedents provide that as a threshold consideration underlying any constitutionally predicated claim there must be some manner of duty owed to the complaining party. Absent the existence of a duty, does Plaintiff present a claim upon which relief may be granted?
>
> Further, absent the existence of a duty, does Plaintiff have standing to bring his complaint?

### Authority

### a. The FRCP 12(b)(6) Predicate

---

[1] Plaintiff's Complaint, Count I, paragraph 38 and 39.

Any pleading which sets forth a claim for relief may be challenged by a Rule 12(b)(6) motion.[2] Such a motion tests the legal sufficiency of the pleading.[3] Consequently, the court must limit its inquiry to the pleading alone.[4] Rule 12(b)(6) motions serve a useful purpose in disposing of legal issues with a minimum of time and expense to the parties.[5]

Rule 12(b)(6) provides a complaint must be dismissed if it fails to state a claim upon which relief may be granted. In assessing such a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff can prove any conceivable set of facts entitling him or her to relief.[6]

### b. Deprivation of a Constitutional Right Threshold

To prevail in a civil rights action under 42 USC 1983, a plaintiff must plead and prove that the defendant, acting under color of law, deprived the plaintiff of a right secured by the statutes or Constitution of the United States.[7] Section 1983 alone creates no substantive rights; rather, it is a vehicle by which by which a plaintiff may seek redress for deprivations of rights established in the

---

[2] See e.g., Walker Distributing Co. v Lucky Lager Brewing 323 F.2d 1 (9th Cir. 1963) (counter-claim); Sass v District of Columbia, 316 F.2d 366 (D. D.C. 1963) (third party claim).

[3] German v Killeen, 495 F. Supp. 822 (D. Mich. 1980).

[4] Michigan Hospital Association v Department of Social Services, 738 F.Supp. 1080 (D. Mich. 1990).

[5] Hiland Dairy Inc. v Kroger Co., 402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961.

[6] **In Re DeLorean Motor Co.**, 991 F.2d 1236 (6th Cir. 1993) (citing **Meador v Cabinet for Human Resources**, 902 F.2d 474 (6th Cir.) cert. denied, 489 U.S. 867 (1990)); **Austin v City of Grand Rapids**, 685 F.Supp. 1296 (D. Mich. 1988); see also, **Conley v Gibson**, 355 U.S. 41 (1957).

[7] **Graham v Connor**, 490 US 386, 109 SCt 1865, 104 LEd2d 443 (1989); **Baker v McCollan** 443 US 137, 99 SCt 2689, 61 Led2d 443 (1979). See also, **Albright v Oliver**, 114 SCt 807 (1994); **Llewellen v Mero Government of Nashville**, 34 F3d 345 (6th Cir 1994); **Keith v Highland Park School District**, 800 FSupp 1470 (J.Edmunds, ED Mich 1992).

Constitution or federal laws.[8]

The statute applies, however, only if there is a deprivation of a constitutional right.[9] Therefore, "the first inquiry concerns whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States.[10]

### c. No Legal Duty

It is well settled law that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.[11] No federal court, including the Supreme Court, has recognized a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.[12] Such discretionary duties are enforced by public opinion, policy, and the ballot, but not by litigation.[13]

A public official charged with the duty to investigate crime does not owe that duty to any one member of the public, and therefore, no one member of the public has a right to compel a public official to act.[14] Such a duty may exist as a matter of state law or police department policy, but that

---

[8] **Baker v McCollan**, supra, n 3.

[9] See, eg., **Paul v Davis**, 424 US 693, 699-701, 96 Sct 1155, 1159, 47 LEd2d 405 (1967); **Baker v McCollan**, supra, at 146-47; **Cornelius v Town of Highland Lake**, 880 F2d 348, 352 (11th Cir 189, cert denied, 494 US 1066, 110 SCt 1784, 108 LEd2d 785 (1990); **Bowers v DeVito**, 686 F2d 616, 618 (7th Cir 1982).

[10] Baker v McCollon, at 140, 99 SCt at 2692.

[11] **White v City of Toledo**, 217 FSupp 2d 838 (ND Ohio 2002), quoting **Doe v Mayor and City Council of Pocomoke City**, 745 FSupp 1137, 1138 (D Md 1990).

[12] **Walker v Schmoke**, 962 FSupp 732 (D Md 1997), **Hale v Vance**, 267 FSupp 2d 725 (SD Ohio 2003).

[13] **Doe v Mayor and City Council of Pocomoke City**, 745 FSupp 1137, 1138 (D Md 1990).

[14] **Fulson v City of Colombus**, 801 FSupp 1 (SD Ohio 1992).

by itself is insufficient to support a constitutionally predicated claim.[15]

This doctrine is the logical consequence of the Supreme Court's ruling in <u>DeShaney</u> v <u>Winnebago County Department of Social Services</u>, where the Court found that "nothing in the language of the Due Process clause itself requires the State to protect life, liberty, and property of its citizens against invasion by private actors."[16]

Just as the State in <u>DeShaney</u> had no constitutional duty to protect a child whose mother claimed it was abused by its father, the Defendants in this matter have no constitutionally predicated duty to conform their investigation to Plaintiff's dictates or desires.

Related to the absence of a duty is the absence of a legally cognizable injury.[17] The injury that a member of the public, or even a victim, sustains because investigating or prosecuting officials fail to act, s undefinable and remote.[18] Because an individual has no right to compel an investigation by public officials, and because such interest belongs to the community at large, the individual lacks standing to complain about the quality of the investigation.[19]

**Application**

As a matter of law Defendants owe Plaintiff no duty to investigate his mother's death or to bring her killers to bay. Absent the existence of a duty to investigate or prosecute, Defendants have not deprived Plaintiff of any right secured by the Constitution or statutes of the United States.

---

[15] <u>Hale</u> v <u>Vance</u>, 267 FSupp 2d 725 (SD Ohio 2003).

[16] <u>White</u> v <u>City of Toledo</u>, 217 FSupp 2d 838 (ND Ohio 2002), quoting <u>DeShaney</u> v <u>Winnebago County Department of Social Services</u>, 489 US 183, 109 Sct 998, 103 LEd2d 249 (1989)

[17] <u>Doe</u> v <u>Mayor and City Council of Pocomoke City</u>, 745 FSupp 1137, 1138 (D Md 1990).

[18] <u>Doe</u> v <u>Mayor and City Council of Pocomoke City</u>, 745 FSupp 1137, 1138 (D Md 1990).

[19] <u>Doe</u> v <u>Mayor and City Council of Pocomoke City</u>, 745 FSupp 1137, 1138 (D Md 1990).

## Conclusion

Accordingly, Defendants hereby respectfully request, through counsel, the court dismiss Plaintiff's claims, in their entirety, with prejudice, and with an award costs and reasonable attorneys fees occasioned by the pursuit of this motion.

                                                      Respectfully submitted,

                                                      S/John A. Schapka

                                                      John A. Schapka
                                                      City of Detroit Law Department
                                                      1650 First National Building
                                                      Detroit, Michigan  48226

DATED: 29 November 2005                  (313) 224-4550   ext 23142

I hereby certify that on December 5, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Delecia Coleman, Esquire, and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

S/ John A. Schapka (P-36731)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us