UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as next of Friend
of JONATHAN BOND,

    Plaintiff,                                                 Case No. 05-74253

v                                                         Hon. Gerald E. Rosen

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF, ELLA
BULLY CUMMINGS, DEPUTY POLICE CHIEF
CARA BEST, JOHN DOE POLICE
OFFICERS, ATTORNEY GENERAL MIKE COX-
STATE OF MICHIGAN, FORMER CHIEF OF POLICE OF
DETROIT JERRY OLIVER, MAY OF CITY OF
DETROIT KWAME KILPATRICK, FORMER CHIEF OF
STAFF FOR MAYOR OF CITY OF DETROIT,
CHRISTINE BEATTY,

    Defendants.
_____

Delicia Coleman (P56278)
Attorney for Plaintiff
23300 Greenfield Road, Ste. 111
Oak Park, Michigan 48237
(248) 967-6293

T. Blair Renfro (P66882)
Assistant Attorney General
Public Employment, Elections & Tort Division
Attorney for Defendant Attorney General Mike Cox-State of Michigan
P.O. Box 30736
Lansing, Michigan 48909
(517) 373-6434
_____

**DEFENDANTS MIKE COX-STATE OF MICHIGAN'S**
**MOTION TO DISMISS PURSUANT TO FED R CIV P 12(b)(2) & (6)**
**(In Lieu of Responsive Pleading)**

NOW COME Defendants Mike Cox-State of Michigan, by and through their attorneys, Michael A. Cox, Attorney General for the State of Michigan, and T. Blair Renfro, Assistant Attorney General, and moves this Court to Dismiss Plaintiff's Complaint with prejudice for the following reasons:

1. Plaintiff's Complaint seeks money damages against the State of Michigan and its Attorney General.

2. Claims for money damages against the state and its official are barred in federal court under the Eleventh Amendment.

3. Additionally, Plaintiff's claim of violations of his Fourteenth Amendment rights are without merit.

4. Plaintiff has not pled nor can he prove a deprivation of a constitutional right to sustain a cause of action.

WHEREFORE, Defendants Mike Cox-State of Michigan request this Court to dismiss Plaintiffs Complaint with prejudice and award costs, attorneys' fees and such other equitable relief deemed appropriate.

**BRIEF IN SUPPORT OF DEFENDANTS MIKE COX-STATE OF MICHIGAN'S MOTION TO DISMISS PURSUANT TO FED R CIV P 12(b)(2) & (6)**
**(In Lieu of Responsive Pleading)**

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

**I.     DOES THE COURT LACK JURISDICTION OVER DEFENDANTS BECAUSE OF ELEVENTH AMENDMENT PROTECTION.**

**II.    DOES PLAINTIFF STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Cline v Rogers*, 87 F3d 176, 179 (6th Cir, 1996)

*Columbia Natural Res Inc v Tatum*, 58 F3d 1101, 1109 (6th Cir, 1995)

*Compuserve, Inc v Patterson*, 89 F3d 1257, 1262 (6th Cir, 1996)

*Deshaney v Winnebago County Dept of Soc Services*, 489 US 189, 109 S Ct 998, 103 L Ed 2d 249 (1989)

*Ex parte Young*, 209 US 123, 52 L Ed 714, 28 S Ct 441 (1908)

*Hans v Louisiana,* 134 US 1, 33 L Ed 842, 10 S Ct 504 (1890)

*In re DeLorean*, 991 F2d at 1240

*Ku v Tennessee*, 322 F3d 431, 432-35 (6th Cir, 2003)

*Mayer v Mylod*, 988 F2d 635, 638 (6th Cir, 1993)

*Morgan v Churches' Fried Chicken*, 829 F2d 10, 12 (6th Cir, 1987)

*Parden v Terminal Railway Co,* 377 US 184, 12 L Ed 2d 233, 84 S Ct 1207 (1964)

*Pennhurst State Sch & Hosp v Halderman*, 465 US 89, 101, 79 L Ed 2d 67, 104 S Ct 900 (1984)

*Seminole Tribe of Florida v Florida,* 116 S Ct 1114, 134 L Ed 2d 252 (1996)

## FACTUAL STATEMENT

Defendant Mike Cox-State of Michigan concur with and adopt the statement of Plaintiff's claims provided in Defendants City of Detroit, Kwame Kilpatrick, Christine Beatty and Ella Bully-Cummings' Brief in Support of Motion for Summary Judgment.

