*14*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, AS NEXT FRIEND OF
JONATHAN BOND,

Plaintiff,

Case No. 05-CV-74053-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

vs.

CITY OF DETROIT, A MUNICIPAL CORPORATION, CITY OF DETROIT CHIEF OF POLICE ELLA BULLY-CUMMINGS, CITY OF DETROIT DEPUTY CHIEF OF POLICE CARA BEST, JOHN DOE POLICE OFFICERS, MIKE COX, MICHIGAN ATTORNEY GENERAL, FORMER CITY OF DETROIT CHIEF OF POLICE JERRY OLIVER, CITY OF DETROIT MAYOR KWAME KILPARTICK, CITY OF DETROIT CHIEF OF STAFF CHRISTINE BEATTY

**Defendants, jointly and severally**

_____/

PLAINTIFF'S ANSWER TO DEFENDANTS, CITY OF DETROIT,
KWAME KILPATRICK, CHRISTINE BEATTY, AND ELLA BULLY-CUMMING';S
MOTION TO DISMISS PURSUANT TO 12(B) (6)

NOW COMES PLAINTIFF, ERNEST FLAGG, AS NEXT OF FRIEND OF JONATHAN BOND, BY AND THROUGH HIS ATTORNEY, DELICIA COLEMAN, and states for his answer:

1. As to the corresponding paragraph, Plaintiff admits.

2. As to the corresponding paragraph, Plaintiff admits.

3. As to the corresponding paragraph, Plaintiff admits.

4. As to the corresponding paragraph, Plaintiff admits that the claims against Defendants are constitutional violations but denies that Plaintiff alleges that Defendants failed to properly investigate his mother's homicide but avers that Defendants have engaged in a police cover of the homicide of Plaintiff's mother.

5. As to the corresponding paragraph, Plaintiff admits but further avers that the issue of duty is not relevant to the issue of the alleged constitutional violation of access to courts.

6. As to the corresponding paragraph, Plaintiff denies and further avers that Plaintiff has sufficiently pled facts in his complaint to state a cause of action under U.S.C. Title 42 § 1983 for constitutional violation of access to courts based on a police cover up of the homicide.

7. As to the corresponding paragraph, Plaintiff admits.

**WHEREFORE PLAINTIFF PRAYS THIS HONORABLE COURT DENY DEFENDANTS' MOTION TO DISMISS.**

Respectfully,

*[signature]*

Delicia Coleman P-56278
Attorney for Plaintiff
23300 Greenfield Road, Ste 111
Oak Park, Michigan 48237
(248) 967-6293

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case No. 05-CV-74053-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

ERNEST FLAGG, AS NEXT FRIEND OF
JONATHAN BOND,

**Plaintiff,**

vs.

CITY OF DETROIT, A MUNICIPAL CORPORATION, CITY OF DETROIT CHIEF OF POLICE ELLA BULLY-CUMMINGS, CITY OF DETROIT DEPUTY CHIEF OF POLICE CARA BEST, JOHN DOE POLICE OFFICERS, MIKE COX, MICHIGAN ATTORNEY GENERAL, FORMER CITY OF DETROIT CHIEF OF POLICE JERRY OLIVER, CITY OF DETROIT MAYOR KWAME KILPARTICK, CITY OF DETROIT CHIEF OF STAFF CHRISTINE BEATTY

**Defendants**
_____/

PLAINTIFF'S BRIEF IN SUPPORT OF ANSWER TO DEFENDANTS,
CITY OF DETROIT, KWAME KILPARTICK, CHRISTINE BEATTY, AND
ELLA BULLY-CUMMINGS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

