7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERNEST FLAGG, NEXT OF FRIEND OF JONATHAN BOND,

                Plaintiff

                                    Case No.    05CV74253
                                    Hon. Gerald Rosen

vs.

CITY OF DETROIT, A MUNICIPAL CORPORATION, DETROIT POLICE CHIEF ELLA BULLY CUMMINGS, DEPUTY POLICE CHIEF CARA BEST, JOHN DOE POLICE OFFICERS, ASST DEPUTY POLICE CHIEF HAROLD CURETON, COMMANDER CRAIG SCHARTZ, POLICE LT. BILLY JACKSON

                DEFENDANTS, JOINTLY AND SEVERALLY.

_____/

**FILED**

SEP 2 1 2006

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

**FIRST AMENDED COMPLAINT**

NOW COMES PLAINTIFF, ERNEST FLAGG, BIOLOGICAL/CUSTODIAL PARENT AND NEXT OF FRIEND OF JONATHAN BOND, BY AND THROUGH HIS ATTORNEY, DELICIA COLEMAN, and states for his complaint:

1. That Plaintiff, Ernest Flagg, As NEXT OF FRIEND of Jonathan Bond, is a resident of the State of Michigan, County of Wayne and City of Detroit.

2. That Jurisdiction is conferred on this court pursuant to Title 28 USC § 1331.

1

3. That Defendant, City of Detroit, is a Municipal Corporation, organized under the laws of the State of Michigan.

4. That the Defendant, ELLA BULLY-CUMMINGS, is a resident of the State of Michigan, County of Wayne, City of Detroit.

5. That the Defendant, CARA BEST, is a resident of the State of Michigan, County of Wayne, City of Detroit.

6. That Defendants JOHN DOES, agents of the City of Detroit are residents of the State of Michigan, County of Wayne, and City of Detroit.

7. That Defendant, HAROLD CURETON, is a resident of the State of Michigan, County of Wayne, City of Detroit.

8. That Defendant, BILLY JACKSON, is a resident of the State of Michigan, County of Wayne, City of Detroit.

9. That Defendant, CRAIG SCHARTZ, is a resident of the State of Michigan, County of Wayne, City of Detroit.

10. That the amount in controversy is greater than $75,000.

## GENERAL ALLEGATIONS

1. That Tamara Greene was the mother of plaintiff JONATAN BOND, 13-year-old minor child

2. That Tamara Greeee was a licensed exotic dancer and employed in various clubs in Detroit and by private parties and went under the stage name of "Strawberry".

3. That on or about April 3, 2003, at approximately 3:40 a.m. Tamara Greene was gunned down with bullets assigned or associated with police caliber weapons as she sat in her car on Roselawn in the City of Detroit with a friend who sat in the front passenger seat.

4. That Tamara Greene died at the scene.

5. That the Detroit Police Department, Homicide Section, was assigned to investigate the murder of Tamara Greene.

6. That Lt. Al Bowman of the Detroit Homicide section of the Detroit Police Department was a detective investigating Greene's homicide assigned to Squad 8.

7. That the Defendant, Cara Best was Bowman's supervisor.

8. That Cara Best ordered Bowman to be transferred out of homicide ultimately because of his investigating of Greene's homicide.

9. That Bowman was called into a meeting with Defendants, Police Chief Ella Bully-Cummings, Assistant Chief of Police Harold Cureton, Commander Craig Schwartz, and Lt. Billy Jackson and was directed to cease investigating Greene's homicide and to put the file away.

10. That Lt. Bowman did not cease the investigation as ordered by Police Chief Bully Cummings.

11. That shortly after the said meeting, Bowman was demoted out of the Homicide Section of the Police Department to the 2nd Precinct to a different position and on the midnight shift

12. That Lt. Bowman filed and successfully won a Whistleblower lawsuit against the City of Detroit in the Wayne County Circuit Court based on retaliation he encountered for diligently investigating the homicide.

13. That the Greene homicide file was seized from the homicide section and locked away in the office of Lieutenant Billy Jackson right after Lt. Al Bowman was transferred out of the Homicide Section.

14. That Defendants, JOHN DOE POLICE OFFICERS, erased the case notes of the Greene investigation that Lt. Al Bowman collected and maintained on his computer at the Detroit Police Department.

15. That Defendant, POLICE CHIEF ELLA-BULLY CUMMINGS, ordered the Greene homicide file to be placed in the Cold Case file after a year contrary to standard policy of two years.

16. That Defendant, Commander Craig Schartz, testified at the Bowman trial that he was unable to review Greene's file for progress or make any recommendations in the investigation because the file was missing for a period of time.

17. That these and other deliberate acts of interference occurred through the City of Detroit official decision-making channels and included the official policy of the City of Detroit by decisions of high level officials.

