**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Ernest Flagg,**

K:\DOCS\LIT\SCHAJ\A37000\CAPT_BLK\JS2482.WPD

2. The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

3. The allegations of the paragraph corresponding hereto are admitted.

4. The allegations of the paragraph corresponding hereto are admitted.

5. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

6. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

7. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

8. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

9. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

10. The allegations of the paragraph corresponding hereto are denied.

**General Allegations**

1. Having insufficient information or knowledge of the allegations of the paragraph

corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

2. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

3. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

4. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

5. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

6. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

7. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

8. The allegations of the paragraph corresponding hereto are denied.

9. The allegations of the paragraph corresponding hereto are denied.

10. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

11. The allegations of the paragraph corresponding hereto are denied.

12. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

13. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to proof thereof.

14. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

15. The allegations of the paragraph corresponding hereto are denied.

16. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to proof thereof.

17. The allegations of the paragraph corresponding hereto are denied.

### Count I - Violation of 14th Amendment Right of Access to Courts
### Pursuant to Title 42 Section 1983

18. The allegations of the paragraph corresponding hereto are denied.

19. The allegations of the paragraph corresponding hereto are denied.

20. The allegations of the paragraph corresponding hereto are denied.

21. The allegations of the paragraph corresponding hereto are denied.

22. The allegations of the paragraph corresponding hereto are denied.

**Count II - Conspiracy to Violate Constitutional Right of Access to Courts**

23. The assertions of the paragraph corresponding hereto require no response.

24. The allegations of the paragraph corresponding hereto are denied.

25. The allegations of the paragraph corresponding hereto are denied.

26. The allegations of the paragraph corresponding hereto are denied.

27. The allegations of the paragraph corresponding hereto are denied.

28. The allegations of the paragraph corresponding hereto are denied.

29. The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

**SPECIAL AND AFFIRMATIVE DEFENSES**

1. To the extent it alleges a conspiracy to violate Plaintiff's due process rights as provided under the 14th Amendment to the Constitution of the United States, Plaintiff's Complaint fails to state a claim against Defendant City upon which relief may be granted.

2. To the extent it alleges a conspiracy between the City and its employees, Plaintiff's complaint fails to state a claim upon which relief may be granted.

3. To the extent it alleges facts and circumstances concerning non-party Al Bowman, Plaintiff's complaint fails to state a claim upon which relief may be granted

4. To the extent it alleges, in substance, a failure to adequately investigate the death of Tamara Green, Plaintiff's complaint fails to state a claim upon which relief may be granted.

5. At all relevant times Defendant Bully-Cummings acted with good faith and is therefore immune to liability regarding Plaintiff's federal claims.

6. Any injury, damage, or loss suffered by Plaintiff was proximately caused by the wrongful conduct of others not employed by or otherwise affiliated with the City of Detroit.

7. Plaintiff has failed to pursue a remedy in state court where the period of limitations will be tolled as a matter of law until one year after Plaintiff, a minor, reaches the age of majority.

8. Plaintiff has failed to join every legal or equitable claim arising from the incident central to this suit.

9. To the extent Plaintiff alleges Defendant acted in violation of 42 USC 1983, Plaintiff fails to state a claim upon which relief may be granted since 42 USC 1983 is an enabling statute which provides Plaintiff no substantive rights.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants City of Detroit and Ella Bully-Cummings reserve the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, Defendants do not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendants City of Detroit and Ella Bully-Cummings demand Plaintiff join in this action all claims Plaintiff may have against any Defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

# RELIANCE ON JURY DEMAND

Defendants City of Detroit and Ella Bully-Cummings hereby rely on Plaintiff's demand for trial by jury.

Predicated upon the matters presented above, Defendants City of Detroit and Ella Bully-Cummings respectfully demand judgment of no cause of action be entered herein, or in the alternative said cause be dismissed, with prejudice, and costs and attorney fees be awarded to Defendants.

Respectfully submitted,

S/John A. Schapka

John A. Schapka (P-36731)
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550 ext 23142

DATED: 13 October 2006                    schaj@law.ci.detroit.mi.us

I hereby certify that on October 13, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: none; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: Plaintiff's Counsel, Delicia Coleman, 23300 Greenfield Road, Suite 111, Oak Park, Michigan 48237

S/ John A. Schapka (P-36731)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us

K:\DOCS\LIT\SCHAJ\A37000\CAPT_BLK\JS2482.WPD