UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

      Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

      Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-
Cummings, Craig Schwartz, Mayor Kwame M.
Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS,
CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND
CHRISTINE BEATTY'S MOTION TO QUASH SUBPOENA TO
THE DETROIT FREE PRESS AND FOR PROTECTIVE ORDER**

Flagg v. Detroit, City of et al    Doc. 42

Dockets.Justia.com

Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby requests this Court to quash the subpoena to The Detroit Free Press (the "Subpoena") pursuant to Fed. R. Civ. P. 45(c)(3)(A) and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and states as follows:

1. The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

2. On August 31, 2006, this Court dismissed without prejudice the initial complaint.

3. On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson").

4. On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice.

5. On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson. *Id.*

6. It does not appear that a Rule 26(f) Conference has been held yet in this action, nor

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

have Rule 26 initial disclosures been exchanged.

7. On January 25, 2008, Plaintiff's counsel, Robert S. Zewideh, issued the Subpoena and by information and belief, served the Subpoena upon The Detroit Free Press. The Subpoena has a return date of February 1, 2008 at 9:00 A.M.

8. On January 29, 2008, after counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, saw Plaintiff's counsel on television referring to his desire to subpoena the requested documents, Defendants' counsel sent a letter via facsimile and first class to mail to Plaintiff's counsel reminding Plaintiff's counsel that pursuant to Fed. R. Civ. P. 45(b)(1), a Plaintiff's counsel is required to serve any subpoenas upon Defendants' counsel prior to service on the recipient in order to allow Defendants to assert any privileges or objections that they have to the subpoenas and obtain the same or additional documents.

9. On the next day, January 30, 2008, Plaintiff's counsel served the Subpoena upon Defendants' counsel for the very first time. Defendants' counsel was shocked to see that the return date on the subpoena was less than two days after he was served.

10. Plaintiff utterly failed to provide prior notice of the subpoena to Defendants in violation of Fed. R. Civ. P. 45(b)(1).

11. In addition, the Subpoena is overbroad in time and scope and seeks documents that are completely irrelevant to any party's claim or defense.

12. In addition, the Subpoena is premature inasmuch as Defendants' first responsive pleading to the Second Amended Complaint is not due until February 12, 2008 and inasmuch as Defendants' will be filing a Rule 12(b)(6) motion to dismiss based upon the pleadings alone. Moreover, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Amended Complaint, and another defendant, Cureton, was just served on January 30, 2008.

13. This motion is further supported by an accompanying Brief.

WHEREFORE, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena, issue a protective order, and award costs and attorneys fees to Defendants.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC


By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: January 31, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

---

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO <u>QUASH SUBPOENA TO THE DETROIT FREE PRESS</u>**

## TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES .................................................. ii

QUESTION PRESENTED .................................................. iii

PRELIMINARY STATEMENT ............................................... 1

ARGUMENT .............................................................. 2

    I.    STANDARD OF REVIEW ........................................ 2

    II.   THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1) ........................................ 4

    III.  THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE ................................................... 5

    IV.  THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE DOCUMENTS REQUESTED ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME AND HARASSING ............................... 6

CONCLUSION ............................................................ 8

CERTIFICATE OF SERVICE ............................................... 9

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

Page(s)

**Cases:**

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,
    476 F.Supp.2d 913 (N.D. Ill. 2007) .................................... 5

*Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*,
    231 F.R.D. 465 (E.D.Pa. 2005) ....................................... 4

**Statues and Court Rules:**

Fed. R. Civ. P. 12. ...................................................... 6

Fed. R. Civ. P. 26 ................................................. 1, 3, 5-6

Fed. R. Civ. P. 45 ..................................................... 2-5

**Other Authorities:**

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments ................. 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## QUESTION PRESENTED

I. WHETHER THIS COURT SHOULD QUASH A THIRD-PARTY SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER WHERE:

    A. NOTICE WAS NOT PROVIDED TO DEFENDANTS BEFORE THE SUBPOENA WAS SERVED; AND

    B. THE SUBPOENA IS OVERBROAD, UNDULY BURDENSOME AND EXPENSIVE, IRRELEVANT, AND HARASSING.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

On August 31, 2006, this Court dismissed without prejudice the initial complaint.

On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice.

On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.

It does not appear that a Rule 26(f) Conference has been held yet in this action, and certainly it has not been held after the filing of Plaintiff's Second Amended Complaint, which added Mayor Kilpatrick and Beatty back into the case. Moreover, no Rule 26 initial disclosures have been exchanged, nor has there been an agreed upon date to do so.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

On January 25, 2008, Plaintiff's counsel, Robert S. Zewideh, apparently served a subpoena for production of documents to The Detroit Free Press (the "Subpoena"). The Subpoena has a return date of February 1, 2008 at 9:00 A.M. Exh. 1.

On January 29, 2008, after counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, saw Plaintiff's counsel on television referring to his desire to subpoena the requested documents, Defendants' counsel sent a letter via facsimile and first class mail to Plaintiff's counsel reminding Plaintiff's counsel that pursuant to Fed. R. Civ. P. 45(b)(1), a Plaintiff's counsel is required to serve any subpoenas upon Defendants' counsel prior to service on the recipient in order to allow Defendants to assert any privileges or objections that they have to the subpoenas and obtain the same or additional documents. Exh. 2.

