UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

       Plaintiff,

v.

Case No. 05-74253
Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

       Defendants.

_____/

## ORDER TO SHOW CAUSE

       At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 7, 2008

       PRESENT: Honorable Gerald E. Rosen
                       United States District Judge

In a motion filed on February 1, 2008, Plaintiff requests that this Court issue an order directing Defendants and a non-party wireless messaging service provider, SkyTel, to preserve certain materials sought by Plaintiff in recent subpoenas and discovery requests. In support of this request, Plaintiff cites the allegations in the complaint regarding the destruction of evidence and obstructive conduct purportedly engaged in by certain City of Detroit and Detroit police officials who have been named as Defendants, as well as more recent events that have been widely reported in the media and that, in Plaintiff's view, give rise to a legitimate concern of possible concealment or destruction

of evidence that could prove relevant to the claims asserted in this case.

The parties in this case have only recently commenced their discovery efforts. Accordingly, the Court certainly cannot say at this juncture — and the parties themselves likely are somewhat uncertain — precisely how many of the materials sought in Plaintiff's discovery requests and subpoenas exist, where these materials might be kept, and who has custody or control over them. Moreover, it is evident from the parties' recent filings that disputes already have arisen over the discoverability of these materials, and more such disputes seem likely. Under these circumstances, where the Court and the parties alike lack full and complete information about the availability of arguably relevant materials, and where it appears virtually certain that the parties will be seeking the Court's intervention in disputes over the discoverability of these materials, there is much to be said for an order ensuring that the status quo is preserved while the parties and the Court address these matters over the course of discovery.

As Plaintiff notes, Defendants have an obligation to preserve evidence within their custody or control upon "notice that the evidence is relevant to litigation," Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998), and Plaintiff's discovery requests plainly have furnished this notice. Even as to evidence that is outside a party's possession and control, a party "still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence." Silvestri v. General Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001). While these duties exist even in the absence of a court order, such an order nonetheless may serve the salutary purpose of ensuring that

2

the parties are fully informed of their obligation to preserve relevant evidence.  Moreover, under the particular circumstances of this case, which concerns events that occurred several years ago, such an order may serve as an incentive for the parties to quickly resolve any questions as to the existence, location, or custody of relevant materials, thereby minimizing the risk of inadvertent loss or destruction of records through the passage of more time.  It bears emphasis, however, that such an order would merely preserve the status quo, and would not constitute a determination of any sort as to whether Plaintiff is entitled to all or any portion of the materials sought in their discovery requests and subpoenas.  Such questions must await consideration in the context of specific discovery disputes as they arise and are presented for the Court's resolution.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that, within ***fourteen (14) days*** of the date of this order, Defendants shall show cause ***in writing*** why the Court should not issue an order directing Defendants and the City of Detroit's wireless messaging service provider, SkyTel, to preserve the various categories of materials identified in Plaintiff's motion and sought in Plaintiff's discovery requests and subpoenas served upon

Defendants and SkyTel. To the extent that Defendants object to such an order, their response should identify: (1) the specific categories of materials that should be excluded from this order, (2) the person, party, or entity that currently has possession or control of these materials, and (3) the specific reasons for any such proposed exclusions.

                                            s/Gerald E. Rosen
                                            Gerald E. Rosen
                                            United States District Judge

Dated: February 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2008, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager