UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, MOTION TO QUASH SUBPOENA TO THE BELL INDUSTRIES, INC. F/K/A SKYTEL, INC. AND FOR PROTECTIVE ORDER**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby requests this Court to quash the subpoena to Bell Industries, Inc. f/k/a SkyTel, Inc. pursuant to Fed. R. Civ. P. 45(c)(3)(A) and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and state as follows:

1. The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

2. On August 31, 2006, this Court dismissed without prejudice the initial complaint.

3. On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson").

4. On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice.

5. On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson. *Id.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6. It does not appear that a Rule 26(f) Conference has been held yet in this action, nor have Rule 26 initial disclosures been exchanged.

7. On February 1, 2008, at 5:53 p.m., counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a facsimile from Ryan Bobel of Norman Yatooma & Associates with the message:

> Dear Mr. Morganroth and Mr. Schapka:
> Please find the following courtesy copy of Subpoena in A Civil Case.
> Should you have any questions, please do not hesitate to call.
> Very truly yours,
> Ryan Bobel

In addition to the facsimile cover sheet, the facsimile included the following: (1) a cover letter from Matt Dyar of Norman Yatooma & Associates to Mayer Morganroth dated January 30, 2008 which indicated it was sent via facsimile only; and (2) a subpoena for the production of documents (the "Subpoena") directed at Bell Industries, Inc. f/k/a Skytel, Inc ("SkyTel"). The Subpoena indicated that it was issued on February 1, 2008 and had a return date of February 8, 2008 at 9:00 A.M. The facsimile did not include a proof of service indicating when it had been served upon SkyTel.

8. The Subpoena is in violation of the Fed. R. Civ. P. 45(b)(1) inasmuch as it appears that it was not served upon Defendants' counsel _prior_ to service upon the non-party witness. Rather, it appears that the Subpoena was served upon Defendants' counsel after it was served upon SkyTel.

9. In addition to being improperly served, the Subpoena seeks documents that are completely irrelevant to this action and is overbroad in time and scope, irrelevant, causes undue burden and expense, is harassing and seeks to invade various privileges.

10. In addition, the Subpoena is premature inasmuch as Defendants' first responsive pleading to the Second Amended Complaint is not due until February 12, 2008 and inasmuch as

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Defendants' will be filing a Rule 12(b)(6) motion to dismiss based upon the pleadings alone. Moreover, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint, and another defendant, Cureton, was just served on January 30, 2008.

11. This motion is further supported by an accompanying Brief.

WHEREFORE, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena, issue a protective order, and award costs and attorneys fees to Defendants.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: February 8, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

      Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

      Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-
Cummings, Craig Schwartz, Mayor Kwame M.
Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO BELL INDUSTRIES, INC. F/K/A SKYTEL, INC. AND FOR A PROTECTIVE ORDER**

# TABLE OF CONTENTS

                                    **Page**

INDEX OF AUTHORITIES ................................................. ii

QUESTION PRESENTED .................................................. iii

PRELIMINARY STATEMENT .............................................. 1

ARGUMENT .............................................................. 2

   I.  STANDARD OF REVIEW ...................................... 2

   II.  THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1) ............................................. 4

   III.  THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE ................................................ 5

   IV.  THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE DOCUMENTS REQUESTED ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND PRIVILEGED ..................... 5

CONCLUSION ............................................................ 10

CERTIFICATE OF SERVICE .............................................. 11

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*,
    231 F.R.D. 465 (E.D.Pa. 2005) .................................................... 4

**Statues and Court Rules:**

Fed. R. Civ. P. 12. .................................................................... 5

Fed. R. Civ. P. 26 ................................................................ 1, 3, 5

Fed. R. Civ. P. 45 ............................................................... 2, 4-5

**Other Authorities:**

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments ................ 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# QUESTION PRESENTED

I. WHETHER THIS COURT SHOULD QUASH A THIRD-PARTY SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER WHERE:

   A. NOTICE WAS NOT PROVIDED TO DEFENDANTS BEFORE THE SUBPOENA WAS SERVED; AND

   B. THE SUBPOENA IS OVERBROAD, UNDULY BURDENSOME AND EXPENSIVE, IRRELEVANT, HARASSING AND SEEKS PRIVILEGED MATERIAL.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

On August 31, 2006, this Court dismissed without prejudice the initial complaint.

