UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

        Plaintiff,

v.

    Case No.: 05-CV-74253
    Hon. Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK;
CHRISTINE BEATTY, jointly and severally,

        Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-
Cummings, Craig Schwartz, Mayor Kwame M.
Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS,
CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND
CHRISTINE BEATTY'S, MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby requests this Court dismiss the Second Amended Complaint, and state as follows:

1. On January 14, 2008, after being granted leave to file an amended complaint by this Court, Plaintiff, Ernest Flagg, as Next Friend of Jonathan Bond, filed his Second Amended Complaint.

2. However, the Second Amended Complaint fails to comply with the requirements set forth by this Court in its August 31, 2006 Opinion dismissing the initial complaint in this case inasmuch as Plaintiff has not established and cannot establish the unavailability of an effective and meaningful state-court remedy, cannot identify some form of relief that is recoverable here but is not otherwise available in some other suit that may yet be brought, and Plaintiff has failed to specifically identify actions taken by any of the Defendants that would subject the Defendants to liability under a denial-of-access theory. Accordingly, the Second Amended Complaint should be dismissed with prejudice pursuant to this Court's August 31, 2006 Opinion as well as Fed. R. Civ. P. 12(b)(6).

3. This motion is further supported by an accompanying Brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

WHEREFORE, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to dismiss Plaintiff's Second Amended Complaint with prejudice, and award costs and attorneys fees to Defendants.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC


By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: February 8, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

        Defendants.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-
Cummings, Craig Schwartz, Mayor Kwame M.
Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS, CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG
SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE
BEATTY'S, BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV P. 12(b)(6)**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    PLAINTIFF'S DENIAL-OF-ACCESS CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT MEET HIS BURDEN OF ESTABLISHING THE UNAVAILABILITY OF AN EFFECTIVE AND MEANINGFUL STATE-COURT REMEDY . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    This Court has Made Clear That In Order to Prevail on a Denial-of-Access Claim, Plaintiff must Demonstrate That He Brought a State Court Action That Was Not Effective and Meaningful or That a State Court Action Would Have Been Futile . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Plaintiff Has Not Demonstrated nor Can He Demonstrate That He Has Been Denied a State Court Remedy . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    Even if this Court Finds that a State Court Wrongful Death Action Filed Prior to the Expiration of the Statute of Limitations Would Not Have Been Futile, Plaintiff's Claim Should be Dismissed because Plaintiff Did Not have Standing to File a Wrongful Death Action . . . . . 11

    D.    In Any Event, Plaintiff's Second Amended Complaint Should Be Dismissed Because the Statute of Limitations to File a Wrongful Death Action May Not Have Expired . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.   PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO SPECIFICALLY IDENTIFY ACTIONS ALLEGEDLY TAKEN BY EACH DEFENDANT THAT WOULD SUBJECT THIS INDIVIDUAL TO LIABILITY UNDER A DENIAL-OF-ACCESS THEORY AS REQUIRED BY THIS COURT . . . . . . . . . . . . . . . . . 14

    A.    Plaintiff Fails to Allege Any Actions of Mayor Kilpatrick or Beatty That Caused Plaintiff to be Denied Access to a State Court Wrongful Death Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

B.    Plaintiff Fails to Allege Any Actions of Bully-Cummings or Schwartz, That Caused Plaintiff to be Denied Access to a State Court Wrongful Death Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Bell v. City of Milwaukee,*
    746 F.2d 1205 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Christopher v. Harbury,*
    536 U.S. 403, 122 S. Ct. 2179 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

*Delew v. Wagner,*
    143 F.3d 1219 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Eggleston v. Bio-Medical Applications of Detroit, Inc.,*
    468 Mich. 29, 658 N.W.2d. 139 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Flores v. Satz,*
    137 F.3d 1275 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kelso v. City of Toledo,*
    77 Fed. Appx. 826 (6th Cir. Oct 1, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Morgan v. Church's Fried Chicken,*
    829 F.2d 10 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Smith v. Randolph,*
    2005 Mich. App. Lexis 825 (March 24, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Swekel v City of River Rouge,*
    119 F.3d 1259 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-11

*Thomas v. Process Equipment Corp.,*
    154 Mich. App. 78; 397 N.W.2d 224 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Westlake v. Lucas,*
    537 F.2d 857 (6th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*White v. City of Toledo,*
    217 F. Supp.2d 838 (N.D. Ohio 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Statutes and Court Rules:**

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

MCL §600.2922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

MCL §600.5852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

MCL §600.5855 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

MCR 2.201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

The instant action arises out of the April 30, 2003, death of Tamara Greene ("Greene"). Greene was killed in a drive-by shooting in front of her home. A passenger in the vehicle was injured in the shooting but survived.

