UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.

_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746)<br>ROBERT S. ZAWIDEH (P43787)<br>NORMAN YATOOMA & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>219 Elm Street<br>Birmingham, MI 48009<br>(248) 642-3600 | MAYER MORGANROTH (P17966)<br>JEFFREY B. MORGANROTH (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty<br>3000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 355-3084 |
| JOHN A. SCHAPKA (P36731)<br>CITY OF DETROIT LAW DEPARTMENT<br>Co-Counsel for Defendants<br>1650 First National Building<br>Detroit, MI 48226<br>(313) 224-4550 | |

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS,
CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND
CHRISTINE BEATTY'S, MOTION TO QUASH SUBPOENA TO THE BELL
INDUSTRIES, INC. F/K/A SKYTEL, INC. AND FOR PROTECTIVE ORDER**

Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby requests this Court to quash the subpoena to Bell Industries, Inc. f/k/a SkyTel, Inc. pursuant to Fed. R. Civ. P. 45(c)(3)(A) and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and state as follows:

1. The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

2. On August 31, 2006, this Court dismissed without prejudice the initial complaint.

3. On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson").

4. On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton and Jackson.

5. On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson. *Id.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6. It does not appear that a Rule 26(f) Conference has been held yet in this action, nor have Rule 26 initial disclosures been exchanged.

7. On February 11, 2008, counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a copy of a subpoena issued by Norman A. Yatooma, Esq. directed to Bell Industries, Inc. f/k/a Skytel, Inc ("SkyTel") for the production of documents (the "Subpoena"). The Subpoena indicated that it was issued on February 11, 2008 and had a return date of February 25, 2008 at 9:00 A.M. Exh. 1. The proof of service states that the Subpoena has been "SERVED".

8. The Subpoena is in violation of the Fed. R. Civ. P. 45(b)(1) inasmuch as it appears that it was not served upon Defendants' counsel prior to service upon the non-party witness. Rather, it appears that the Subpoena was served upon Defendants' counsel after it was served upon SkyTel.

9. In addition to being improperly served, the Subpoena seeks documents that are completely irrelevant to this action and is overbroad, causes undue burden and expense, is harassing and seeks to invade various privileges.

10. In addition, the Subpoena is premature inasmuch as Defendants' first responsive pleading to the Second Amended Complaint is not due until February 12, 2008 and inasmuch as these Defendants filed a Rule 12(b)(6) motion to dismiss based upon the pleadings alone. Moreover, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint, and another defendant, Cureton, was just served on January 30, 2008.

11. This motion is further supported by an accompanying Brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

WHEREFORE, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena, issue a protective order, and award costs and attorneys fees to Defendants.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075

Dated: February 20, 2008
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO BELL INDUSTRIES, <u>INC. F/K/A SKYTEL, INC. AND FOR A PROTECTIVE ORDER</u>**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.     THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    IV.    THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE SUBPOENA IS OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND PRIVILEGED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
─────
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*,
 231 F.R.D. 465 (E.D.Pa. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statues and Court Rules:**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4-5

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

**Other Authorities:**

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments . . . . . . . . . . . . . . . . . . . . . . 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# QUESTION PRESENTED

I. WHETHER THIS COURT SHOULD QUASH A THIRD-PARTY SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER WHERE:

    A. NOTICE WAS NOT PROVIDED TO DEFENDANTS BEFORE THE SUBPOENA WAS SERVED; AND

    B. THE SUBPOENA IS OVERBROAD, UNDULY BURDENSOME AND EXPENSIVE, IRRELEVANT, HARASSING AND SEEKS PRIVILEGED MATERIAL.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

iii

## PRELIMINARY STATEMENT

The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

On August 31, 2006, this Court dismissed without prejudice the initial complaint.

On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton, Jackson, Cox, Mayor Kilpatrick, Oliver, and Beatty.

On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.

It does not appear that a Rule 26(f) Conference has been held yet in this action, and certainly it has not been held after the filing of Plaintiff's Second Amended Complaint, which added Mayor Kilpatrick and Beatty back into the case. Moreover, no Rule 26 initial disclosures have been exchanged, nor has there been an agreed upon date to do so.

On February 11, 2008, counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a copy of a subpoena issued by Norman A. Yatooma, Esq.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

directed to Bell Industries, Inc. f/k/a Skytel, Inc ("SkyTel") for the production of documents (the "Subpoena"). The Subpoena indicated that it was issued on February 11, 2008 and had a return date of February 25, 2008 at 9:00 A.M. Exh. 1. The proof of service states that the Subpoena has been "SERVED". Id.

Inasmuch as it appears that the Subpoena was served upon SkyTel prior to it being served upon Defendants, such Subpoena is in violation of the Federal Rules of Civil Procedure. In addition to being improperly served, the Subpoena seeks documents that are completely irrelevant to this action and is overbroad, causes undue burden and expense, is harassing and seeks to invade various privileges. Accordingly, the Subpoena should be quashed and/or a protective order should be issued.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 45(c)(3) of the Federal Rule of Civil Procedure provides as follows:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>   (i) fails to allow a reasonable time to comply;
>   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>   (iv) subjects a person to undue burden.

