**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Ernest Flagg,**

Complaint:

1.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

2.      The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

3.      The allegations of the paragraph corresponding hereto are admitted.

4.      The allegations of the paragraph corresponding hereto are admitted.

5.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

6.      The allegations of the paragraph corresponding hereto are admitted.

7.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

8.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

9.      The allegations of the paragraph corresponding hereto are admitted.

10.     The allegations of the paragraph corresponding hereto are admitted.

## General Allegations

11.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

12.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

13.     The allegations of the paragraph corresponding hereto are denied.

14.     The allegations of the paragraph corresponding hereto are denied.

15.     The allegations of the paragraph corresponding hereto are denied.

16.     The allegations of the paragraph corresponding hereto are denied.

17.     The allegations of the paragraph corresponding hereto are denied.

18.     The allegations of the paragraph corresponding hereto are denied.

19.     The allegations of the paragraph corresponding hereto are denied.

20.     The allegations of the paragraph corresponding hereto are denied.

21.     The allegations of the paragraph corresponding hereto are denied.

22.     The allegations of the paragraph corresponding hereto are denied.

23.     The allegations of the paragraph corresponding hereto are denied.

23.     The assertions of the paragraph corresponding hereto require no response.

24.     The allegations of the paragraph corresponding hereto are denied.

25.     The allegations of the paragraph corresponding hereto are denied.

26.     The allegations of the paragraph corresponding hereto are denied.

27.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

28.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

29.     The allegations of the paragraph corresponding hereto are admitted.

30.     The allegations of the paragraph corresponding hereto are denied.

31.     The allegations of the paragraph corresponding hereto are admitted.

32.     The allegations of the paragraph corresponding hereto are denied.

33.     The allegations of the paragraph corresponding hereto are denied.

34.     The allegations of the paragraph corresponding hereto are denied.

35.     The allegations of the paragraph corresponding hereto are denied.

36.     The allegations of the paragraph corresponding hereto are denied.

37.     The allegations of the paragraph corresponding hereto are denied.

38.     The allegations of the paragraph corresponding hereto are denied.

39.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

40.     The allegations of the paragraph corresponding hereto are denied.

41.     The allegations of the paragraph corresponding hereto are denied.

42.     The allegations of the paragraph corresponding hereto are denied.

43.     The allegations of the paragraph corresponding hereto are denied.

44.     The allegations of the paragraph corresponding hereto are denied.

45.     The allegations of the paragraph corresponding hereto are denied.

46.     The allegations of the paragraph corresponding hereto are denied.

47.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

48.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

49.     The allegations of the paragraph corresponding hereto are denied.

50.     The allegations of the paragraph corresponding hereto are denied.

51.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

52.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein and leave Plaintiff to proof thereof.

53.     The allegations of the paragraph corresponding hereto are denied.

54.     The allegations of the paragraph corresponding hereto are denied.

55.     The allegations of the paragraph corresponding hereto are denied.

56.     The allegations of the paragraph corresponding hereto are denied.

57.     The allegations of the paragraph corresponding hereto are denied.

58.    The allegations of the paragraph corresponding hereto are denied.

59.    The allegations of the paragraph corresponding hereto are denied.

60.    The allegations of the paragraph corresponding hereto are denied.

61.    The allegations of the paragraph corresponding hereto are denied.

62.    The allegations of the paragraph corresponding hereto are denied.

**Count I - Violation of the 1st and 14th Amendments**
**Pursuant to Title 42 USC 1983**
**(Right of Access to the Courts)**

63.    The assertions of the paragraph corresponding hereto require no response.

64.    The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

65.    The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

66.    The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

67.    The allegations of the paragraph corresponding hereto are denied.

68.    The allegations of the paragraph corresponding hereto are denied.

69.    The allegations of the paragraph and sub-paragraphs corresponding hereto are denied.

70.    The allegations of the paragraph corresponding hereto are denied.

71.    The allegations of the paragraph corresponding hereto are denied.

**Count II - Conspiracy to Violate Constitutional**
**Right of Access to Courts in Violation of 42 USC 1985**

72.    The assertions of the paragraph corresponding hereto require no response.

73.    The allegations of the paragraph corresponding hereto constitute a conclusion of law requiring no response.

74.    The allegations of the paragraph and sub-paragraphs corresponding hereto are denied.

75.    The allegations of the paragraph corresponding hereto are denied.

76.    The allegations of the paragraph corresponding hereto are denied.

77.    The allegations of the paragraph corresponding hereto are denied.

78.    The allegations of the paragraph corresponding hereto are denied.

## SPECIAL AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendant City of Detroit upon which relief may be granted.

2. To the extent it predicates City liability upon vicariously asserted theories of recovery, Plaintiff's Second Amended Complaint fails to state a claim against the City upon which relief may be granted.

3. To the extent it predicates City liability upon grossly negligent conduct, Plaintiff's Second Amended Complaint fails to state a claim against the City upon which relief may be granted.

4. To the extent it alleges a violation arising under the Constitution of the United States, Plaintiff's Second Amended Complaint fails to state a claim against Defendant City upon which relief may be granted.

5. To the extent it alleges a violation of 42 USC 1983, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

6. To the extent it alleges, in substance or in form, a failure to investigate, conduct an adequate investigation, or conduct a complete investigation, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

7. At all relevant times Defendant Harold Cureton acted with good faith and are therefore immune to liability regarding Plaintiff's federal claims.

8. To the extent Defendant Harold Cureton did not violate any recognized constitutionally protected rights inuring to Plaintiff, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

9. To the extent Defendant Harold Cureton acted in a reasonably objective manner, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

10. To the extent it reflects a claim arising under the 1st Amendment to the Constitution of the United States, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

11. To the extent it reflects a claim arising under the Equal Protection clause of the 14th Amendment to the Constitution of the United States, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

12.     To the extent Plaintiff has failed to prosecute this matter within the applicable period of limitations, Plaintiff's claims are time barred.

13.     Plaintiff has failed to mitigate his/her damages.

14.     Plaintiff has failed to join every legal or equitable claim arising from the incident central to this suit.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant in the above captioned matter, by and through counsel, reserves the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court.  Further, Defendant does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendant Harold Cureton demands Plaintiff join in this action all claims Plaintiff may have against any defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

## RELIANCE ON JURY DEMAND

Defendant Harold Cureton hereby relies on Plaintiff's demand for trial by jury.

Predicated upon the matters presented above, Defendant respectfully demands judgment of no cause of action be entered herein, or in the alternative said cause be dismissed, with prejudice, and costs and attorney fees be awarded to Defendant.

Respectfully submitted

s/Krystal A. Crittendon

Krystal A. Crittendon
City of Detroit Law Department
1650 First National Building
Detroit, Michigan  48226
(313) 237-3018
critk@law.ci.detroit.mi.us

DATED:     February 20, 2008

I hereby certify that on February 20, 2008, I electronically filed the foregoing papers with the Clerk

of the Court using the ECF system which will send notification of such filing to the following: all counsel of record; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

s/ Krystal A. Crittendon (P49981)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us

Respectfully submitted,

s/Krystal A. Crittendon

Krystal A. Crittendon
City of Detroit Law Department
1650 First National Building
Detroit, Michigan  48226
(313) 237-3018
critk@law.ci.detroit.mi.us

DATED:        February 20, 2008

I hereby certify that on February 20, 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Delecia Coleman, Esquire, Counsel for Plaintiff; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

s/ Krystal A. Crittendon (P49981)
City of Detroit Law Department

K:\DOCS\LIT\CRITK\A37000\ANSWER\KC5718.WPD

660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us