UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

      Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

      Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, MOTION TO QUASH SUBPOENAS TO KYM L. WORTHY AND ELIZABETH J. WALKER AND FOR PROTECTIVE ORDER**

Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, by and through their attorneys, Morganroth & Morganroth, PLLC, hereby request this Court to quash the subpoena to Kym L. Worthy and the subpoena to Elizabeth J. Walker pursuant to Fed. R. Civ. P. 45(c)(3)(A) and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), and state as follows:

1. The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

2. On August 31, 2006, this Court dismissed without prejudice the initial complaint.

3. On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson").

4. On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton and Jackson for lack of prosecution, and as to Mayor Kilpatrick, Beatty, Cox and Oliver, the parties not re-named in the First Amended Complaint.

5. On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson. *Id.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6. It does not appear that a Rule 26(f) Conference has been held yet in this action, nor have Rule 26 initial disclosures been exchanged.

7. On February 11, 2008, counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a copy of two subpoenas issued by Norman A. Yatooma, Esq. directed to Kym L. Worthy ("Worthy") and to Elizabeth J. Walker ("Walker"), both of the Wayne County Prosecutors Office, for the production of documents (the "Subpoenas"). The Subpoenas indicated that they were issued on February 11, 2008 and had a return date of February 25, 2008 at 9:00 A.M. The proofs of service state that the Subpoenas had been "SERVED".

8. The Subpoenas are in violation of Fed. R. Civ. P. 45(b)(1) inasmuch as it appears that they were not served upon Defendants' counsel prior to service upon the non-party witnesses. Rather, it appears that the Subpoenas were served upon Defendants' counsel after they was served upon Worthy and Walker.

9. In addition to being improperly served, the Subpoenas seek documents that are completely irrelevant to this action and are overbroad, cause undue burden and expense, are harassing and seek to invade various privileges.

10. In addition, the Subpoenas are premature inasmuch as these Defendants filed a Rule 12(b)(6) motion to dismiss based upon the pleadings alone. Moreover, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint, and another defendant, Cureton, was just served on or about January 30, 2008 and he filed his first responsive pleading on February 20, 2008.

11. This motion is further supported by an accompanying Brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

WHEREFORE, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable Court to quash the Subpoenas, issue a protective order, and award costs and attorneys fees to Defendants.

    Respectfully submitted,

    MORGANROTH & MORGANROTH, PLLC

    By: /s/ Mayer Morganroth
    MAYER MORGANROTH (P17966)
    JEFFREY B. MORGANROTH (P41670)
    AARON J. HERSKOVIC (P66092)
    Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
    3000 Town Center, Suite 1500
    Southfield, MI 48075

Dated: February 22, 2008     (248) 355-3084
    E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746)<br>ROBERT S. ZAWIDEH (P43787)<br>NORMAN YATOOMA & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>219 Elm Street<br>Birmingham, MI 48009<br>(248) 642-3600 | MAYER MORGANROTH (P17966)<br>JEFFREY B. MORGANROTH (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty<br>3000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 355-3084 |
| JOHN A. SCHAPKA (P36731)<br>CITY OF DETROIT LAW DEPARTMENT<br>Co-Counsel for Defendants<br>1650 First National Building<br>Detroit, MI 48226<br>(313) 224-4550 | |

_____/

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENAS TO KYM L. WORTHY AND ELIZABETH J. WALKER AND FOR A PROTECTIVE ORDER**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    THIS COURT SHOULD QUASH THE SUBPOENA INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.   THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    IV.   THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE SUBPOENAS ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND SEEK PRIVILEGED MATERIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
————
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*,
     231 F.R.D. 465 (E.D.Pa. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statues and Court Rules:**

Fed. R. Civ. P. 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

**Other Authorities:**

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments . . . . . . . . . . . . . . . . . . . . . . . 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**QUESTION PRESENTED**

I.  WHETHER THIS COURT SHOULD QUASH A THIRD-PARTY SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER WHERE:

    A.  NOTICE WAS NOT PROVIDED TO DEFENDANTS BEFORE THE SUBPOENA WAS SERVED; AND

    B.  THE SUBPOENA IS OVERBROAD, UNDULY BURDENSOME AND EXPENSIVE, IRRELEVANT, HARASSING AND SEEK PRIVILEGED MATERIAL.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
─────────
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

On August 31, 2006, this Court dismissed without prejudice the initial complaint.

On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton, and Jackson for lack of prosecution, and as to Mayor Kilpatrick, Beatty, Cox and Oliver, the parties not re-named in the First Amended Complaint.

On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.

