UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

       Plaintiff,

v.

Case No. 05-74253
Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

       Defendants.

_____/

## ORDER TO PRESERVE EVIDENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 5, 2008

PRESENT: Honorable Gerald E. Rosen
United States District Judge

By order dated February 7, 2008, the Court directed Defendants to show cause why the Court should not issue an order for the preservation of certain categories of materials as identified in Plaintiff's February 1, 2008 motion to preserve evidence and sought in discovery requests and subpoenas served by Plaintiff upon Defendants and a non-party wireless messaging service provider, Bell Industries, Inc. (d/b/a SkyTel). In a response filed on February 21, 2008, Defendants opine that such a preservation order is unwarranted in light of a purportedly comparable order entered in state court litigation

brought by the Detroit Free Press against the City of Detroit,[1] and because, in their view, many of the materials that would be encompassed within such an order are privileged, irrelevant, or otherwise not discoverable. Nonetheless, Defendants state that they do not oppose the entry of an order for preservation of the sort described in the Court's February 7 order.

Having reviewed Defendants' response and the record as a whole, and being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 1, 2008 motion to preserve evidence is GRANTED. IT IS FURTHER ORDERED that Defendants and non-party SkyTel, as well as their agents, attorneys, employees, and any other persons acting on their behalf, shall take all necessary and appropriate steps to preserve the materials identified at pages 7-10, paragraph 29(A)-(M) of Plaintiff's motion, to the extent that these materials exist and are in the possession, custody, or control of either Defendants or SkyTel.[2] This obligation shall remain in effect until

---

[1] The Court views this state court order as far more limited in scope, as it is directed only at SkyTel, and not the City of Detroit or any other Defendant in this suit. Moreover, the state court order encompasses only a small portion of the text messages sought by Plaintiff in this case, and it does not address any materials other than text messages.

[2] Because SkyTel is not a party to this suit, it is debatable whether it lies within the Court's jurisdictional power to order this non-party to preserve evidence. Certainly, Plaintiff's motion does not identify any legal basis for such an order. Nonetheless, as it did in the state court litigation, SkyTel has sent an e-mail to the parties' counsel in this case, stating that it stands ready to comply with this Court's rulings regarding the materials subpoenaed by Plaintiff and Defendants' pending motions to quash these subpoenas. The Court presumes, then, that SkyTel will voluntarily comply with the terms of the present order. It bears emphasis, moreover, that to the extent that the City of Detroit or any other Defendant has any degree of control over

further order of this Court. As expressly stated in the Court's earlier February 7 order, however, nothing in the present order shall be construed as a determination of any sort as to the discoverability of any materials within the scope of this order.

                                             s/Gerald E. Rosen
                                             Gerald E. Rosen
                                             United States District Judge

Dated: March 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2008, by electronic and/or ordinary mail.

                                             s/LaShawn R. Saulsberry
                                             Case Manager

---

any pertinent materials in SkyTel's custody or possession, whether by virtue of a contractual arrangement or otherwise, Defendants have an obligation under the present order not to exercise this control in a manner that might lead to the destruction, loss, or concealment of any materials within the scope of this order.