# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of            Case No.: 05-CV-74253
JONATHAN BOND, a minor,                    Hon. Gerald Rosen

       Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
POLICE LT. BILLY JACKSON;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

       Defendants.

_____/

| **Norman Yatooma & Associates, P.C.** | **Morganroth & Morganroth, PLLC** |
|---|---|
| By: Norman A. Yatooma (P54746) | By: Mayer Morganroth (P17966) |
| By: Robert S. Zawideh (P43787) | By: Jeffrey B. Morganroth (P41670) |
| Attorneys for Plaintiffs | Attorneys for Defendants City of Detroit, |
| 219 Elm Street | Mayor Kwame M. Kilpatrick, Detroit |
| Birmingham, Michigan 48009 | Police Chief Ella Bully-Cummings, Comm. |
| (248) 642-3600 | Craig Schwartz and Christine Beatty. |
| | 3000 Town Center, Ste. 1500 |
| | Southfield, Michigan 48075 |
| | (248) 355-3084 |

| **City of Detroit Law Department** | **City of Detroit Law Department** |
|---|---|
| By: John A. Schapka (P36731) | By: Krystal A. Crittendon (P49981) |
| Co-Counsel for Defendants City of Detroit, | Attorney for Defendant Harold Cureton |
| Mayor Kwame M. Kilpatrick, Detroit | 1650 First National Building |
| Police Chief Ella Bully-Cummings, Comm. | Detroit, Michigan 48226 |
| Craig Schwartz and Christine Beatty. | (313) 237-3018 |
| 1650 First National Building | |
| Detroit, Michigan 48226 | |
| (313) 224-4550 | |

_____/

NORMAN YATOOMA & ASSOCIATES, P.C.

Dockets.Justia.com

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH THE FEBRUARY 11, 2008 SUBPOENA TO BELL INDUSTRIES, INC. AND FOR A PROTECTIVE ORDER.**

NOW COMES THE Plaintiff Jonathan Bond, by and through his Next Friend, Ernest Flagg, and through their counsel of record Norman Yatooma & Associates, P.C. and for his Opposition to Defendants City of Detroit, Kwame M. Kilpatrick, Ella Bully-Cummings, Craig Schwartz and Christine Beatty's February 20, 2008 Motion to Quash and for a Protective Order, state:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Neither admitted nor denied as the subpoena speaks for itself.

8. Denied for the reason that the allegation is untrue.

9. Denied for the reason that the allegation is untrue.

10. Denied for the reason that the allegation is untrue.

11. No response to this paragraph is necessary.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' request for a protective Order and to Quash the February 11, 2008 Subpoena to Bell Industries, Inc.

Respectfully Submitted,

Dated: March 5, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs

NORMAN YATOOMA & ASSOCIATES, P.C.

219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

NORMAN YATOOMA & ASSOCIATES, P.C.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
REQUEST FOR AN ORDER QUASHING THE FEBRUARY 1, 2008 SUBPOENA TO
BELL INDUSTRIES, INC. AND FOR A PROTECTIVE ORDER.**

STATEMENT OF ISSUES PRESENTED

I. HAVE DEFENDANTS CHOSEN THE CORRECT FORUM FOR THEIR MOTION TO
QUASH WHEN THE ISSUING COURT OF THE SUBJECT SUBPOENA WAS THE
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI AND NOT THE
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN?

II. DO DEFENDANTS HAVE STANDING TO OBJECT TO A SUBPOENA SERVED ON A
NON-PARTY WHERE DEFENDANTS FAILED TO ALLEGE THE EXISTENCE OF A
PERSONAL RIGHT OR PRIVILEGE IN THE REQUESTED MATERIALS?

III. WHETHER THE FEBRUARY 11, 2008 SUBPOENA TO BELL INDUSTRIES, INC. IS
PREMATURE BECAUSE IT WAS SERVED BEFORE THE PARTIES CONDUCTED A
RULE 26(f) CONFERENCE BUT *AFTER* THE COURT ORDERED THE PARTIES TO
CONDUCT 'SUBSTANTIAL DISCOVERY?'

