UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiff
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
Co-Counsel for Defendants
1650 First National Building
Detroit, MI 48226
(313) 224-4550

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS', CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA TO BELL INDUSTRIES, INC. F/K/A SKYTEL, INC. AND FOR A PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    I.    THIS COURT HAS JURISDICTION TO QUASH OR MODIFY THE SUBPOENA AND TO ENTER A PROTECTIVE ORDER . . . . . . . . . . . . . . . . . 1

    II.    DEFENDANTS HAVE STANDING TO SEEK THE REQUESTED RELIEF
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    THE SUBPOENA IS PREMATURE PURSUANT TO RULE 26(d) . . . . . . . . . 3

    IV.    THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS INVALID . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
———
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Static Control Components, Inc. v. Darkprint Imaging, Inc.*,
 201 F.R.D. 431 (D.N.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Wolf v. United States*,
 157 F.R.D. 494 (D. Kan. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statues and Court Rules:**

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 5

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# I. THIS COURT HAS JURISDICTION TO QUASH OR MODIFY THE SUBPOENA AND TO ENTER A PROTECTIVE ORDER.

Plaintiff's contention that Defendants, City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty (the "Defendants"), have chosen the wrong forum for their request for relief is flat wrong. Indeed, Plaintiff tellingly ignores Defendants' request pursuant to Rule 26(c) for this Court to enter a protective order, and focuses entirely on Defendants' request for relief under Rule 45. Yet, Rule 26(c) explicitly authorizes "[a] party . . . [to] move for a protective order <u>in the court where the action is pending</u> . . . to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26 (emphasis added). Thus, there is no doubt whatsoever that this Court has the authority to issue a protective order in this case. Moreover, this Court also has the authority to quash a subpoena. Indeed, while Rule 45(c) gives authority for the district court which issued the subpoena to quash or modify a subpoena, Rule 45(c) <u>does not</u> bar the district court where the action is pending from also issuing an order quashing or modifying the subpoena. In fact, as Plaintiff points out in n.3 of his brief, the Advisory Committee notes even authorize a motion to quash to "be presented to the court for the district in which the deposition was to occur." Here, the deposition was to occur at Plaintiff's counsel's office, which is in this District! In any event, "[Rule 45(c)] does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 201 F.R.D. 431, 434 (D.N.C. 2001). "A party's discovery rights [in other districts] can rise no higher than their level in the district of trial." *Id.* Thus, this Court has the authority and the jurisdiction to govern the scope of discovery either by quashing the Subpoena or by issuing a protective order which orders that the requested discovery not be had. *Id.*, Fed. R. Civ. P. 26.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## II. DEFENDANTS HAVE STANDING TO SEEK THE REQUESTED RELIEF.

As stated above, Defendants' instant Motion seeks this Court to quash or modify the Subpoena and/or to issue a protective order. However, in attempting to construct an argument that Defendants do not have standing to object to the Subpoena, Plaintiff again mischaracterized Defendants' Motion as one only seeking relief pursuant to Rule 45, and in turn cited only to case law governing relief sought under only Rule 45. Plaintiff's argument fails for two reasons. First, Defendants do in fact have standing to seek this Court to quash the subpoena pursuant to Rule 45 because Defendants are asserting that the Subpoena invades various privileges belonging to them (not SkyTel), and inasmuch as Defendants are seeking to protect their own rights, not those belonging to Skytel. Second, by the very terms of Rule 26, Defendants, as parties to this action, have standing to move for a protective order to protect themselves from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26.

Plaintiff incorrectly contends that "[Defendants] cannot (nor have they attempted to) demonstrate a personal right or privilege in the materials requested to be produced by the deponent." However, this could not be farther from the truth. Indeed, Defendants explicitly argued in their initial Brief that the Subpoena would sweep in privileged communications along with the millions of text messages, emails, instant messages and telephone records that would be responsive to the Subpoena. *See,* Defendants' initial Brief at pg. 9. Defendants further argued that any communication between any of the 34 individuals listed in the subpoena (specifically including, but not limited to, Defendants, Bully-Cummings, Beatty, Kilpatrick and Schwartz) and their attorney, accountant, physician, psychologist, clergymen, spouse, etc are protected by various privileges under Michigan law, and only the owner of such privileges (Defendants or Defendants' representatives) may reveal the contents of the privileged communications. *Id.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Moreover, Defendants are not seeking to protect only the rights of SkyTel from undue hardship, as Plaintiff now contends. Rather, Defendants explicitly indicated in their initial Brief that they are seeking to quash the subpoena and for a protective order to protect themselves from undue burden or expense, as well as annoyance, embarrassment and harassment. In fact, when discussing the millions of documents that would be responsive to the overbroad Subpoena which seeks, *inter alia*, all copies of all incoming and outgoing text messages, telephone calls, message logs, emails, and instant messages either sent or received by any of 34 individuals at any time during a five year and one month period, Defendants stated as follows:

> Such a fishing expedition will not only cause undue burden and expense upon SkyTel (who also has to utilize its resources to compile such responsive documents) and the Defendants (in having to review and copy such voluminous documents), but such an overblown and oppressive request apparently has been served for the purpose of attempting to cause embarrassment to and harassment of Defendants and to capitalize upon the media attention surrounding the "text message scandal" involving Mayor Kilpatrick and Beatty. *Id.*

Clearly, Defendants have stated a claim of privilege and/or personal right, as well as the entitlement of protection for such privileges and personal rights. Moreover, Defendants also are entitled to protection against Plaintiff's transparent attempts to harass and embarrass Defendants by seeking millions of documents that will certainly contain private and privileged communications which are completely irrelevant to this litigation but which may be embarrassing to Defendants. Accordingly, this Court should quash the subpoena and/or enter a protective order which orders this fishing expedition to not be had.

## III. THE SUBPOENA IS PREMATURE PURSUANT TO RULE 26(d).

Plaintiff admits that a Rule 26(f) conference has not taken place, but contends that this Court issued an order authorizing Plaintiff to seek discovery in this case pursuant to Rule 26(d). In support of this argument, Plaintiff cites to two scheduling notices which were issued on December 5, 2007

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

and December 19, 2007 (the "Notices"). However, the Notices were issued <u>before</u> the Second Amended Complaint was filed, and two of the Defendants, Mayor Kilpatrick and Christine Beatty, were not even parties to the case at that time. In addition, the two Notices are not enough to satisfy the requirements of Rule 26(d) because they are not "court orders." Indeed, the Notices are not signed by Judge Rosen, nor do they contain the title of "Order." Accordingly, pursuant to Rule 26(d), Plaintiff may not seek discovery from any source at this time. Fed. R. Civ. P. 26.

Moreover, Plaintiff should not be permitted to pursue discovery where the discovery will be completely meaningless. Indeed, as Plaintiff pointed out, another district court has found that,

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Defendants have moved for this Court to dismiss the entire case <u>on the pleadings alone</u> on grounds that could not be affected by any amount of discovery. In fact, Defendant has sought dismissal on several grounds, including, but not limited to, that Plaintiff does not have standing to even bring the instant denial-of-access claim since he is not and never was the personal representative of the estate and therefore did not as a matter of law have standing to bring a wrongful death action under Michigan law, and that the statute of limitations has not expired pursuant to MCL 600.5852, in any event. If Defendants' legal argument is correct with respect to either argument, no amount of discovery could possibly alter the conclusion that the case should be dismissed.

This result is further warranted by the fact that this Court has issued an Order to Preserve Evidence on March 5, 2008, which specifically orders the parties, as well as SkyTel, the recipient of the Subpoena, to preserve all evidence. Thus, Plaintiff can suffer no prejudice even if this Court

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

were to deny Defendants' pending motion to dismiss because the materials sought by Plaintiff in the Subpoena are required to be preserved to the extent they exist by order of this Court.

IV.  **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS INVALID.**

Plaintiffs have curiously taken the position that the Subpoena was not invalid because it was not actually served upon SkyTel until 13 days after it was sent to Defendants' counsel. Plaintiff even shockingly states that "[SkyTel] had not duty to respond to the subpoena unless and until it was properly served upon them." Yet, Plaintiff has not provided any justification for sending the Subpoena to SkyTel only by facsimile seven days before the response date other than for the apparent purpose of inducing SkyTel into responding to an improperly served and therefore invalid subpoena. In fact, the Subpoena had a return date of February 8, 2008, which is six days **before** the date that Plaintiff now claims it formally served SkyTel with the Subpoena. The return date makes no sense unless Plaintiff believed that the date he faxed the Subpoena to SkyTel served to place SkyTel on notice of the time for production. Plaintiff certainly did not notify SkyTel that they did not have to respond, nor did Plaintiff notify Defendants that the Subpoena was not properly served upon SkyTel and was not going to be properly served prior to the return date. In addition, Rule 45(c)(3)(A)(i) authorizes a subpoena to be quashed where it fails to allow a reasonable time to comply. If the Plaintiff's argument regarding service were to be accepted, the subpoena that requires a response six days **before** it was even served certainly would be unreasonable and therefore should be quashed.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Dated: March 7, 2008

Respectfully submitted,
MORGANROTH & MORGANROTH, PLLC
By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
3000 Town Center, Suite 1500,
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

5

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

                                      MORGANROTH & MORGANROTH, PLLC

                                      By: /s/ Mayer Morganroth
                                      MAYER MORGANROTH (P17966)
                                      Morganroth & Morganroth, PLLC
                                      3000 Town Center, Suite 1500
                                      Southfield, MI 48075
Dated: March 7, 2008                (248) 355-3084
                                      E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302