## STANDARD OF REVIEW

The Sixth Circuit Court of Appeals has recently determined that Eleventh Amendment immunity should be treated like personal jurisdiction. *Ku v Tennessee*, 322 F3d 431, 432-35 (6th

Cir, 2003). Consequently, Mike Cox –State of Michigan moves for dismissal of the Plaintiff's Complaint against them under Rule 12(b)(2). Granting the Motion to Dismiss made pursuant to Fed R Civ P 12(b)(2) for lack of personal jurisdiction is "proper if all the specific facts which the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction." *Compuserve, Inc v Patterson*, 89 F3d 1257, 1262 (6th Cir, 1996).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v Mylod*, 988 F2d 635, 638 (6th Cir, 1993). When deciding a motion under that Rule, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v Rogers*, 87 F3d 176, 179 (6th Cir, 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res Inc v Tatum*, 58 F3d 1101, 1109 (6th Cir, 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Id*. "In practice 'a . . . complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery of *some* viable legal theory.'" *In re DeLorean*, 991 F2d at 1240 (emphasis in original) (quoting *Scheid v Fanny Farmer Candy Shops Inc*, 859 F2d 434, 436 (6th Cir, 1998)). See also *Morgan v Churches' Fried Chicken*, 829 F2d 10, 12 (6th Cir, 1987).

## ARGUMENT

**I.     Because the Complaint seeks only monetary relief, the Eleventh Amendment bars this action against the State and the Attorney General.**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Amendment has been interpreted to preclude suit against a state by a citizen of that state, in addition to the express prohibition against suits by citizens of another state. *Hans v Louisiana,* 134 US 1, 33 L Ed 842, 10 S Ct 504 (1890).

In general, the Eleventh Amendment also immunizes state officials from suit in federal court. *Pennhurst State Sch & Hosp v Halderman*, 465 US 89, 101, 79 L Ed 2d 67, 104 S Ct 900 (1984). The Supreme Court, however, recognized an exception to this general rule in *Ex parte Young*, 209 US 123, 52 L Ed 714, 28 S Ct 441 (1908). The exception involves a complaint for prospective injunctive relief only. *Id.* The requested relief in this case is for money damages only and is therefore barred.

A state, however, may waive its immunity under the Eleventh Amendment. *Parden v Terminal Railway Co,* 377 US 184, 12 L Ed 2d 233, 84 S Ct 1207 (1964). Congress has the power to abrogate the states' eleventh amendment immunity only if it unequivocally expresses its intent to abrogate the immunity, and if it legislates" pursuant to a constitutional provision granting Congress the power to abrogate." *Seminole Tribe of Florida v Florida,* 116 S Ct 1114, 134 L Ed 2d 252 (1996). Additionally, the Sixth Circuit has held that "Congress did not disturb the states' eleventh amendment immunity when it passed § 1983" and that "a state is not a 'person' subject to suit under § 1983."

**II.     Plaintiff cannot identify a sufficient deprivation of a protected interest to sustain a cause of action for which relief may be granted.**

Plaintiff's claims against all defendants are ridiculous in that it alleges violations of the Fourteenth Amendment and Conspiracy to deny Fourteenth Amendment rights arising out of the investigation into the murder of his mother. There is absolutely no case law that supports the theory that a child's due process rights are violated because the police investigation-however conducted-did not lead to the apprehension of the mother's killer. In *Deshaney v Winnebago County Dept of Soc Services*, 489 US 189, 109 S Ct 998, 103 L Ed 2d 249 (1989), the Supreme Court reasoned that the Fourteenth Amendment is not violated unless there is a deprivation of a protected constitutional right. Although Plaintiff couches his claims as denial to his access to the courts because the investigation did not uncover a civil defendant, no authority exists that such an event deprives a s person from access to the courts. Furthermore, because no Fourteenth Amendment violations exists, there can be no conspiracy to violate the Fourteenth Amendment.

## CONCLUSION AND RELIEF REQUESTED

In this case Plaintiff cannot show that either Mike Cox or the State of Michigan waived the Eleventh Amendment Immunity nor has Congress abrogated such defense as it pertains to the alleged claims. The claim is for money damages, thus, the Court has no jurisdiction and the complaint must be dismissed. Additionally, Plaintiff does not state a claim for which relief may be granted because the pleadings do not state a violation of the Fourteenth Amendment. Mike Cox-State of Michigan must be dismissed from this action.

Respectfully submitted,

Michael A. Cox
Attorney General

Dated: December 22, 2005

s/T. Blair Renfro
Attorney for Defendant
Michigan Department of Attorney General
Public Employment, Elections &
Tort Defense Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
Primary E-mail: renfrob@michigan.gov
(P66882)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Defendants Mike Cox-State of Michigan's Motion and Brief to Dismiss Pursuant to Fed R Civ P 12(b)(2) & (6).

                                     s/T. Blair Renfro
                                     Dept of Attorney General
                                     Public Employment, Elections, & Tort Division
                                     P.O. Box 30736
                                     Lansing, MI 48909-8236
                                     (517) 373-6434
                                     Primary E-mail:  renfrob@michigan.gov
                                     (P66882)