## FACTS

Plaintiff filed this lawsuit on November 7, 2005 alleging that defendants have violated his constitutional right to access of to courts. The complaint is based on allegations that the defendants through their conduct engaged in a police cover up of the investigation of the homicide of Tamara Greene, the mother of the plaintiff. The complaint specifically alleges that defendants suppressed material facts from the family and public; removed police precinct activity logs which contained information on the police run to the Mayor's official residence

where the party and assault allegedly occurred; engaged in laxity in investigation and active concealment of evidence; failed to interview key witnesses; and destroyed the 911 tapes which contained the emergency calls made by neighbors of the Mayor (complaining of disturbance and fight on lawn) the night of the alleged party and assault. It also alleges that on the night of the alleged party and assault, Greene was escorted from the Manoogian to Detroit Receiving Hospital (by government officials) and forced to use an alias name to acquire treatment; that a officer locked Greene's homicide file in a personal office for a period of time preventing it from being worked on by any officer; that Greene's homicide was ordered to be placed in the cold case files within one year of her death; that the initial investigation of Greene's death by the main *Homicide Investigator* Marion Stevens established that there may have been a link between the alleged party and assault at the Mayor's official resident and Greene's homicide which occurred approximately six months later; that one or more of Green's friends whom routinely danced with her and was allegedly at the Manoogian party were also murdered with similar caliber weapon as Green was killed; that the Mayor and his Chief of Staff terminated (Gary Brown) the head of Internal Affairs who was investigating allegations of wrongdoings on the part of the Mayor of Detroit which included allegations of a party and an assault upon a female dancer by a family member of the mayor; that the Chief of Police demoted and transferred the lead investigator (Lt. Alvin Bowman) of Greene's homicide (who maintained 31 years on the force and possessed an 80 percent homicide solution rate) to the 2nd precinct midnight shift; that one or more government officials involved in the investigation possessed a conflict of interest; that governmental misconduct has prevented the plaintiff from having an effective or meaningful state court remedy and thusly have violated plaintiff's constitutional right of access to state court. Defendant filed a motion to dismiss on December 5th pursuant to F.R.C.P. 12(b) (6) for failure to

state a claim to which relief could be granted. The motion is presently before the court for a decision.

## I
## DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF'S COMPLAINT SUFFICIENTLY PLEADS ALLEGATIONS AND FACTS THAT WHEN TAKEN COLLECTIVELY THE COURT MAY INFER THAT PLAINTIFF ALLEGES A POLICE COVER UP IN THE INVESTIGATION OF THE HOMICIDE OF GREENE AND, THEREFORE, THE COMPLAINT STATES A COGNIZABLE CAUSE OF ACTION UNDER U.S.C. TITLE 42 § 1983 ON THE BASIS OF THE DENIAL OF HIS CONSTITUTIONAL RIGHT TO ACCESS TO COURTS

A RULE 12(b) (6) motion to dismiss **REQUIRES** the Court to determine whether a cognizable claim has been pled in the complaint. In scrutinizing the complaint, the court must construe all well-pled facts liberally in favor of the party opposing the motion. *Scheuer v. Rhodes, 416 U S 232, 236, 94 S. Ct. 1683, 1687, 40 L. ed. 2d 90 (1974).* The basic federal pleading requirement contained in F.R.C.P. 8(a) states that a pleading "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).* A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in *Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):*

> **In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. the Tennessee, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826, 83 L.Ed. 2d 50, 105 S. Ct. 105 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. At 158; Conely v. Givson, 355 U.S. 41, 2 L.Ed. 2d 80, 78 S.Ct.99 (1957).**

The plaintiff in his complaint alleges that high City Officials demoted and transferred Lt. Al Bowman, a homicide detective, out of the homicide section who was vigorously investigation the Greene homicide which could have placed Greene at the allege party at the Manoogian Mansion.