## COUNT I - VIOLATION OF 14TH AMENDMENT RIGHT OF ACCESS TO COURTS PURSUANT TO TITLE 42 § 1983

18. That Defendants, Detroit Police Department and City of Detroit, engaged in a laxity in investigation, deliberately and continuously delayed the Greene investigation and ignored and actively concealed material evidence in the investigation of Greene's death

19. That the acts of defendants hereto described deprived plaintiff of his right of access of courts by denying him of the ability to bring a wrongful death action in state court.

20. That plaintiff's filing of a state court action would be futile and meaningless because:

4

a) Under the law of the State of Michigan there is no civil cause of action for "spoliation of evidence" that could be brought against the City of Detroit Police Department.

b) The plaintiff cannot bring an action against the City of Detroit for negligence in the investigation of the homicide of Greene because under Michigan law police owe no duty to any one particular individual in performing its duties, and, therefore, it would be a frivolous lawsuit that would subject plaintiff to sanctions by the court.

c) The plaintiff does not have a sufficient factual basis to file a "John Doe" suit in state court due to the inadequacy of the investigation.

d) Further, the filing of a "John Doe" lawsuit does not toll the running of the statute of limitation applicable to an action under Michigan law and defendants not specifically named in a "John Doe" complaint are not yet parties to the suit, and if added later are considered new parties to the litigation and amendments to a complaint that add new parties do not relate back to the original complaint.

e) The plaintiff is precluded by the statute of limitations to bring an action in state court and this preclusion is not circumvented by MCL 600.5855, Fraudulent Concealment, because concealment of the identity of parties liable, or concealment of the parties, has been held not to constitute concealment of the cause of action, and not to be available to avoid the running of the statute of limitations.

f) Further, the act of a third person in concealing a cause of action against the defendant does not constitute such a concealment as to prevent the running of the statute of limitations in favor of the defendant.

g) Given the above enumerated facts of the case, there is no state court remedy available to plaintiff for damages.

h) The actions of defendants, Detroit Police Department and City of Detroit, resulted in an **extreme delay** of decedent's murder investigation, thereby, causing evidence to grow stale and the fading of material facts in the minds of witnesses and potential witnesses such that witness testimony and evidence have been irretrievably lost.

21. That these actions of defendants foreclosed plaintiff from filing suit in state court and seeking a meaningful state court remedy because it would be completely futile for the plaintiff to attempt to access the state court system given the missing evidence, the lack

of evidence, destroyed information, the delay of the investigation of the homicide, the total disregard of any viable suspects, and other pre-filing abuses by defendants.

22. That the plaintiff has suffered damages as a result of the acts of defendants, including but not limited to compensatory and punitive damages under §1983.

## COUNT II- CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHT OF ACCESS TO COURTS

23. That plaintiff repeats and realleges and incorporates by reference the allegations in paragraph 1 through 22 above with the same force and effects as if herein set forth.

24. That Defendants, Police Chief, Ella Bully Cummings, Deputy Police Chief Cara Best, Asst. Deputy Police Chief Harold Cureton, Commander Craig Schartz, Police Lt. Billy Jackson, and JOHN DOE POLICE OFFICERS entered into an agreement with malicious intention to deprive plaintiff of his constitutional due process right to access of courts.

25. That these deliberate actions and inactions resulted in a delay of decedent's murder investigation, thereby, causing evidence to grow stale and the fading of materials facts in the minds of witnesses and potential witnesses, further impairing the plaintiff's access to state court..

26. That the active concealment and hands-off approach to the murder investigation of Greene by defendants coupled with the retaliatory actions taken against Bowman was part of an on-going conspiracy to obstruct justice by covering up Greene's murder.

27. That these and other deliberate acts occurred through the City of Detroit official decision-making channels and included policy makers.

28. That the Plaintiff has suffered damages as a result of this conspiracy.

29. That at all times relevant herein, the defendants were state actors and their conduct was subject to U.S.C. § 1983, 1985 and 1988.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT ENTER A JUDGMENT IN HIS FAVOR FOR THE VIOLATION OF HIS CIVIL RIGHTS AGAINST ALL THE DEFENDANTS JOINTLY AND SEVERALLY FOR ACTUAL, GENERAL, SPECIAL, COMPENSATORY DAMAGES IN THE AMOUNT IN EXCESS OF $75,000 AND PUNATIVE DAMAGES AS ARE FOUND TO BE DETERMINED BY JURY, PLUS COSTS, ATTORNEYS FEES AND SUCH OTHER RELIEF DEEMED TO BE JUST, FAIR AND APPROPRIATE.

Respectfully,

*Delicia Coleman*

Delicia Coleman, P-56278
Attorney for Plaintiff
23300 Greenfield Road, Ste 111
Oak Park, Mich. 48237
(248) 967-6293

## DEMAND FOR JURY TRIAL

Plaintiff by and through his attorney, Delicia Coleman, demands a jury trial.

Respectfully,

*Delicia Coleman*

Delicia Coleman, P-56278
Attorney for Plaintiff
23300 Greenfield Road, Ste. 111
Oak Park, MI 48237
(248) 967-6293