On the next day, January 30, 2008, Plaintiff's counsel served the Subpoena upon Defendants' counsel for the very first time. Exh. 3. However, such Subpoena is in violation of the Federal Rules of Civil Procedure inasmuch as was not served upon Defendants' counsel prior to service upon the non-party witness. In addition to being improperly served, the Subpoena seeks documents that are completely irrelevant to this action and are overbroad in time and scope, irrelevant, causes undue burden and expense and is harassing. Accordingly, the Subpoena should be quashed and/or a protective order should be issued.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 45(c)(3) of the Federal Rule of Civil Procedure provides as follows:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Rule 26(c) of the Federal Rule of Civil Procedure provides as follows:

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

II. **THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1).**

Federal Rule of Civil Procedure 45(b)(1) provides as follows:

> (b) Service.
> (1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.** (emphasis supplied)

Rule 45(b)(1) clearly requires prior notice to opposing counsel before filing a subpoena for production of documents to a non-party witness. *Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*, 231 F.R.D. 465, 467 (E.D.Pa. 2005). As explained in the Notes of Advisory Committee on 1991 Amendments to Rule 45,

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments.

Here, Plaintiff apparently served the Subpoena upon The Detroit Free Press on January 25, 2008, but did not serve it upon Defendants' counsel until January 30, 2008, less than two days before the return date on the Subpoena of February 1, 2008. Therefore, it is patently clear that Plaintiff

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

violated Rule 45(b)(1), and that the Subpoena is therefore invalid. Moreover, the timing of the service upon Defendants' counsel – the day after Defendants' counsel sent a letter to Plaintiff's counsel advising him that he saw him on television referring to his desire to subpoena these very documents and reminding Plaintiff's counsel of his obligations under Rule 45(b)(1) – raises serious questions as to whether Plaintiff's counsel ever intended to serve the Subpoena upon Defendants' counsel prior to the return date on the Subpoena, or whether Plaintiff planned to force The Detroit Free Press to produce the requested documents before Defendants were able to object to the Subpoena. For that reason, sanctions are warranted and Plaintiff should not be permitted to seek this discovery. See, *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F.Supp.2d 913, 928-29 (N.D. Ill. 2007) (awarding sanctions and striking documents from the record that were produced pursuant to improperly served subpoenas).

### III.  THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE.

Pursuant to Fed. R. Civ. P. 26(d),

> "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

As stated above, the Second Amended Complaint was filed on January 14, 2008, and it added as Defendants, Mayor Kilpatrick and Beatty, two defendants who had been dismissed from the case since August 31, 2006. In addition, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint, and another defendant, Cureton, was just served on January 30, 2008. Upon information and belief, the parties have not yet conferred as required by Rule 26(f), and initial disclosures have not been exchanged. Indeed, Defendants' first responsive pleading is not due until February 12, 2008, and Defendants will be filing a motion to dismiss pursuant to Rule

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

5

12(b)(6) based on the pleadings alone, arguing that Plaintiff has not met this Court's pleading requirements for a denial-of-access claim. Therefore, permitting discovery to go forward before the first responsive pleading to the Second Amended Complaint has been filed would not be fair or prudent.

IV. **THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE DOCUMENTS REQUESTED ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME AND HARASSING.**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Subpoena requests The Detroit Free Press to produce the following:

> Copies of any and all documents regarding or relating to the 14,000 'text messages,' credit card records and Mayor Kilpatrick's private calendar referred to by you in your ('The Detroit Free Press') story of Thursday, January 24, 2008, titled "Mayor Kilpatrick, chief of staff lied under oath, text messages show" authored by Jim Schaeffer and M.L. Elrick.

When the Subpoena is reviewed along with the January 24, 2008 Detroit Free Press article (the "Article", attached hereto as Exhibit 4), it is clear the Subpoena is utterly overbroad in time and scope and is not relevant to any party's claims or defenses, and is in fact nothing more than a fishing expedition and/or to embarrass and harass the Defendants.

The Article states that all of the text messages that The Detroit Free Press obtained were from Beatty's city issued pager and were all from two periods of time: "September through October 2002" and "April-May 2003". Exh. 4 at pg. 1, 3. This is problematic for two reasons. First, as explained above, Beatty and Mayor Kilpatrick were just added to this case on January 14, 2008, and they have not yet even had the opportunity to file a responsive pleading. Thus, it is possible that they may not even be a part of this case, even if the case somehow survives Defendants' impending motion to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6

dismiss. Second, the time periods of the text messages sought in the Subpoena are irrelevant to this case inasmuch as Tamara Greene was not killed until <u>April 30, 2003</u>. As Defendants' will be arguing at length in their motion to dismiss which will be filed on February 12, 2008, all events that occurred before April 30, 2003 are necessarily unrelated to the instant claim inasmuch as the basis of the instant claim is that Defendants allegedly concealed information about Tamara Greene's murder such that Plaintiff was denied access to a state court claim. Simply put, communications in the fall of 2002 are not relevant to an alleged concealment of evidence of a murder that did not occur until <u>April 30, 2003</u>! Moreover, even the post-April 30, 2003 text messages are completely irrelevant inasmuch as Defendants will show in their motion to dismiss that Plaintiff's complaint must be dismissed <u>based on the pleadings alone</u>, and that no possible evidence could prevent such dismissal. Furthermore, even if any text messages are relevant to this action, which they are not, Plaintiff's Subpoena does not limit the request to any subject matter whatsoever in an effort to seek only the relevant information. Rather, Plaintiff's request seeks every single one of the over 14,000 text messages. Such a fishing expedition will not only cause undue burden and expense upon The Detroit Free Press and the Defendants (in having to review and copy such voluminous documents), but such an overblown and oppressive request apparently has been served for the purpose of attempting to cause embarrassment to and harassment of Defendants

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## CONCLUSION

For all the foregoing reasons, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena and/or issue a protective order limiting the production, and award costs and attorneys fees to Defendants for having to file the instant Motion.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morgenroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: January 31, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: January 31, 2008
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302