On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice.

On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.

It does not appear that a Rule 26(f) Conference has been held yet in this action, and certainly it has not been held after the filing of Plaintiff's Second Amended Complaint, which added Mayor Kilpatrick and Beatty back into the case. Moreover, no Rule 26 initial disclosures have been exchanged, nor has there been an agreed upon date to do so.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

On February 1, 2008, at 5:53 p.m., counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a facsimile (Exh. 1) from Ryan Bobel of Norman Yatooma & Associates with the message:

> Dear Mr. Morganroth and Mr. Schapka:
> Please find the following courtesy copy of Subpoena in A Civil Case.
> Should you have any questions, please do not hesitate to call.
> Very truly yours,
> Ryan Bobel

In addition to the facsimile cover sheet, the facsimile included the following: (1) a cover letter from Matt Dyar of Norman Yatooma & Associates to Mayer Morganroth dated January 30, 2008 which indicated it was sent via facsimile only; and (2) a subpoena for the production of documents (the "Subpoena") directed at Bell Industries, Inc. f/k/a Skytel, Inc ("SkyTel"). The Subpoena indicated that it was issued on February 1, 2008 and had a return date of February 8, 2008 at 9:00 A.M. Exh. 1. The facsimile did not include a proof of service indicating when it had been served upon SkyTel.

However, such Subpoena is in violation of the Federal Rules of Civil Procedure inasmuch as it does not appear to have been served upon Defendants' counsel <u>prior</u> to service upon the non-party witness. Rather, it appears that the Subpoena was served upon Defendants' counsel after it was served upon SkyTel. In addition to being improperly served, the Subpoena seeks documents that are completely irrelevant to this action and is overbroad in time and scope, irrelevant, causes undue burden and expense, is harassing and seeks to invade various privileges. Accordingly, the Subpoena should be quashed and/or a protective order should be issued.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 45(c)(3) of the Federal Rule of Civil Procedure provides as follows:

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to undue burden.

Rule 26(c) of the Federal Rule of Civil Procedure provides as follows:

(c) Protective Orders.
   (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

      (A) forbidding the disclosure or discovery;

      (B) specifying terms, including time and place, for the disclosure or discovery;

      (C) prescribing a discovery method other than the one selected by the party seeking discovery;

      (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

      (E) designating the persons who may be present while the discovery is conducted;

      (F) requiring that a deposition be sealed and opened only on court order;

      (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

      (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## II. THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1).

Federal Rule of Civil Procedure 45(b)(1) provides as follows:

> (b) Service.
> (1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.** (emphasis supplied)

Rule 45(b)(1) clearly requires prior notice to opposing counsel before serving a subpoena for production of documents to a non-party witness. *Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*, 231 F.R.D. 465, 467 (E.D.Pa. 2005). As explained in the Notes of Advisory Committee on 1991 Amendments to Rule 45,

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments.

Here, the Subpoena appears to have been issued on February 1, 2008 and was apparently served upon SkyTel on that same day. Exh. 1. Yet, Plaintiff did not serve it upon Defendants'

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

counsel prior to such date, but rather served it at the end of the same day. *Id.* Accordingly, Plaintiff appears to have violated Rule 45(b)(1), and the Subpoena is therefore invalid.

### III. THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE.

Pursuant to Fed. R. Civ. P. 26(d),

> "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

As stated above, the Second Amended Complaint was filed on January 14, 2008, and it added as Defendants, Mayor Kilpatrick and Beatty, two defendants who had been dismissed from the case since August 31, 2006. In addition, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint, and another defendant, Cureton, was just served on January 30, 2008. Upon information and belief, the parties have not yet conferred as required by Rule 26(f), and initial disclosures have not been exchanged. Indeed, Defendants' first responsive pleading is not due until February 12, 2008, and Defendants will be filing a motion to dismiss pursuant to Rule 12(b)(6) based on the pleadings alone, arguing that Plaintiff has not met this Court's pleading requirements for a denial-of-access claim. Therefore, permitting discovery to go forward before the first responsive pleading to the Second Amended Complaint has been filed would not be fair or prudent and would be premature.