On November 7, 2005, less than three years after Greene's death, and before the statute of limitations could have expired for filing a wrongful death action relating to the death of Greene, Greene's son, Jonathon Bond ("Plaintiff"), acting through his Next Friend, initiated the instant action against the City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty"). Plaintiff's initial complaint (the "Initial Complaint")[1] alleged in vague terms that the defendants violated Plaintiff's federal constitutional rights of access to the courts and conspired among themselves to commit a constitutional violation by inadequately investigating the April 30, 2003 death of Greene and concealing material evidence concerning Greene's death.

Subsequently, in lieu of filing answers to the Initial Complaint, the City of Detroit, Mayor Kilpatrick, Beatty and Bully-Cummings jointly filed a motion to dismiss, and Cox filed a separate motion to dismiss.

On August 31, 2006, this Court issued an Opinion and Order Regarding Defendants' Motion to Dismiss (the "August 31, 2006 Opinion")[2]. In the well reasoned and thorough August 31, 2006

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

1/ The Initial Complaint is attached hereto as Exhibit 1.

2/ The August 31, 2006 Opinion is attached hereto as Exhibit 2.

Opinion, this Court analyzed the viability of denial of access claims and the requirements thereof, and ruled that Plaintiff's claim of denial of access to the courts was not viable as pled in the Initial Complaint. This Court further explained that

> Plaintiff does not allege that he is foreclosed from bringing a state-court wrongful death action against "John Doe" defendants, which in turn would provide a vehicle for discovery concerning any alleged concealment of evidence or any promising leads that were abandoned in the local and state investigations of Tamara Greene's death.

Exh. 2 at 19. However, this Court found that Plaintiff should be given an opportunity to file an amended complaint that addresses the shortfalls identified in the August 31, 2006 Opinion. *Id.* at 20. In particular, this Court outlined the following requirements that Plaintiff must satisfy in an amended complaint:

> First and foremost, this amended complaint must include allegations which, if proven, would establish the unavailability of an effective and meaningful state-court remedy. As indicated, these allegations must extend beyond the mere assertion, as set forth in the initial complaint, [], that Plaintiff presently is unable to ascertain the identity of the proper defendants to name in a state-court wrongful death action. In addition, Plaintiff must identify, in accordance with *Harbury*, some form of relief that is recoverable here but is "not otherwise available in some other suit that may yet be brought." [] Finally, Plaintiff must specifically identify actions allegedly taken by each Defendant that would subject this individual to liability under a denial-of-access theory. Upon Plaintiff's filing of such an amended pleading, Defendants may then file answers or renewed motions to dismiss, as each of them deems appropriate in response to the allegations of the amended complaint.

Exh. 2 at 20-21 (internal citations omitted)

On September 21, 2006, Plaintiff filed a First Amended Complaint[3]. Exh. 3. The First Amended Complaint dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

3/ The First Amended Complaint is attached hereto as Exhibit 3.

Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). *Id.* On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton, Jackson, Cox, Mayor Kilpatrick, Oliver, and Beatty.[4] Exh. 4.

On January 14, 2008, Plaintiff filed their Second Amended Complaint[5] after being granted leave to do so. Exh. 5. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.[6] *Id.* However, the Second Amended Complaint fails to comply with the requirements set forth by this Court in the August 31, 2006 Opinion inasmuch as Plaintiff has not and cannot establish the unavailability of an effective and meaningful state-court remedy, cannot identify some form of relief that is recoverable here but is not otherwise available in some other suit that may yet be brought, and Plaintiff has failed to specifically identify actions taken by any of the Defendants that would subject the Defendants to liability under a denial of access theory. Accordingly, the Second Amended Complaint should be dismissed with prejudice pursuant to this Court's August 31, 2006 Opinion as well as Fed. R. Civ. P. 12(b)(6).

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

4/ Order of Partial Dismissal is attached hereto as Exhibit 4.