Rule 26(c) of the Federal Rule of Civil Procedure provides as follows:

> (c) Protective Orders.
>   (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

II. **THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1).**

Federal Rule of Civil Procedure 45(b)(1) provides as follows:

> (b) Service.
> (1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.** (emphasis supplied)

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
———
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Rule 45(b)(1) clearly requires prior notice to opposing counsel before serving a subpoena for production of documents to a non-party witness. *Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*, 231 F.R.D. 465, 467 (E.D.Pa. 2005). As explained in the Notes of Advisory Committee on 1991 Amendments to Rule 45,

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments.

Here, as has been Plaintiff's practice in this case, the Subpoena appears to have been served prior to receipt of the Subpoena by Defendants' counsel. Although Defendants have repeatedly raised this issue, Plaintiff continues to ignore the requirements of the Federal Rules of Civil Procedure. This leaves Defendants with the impression that Plaintiff hopes that the recipient of the Subpoena will produce any responsive documents before Defendants have an opportunity to object to the overbroad and irrelevant subpoenas that Plaintiff continues to file. In any event, inasmuch as Plaintiff appears to have violated Rule 45(b)(1), the Subpoena is invalid.

### III. THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE.

Pursuant to Fed. R. Civ. P. 26(d),

> "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

As stated above, the Second Amended Complaint was filed on January 14, 2008, and it added as Defendants, Mayor Kilpatrick and Beatty, two defendants who had been dismissed from the case since August 31, 2006. In addition, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint. Upon information and belief, the parties have not yet conferred as required by Rule 26(f), and initial disclosures have not been exchanged. Moreover, on February 8, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) based on the pleadings alone, arguing that Plaintiff has not met this Court's pleading requirements for a denial-of-access claim. Therefore, permitting such extensive discovery to go forward before a 26(f) conference and before this Court has an opportunity to determine if the Plaintiff has satisfied this Court's pleading requirements for a denial-of-access claim would not be fair or prudent and would be premature.

**IV. THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE SUBPOENA IS OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND PRIVILEGED.**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter <u>that is relevant to any party's claim or defense.</u>" Fed. R. Civ. P. 26(b)(1) (emphasis supplied). However, the Subpoena seeks documents that are entirely irrelevant to any party's claim or defense, is overbroad, unduly burdensome, harassing and seeks to invade various privileges.

The Subpoena seeks the following documents:

> *A.  Any and all documents, records, logs, or data relating to, regarding, or containing any and all email messages, text messages, instant messages, telephone calls from or to each and every City of Detroit employee during the time period of 1:30 a.m. to 5:30 a.m. on the morning of April 30, 2003.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

> B. *For each and every City of Detroit employee that sent or received email messages, text messages, instant messages and/or telephone calls during the time period described in paragraph (A), above, please provide any and all documents, records, logs, or data relating to, regarding, or containing any information indicating the geographical location, as of the time the email message, text message, instant message, or telephone call was sent or received, whether by Global Position System ('GPS') technology or otherwise, of each Skytel, Inc. paging or messaging device issued to the City of Detroit employee identified in your response to this Subpoena.*

This request is overbroad in scope inasmuch as it seeks all records regarding communications made by <u>every city employee</u> with absolutely no limit whatsoever as to the person who made the communication or the subject matter. This request would sweep in <u>any</u> communications made by <u>any</u> city employee, regardless of whether it had anything to do with Tamara Greene or the investigation of her death. There simply is no way that such communications are relevant, nor is the location of the person who made such communications. In fact, such request would even sweep in any privileged communications between any city employee attorney, accountant, physician, psychologist, clergymen, spouse, etc. Indeed, such communications are protected by various privileges under Michigan law, and only the owner of such privileges may reveal the contents of the privileged communications. Yet, Plaintiff made no attempt whatsoever to limit the scope of the requests at all, let alone to limit the scope so as to avoid any privileged communications. Moreover, the documents sought by Plaintiff are completely irrelevant inasmuch as Defendants have filed a motion to dismiss <u>based on the pleadings alone</u>, and there is no possible evidence that could prevent such dismissal.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
―――
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6

**CONCLUSION**

For all the foregoing reasons, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoena and/or issue a protective order limiting the production, and award costs and attorneys fees to Defendants for having to file the instant Motion.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC


By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: February 20, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 20, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

              MORGANROTH & MORGANROTH, PLLC


              By: /s/ Mayer Morganroth
              MAYER MORGANROTH (P17966)
              Morganroth & Morganroth, PLLC
              3000 Town Center, Suite 1500
              Southfield, MI 48075
Dated: February 20, 2008      (248) 355-3084
              E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302