It does not appear that a Rule 26(f) Conference has been held yet in this action, and certainly it has not been held after the filing of Plaintiff's Second Amended Complaint, which added Mayor Kilpatrick and Beatty back into the case. Moreover, no Rule 26 initial disclosures have been exchanged, nor has there been an agreed upon date to do so.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

On February 11, 2008, counsel for Defendants, City of Detroit, Mayor Kilpatrick, Beatty, Bully-Cummings and Schwartz, received a copy of two subpoenas issued by Norman A. Yatooma, Esq. directed to Kym L. Worthy ("Worthy") and to Elizabeth J. Walker ("Walker"), both of the Wayne County Prosecutors Office for the production of documents (the "Subpoenas"). Exhs. 1 and 2. The Subpoenas indicated that they were issued on February 11, 2008 and had a return date of February 25, 2008 at 9:00 A.M. Id.. The proofs of service state that the Subpoenas had been "SERVED". Id.

Inasmuch as it appears that the Subpoenas were served upon Worthy and Walker prior to the Subpoenas being served upon Defendants, such Subpoenas are in violation of the Federal Rules of Civil Procedure. In addition to being improperly served, the Subpoenas seek documents that are completely irrelevant to this action and are overbroad, cause undue burden and expense, are harassing and seek privileged material. Accordingly, the Subpoenas should be quashed and/or a protective order should be issued.

## ARGUMENT

**I. STANDARD OF REVIEW**

Rule 45(c)(3) of the Federal Rule of Civil Procedure provides as follows:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>   (i) fails to allow a reasonable time to comply;
>   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

(iv) subjects a person to undue burden.

Rule 26(c) of the Federal Rule of Civil Procedure provides as follows:

> (c) Protective Orders.
>    (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>    (A) forbidding the disclosure or discovery;
>    (B) specifying terms, including time and place, for the disclosure or discovery;
>    (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>    (E) designating the persons who may be present while the discovery is conducted;
>    (F) requiring that a deposition be sealed and opened only on court order;
>    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

## II. THIS COURT SHOULD QUASH THE SUBPOENAS INASMUCH AS PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FED. R. CIV. P. 45(b)(1).

Federal Rule of Civil Procedure 45(b)(1) provides as follows:

> (b) Service.
>    (1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

> attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.** (emphasis supplied)

Rule 45(b)(1) clearly requires prior notice to opposing counsel before serving a subpoena for production of documents to a non-party witness. *Mid-Atlantic Constructors Inc. v. Stone & Webster Const., Inc.*, 231 F.R.D. 465, 467 (E.D.Pa. 2005). As explained in the Notes of Advisory Committee on 1991 Amendments to Rule 45,

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45 advisory committee's note, 1991 amendments.

Here, as has been Plaintiff's practice in this case, the Subpoenas appear to have been served prior to receipt of the Subpoenas by Defendants' counsel. Although Defendants have repeatedly raised this issue, Plaintiff continues to ignore the requirements of the Federal Rules of Civil Procedure. This leaves Defendants with the impression that Plaintiff hopes that the recipient of the Subpoenas will produce any responsive documents before Defendants have an opportunity to object to the overbroad and irrelevant subpoenas that Plaintiff continues to file. In any event, inasmuch as Plaintiff appears to have violated Rule 45(b)(1), the Subpoenas are invalid and should be quashed.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

### III. THIS COURT SHOULD QUASH THE SUBPOENAS BECAUSE THEY ARE PREMATURE.

Pursuant to Fed. R. Civ. P. 26(d),

> "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

As stated above, the Second Amended Complaint was filed on January 14, 2008, and it added as Defendants, Mayor Kilpatrick and Beatty, two defendants who had been dismissed from the case since August 31, 2006. In addition, Plaintiffs have not yet served two defendants, Best and Jackson, with the Second Amended Complaint. Upon information and belief, the parties have not yet conferred as required by Rule 26(f), and initial disclosures have not been exchanged. Moreover, on February 8, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) based on the pleadings alone, arguing that Plaintiff has not met this Court's pleading requirements for a denial-of-access claim. Therefore, permitting such extensive discovery to go forward before a 26(f) conference and before this Court has an opportunity to determine if the Plaintiff has satisfied this Court's pleading requirements for a denial-of-access claim would not be fair or prudent and would be premature.

### IV. THIS COURT SHOULD QUASH THE SUBPOENA AND ORDER THAT SUCH DISCOVERY NOT BE HAD BECAUSE THE SUBPOENAS ARE OVERBROAD, IRRELEVANT, UNDULY BURDENSOME, HARASSING AND SEEK PRIVILEGED MATERIAL.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter <u>that is relevant to any party's claim or defense.</u>" Fed. R. Civ. P. 26(b)(1) (emphasis supplied). However, the Subpoenas seeks documents that are entirely irrelevant to any party's claim or defense, are overbroad, unduly burdensome, harassing and seek privileged material.