IV. WHETHER THE FEBRUARY 11, 2008 SUBPOENA TO BELL INDUSTRIES, INC. IS
OVERBROAD, UNDULY BURDENSOME, EXPENSIVE, IRRELEVANT AND
HARRASSING WHERE THE SUBPOENA REQUESTS THE DISCLOSURE OF PUBLIC
DOCUMENTS WITHIN THE SCOPE OF ALLOWABLE DISCOVERY UNDER FEDERAL
RULE OF CIVIL PROCEDURE 26(b)(1) AND FEDERAL RULE OF EVIDENCE 401?

V. WHETHER DEFENDANTS' PENDING DISPOSITIVE MOTION UNDER RULE 12(b)(6)
SHOULD OPERATE TO STAY PLAINTIFF'S ATTEMPT TO CONDUCT DISCOVERY
WHEN THE COURT PREVIOUSLY ORDERED THE PARTIES TO BEGIN CONDUCTING
'SUBSTANTIAL DISCOVERY' IN ITS ORDERS OF DECEMBER 5, 2007 AND
DECEMBER 19, 2007?

VI. WHETHER DEFENDANTS HAVE SUFFERED PREJUDICE AS A RESULT OF
RECEIVING THE FEBRUARY 11, 2008 SUBPOENA IN A MANNER TECHNICALLY
INCONSISTENT WITH RULE 45(b)(1) WHEN DEFENDANTS HAD SUFFICIENT
OPPORTUNITY TO MOVE TO QUASH THE SUBPOENA AND THE SUBJECT OF THE
SUBPOENA HAS REFRAINED FROM PRODUCING THE SUBPOENAED RECORDS
UNTIL THE COURT RULES ON DEFENDANTS' MOTION?

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ................................................................................. i

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORTIES .................................................................................................... iii

I.    INTRODUCTION ......................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 3

a.    Defendants have filed their Motion in the wrong forum under Rule 45(c)(3)(A), which mandates that only the Court that issued the subpoena has the power to quash or modify the subject subpoena. ...................................................................................................................... 3

b.    The Defendants herein lack standing to object to the Rule 45 subpoena directed to a non-party to this action, Bell Industries, Inc., because they lack a personal right or privilege with respect to the subject matter of the subpoena. ..................................................................... 4

c.    The subpoena to Bell Industries, Inc. is not premature under FRCP 26(d) because this Court issued an Order prior to the January 4, 2008 scheduling conference directing the parties to conduct 'substantial discovery.' ......................................................................................... 5

d.    The subpoena to Bell Industries, Inc. requests the surrender of relevant, non-privileged and otherwise discoverable materials from a non-party to this action. ...................................... 6

e.    The fact that Defendants filed a dispositive motion to Plaintiff's Second Amended Complaint is no reason to deny or suspend discovery in this matter, where Defendants offer no reason other than bare assertions that further discovery would be burdensome if discovery were to proceed. ............................................................................................................... 10

f.    Simply because Defendants did not receive the subpoena until February 11, 2008 does not necessarily entail that it is proper for this Court to enter an Order quashing the subpoena to Bell Industries. ............................................................................................................... 12

III.  CONCLUSION ........................................................................................................... 14

NORMAN YATOOMA & ASSOCIATES, P.C.

TABLE OF AUTHORTIES

**Federal Cases**

*Barrington v. Mortgage It, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fl. 2007)...........................8

*Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145 (D. Kan. 1990)..............11

*Cromer v. Braman*, 2007 U.S. Dist. LEXIS 82744 (W.D. Mich. 2007).......................................11

*Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536 (D. Kan. 2002) ..........................................7, 8

*Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511 (D. Kan.).........................................................11

*In Re Application of Apollo Advisors, L.P.*, 1993 U.S. Dist. LEXIS 7927 (S.D.N.Y. 1993) .........7

*In Re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991)..............................................................4

*In Re Johnson & Johnson*, 59, F.R.D. 174 (D. De. 1973) ...........................................................12

*Irons v. Karcesksi*, 74 F.3d 1262 (D.C. Cir. 1975).......................................................................4

*Laethem Equip. Co. v. Deere & Co.*, 2007 U.S. Dist. LEXIS 70740 (E.D. Mich. 2007)..............5

*Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (5th Cir. 1975)............................................4

*McClendon v. TelOhio Credit Union, Inc.*, 2006 U.S. Dist. LEXIS 57222 (W.D. Mich. 2006) .13, 14

*Richardson v. Florida*, 137 F.R.D. 401 (M.D. Fla. 1991) ..........................................................13

*Seewald v. IIS Intelligence Info. Sys.*, 1996 U.S. Dist. LEXIS 22479 (E.D.N.Y. 1996)..............13