6

In addition, it also alleges that Gary Brown, head of Interval Affairs, who was looking into allegations of wrongdoings of the Mayor of Detroit which included a party and assault at the Manoogian Mansion, was fired for the purpose of frustration an investigation into the death of Greene. (¶ 32 & 61 of Complaint). The complaint also alleges that Lt. Bowman was told in a meeting with Police Chief Ella Bully-Cummings, Asst. Chief of Police, and other policy makers to cease investigating the Greene homicide and to put the file away (¶ 23 of Complaint). The complaint also alleges that the homicide file was put in the cold case file after less than one year, contrary to custom of at least two years before a case is assigned to the cold case file (¶ 24 of Complaint). The complaint also alleges (¶ 26 of Complaint) that defendants deliberately avoided sending the .40 caliber bullet casing which remained at victim's murder scene the appropriate agency to determine if the gun belonged to a police officer or a registered weapon. The complaint also alleges (¶ 27 of Complaint) that defendants deliberately avoided interviewing key witnesses who could have offered valuable information in the murder investigation. The complaint also alleges that defendants refused to subpoena critical document (¶ 28 of Complaint) which could have offered valuable information in the murder investigation. The complaint also alleges (¶ 35 of Complaint) that the actions of defendants, Detroit Police Department and City of Detroit, resulted in a delay of decedent's murder investigation, thereby, causing evidence to grow stale and the fading of materials facts in the minds of witnesses and potential witnesses. The complaint also alleges that a myriad of other deliberate and malicious acts occurred through Mayor of the City of Detroit, other executive leadership and throughout the official decision-making channel which included policy makers (¶ 37 of Complaint). The complaint also alleges that a policy of cover up was established which resulted in customs that adversely impacted the murder investigation (see ¶ 17, 24, 26, 27, 31, 32, and 34 of Complaint). The complaint also

alleges that the conspiracy and cover up rose to the Michigan State Attorney Generals Office (see ¶ 47-55 of Complaint). These alleged facts lead to an inference that the defendants were engaged in a police cover up through or series of actions of active concealment of evidence to thwart an investigation that could have potentially implicated the Mayor and his wife and that while occurring, the plaintiff's constitutional rights of access of court was rendered meaningless and ineffective.

The court in a series of cases has recognized that an allegation of a police cover up in a homicide case states a cause of action under U.S.C. Title 42 § 1983. Kammeyer v. City of Sharonville, 311 F. Supp.2d 653 (S.D. Ohio 2003). In Kammeyer, relatives of murder victims brought civil rights action against municipality and police officers after alleged cover-up alleging violation of their constitutional rights and state law. The plaintiffs alleged in the complaint that the lead detective in the murder investigation had a conflict of interest, deliberately removed evidence from murder scene and automobile of victim, repeatedly misled relatives, and acted in concert with other police officers, and police chief allowed for custom of permitting his officers to make loan shark collections, fostered detective's conflict of interest, and allowed for detective to conduct the investigation as lead detective despite such conflict. The plaintiffs alleged that the cover up resulted in the constitutional violation of their right to access to courts, equal protection and substantive due process. The court denied defendant's motion to dismiss and held that relatives adequately pled that municipality and police officers in their official capacities deprived them of constitutional rights and did so pursuant to custom that amounted to illegal policy of cover up. The fact that allegations of a police cover up have been recognized by this honorable court as a recognizable cause of action under U.S.C. Title 42 § 1983 is supported by the following cases: Swekel v. City of River Rouge et. al., 118 F.3d 1259 (6th Cir. 1997); Bell v.

City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984), Ryland v. Shapiro, et al., 708 F.2d 967 (5th Cir. 1983). In Ryland v. Shaipiro, supra, plaintiffs brought a civil rights action under U.S.C. Title 42 § 1983 against a prosecutor and a District Attorney for violation of their constitutional right to access to the courts where the prosecutor and District Attorney had covered up the murder of their daughter, Lavonna, by engaging in conduct in the investigation that had the cause of death listed as a suicide on the death certificate. The defendants while acting under color of state law as Asst. District Attorney prevented a full investigation into the causes of Lavonna's death by canceling an autopsy previously scheduled to be performed by the local coroner and by having the coroner sign the death certificate stating that the cause of death was suicide even though he had not performed an autopsy. The district court dismissed plaintiffs' complaint concluding that the Rylands did not have standing to bring a 1983 action against Roberts and Ware because the conduct of the defendants did not invade any legally protected right of the parents. Rather, the court viewed the complaint as nothing more than one for failure to enforce the criminal laws of Louisiana. As a result, the court determined that the Rylands had only a generalized grievance against the defendants, common to all citizens of Louisiana, namely, the enforcement of the criminal laws. The district court next held that the defendants enjoyed absolute prosecutorial immunity. The 5th Circuit Court of Appeals reversed the District Court dismissal. The Court of Appeals held that plaintiffs complaint sufficiently pled facts that stated a claim for a violation of their constitutional right to access of courts and were entitled to maintain an action under U.S.C. Title 42 § 1983. The court in reversing the District Court observed:

> **Our determination that the Rylands have a substantive constitutional right of access to the courts as well as a property right in the wrongful death action leads us to conclude that the district court erred when it held that the Rylands lacked standing to maintain their suit. In reaching this conclusion, the district court viewed the Rylands' claim merely as a suit by citizens to compel state**

9

> prosecutors to initiate a criminal action against an alleged murderer. In so limiting its analysis, the district court failed to entertain the legal theory upon which the Rylands based their case. Their complaint alleged that agents of the state intentionally engaged in conduct that interfered with their exercise of their constitutionally protected right to institute a wrongful death suit in the Louisiana courts. As we have already shown, their theory of recovery is a valid one. **Ryland v. Shapiro, supra, 973.**

The Court of Appeals reversed the District Court's dismissal of plaintiffs' complaint because it concluded that the lower court did not correctly interpret plaintiffs' legal theory. The District Court misinterpreted plaintiffs' complaint as merely claiming that the Louisiana officials merely refused to enforce the criminal laws of the state which in itself does not state a claim under 1983.

The defense counsel for the case at bar suffers from the same problem as the District Court in Ryland did. He misinterprets the legal theory of plaintiff's complaint by concluding that it, in essence, is alleging that defendants have failed investigate the crime involving the homicide of Greene. In fact, defense counsel states in his motion that he was having difficulty in interpreting the legal theory of plaintiff's complaint when he stated the complaint at best was "murky." However, the legal theory of plaintiff's complaint is that the defendants have engaged in conduct to cover up the investigation of the Greene homicide by demoting and transferring a homicide detective who was investigating the case, telling homicide detectives to cease investigating the homicide, placing the case in the cold case file in less than one year, refusing to interview key witnesses, refusing to issue subpoenas for critical documents that would assist in the investigation, and terminating the head of internal affairs division who was investigating allegations of a party and assault upon a female dancer (by a family member of the Mayor) at the Manoogian Mansion that may be linked to the Greene homicide.

Defense counsel argues that defendants owed no legal duty to plaintiff to investigate the crime involving the homicide of Greene and, therefore, plaintiff fails to state a claim upon which

relief can be granted and relies on cases that stand for the proposition that plaintiffs who brought a civil rights claim under U.S.C. Title 42 § 1983 against city officials for failure to properly investigate and refusal to prosecute a criminal case lacked standing to maintain a suit because public officials' duty to investigate or prosecute crime did not extend to any one member of the public and there was no legally cognizable injury. However, the allegations of the plaintiffs in these cases that defense counsel relies on - Walker v. Schmoke, 962 F. Supp 732 (D.Md. 1997); Jane Doe v. Mayor and City Council of Pocomoke City, 745 F. Supp. 1137 (D. Md. 1990) Hale v. Vance, 267 F. Supp. 2d 725 (S.D. Ohio 2003) - are distinguishable from the case at bar in that plaintiffs do not allege a police cover up of an investigation. The plaintiffs in these cases allege that the defendants refused to investigate and prosecute the crimes involved. Therefore, defense counsel's reliance upon these cases is inappropriate and inapplicable in the case at bar.