### IV. THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE DOCUMENTS REQUESTED ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND PRIVILEGED.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter <u>that is relevant to any party's claim or defense.</u>" Fed. R. Civ. P. 26(b)(1)

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

5

(emphasis supplied). However, the Subpoena seeks documents that are entirely irrelevant to any party's claim or defense, is overbroad, unduly burdensome and harassing.

Section A of the attachment to the Subpoena seeks the following:

> A. *Copies of any and all contracts or agreements between Skytel, Inc. and/or Bell Industries, Inc. (SkyTel's parent corporation or owner) for the provision of communication services by Skytel Inc. and/or Bell Industries, Inc. to the City of Detroit and any of its agencies or departments from January 1, 2002 to the present;*

This category of documents as requested in Section A has absolutely no relevance whatsoever to any of the claims or defenses in this case. Indeed, SkyTel is not a party to this case and Plaintiff has not alleged that SkyTel participated in any alleged cover-up of the identity of Tamara Greene's killer.

Sections B and C of the attachment to the Subpoena seek the following:

> B. *Copies of any and all records of incoming and outgoing text messages, telephone calls and message logs, including the actual text messages originating from or received by any City of Detroit Skytel, Inc. messaging device issued to the following persons, for the periods of time set forth in Subsection D, below:*
>
> (1) *Defendant Mayor Kwame M. Kilpatrick;*
> (2) *Carlita Kilpatrick*
> (3) *Defendant Christine Beatty*
> (4) *Defendant Billy Jackson, DPD*
> (5) *Defendant Detroit Police Chief Ella Bully Cummings;*
> (6) *Defendant Harold Cureton, DPD*
> (7) *Defendant Dep. Chief Cara Best DPD;*
> (8) *Defendant Craig Schwartz, DPD;*
> (9) *Asst. Chief Robert Dunlap, DPD;*
> (10) *Derrick Miller;*
> (11) *Dadan Milton;*
> (12) *Former Detroit Police Chief Jerry Oliver;*
> (13) *Paytra Williams, DPD*
> (14) *Harold Nelthorpe (EPU officer);*
> (15) *Ofc. Lorenzo Jones, DPD (EPU officer);*
> (16) *Ofc. Mike Martin, DPD (EPU officer)*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

(17) Walter Harris, DPD (EPU officer);
(18) Lt. Alvin Bowman, DPD
(19) Sgt. Marian Stevenson, DPD
(20) All current and former Executive Protection Unit officers of DPD
(21) Janice Butler, Chief of Staff to Chief Ella Bully Cummings
(22) Dep. chief Charise Fleming-Freeman, DPD
(23) Asst. chief George Hall, DPD
(24) Todd Bettison
(25) Dep. Chief Walter Martin, DPD
(26) Claudia Barton
(27) Vivian Talbert
(28) Gerard Simon
(29) Walter Long
(30) Ron Fleming
(31) Brian Stair, DPD
(32) Fred McClure, DPD
(33) Roosevelt Lawrence, DPD
(34) Sgt. Odell Godbold, DPD

C. *Copies of any and all records of incoming and outgoing emails, including the actual emails, and instant messaging logs, including the actual instant messages, originating from or received by any persons named above during the time periods set forth in Subsection D, below.*

Sections B and C are purportedly limited in scope to the following time periods:

I) September 1, 2002 to May 10, 2003
II) May 11, 2003 through the date of which the Tamara Greene murder investigation was designated a Cold Case, and for a period of two weeks thereafter;
III) The period of time beginning two weeks before Gary Brown and Harold Nelthrope filed their lawsuit against Defendant Kilpatrick and the City of Detroit, and ending two weeks after the last Defendant was served with the Summons and Complaint in that case
IV) The period of time beginning two weeks before Alvin Bowman filed his lawsuit against the City of Detroit, and ending two weeks after the last Defendant was served with the Summons and Complaint in that case;
V) October 1, 2007 to October 31, 2007; and
VI) All other time periods not otherwise identified herein beginning May 11, 2003 and ending September 30, 2007.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Although Section D appears at first glance to limit Sections B and C to only very specific time periods, subpart (i), (v) and (vii) indicate that all time periods between September 1, 2002 and May 10, 2003, May 11, 2003 through September 30, 2007, and October 1, 2007 through October 31, 2007 are being sought by Plaintiffs. Thus, Sections B, C, and D, when read together as a whole, seek all copies of all incoming and outgoing text messages, telephone calls, message logs, emails, and instant messages either sent or received by any of the 34 individuals listed under Section B at any time during a five year and one month period starting on September 1, 2002 and ending on October 31, 2007. This request is overbroad in time (over five years!) and scope (34 individuals, the vast majority of which are not even relevant enough to have been referenced anywhere in the Second Amended Complaint!) and is nothing more than an impermissible fishing expedition to try to get every single communication made by 34 individuals over a five year period. Indeed, it appears that Plaintiff blindly hopes that at some point during the five years some individual might have sent some message to someone else that might be embarrassing or humiliating to Defendants in this case.

Moreover, Plaintiff certainly will not find any relevant information from any time period prior to April 30, 2003, the date that Tamara Greene was killed. As Defendants' will be arguing at length in their motion to dismiss which will be filed on or before February 12, 2008, all events that occurred before April 30, 2003 are necessarily unrelated to the instant claim inasmuch as the basis of the instant claim is that Defendants allegedly concealed information about Tamara Greene's murder such that Plaintiff was denied access to a state court claim. Simply put, communications prior to Tamara Greene's death are not relevant to an alleged concealment of evidence of her alleged murder. Moreover, even the post-April 30, 2003 communications sought by Plaintiff are completely irrelevant inasmuch as Defendants will show in their motion to dismiss that Plaintiff's complaint

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

must be dismissed <u>based on the pleadings alone</u>, and that no possible evidence could prevent such dismissal. Furthermore, even if any text messages, telephone calls, emails or instant messages are relevant to this action, which they are not, Plaintiff's Subpoena does not limit the request to any subject matter whatsoever in an effort to seek only the relevant information. Rather, Plaintiff's request seeks every single communication over a five year period of time.

Furthermore, such unlimited request would sweep in **millions** of documents. Indeed, as Plaintiff's subpoena to the Detroit Free Press demonstrates, there are approximately 14,000 text messages from Beatty's SkyTel pager just from a total of four months, meaning that she sent or received approximately 3,500 text messages a month. This request covers 61 months, and would thus yield 213,500 text messages just from Beatty alone during that time period. When you add in emails, instant messages and telephone calls, and then add in the 33 other individuals, **the number of responsive documents will certainly be in the millions!** Such a fishing expedition will not only cause undue burden and expense upon SkyTel (who also has to utilize its resources to compile such responsive documents) and the Defendants (in having to review and copy such voluminous documents), but such an overblown and oppressive request apparently has been served for the purpose of attempting to cause embarrassment to and harassment of Defendants and to capitalize upon the media attention surrounding the "text message scandal" involving Mayor Kilpatrick and Beatty.

In addition, among the millions of text messages, emails, instant messages and telephone records that would be responsive to Sections B and C of the Subpoena, Sections B and C would also sweep in any privileged communications between any of the 34 individuals listed in the subpoena and their aattorney, accountant, physician, psychologist, clergymen, spouse, etc. Indeed, such

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

communications are protected by various privileges under Michigan law, and only the owner of such privileges may reveal the contents of the privileged communications. Yet, Plaintiff made no attempt whatsoever to limit the scope of the requests at all, let alone to limit the scope so as to avoid any privileged communications.

## CONCLUSION

For all the foregoing reasons, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena and/or issue a protective order limiting the production, and award costs and attorneys fees to Defendants for having to file the instant Motion.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075

Dated: February 8, 2008
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

                                                MORGANROTH & MORGANROTH, PLLC

                                                By: /s/ Mayer Morganroth
                                                MAYER MORGANROTH (P17966)
                                                Morganroth & Morganroth, PLLC
                                                3000 Town Center, Suite 1500
                                                Southfield, MI 48075

Dated: February 8, 2008                (248) 355-3084
                                                E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302