5/ The Second Amended Complaint (without exhibits) is attached hereto as Exhibit 5.

6/ The instant motion to dismiss is being brought by Defendants, City of Detroit, Bully-Cummings, Mayor Kilpatrick, Beatty and Schwartz, and all references to "Defendants" from here forward refers to them only. To Defendants' counsel's knowledge, Best and Jackson have not yet been served with the Second Amended Complaint, and Cureton was served on January 30, 2008.

**I.   STANDARD OF REVIEW**

In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the well-pleaded factual allegations set forth in the plaintiff's complaint. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan*, 829 F.2d at 12. "Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (footnote, internal quotations and citations omitted).

**II.   PLAINTIFF'S DENIAL-OF-ACCESS CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT MEET HIS BURDEN OF ESTABLISHING THE UNAVAILABILITY OF AN EFFECTIVE AND MEANINGFUL STATE-COURT REMEDY.**

      **A.   This Court has Made Clear That In Order to Prevail on a Denial-of-Access Claim, Plaintiff must Demonstrate That He Brought a State Court Action That Was Not Effective and Meaningful or That a State Court Action Would Have Been Futile.**

In this Court's August 31, 2006 Opinion, this Court extensively analyzed the leading Sixth Circuit case, *Swekel v City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997), and confirmed that the plaintiff has the burden of establishing that he was denied "effective and meaningful access to the courts." Exh. 2.

As this Court explained, in *Swekel*, the plaintiff, Delores Swekel, alleged that the police engaged in a cover-up of the identity of one of the two drivers of vehicles (the son of a high ranking police officer) that struck and killed her husband while he was crossing the street. *Swekel*, 119 F.3d at 1260. Ms. Swekel alleged that the defendants ignored evidence, refused to perform forensic tests

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
155 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

on Mr. Swekel's clothes, ignored tips, and failed to interview witnesses, among other things, as part of their cover up. *Id.* at 1260-61. While Ms. Swekel successfully sued one of the two drivers in a wrongful death action, Ms. Swekel claimed that the defendants' conduct with respect to the cover-up deprived her of a suit against the second driver "because she could not discover his identity before her time to file suit expired under the Michigan statute of limitations." *Id.* at 1261.

The district court dismissed Ms. Swekel's claims, and she appealed to the Sixth Circuit. As this Court recognized in its August 31, 2006 Opinion, the *Swekel* Court explained the different factors that a court must analyze in order to determine whether a person's fundamental right of access to the courts has been violated:

> First, a court must ascertain whether the abuse occurred pre- or post-filing. When the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable. **If the abuse occurs pre-filing, then the plaintiff must establish that such abuse denied her "effective" and "meaningful" access to the courts. She can do this by showing that the defendants' actions foreclosed her from filing suit in state court or rendered ineffective any state court remedy she previously may have had.** [] In most instances, state courts can address pre-filing abuses by tolling the statute of limitations or allowing for a "spoliation of evidence" lawsuit.

*Id.* at 1263-64 (footnote and internal citations omitted, emphasis supplied). As this Court further recognized in its August 31, 2006 Opinion, the *Swekel* Court held that when a plaintiff, such as Ms. Swekel, alleges pre-filing abuses, the plaintiff "bears the burden of showing that such actions foreclosed her from filing suit in state court." *Id.* at 1264.

After first noting that the police cover-up, if true, was "reprehensible", the Sixth Circuit in *Swekel* recognized that its charge was to determine whether such allegedly "reprehensible" conduct of the police department amounted to a constitutional violation. *Id.* Indeed, as this Court explained in its August 31, 2006 Opinion, the *Swekel* Court decided that Ms. Swekel's allegations "that the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

police covered-up proof against one of their own, destroyed critical evidence, and delayed Swekel's own investigation, [ ]if true, would substantially prejudice Swekel's ability to recover in state court." Yet, despite the "reprehensible" conduct of the police department and the fact that it would substantially prejudice Ms. Swekel's ability to recover in state court, the *Swekel* Court found that Ms. Swekel's constitutional claim for denial of access to the courts failed inasmuch as Ms. Swekel did not make any attempt to bring a state court action. *Id.* As the Swekel Court explained:

> Swekel, however, never presented evidence that the state court could not adequately address these problems. In fact, none of the evidence before this court establishes that Swekel even attempted to go to the state court in first instance. **Before filing an "access to courts" claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact "effective" and "meaningful"?**
>
> **A plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions. Rather, the plaintiff must present evidence that the defendants' actions actually rendered any available state court remedy ineffective.** Swekel has failed to do so.