MORGANROTH & MORGANROTH, PLLC  
ATTORNEYS AT LAW

MICHIGAN OFFICE  
3000 TOWN CENTER  
SUITE 1500  
SOUTHFIELD, MI 48075  
(248) 355-3084  
FAX (248) 355-3017

NEW YORK OFFICE  
156 W. 56 STREET  
SUITE 1101  
NEW YORK, NY 10019  
(212) 586-5905  
FAX (212) 586-7302

The Subpoenas contain five broad requests which can be classified in two general categories. The first category, comprised of Request Nos. 1, 2, 3, and 5[1], seeks any and all documents relating to any investigation by the Wayne County Prosecutor and/or the Michigan State Police into the alleged Manoogian Mansion party, the alleged assault of Greene at the alleged party, and into Greene's death, including all emails, text messages, telephone messages or voicemail messages to or from Worthy or Walker relating to such investigations. This category is overbroad in time and scope especially inasmuch as it seeks documents that pre-date Greene's death. As Defendants argue at length in their motion to dismiss which was filed on February 8, 2008, all events that occurred before April 30, 2003 are necessarily unrelated to the instant claim inasmuch as the basis of the instant claim is that Defendants allegedly concealed information about Tamara Greene's murder such

---

1/ Request Nos. 1, 2, 3 and 5 seek as follows:

1. Any and all documents in your possession or control regarding or relating to any investigation into the 2002 assault on Ms. Tamara Greene and/or the party at the Manoogian Mansion which occurred in or about September to December of 2002;
2. Any and all documents in your possession or control regarding or relating to the Detroit Police Department investigation into the April 30, 2003, murder of Ms. Tamara Greene;
3. Any and all documents in your possession or control regarding or relating to the investigation conducted by the Michigan State Police into (a) the party at the Manoogian Mansion which occurred in or about September to December of 2002; (b) the 2002 assault on Ms. Tamara Greene; and/or (c) the April 30, 2003, murder of Ms. Tamara Greene;

\* \* \*

5. Any and all correspondence, emails, text messages, telephone messages, voice mail messages and instant messages sent or received by you regarding or relating to:
   (a) The Party at the Manoogian Mansion which occurred in or about September to December of 2002;
   (b) The investigation conducted by the Michigan State Police into the party at the Manoogian Mansion which occurred in or about September to December of 2002; and
   (c) The investigation into the 2002 assault of Ms. Tamara Greene and the 2003 murder of Ms. Tamara Greene.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6

that Plaintiff was denied access to a state court claim. Simply put, investigations and communications prior to Tamara Greene's death are not relevant to an alleged concealment of evidence of her alleged murder. Moreover, discovery as to the investigations of Greene's death is premature in any event inasmuch as Defendants' motion to dismiss demonstrates that Plaintiff's complaint must be dismissed <u>based on the pleadings alone</u>, and that no possible evidence could prevent such dismissal. As such, Plaintiff's request in this regard and at this juncture is nothing more than an attempt to harass and burden Defendants.

Request No. 4 comprises the second category of documents requested, and seeks,

> All of your records, monthly statements and invoices for 2003 regarding or relating to your mobile phone, Blackberry or other communications devices, paging device, text messages, or instant messages, sent or received by you.

This request is completely irrelevant and is entirely overbroad as to time and scope. This request seeks all of the telephone records for an entire year with no limit whatsoever to the scope of the communication. Thus, this request would sweep in information completely unrelated to this case, and would even sweep in private messages from or to Worthy and/or Walker, and even privileged information. Moreover, as explained above, discovery regarding this broad category is premature in any event inasmuch as Defendants' motion to dismiss demonstrates that Plaintiff's complaint must be dismissed <u>based on the pleadings alone</u>, and that no possible evidence could prevent such dismissal.

## CONCLUSION

For all the foregoing reasons, Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty, respectfully request this Honorable

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

7

Court to quash the Subpoenas and/or issue a protective order limiting the production, and award costs and attorneys fees to Defendants for having to file the instant Motion.

                      Respectfully submitted,

                      MORGANROTH & MORGANROTH, PLLC


                      By: /s/ Mayer Morganroth
                      MAYER MORGANROTH (P17966)
                      JEFFREY B. MORGANROTH (P41670)
                      AARON J. HERSKOVIC (P66092)
                      Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
                      3000 Town Center, Suite 1500
                      Southfield, MI 48075

Dated: February 22, 2008        (248) 355-3084
                      E-mail: mmorganroth@morganrothlaw.com

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

                                        MORGANROTH & MORGANROTH, PLLC

                                        By: /s/ Mayer Morganroth
                                        MAYER MORGANROTH (P17966)
                                        Morganroth & Morganroth, PLLC
                                        3000 Town Center, Suite 1500
                                        Southfield, MI 48075
Dated: February 22, 2008            (248) 355-3084
                                        E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302