*Short v. Oaks. Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. 2005) (unpublished) .....................11

*Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 U.S. Dist. LEXIS 32861 (N.D. Ohio 2005) ...............................................................................................................................7

*United States v. Wells*, 2006 U.S. Dist. LEXIS 83124 (E.D. Mich. 2006) ...................................4

*Wolf v. United States*, 157 F.R.D. 494 (D. Kan. 1994)................................................................11

**Rules**

FED. R. CIV. P. 26(b)(1)................................................................................................................7, 8

FED. R. CIV. P. 26(d) ..................................................................................................................6, 11

FED. R. CIV. P. 45(b)(1)...............................................................................................................13

FED. R. CIV. P. 45(c)(3)(A)............................................................................................................3

NORMAN YATOOMA & ASSOCIATES, P.C.

FED. R. EVID. 401........................................................................................................7, 8

**Treatises**

9-45 MOORE'S FEDERAL PRACTICE §45.50[4] (2007)................................................................4

NORMAN YATOOMA & ASSOCIATES, P.C.

# I. INTRODUCTION

This action was instituted on November 7, 2005 against the City of Detroit, Mayor Kwame M. Kilpatrick and other individuals. On January 14, 2008 Plaintiff, through his new counsel, filed via leave of this court, his Second Amended Complaint. Plaintiff alleges that the Defendants actively concealed and deliberately obstructed investigation of the April 30, 2003, murder of his decedent mother, Ms. Tamara Greene. A related investigation concerning an alleged assault some six months earlier on Tamara Greene by Defendant Kilpatrick's wife, Carlita Kilpatrick was likewise terminated, as evidenced by the firing of former Deputy Chief Gary Brown,[1] the retaliation against Harold Nelthrope by publicly accusing him of being a liar on local television, and the testimony of Commander Parshall and Inspector Dolunt who were both told to stop investigating the Mayor by then Chief of Police Jerry Oliver,. Thereafter, the head of the Squad that was investigating the murder was transferred to another precinct and assigned midnights for "asking too many questions" about this case. Another investigator had case note files regarding the investigation erased from her computer hard drive and had her back up zip drives removed from a locked cabinet. Then, despite an active investigation, this case was designated a "cold case" and transferred to the Cold Case Squad after less than one year, in despite departmental policies or practices which allowed for such a transfer only after at least two years. This obstruction of justice actively terminated Plaintiff's ability to obtain meaningful

---

[1] Former head of the Professional Accountability Bureau, the agency that was investigating these and other allegations of misconduct. According to the text messages that were obtained by The Detroit Free Press, which are the subject of the instant subpoena, Defendants Kilpatrick and Beatty apparently lied under oath during the whistleblower trials of Deputy Chief Brown and Lt. Harold Nelthrope about their decision to fire Deputy Chief Brown. Just days before Brown's firing and days after Greene's murder, Defendant Beatty asked former Detroit Chief of Police Jerry A. Oliver about his department's investigation of the Manoogian Mansion party. *See* relevant pages of Jerry Oliver's deposition transcript attached here as Exhibit 5. Indeed, of the universe of misconduct alleged by Harold Nelthrope, it appears that the investigation of the party, and the rumors swirling around Defendant Kilpatrick and his wife Carlita's actions at this party, was the only investigation in which Beatty was interested. *Id.*

relief from the courts, thus giving rise to the instant constitutional claim of denial of access to the courts.

On December 5, 2007 and December 19, 2007 this Court ordered that the parties appear before it for a Rule 16(b) scheduling conference. (Ex. 1, December 5, 2007 Order; Ex. 2, December 19, 2007 Order). In *both* Orders, the court stated that "counsel are instructed to commence significant discovery prior to the conference." *Id.* In response, and after Plaintiff's Second Amended Complaint was filed, Plaintiff delivered a subpoena under Rule 45 to Bell Industries, Inc. f/k/a Skytel, Inc., which is in possession of certain text message and other relevant evidence to prove Plaintiff's claims that the Defendants actively frustrated and concealed evidence relating to the murder of Plaintiff's mother. The subpoena, executed on February 11, 2008 was delivered to Defendants that same day. While the subpoena commanded the production of the requested material on February 25, 2008 it was not served until February 14, 2008. (Ex. 3, 2/11/2008 Subpoena with Proof of Service). While Defendants are correct to state that the subpoena was <u>delivered</u> to Bell Industries commensurate with delivery of the subpoena on them, facsimile delivery is *not* a sufficient method of service of process under Rule 45(b)(1).[2] On February 20, 2008 Defendants filed the instant Motion to Quash the Bell Industries, Inc. subpoena on grounds that it was improperly served upon them pursuant to Rule 45(b)(1), that it was premature and that it sought the discovery of irrelevant and burdensome evidence. For the reasons stated herein, Defendants' relief should be denied and, per this Court's December 5 and December 19, 2008 Orders, the parties should be allowed to continue to conduct 'substantial discovery' regardless of the pending dispositive motion.