Furthermore, the fallacy in counsel's argument is that the issue of "duty" is not legally relevant in a claim based on the theory of a police cover up in an investigation. The court in Kammeyer v. City of Sharonville, supra, addressed this issue when defendants raised the same issue regarding duty. The court observed in rejecting the "duty" argument when it stated:

> **Cramer and Nuss argue that Dotson v. Wilkinson, 329 F.3d 463, 470 (6th Cir, 2003) bars Plaintiffs' due process action. They posit that Dotson holds that a complaint, which rests upon an ultimate legal impact (the conviction of Albert Schuholz), which in turn depends on discretionary Factors, does not state a due process cause of action (doc. 124). However, Plaintiff's Complaint can be fairly read to allege that the cover-up resulted in the loss of evidence that, even absent any criminal conviction, could have served Plaintiffs in separate civil actions. Cramer and Nuss likewise attempt to superimpose a breach of duty requirement onto Plaintiff's Complaint. The Court has already rejected this approach as to Plaintiffs' equal protection claim, and finds such argument unpersuasive as to Plaintiff's due process and access to courts claims Kammeyer v. City of Sharonville, supra 659.**

11

Thus, the court in its opinion clearly rejected defendant's argument that the issue of "duty" is a relevant and applicable issue in a claim based on a violation of the constitutional right to access of courts and due process. In the case at bar, defense counsel asserts the same argument as in Kammeyer: namely, defendants owed "no duty" to investigate the homicide of Greene, and, therefore, plaintiff has no standing to bring this lawsuit claiming a violation of his constitutional right to access of courts and conspiracy to deny his constitutional right to access of courts. Following the precedent of Kammeyer, the court must reject this argument by defendants on the same basis as the District Court did in Kammeyer: namely, the issue of "duty" is not germane in a claim based on allegation of a violation of the constitutional right to "access of courts" based on a theory of police cover up.

In conclusion, the trial court should deny defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to F.R.C.P. 12 (b)(6) because plaintiff's complaint sufficiently states a claim for relief under U.S.C. Title 42 § 1983 for violation of his constitutional right to access to courts and deprivation based on the legal theory of a police cover up of the homicide investigation of Greene by active concealment of evidence, suppression of information, termination and demotion of personnel investigating the crime, spoliation of evidence and pursuing a policy of cover up. The court must reject defendants' argument that plaintiff has no standing to maintain this lawsuit because defendants owed "no duty" to plaintiff to investigate the homicide because the issue of "duty" is not relevant and applicable to a claim of a constitutional violation of access to courts based on theory of a police cover up. The court in deciding the Motion To Dismiss must construe the facts of the complaint as true, viewing the facts in favor of the opposing party and must deny the motion unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to

relief. Applying this standard, the court must conclude that the factual allegations of the complaint sufficiently state a claim for relief under U.S.C. Title 42 § 1983 for a violation of a constitutional right of access to courts and a conspiracy to violate that right.

WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT DENY DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6).

Respectfully,

Delicia Coleman P-56278
Attorney for Plaintiff
23300 Greenfield Road, Ste 111
Oak Park, Michigan 48237
(248) 967-6293

Dated: December 19, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, AS NEXT FRIEND OF
JONATHAN BOND,

                              Case No. 05-CV-74253-DT
                              Hon. Gerald E. Rosen
                              Magistrate Judge Steven R. Whalen

**Plaintiff,**

vs.

CITY OF DETROIT, A MUNICIPAL CORPORATION, CITY OF DETROIT CHIEF OF POLICE ELLA BULLY-CUMMINGS, CITY OF DETROIT DEPUTY CHIEF OF POLICE CARA BEST, JOHN DOE POLICE OFFICERS, MIKE COX, MICHIGAN ATTORNEY GENERAL, FORMER CITY OF DETROIT CHIEF OF POLICE JERRY OLIVER, CITY OF DETROIT MAYOR KWAME KILPARTICK, CITY OF DETROIT CHIEF OF STAFF CHRISTINE BEATTY

**Defendants**
_____/

Certificate of Service

I, Gregory L. Wilkins, being duly sworn, deposes and states that a copy of the Plaintiff's answer to Defendants, City of Detroit, Kwame Kilpatrick, Christine Beatty, and Ella Bully-Cummings, Motion to Dismiss on Defense Counsel John A. Schapka by leaving a copy at his office at the City of Detroit Law Department on December 23, 2006.

                                                          /s/ Gregory L. Wilkins
                                                          Gregory L. Wilkins