*Id.* (footnote and internal citation omitted, emphasis supplied).

This Court further recognized in its August 31, 2006 Opinion that the proposition that a Plaintiff must bring a state court action to determine whether the conduct of the defendants actually rendered any state court action ineffective and meaningless was reinforced by the Ninth Circuit Court of Appeals in *Delew v. Wagner,* 143 F.3d 1219 (9th Cir. 1998). There, the Court of Appeals affirmed a decision by the district court to dismiss a federal denial-of-access claim without prejudice because the plaintiff had brought a wrongful death action in state court and the Plaintiff was not yet able to show that the alleged police cover-up had actually caused the state court action to be ineffective. *Id.* at 1223.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

However, as this Court recognized in its August 31, 2006 Opinion, the *Swekel* Court, in a footnote in the middle of the above passage, seemingly left the door slightly open for a plaintiff that did not file a state court action to still maintain a denial of access claim if and only if a state court action would be "completely futile." *Id.* at 1264 n. 2. As this Court explained in analyzing the "futility" exception in its August 31, 2006 Opinion, although the *Swekel* Court did not elaborate on when a state court action would have been futile, the *Swekel* Court did determine that it would <u>not</u> have been futile for Ms. Swekel to have brought a claim in State Court. *Id.* This was so because, as the district court had ruled in its opinion, Ms. Swekel had a sufficient factual basis to bring a "John Doe" suit in state court. *Id.* at 1261.

This Court further explained in its August 31, 2006 Opinion that the Supreme Court decision in *Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179 (2002) supports the conclusion in *Swekel* that a plaintiff cannot pursue a denial-of-access claim unless he has actually been denied access to the state courts. As the *Harbury* Court stated,

> It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some other suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id.* at 2187.

**B.    Plaintiff Has Not Demonstrated nor Can He Demonstrate That He Has Been Denied a State Court Remedy.**

Applying the law to the instant case, it is clear that Plaintiff cannot meet his burden of establishing that he was denied "effective and meaningful access to the courts" because a state court

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

wrongful death action could have been brought before this action was filed and such action would not have been futile.

In Plaintiff's Second Amended Complaint, Plaintiff goes to great lengths try to satisfy this Court's requirement that he has been denied access to the courts by stating that the three-year statute of limitations for a wrongful death action has expired and that there is no applicable tolling provision which could have extended it. However, **Plaintiff utterly ignores the fact that the three-year statute of limitation for bringing a wrongful death action could not have expired until April 30, 2006, which was nearly six months after the instant case was initiated!** Thus, as this Court recognized in the August 31, 2006 Opinion, the only way that Plaintiff's federal claim would be viable is if Plaintiff can establish that the futility exception identified in the footnote in *Swekel* applies to him, even though the Sixth Circuit found that it did not apply in *Swekel*. *Id.* 3d at 1264, n. 2. However, Plaintiff has utterly failed to do so in his Second Amended Complaint.

As this Court recognized in its August 31, 2006 Opinion, the *Swekel* Court did not identify exactly when it would be futile to file a state court action. *Id.* The *Swekel* Court only decided that a state court action in *Swekel* would <u>not</u> have been futile, and, as this Court explained in the August 31, 2006 opinion, that the futility exception is not triggered merely by a plaintiff's inability to discern the precise parties to name as defendants in a state court suit. *Id.* Thus, in order for the exception to apply, Plaintiff here would have to include allegations in the Second Amended Complaint that favorably distinguished his case from *Swekel*, which he simply did not do. In an effort to distinguish the instant case from *Swekel*, where it was determined that Ms. Swekel had a sufficient factual basis to bring a "John Doe" case in state court but didn't do so, (*Id.* at 1261), Plaintiff alleges in Paragraph 66(c) of the Second Amended Complaint that "[t]he plaintiff does not have a sufficient factual basis to file a 'John Doe' suit in state court due to the fact that the investigation has been terminated and

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

otherwise tampered with by these Defendants." However, a review of the Michigan Court Rules and the facts and circumstances in *Swekel* reveals that Plaintiff's assertion that it did not have a sufficient basis to file a "John Doe" complaint is utterly baseless and that such allegations cannot satisfy the futility exception.