___

[2] Moreover, Bell Industries, Inc. has informed Plaintiff's counsel that it intends to not respond to the February 1, 2008 subpoena pending resolution of the instant Motion. (Ex. 4, 2/8/2008 email from Stephen M. Oshinsky to Matt Dyar, paralegal.)

## II. ARGUMENT

    a. Defendants filed their Motion in the wrong forum under Rule 45(c)(3)(A), which mandates that only the Court that issued the subpoena has the power to quash or modify the subject subpoena.

Pursuant to Federal Rule of Civil Procedure 45(a)(3)(B), Plaintiffs caused the Bell Industries, Inc. subpoena to be issued from the District Court for the Southern District of Mississippi, which has personal jurisdiction over the deponent. As required by the subpoena itself, notation was made that the subpoena related to a case pending in the Eastern District of Michigan, Southern Division and stated the case number of the pending action. (Ex. 4) However, when Defendants moved to Quash the subject subpoena, they did so in the Eastern District of Michigan – not the Southern District of Mississippi, which was the 'issuing court' of the February 11, 2008 subpoena. Because Defendants have chosen the wrong forum, their requested relief must be denied.

Rule 45(c)(3)(A) states:

(A) When Required. On timely motion, <u>the issuing court</u> must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A) (emphasis added).

"If a subpoena is issued by a district court other than the one in which the case is pending…the proper court in which to file the motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending." 9-45 MOORE'S FEDERAL PRACTICE

§45.50[4] (2007), *citing In Re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (stating that the court in which the action was pending could not hear or decide objections to subpoena for deposition, because court issuing subpoena had exclusive jurisdiction.)[3] Clearly, Defendants have chosen the wrong forum to lodge their complaints regarding the February 11, 2008 Bell Industries subpoena. Because the District Court for the Southern District of Mississippi is the only court with the appropriate power to limit or quash the subject subpoena, Defendants' requested relief must be denied.

> b. The Defendants herein lack standing to object to the Rule 45 subpoena directed to a non-party to this action, Bell Industries, Inc., because they lack a personal right or privilege with respect to the subject matter of the subpoena.

The subpoena at issue was directed to a non-party to this action, Bell Industries, Inc. ("Bell"). Defendants, therefore, lack standing to assert the various objections to the February 11, 2008 subpoena ("the subpoena") to a non-party to this action because they cannot (nor have they attempted to) demonstrate a personal right or privilege in the materials requested to be produced by the deponent. This is a fatal flaw in Defendants' position and for this very reason alone their requested relief should be denied.

Generally speaking, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *United States v. Wells*, 2006 U.S. Dist. LEXIS 83124, *5 (E.D. Mich. 2006), *citing Irons v. Karcesksi*, 74 F.3d 1262, 1264 (D.C. Cir. 1975). "Further, as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *Wells*, U.S. Dist. LEXIS at 83124 at *5 (E.D. Mich. 2006), *citing Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (5th Cir. 1975). Another court has stated that "[t]he person subject to the subpoena 'is the only one entitled to challenge the subpoena under Fed[eral] R[ule of] Civ[il] P[rocedure] 45(c)(3),

---

[3] The Advisory Committee notes are consistent with this conclusion. The Advisory Committee Note of 1991 to Rule 45 states "motion to quash such a [deposition] subpoena if it overbears the limits of the subpoena power must…be presented to the court for the district in which the deposition was to occur.")

NORMAN YATOOMA & ASSOCIATES, P.C.

unless a showing is made that [another person objecting] has a personal right to be protected or that the documents are subject to privilege.'" *Laethem Equip. Co. v. Deere & Co.*, 2007 U.S. Dist. LEXIS 70740, *48 (E.D. Mich. 2007) (other authorities cited).