A "John Doe" complaint is authorized by MCR 2.201(D)(1), *Thomas v. Process Equipment Corp.*, 154 Mich. App. 78, 83-84; 397 N.W.2d 224 (1986), which provides as follows:

> (1) Persons who are or may be interested in the subject matter of an action, but whose names cannot be ascertained on diligent inquiry, may be made parties by being described as:
> (a) unknown claimants;
> (b) unknown owners; or
> (c) unknown heirs, devisees, or assignees of a deceased person who may have been interested in the subject matter of the action. MCR 2.201(D)(1).

The Michigan Court Rules do not provide any further restrictions for filing a "John Doe" complaint. In *Swekel*, in finding that there was a sufficient factual basis to bring a "John Doe" action, the district court relied solely on the fact that there was evidence that Ms. Swekel knew of the existence of a second driver before the three year statute of limitations expired. *Swekel*, 119 F.3d at 1261. Here, just as Ms. Swekel knew that there was another unidentified driver that she had a basis to file a claim against, Plaintiff knew that there was an unidentified person that had killed Greene. Indeed, Plaintiff learned of the existence of an unidentified shooter the minute it was discovered that Greene died as a result of being shot, which would have been long before expiration of any statute of limitations. In fact, **at the very latest, Plaintiff made detailed allegations of Greene's death in his Initial Complaint, which was filed nearly six months before the three year anniversary of Greene's death!** Exh. 1. Indeed, in this case, as evidenced by Plaintiff's Initial Complaint, Plaintiff apparently knew much more than just the existence of an unidentified shooter prior to the expiration

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
155 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

of any statute of limitations. *Id.* Even assuming that Plaintiff only knew of the facts that he alleged in his Initial Complaint, Plaintiff knew that there was a passenger in Greene's car at the time of the shooting, that the shooter drove up to her vehicle, fired several shots into her vehicle, and then drove off, and Plaintiff even knew the caliber of the bullets used. *Id.* at ¶¶12, 13 and 26.

As the district court in *Swekel* reasoned, if a state court "John Doe" action had been filed, "Swekel **may** have been able to discover the identity of the second driver before the statute ran." *Swekel*, 119 F.3d at 1261 (emphasis supplied). Moreover, this was so even though there was evidence that the defendants in *Swekel* purposely covered up the identity of the second driver by ignoring evidence, refusing to perform forensic tests on Mr. Swekel's clothes, ignoring tips, and failing to interview witnesses. *Id.*, at 1261, 1264. Just like in *Swekel*, if Plaintiff here had filed a wrongful death action in state court against a "John Doe" defendant rather than filing the instant action, Plaintiff **may** have been able to discover the identity of the shooter before the statute ran. *Id.* Certainly, it would stand to reason that if a state court action had been filed, Plaintiff could have: (1) obtained discovery from the passenger in Greene's car, who was wounded in the shooting as well and therefore would have been easy to identify; (2) obtained discovery from the abundance of police officers and public officials that Plaintiff mentioned in the Initial Complaint; (3) obtained discovery from the other "key individuals" that Plaintiff alleged the police failed to interview (Exh. 1 at ¶27); and (4) subpoenaed the supposedly "critical documents" (Exh. 1 at ¶28). Instead, Plaintiff sat on his rights and opted to file suit in Federal Court for a denial-of-access action rather than actually attempt to access the state courts. However, without having met his burden of establishing that Defendants' actions had rendered an effective and meaningful state court action unavailable, Plaintiff simply cannot demonstrate that he was denied access to the courts. *Swekel*, 119 F.3d at 1264.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**C.** **Even if this Court Finds that a State Court Wrongful Death Action Filed Prior to the Expiration of the Statute of Limitations Would Not Have Been Futile, Plaintiff's Claim Should be Dismissed because Plaintiff Did Not have Standing to File a Wrongful Death Action.**

Pursuant to Michigan law, any wrongful death action must be filed by the personal representative of the estate of the deceased, on behalf of the estate. MCL §600.2922. Indeed, MCL §600.2922 provides in pertinent part as follows:

> (1) Whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a , and although the death was caused under circumstances that constitute a felony.
>
> (2) **Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased.** Within 30 days after the commencement of an action, the personal representative shall serve a copy of the complaint and notice as prescribed in subsection (4) upon the person or persons who may be entitled to damages under subsection (3) in the manner and method provided in the rules applicable to probate court proceedings. (emphasis supplied)

Here, the Plaintiff is **not** the personal representative of the estate of the deceased, Greene. Thus, Plaintiff does not have standing to assert that **his** constitutional right of access to the courts has been denied, because he simply did not have a right to file a wrongful death action in state court to begin with. *Id.* As the *Swekel* Court has held, a plaintiff in a denial-of-access case must show that "defendants' actions foreclosed [him/her] from filing suit in state court or rendered ineffective any state court remedy [s/he] previously may have had." *Swekel*, 119 F.3d at 1264. Accordingly, even if Plaintiff were correct, which he is not, that Defendants' actions rendered a wrongful death action ineffective or meaningless, Plaintiff cannot demonstrate that such conduct actually foreclosed him

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

from filing suit in state court, because he was not allowed to file suit pursuant to MCL §600.2922 in any event. As the United States Supreme Court has held, and this Court recognized in the August 31, 2006 Opinion, "[h]owever unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, <u>without which a plaintiff cannot have suffered injury by being shut out of court.</u> *Harbury*, 536 U.S. at 415 (emphasis supplied).

> **D.  In Any Event, Plaintiff's Second Amended Complaint Should Be Dismissed Because the Statute of Limitations to File a Wrongful Death Action May Not Have Expired.**

Even if this Court somehow finds that the estate's failure to pursue a state court wrongful death action before April 30, 2003 did not preclude Plaintiff's denial-of-access claim, Plaintiff's Second Amended Complaint should still be dismissed because the statute of limitations may not have expired for bringing a wrongful death action.

First, as this Court noted in footnote 9 of the August 31, 2006 Opinion, Michigan law confers an additional two-year period in which to commence an action in cases of fraudulent concealment of the existence of the claim or the identity of any person who is liable for the claim. Plaintiff attempts to dispose of this issue in Paragraph 66(e-g), when he states:

> e)  The plaintiff is precluded by the applicable statute of limitations from bringing any action in state court for the wrongful death of Tamara Bond Greene. This preclusion is not circumvented by MCL §600.5855 (fraudulent concealment of claim or identity of person liable) because concealment of the identity of parties liable, or concealment of the parties, has been held not to constitute concealment of the cause of action, and not to be available to avoid the running of the statute of limitations.

> f)  Michigan does not have a tolling provision, either common law or statutory, that will operate to save Plaintiff's wrongful

MORGANROTH
&
MORGANROTH,
PLLC
· ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W, 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

12

death action if the identity of the killer is discovered beyond the three year statute of limitations period.[]

g)    Further, the act of a third person in concealing a cause of action against the defendant does not constitute such a concealment as to prevent the running of the statute of limitations in favor of the defendant.

However, Plaintiff's analysis as stated in sub-part (e) and (f) may be incorrect in light of the unpublished Michigan Court of Appeals decision in *Smith v. Randolph*, 2005 Mich. App. Lexis 825 (March 24, 2005) (attached hereto as Exhibit 6) (leave to appeal to Michigan Supreme Court denied, *Smith v. Randolph,* 475 Mich. 879; 715 N.W.2d 774 (2006)). There, the Michigan Court of Appeals found that the statute of limitations of MCL §600.5855[7] applied to extend the statute in a wrongful death action to two years from the date that the killer was arrested inasmuch as the killer actively concealed his involvement in the murder. *Id.* at *2-8, *11-12. Moreover, with respect to sub-part (g), if Plaintiff's veiled allegations that a police officer killed Greene were true, which they are not, then the party who concealed the identity of Greene's shooter – allegedly the police department – would not be a third-person, it may instead be liable for the death under various theories of liability.

Second, MCL 600.5852, the wrongful death saving statute, provides as follows:

> If a person died before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority

---

7/ MCL §600.5855 provides as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

13

are issued although the period of limitations has run. But an action shall not be brought under the provision unless the personal representative commences it within 3 years after the period of limitations has run.