Not only have Defendants failed to meet their burden in establishing the *existence* of a personal right or privilege in the requested materials, they have completely failed to even *mention* the relevant legal principals applicable to a party's objections to a *duces tecum* subpoena to a non-party. Defendants only mention the hypothetical extrapolation that the "request covers 61 months, and would thus yield 213,500 text messages just from Beatty alone during that time period."[4] (Brief in Support of Motion to Quash at p.9). *How* Defendants know that the instant subpoena would cause an *undue* burden on the deponents is freely offered to neither the Court nor Plaintiff's counsel. However, the mere fact that Bell *may* suffer such a hardship, however, is not sufficient for the Defendants herein to challenge the subpoena to Bell. Because Defendants have failed to mention, let alone substantiate, a claim of privilege or personal right in the materials requested in the subpoena to Bell, their Motion to Quash and other requested relief should be denied.

> c. The subpoena to Bell Industries, Inc. is not premature under FRCP 26(d) because this Court issued an Order prior to the January 4, 2008 scheduling conference directing the parties to conduct 'substantial discovery.'

Defendants argue that the subpoena is premature because it was issued by a party to this action before the parties conducted their Rule 26(f) conference. (Brief in Support of Motion to Quash at p.5). For support, Defendants turn to Rule 26(d), which states:

> [a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

---

[4] Surprisingly, Bell Industries does not appear to share Defendants' concern, as the February 8, 2008 email appears to indicate that Bell Industries is ready and able to comply with the request pending the outcome of this Motion. (Ex. 4, email)

disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*.

FED. R. CIV. P. 26(d) (emphasis added).

The rule upon which Defendants rely for support of their argument that the subpoena was *premature* supports the contrary argument. On December 5, 2007 this Court delivered notice via CM/ECF that the parties were to appear on January 3, 2008 for a scheduling conference. (Ex. 1, 12/5/2007 Notice to Appear). Subsequently, on December 19, 2007 the Court amended its December 5, 2007 Order requiring that the parties' appear on January 4, 2008 – one day later than the previous notice – for the same purpose. (Ex. 2, 12/19/2007). There were no material changes between the December 5, 2007 Order and the December 19, 2007 Order – they both mandated that "counsel are instructed to commence *significant discovery* prior to the conference."[5] (Exs. 1, 2) (emphasis added).

The Court clearly obviated the usually applicable principles governing the timing of discovery in this matter by issuing not one, but two, Orders mandating that the parties conduct *significant discovery* prior to the 16(b) conference. Thus, while no 26(f) conference has occurred, it is of no concern because there was a standing Order mandating that the parties conduct discovery – a situation specifically contemplated by Rule 26(d).[6] Therefore, the January 25, 2008 subpoena to Bell was not untimely on these grounds.

   d.   The subpoena to Bell Industries, Inc. requests the surrender of relevant, non-privileged and otherwise discoverable materials from a non-party to this action.

Leaving aside for the moment the fact that Defendants cannot establish standing to object to the *duces tecum* subpoena and that the Court has already ordered that the parties commence

---

[5] The Notice to Appear states at paragraph 5 that the parties will discuss '[d]iscovery progress[,]' indicating that Court expected the parties to have already begun the discovery process. (Exs. 1, 2).

[6] It should be noted, and as admitted by Defendants' in their moving papers, that this action was originally filed on November 7, 2005. While Defendants' current counsel may be new to this action, the action was previously defended by the City of Detroit Law Department - who remains on the caption to this day.

discovery, Defendants cannot rely on conclusory, unfounded allegations that the subpoena requests irrelevant materials or that it is overly broad as a basis for quashing the February 1, 2008 subpoena to Bell Industries.

Federal Rule of Civil Procedure 26(b)(1) states the general rule governing the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.
>
> FED. R. CIV. P. 26(b)(1).