MCL 600.5852. In *Eggleston v. Bio-Medical Applications of Detroit, Inc.*, 468 Mich. 29, 658 N.W.2d. 139 (2003), the Michigan Supreme Court found that the two year grace period of the wrongful death saving statute was measured from the issuance of letters of authority to the successor personal representative of the deceased rather than from the date that letters of authority were sent to the initial personal representative. *Id.* at 33. Here, Plaintiff does not allege sufficient facts to demonstrate that the wrongful death savings statute would not apply to extend the statute of limitations. Indeed, Plaintiff does not allege that a probate estate for Greene was ever opened, or that letters of authority were received by the personal representative of Greene's estate more than two years ago. If such letters of authority were received by the personal representative within the last two years, then the personal representative may still bring an action in state court even today.[8]

**III.    PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO SPECIFICALLY IDENTIFY ACTIONS ALLEGEDLY TAKEN BY EACH DEFENDANT THAT WOULD SUBJECT THIS INDIVIDUAL TO LIABILITY UNDER A DENIAL-OF-ACCESS THEORY AS REQUIRED BY THIS COURT.**

Even if this Court somehow finds that Plaintiff was denied an effective and meaningful state court remedy despite Plaintiff's failure to even attempt to bring a state court action as is required in *Swekel*, this Court made clear that Plaintiff still must demonstrate that actions of the Defendants actually caused such denial of the state court remedy. However, as this Court recognized, a denial-of-access claim cannot be predicated upon the failure of the police or other government officials to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

8/ In *Smith v. Randolph,* supra (unpublished), the Michigan Court of Appeals applied both the wrongful death savings statute and the fraudulent concealment statute to allow an action that was filed on October 4, 2002 to proceed in connection with a January 8, 1982 death.

investigate or prosecute a crime, even where the police are lax in their investigatory duties. *See, e.g.,* *White v. City of Toledo*, 217 F. Supp.2d 838, 841 (N.D. Ohio 2002); *Bell v. city of Milwaukee*, 746 F.2d 1205, 1261-62 (7th Cir. 1984); *Kelso v. City of Toledo,* 77 Fed. Appx. 826, 833 (6th Cir. Oct 1, 2003)(unpublished opinion, attached hereto as Exhibit 7); *Flores v. Satz*, 137 F.3d 1275, 1278 n.7 (11th Cir. 1998). Rather, as this Court recognized in its August 31, 2006 Opinion, the action must be based upon allegations of active concealment. Exh. 2 at 8-9. This Court further ordered in its August 31, 2006 Opinion that Plaintiff's amended complaint "must specifically identify actions allegedly taken by each Defendant that would subject this individual to liability under a denial-of-access theory." *Id.* at 20.

Plaintiff alleges that Defendants' actions "deprived plaintiff of his right of access to the courts by denying him of the ability to bring a wrongful death action in state court." Exh. 5 at ¶65. Yet, Plaintiff's Second Amended Complaint utterly fails to specifically identify actions taken by any of the Defendants that purportedly denied him of his right to access to the courts for purposes of filing a wrongful death action. Indeed, the vast majority of the allegations in Plaintiff's Second Amended Complaint are related to the supposed cover-up of a "wild party" that allegedly occurred at the Manoogian Mansion at some point during the fall of 2002, which was at least six months before Greene's April 30, 2003 death. As this Court has already recognized in its August 31, 2006 Opinion, "any alleged cover-up as to [the rumored party at the Manoogian Mansion] would not necessarily entail a cover-up as to [the circumstances surrounding the shooting of Greene]." Exh. 2 at 19 n. 10. This Court further stated in its August 31, 2006 Opinion that as of the filing of the Initial Complaint, "any link between the two would be purely speculative." *Id.* Moreover, many of the allegations in the Second Amended Complaint are phrased so as to be vague about who is responsible for the particular action. For example, Plaintiff alleges that "[a]ccording to Sgt.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Stevenson, <u>someone</u> erases her notes on the Tamara Greene murder investigation from her police department computer hard drive . . ." Exh. 5 at ¶33 (emphasis supplied). Plaintiff further made allegations in the passive voice, such as: "[t]he Greene homicide file <u>was seized</u> from the homicide section and locked away in the office of Lieutenant Billy Jackson . . ." Exh. 5 at ¶41 (emphasis supplied). When the irrelevant allegations of an alleged cover-up of the "wild party" and the vague allegations that fail to identify any specific actors are stripped from the Second Amended Complaint, Plaintiff is left with no cause of action against any of the Defendants.