While Rule 45, upon which Defendants rely for support for their Motion to Quash and for a Protective Order, "does not address relevancy objections, such obligations must be considered in light of Rules 26 and 34." *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 U.S. Dist. LEXIS 32861, *7 (N.D. Ohio 2005), *citing In Re Application of Apollo Advisors, L.P.*, 1993 U.S. Dist. LEXIS 7927, *6 (S.D.N.Y. 1993). Thus, a "court must examine whether a request contained in a subpoena *duces tecum* is overly broad or seeks irrelevant information under the same standards set forth in Rule 26 and as applied to Rule 34 requests for the production of documents." *Id. citing Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536, *8 (D. Kan. 2002). "Relevancy is broadly construed, and a request for discovery should be considered if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[7] *Id.* Other courts have stated that:

> [w]hen discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined

---

[7] FRE 401 defines 'relevant evidence' to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

7

under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Barrington v. Mortgage It, Inc.*, 2007 U.S. Dist. LEXIS 90555, *10 (S.D. Fl. 2007).

"However, when relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request." *Barrington*, 2007 U.S. Dist. LEXIS at *10-11 (S.D. Fl. 2007), *citing Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536, *2 (D. Kan. 2002) (emphasis in original).

Defendants essentially offer only two reasons why the subpoena to Bell Industries should be quashed on relevancy grounds: (1) that their pending dispositive motion will conclusively establish that dismissal in Defendants' favor is warranted; and (2) because Tamara Greene was killed on April 20, 2003 that Plaintiff's request for information prior to that date is "necessarily unrelated to the instant claim inasmuch as the basis of the instant claim is that Defendants allegedly concealed information about Tamara Greene's murder...." (Motion to Quash at p.8).

As to the former, granting Defendants' requested relief because a dispositive motion is pending is not supported either in the case law or the federal rules. As to the latter, in light of the facts alleged in Plaintiff's Second Amended Complaint and the broad definition of 'relevancy' applied by federal courts, Defendants requested relief must be denied. FRE 401 defines 'relevant evidence' as "evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action *more probable or less probable* than it would be without the evidence." FED. R. EVID. 401 (emphasis added). Plaintiff alleged the existence of a party at the Manoogian Mansion (the traditional residence of the Mayor of the City of Detroit and his family) which was attended by Ms. Tamara Greene, the maternal parent of the Plaintiff herein, Jonathan Bond. (Complaint at ¶12). On information and belief Mrs. Carlita Kilpatrick,

Defendant Mayor Kwame M. Kilpatrick's wife, unexpectedly showed up at the alleged Manoogian Mansion party and assaulted an exotic dancer who was also in attendance. (Complaint at ¶13). Plaintiff thereafter described a series of events, from Defendant Kilpatrick's Executive Protection Unit transporting an injured dancer from the party to the hospital (Complaint at ¶14) to a subsequent investigation by the Detroit Police Department into the allegation that Mrs. Kilpatrick indeed assaulted an exotic dancer (Complain at ¶19) to the ultimate death of Ms. Greene.

If the alleged party at the Manoogian Mansion did in fact occur, and if it is true that the alleged party was attended by certain exotic dancers, including Ms. Greene, and if it is true that Ms. Kilpatrick arrived unexpectedly at the alleged Manoogian Mansion party and assaulted an exotic dancer, and if the allegations in Officer Brown's official police investigation report regarding his investigation into the party are true (Complaint at ¶¶18, 19) then information from *before* the date Ms. Greene was killed *may* make the allegation of a cover up of her murder *more probable or less probable* – and hence the request is squarely within the definition of relevant evidence under Federal Rule of Evidence 401 and Federal Rule of Civil Procedure 26(b)(1). A homicide investigation would have required an interview, at the very least, of all persons who assaulted, or even allegedly assaulted the victim in the last several months before their murder. It was rumored that Mrs. Kilpatrick assaulted Tammy Greene. Both investigations would have led to interviews by Mrs. Kilpatrick with law enforcement. Both investigations were wrongfully terminated, interfered with, or otherwise obstructed.

Contrary to Defendants' apparent arguments, it is not necessary that the evidence contained in the subpoena fails to *conclusively* establish Plaintiff's allegations, as Defendants argue. Rather the proper inquiry is whether the requested information has the potential to render

Plaintiff's claims more or less *probable*. This is a significantly lower standard. In light of the fact that Defendants conveniently gloss over allegations in the Second Amended Complaint regarding two separate (but interrelated) investigations, which straddled the time period surrounding the death of Plaintiff's mother, Defendants failed to carry their burden of demonstrating *how* the requested information does not fit within the 'relevancy' definition of either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Rather than make such an argument, Defendants incredibly argue, without logic or authority, that the events in a murder victim's life leading up to her murder are not relevant to the investigation of her murder. Not only is this argument without merit, it is borderline specious. Defendants cannot rely on this argument to oppose the February 1, 2008 subpoena to Bell Industries.