### A. Plaintiff Fails to Allege Any Actions of Mayor Kilpatrick or Beatty That Caused Plaintiff to be Denied Access to a State Court Wrongful Death Action.

The only specific allegations made in Plaintiff's Second Amended Complaint regarding actions taken by Mayor Kilpatrick or Beatty can be summed up as follows: Mayor Kilpatrick attended a party at the Manoogian Mansion in the Fall of 2002 ( ¶13); Beatty *may* have been shown a memo dated April 24, 2003 and a memo dated May 6, 2003 written by Gary Brown detailing various instances of police misconduct including instances related to the alleged "wild party" but not discussing or touching upon in any way the investigation into Greene's death (¶21); Beatty reported to Mayor Kilpatrick that Brown was conducting an "unauthorized investigation" (having nothing to do with the investigation into Greene's death), and that "he needed to be removed from his department" (¶22); Mayor Kilpatrick and Beatty attended a meeting with former police chief Jerry Oliver and "other City officials" regarding Brown's investigation as detailed in his memoranda (¶23); Mayor Kilpatrick fired Gary Brown "to avoid further investigation of the 'wild party,' or that his wife, Carlita Kilpatrick assaulted an exotic dancer at that party" (¶25); and Mayor Kilpatrick publicly called Harold Nelthrope a liar (¶26).

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Tellingly, Plaintiff did not allege that Mayor Kilpatrick or Beatty did anything whatsoever to conceal evidence of Greene's murder, hide the identity of Greene's murder, or otherwise cover-up Greene's murder. All of the allegations concerned only the investigation into the alleged "wild party," and any connection between the "wild party" and Greene's murder is purely speculative, at best.

**B.      Plaintiff Fails to Allege Any Actions of Bully-Cummings or Schwartz, That Caused Plaintiff to be Denied Access to a State Court Wrongful Death Action.**

The only specific allegations made in Plaintiff's Second Amended Complaint regarding actions taken by Bully-Cummings or Schwartz can be summed up as follows: Bully-Cummings was given information by Lt. Bowman that the shooter of Greene *could* have been someone in law enforcement (¶36-37); Bully-Cummings and Commander Schwartz attended a meeting with Assistant Chief of Police Cureton, Lt. Billy Jackson, and Lt. Bowman and Lt. Bowman was ordered by Bully-Cummings, Schwartz, Cureton and Jackson to cease investigating Greene's homicide and to "put the file away", which Bowman did not do (¶38-39); Bully-Cummings ordered the Greene file to be moved to the Cold Case file after one year (¶44); and Schwartz alleged that he was unable to review Greene's file for progress or make any recommendations in the investigation because the file was missing for a period of time (¶50).

There is nothing in the above allegations that could have risen to the level of actively concealing the investigation of Greene's murder, as this Court required. Indeed, although Plaintiff alleges that Bully-Cummings and Schwartz ordered Lt. Bowman to "put the file away", by Plaintiff's own admission, Lt. Bowman did not listen. Exh. 5 at ¶38-39. Therefore, that action alone could not have caused Plaintiff any harm. Moreover, the allegation that Bully-Cummings ordered that the case be moved to the Cold Case file does not, on its own, act to actively conceal any evidence or

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

information about the circumstances of Greene's death. Indeed, Plaintiff does not and cannot allege that any specific individuals in the Detroit Police Department actively destroyed or concealed evidence of any kind that could have led to the apprehension or identification of Greene's killer. Accordingly, the allegations against Bully Cummings and Schwartz are not sufficient to hold either of them liable to Plaintiff for a denial-of-access action.

## CONCLUSION

For all the foregoing reasons, Defendants, City of Detroit, Bully-Cummings, Schwartz, Mayor Kilpatrick, and Beatty, respectfully request that this Court dismiss Plaintiff's Second Amended Complaint with prejudice and award costs and attorneys' fees so wrongfully incurred by Defendants in having to defend against Plaintiff's unfounded claims.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings,
Craig Schwartz, Mayor Kwame M. Kilpatrick, and
Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: February 8, 2008
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

18

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH  (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI  48075
Dated: February 8, 2008        (248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302