> e. The fact that Defendants filed a dispositive motion to Plaintiff's Second Amended Complaint is no reason to deny or suspend discovery in this matter, where Defendants offer no reason other than bare assertions that further discovery would be burdensome if discovery were to proceed.[8]

While Defendants do not ascribe an explicit heading to the argument, they expressly argue that because certain Defendants filed a Dispositive Motion under FRCP 12, that this Court should quash the subpoena or otherwise suspend discovery pending the outcome of the Motion. (Motion to Quash at p.5, stating "permitting discovery to go forward before the first responsive pleading to the Second Amended Complaint has been filed would not be fair or prudent and would be premature.")

However, the mere fact that a dispositive motion is pending or threatened is insufficient justification for stay of discovery. FRCP 26(d) states that

> [u]nless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in

NORMAN YATOOMA & ASSOCIATES, P.C.

---

[8] As of the date Defendants' Motion to Quash was filed, the dispositive motion was merely threatened. However, Defendants did file the threatened dispositive motion on February 8, 2008 – before Plaintiff's Response to the Motion to Quash was due.

*any sequence*, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

FED. R. CIV. P. 26(d) (emphasis added).

While this court appears not to have considered whether it is appropriate to stay discovery pending the resolution of a dispositive motion *not* grounded on a claim of qualified immunity,[9] the Tenth Circuit has stated that "[t]he general policy of this district is not to stay discovery even though dispositive motions are pending" *Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511, *3 (D. Kan.), *citing Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). The *Howse* court did, however, expound on the circumstances that *would* support suspending discovery in light of pending dispositive motions: "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[10] *Id.* (internal citations omitted).

Defendants' motion states no justifiable reason to stay discovery in this matter other than the conclusory and self-serving allegation that they are likely to succeed on their dispositive motion.[11] (Motion at p.5) "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 149 (D. Kan. 1990). Moreover, it appears that this issue can *only* be resolved by deciding the dispositive motion – merely reiterating conclusory snippets of

---

[9] It appears that the Western District has considered this issue in *Cromer v. Braman*, 2007 U.S. Dist. LEXIS 82744 (W.D. Mich. 2007).

[10] The *Howse* court also listed a claim of qualified immunity as a potential basis for staying discovery. *See also Short v. Oaks. Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. 2005) (unpublished).

[11] Defendants also argue that allowing the subpoena to issue to Bell Industries to proceed would be neither fair nor prudent (Motion at p.6) without stating how either prudence or fairness would be impugned with allowing the subpoena to stand. As stated above, Defendants lack standing to assert the rights of a non-party to this action.

the motion are wholly insufficient to stay discovery, especially in light of an explicit order of this court to the contrary. Therefore, Defendants' allegations are insufficient at this stage to justify quashing the subpoena to Bell Industries, let alone *staying discovery in toto*, as Defendants request at page 5 of their Brief in Support.[12]

> f. Simply because Defendants did not receive the subpoena until February 11, 2008 does not necessarily entail that it is proper for this Court to enter an Order quashing the subpoena to Bell Industries.

Defendants argue, relying on Rule 45(b)(1), that because they were not provided with prior notice of the subpoena to Bell Industries that they are entitled to an Order quashing the subpoena. (Brief in Support of Motion to Quash at p.4). Defendants' chronology of events, however, is incorrect. The subpoena was *executed* on February 11, 2008 – it was not served on that date.[13] In fact, the subpoena was not served upon the deponent until February 14, 2008. (Ex. 3, proof of service) The subpoena was thereafter served on Defendants' counsel on the very day it was executed, February 11, 2008 and three days before the commanded production was due. In response, Defendants filed their Motion to Quash and for a Protective Order on February 20, 2008 – nine days after the subpoena was executed. To date, however, the deponent has not responded in any way to the February 11, 2008 subpoena and does not intend to do so until the resolution of the instant Motion. (Ex. 4, 2/8/2008 email).

As stated by the Defendants, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial,

---

[12] Alternatively, and in light of the fact that Defendants filed their dispositive motion on February 8, 2008 this Court should not stay discovery until it allows briefing and oral argument on Defendants' dispositive motion and therefore will be in possession of all evidence bearing on the instant Motion to Quash.

[13] While the subpoena was faxed to Bell Industries on February 11, 2008, service of a subpoena via facsimile is not effective service of process under the federal rules. Therefore Bell Industries had no duty to respond to the subpoena unless and until it was properly served upon them. *See In Re Johnson & Johnson*, 59, F.R.D. 174, 177 (D. De. 1973), (stating "[i]t is a proper defense to a petition for a contempt order for failing to obey a subpoena to establish that the requirements of Rule 45[,] which govern the validity of a subpoena were not met." (citations omitted)).

NORMAN YATOOMA & ASSOCIATES, P.C.

then before it is served, a notice must be served on each party." FED. R. CIV. P. 45(b)(1). While case law is not uniform as to what duration of notice is proper under FRCP 45(b)(1), this Court's Western District has stated that fourteen days is presumptively proper when the subpoena is simultaneously served on the deponent and all other parties to the action:

> [o]rdinarily, if the subpoenas are promptly served on opposing counsel the same day they are issued or served on the non-parties, and if the subpoenas also permit a reasonable time for response (presumptively 14 days), there will be no problem because the fourteen days will also give opposing parties ample opportunity to register their objections or otherwise participate in the process.

> *McClendon v. TelOhio Credit Union, Inc.*, 2006 U.S. Dist. LEXIS 57222, *5-6 (W.D. Mich. 2006) (referring to FED. R. CIV. P. 45(c)(2)(B).)

In *McClendon*, the Court noted that while the issuing party may have *technically* violated Rule 45(b)(1) served copies of subpoenas for the production of documents on non-parties six days before the documents were required to be produced, the objecting parties were not prejudiced in light of an agreement by counsel that the requested documents would not be viewed until the objecting party's motion to quash was decided. *McClendon*, 2006 U.S. Dist. LEXIS at *6-7 (W.D. Mich. 2006); *see also Seewald v. IIS Intelligence Info. Sys.*, 1996 U.S. Dist. LEXIS 22479 (E.D.N.Y. 1996) (refusing to quash subpoena issued without sufficient notice pursuant to Rule 45(b)(1) where the non-requesting party learned of the document request before the production of the documents and hence were unable to show prejudice); *Richardson v. Florida*, 137 F.R.D. 401, 404 (M.D. Fla. 1991) (refusing to grant remedy of exclusion of evidence received as a result of subpoena served without sufficient notice pursuant to FRCP 45(b)(1) where the opposing party failed to allege any prejudice from the *ex parte* document discovery.)

For reasons similar to *McClendon*, Defendants cannot establish any prejudice as a result of receiving a copy of the subpoena a full two weeks before it was even served on the deponent

and where the deponent has yet to comply with the subpoena and indicates its refusal to do so pending the resolution of Defendants' Motion to Quash.[14] Defendants quite obviously had sufficient time to draft and file their Motion to Quash and for a Protective Order and, because the subpoena wasn't served until February 14, 2007 no documents have been secured from the deponent. Therefore, because Defendants have properly objected to the subpoena and the deponent has yet to produce any information in response thereto, the fact that the service instructions required by the federal rules were not strictly adhered to should not necessitate quashing the subpoena to Bell Industries.

## III. CONCLUSION

For the reasons stated herein Plaintiff Jonathan Bond respectfully requests that this Court deny Defendants' requested relief and grant him his reasonable costs and fees incurred in responding to the motion.

Respectfully Submitted,


Dated: March 5, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

---

[14] Defendants will also find it impossible to establish any form of prejudice when many of the documents that are the subject of the subpoena were recently ordered by Wayne County Circuit Court Judge Colombo to be released to the public on February 8, 2007, a decision recently affirmed by the Michigan Court of Appeals.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the CM/ECF system:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH THE FEBRUARY 11, 2008 SUBPOENA TO BELL INDUSTRIES, INC. AND FOR A PROTECTIVE ORDER, MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE, INDEX OF EXHIBITS AND EXHIBITS.

On the following:

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendants City of Detroit,
Mayor Kwame M. Kilpatrick, Detroit Police
Chief Ella Bully-Cummings, Commander
Craig Schwartz and Christine Beatty.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit,
Mayor Kwame M. Kilpatrick, Detroit Police
Chief Ella Bully-Cummings, Commander
Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendant Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018


March 5, 2008

/s/ Ryan D. Bobel
**Norman Yatooma & Associates, P.C.**
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
bobel@normanyatooma.com