# UNITED STATES OF AMERICA
# IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

Case No.: 05-CV-74253
Hon. Gerald Rosen

Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
POLICE LT. BILLY JACKSON;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

Defendants.
_____/

**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendants City of Detroit,
Mayor Kwame M. Kilpatrick, Detroit
Police Chief Ella Bully-Cummings, Comm.
Craig Schwartz and Christine Beatty.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit,
Mayor Kwame M. Kilpatrick, Detroit
Police Chief Ella Bully-Cummings, Comm.
Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendant Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

_____/

NORMAN YATOOMA & ASSOCIATES, P.C.

Dockets.Justia.com

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH THE FEBRUARY 11, 2008 SUBPOENA TO DERRICK MILLER AND FOR PROTECTIVE ORDER.

NOW COMES THE Plaintiff Jonathan Bond, by and through his Next Friend, Ernest Flagg, and through their counsel of record Norman Yatooma & Associates, P.C. and for his Opposition to Defendants City of Detroit, Kwame M. Kilpatrick, Ella Bully-Cummings, Craig Schwartz and Christine Beatty's February 22, 2008 Motion to Quash and for a Protective Order, states:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Neither admitted nor denied as the subpoena speaks for itself.

8. Denied for the reason that the allegation is untrue.

9. Denied for the reason that the allegation is untrue..

10. Denied for the reason that the allegation is untrue.

11. Denied for the reason that the allegation is untrue.

12. No response to this paragraph is necessary.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' request for a protective Order and to Quash the February 11, 2008 Subpoena to Derrick Miller.

Respectfully Submitted,

Dated: March 7, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)

By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

NORMAN YATOOMA & ASSOCIATES, P.C.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR AN ORDER QUASHING THE FEBRUARY 11, 2008 SUBPOENA TO DERRICK MILLER AND FOR A PROTECTIVE ORDER.**

STATEMENT OF ISSUES PRESENTED

I. DO DEFENDANTS HAVE STANDING TO OBJECT TO SUBPOENA SERVED ON A NON-PARTY, WHERE DEFENDANTS FAILED TO ALLEGE THE EXISTENCE OF A PERSONAL RIGHT OR PRIVILEGE IN THE REQUESTED MATERIALS?

II. WHETHER THE FEBRUARY 11, 2008 SUBPOENA TO DERRICK MILLER IS PREMATURE, BECAUSE IT WAS SERVED BEFORE THE PARTIES CONDUCTED A RULE 26(f) CONFERENCE BUT *AFTER* THE COURT ORDERED THE PARTIES TO CONDUCT 'SUBSTANTIAL DISCOVERY?'

III. WHETHER THE FEBRUARY 11, 2008 SUBPOENA TO MILLER IS OVERBROAD, UNDULY BURDENSOME, EXPENSIVE, IRRELEVANT AND HARRASSING, WHERE THE SUBPOENA REQUESTS THE DISCLOSURE OF PUBLIC DOCUMENTS WITHIN THE SCOPE OF ALLOWABLE DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1) AND FEDERAL RULE OF EVIDENCE 401?

IV. WHETHER DEFENDANTS' PENDING DISPOSITIVE MOTION UNDER RULE 12(b)(6) SHOULD OPERATE TO STAY PLAINTIFF'S ATTEMPT TO CONDUCT DISCOVERY, WHEN THE COURT PREVIOUSLY ORDERED THE PARTIES TO BEGIN CONDUCTING 'SUBSTANTIAL DISCOVERY' IN ITS ORDERS OF DECEMBER 5, 2007 AND DECEMBER 19, 2007?

V. WHETHER DEFENDANTS HAVE SUFFERED PREJUDICE AS A RESULT OF RECEIVING THE FEBRUARY 11, 2008 SUBPOENA IN A MANNER TECHNICALLY INCONSISTENT WITH RULE 45(b)(1), WHEN DEFENDANTS HAD SUFFICIENT OPPORTUNITY TO MOVE TO QUASH THE SUBPOENA, PLAINTIFF HAS NOT YET SERVED THE SUBPOENA RESPONDENT, AND THE RESPONDENT HAS NOT PRODUCED ANY SUBPOENAED RECORDS.

VI. WHETHER, UNDER RULE 45, PLAINTIFF HAS PROPERLY SUBPOENAED DOCUMENTS FROM NONPARTY RESPONDENT DERRICK MILLER.

NORMAN YATOOMA & ASSOCIATES, P.C.

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED.................................................................................... i

TABLE OF CONTENTS....................................................................................................... ii

TABLE OF AUTHORTIES .................................................................................................. iii

I.   ARGUMENT............................................................................................................... 3

   a.   The Defendants herein lack standing to object to the Rule 45 subpoena directed to a non-party to this action, Derrick Miller, because they lack a personal right or privilege with respect to the subject matter of the subpoena. ...................................................................................... 3

   b.   The subpoena to Derrick Miller is not premature under FRCP 26(d), because this Court issued an Order prior to the January 4, 2008 scheduling conference directing the parties to conduct 'substantial discovery.' ............................................................................................... 4

   c.   The subpoena to Derrick Miller requests the surrender of relevant, non-privileged and otherwise discoverable materials from a non-party to this action............................................. 5

   d.   The fact that Defendants filed a dispositive motion to Plaintiff's Second Amended Complaint is no reason to deny or suspend discovery in this matter, where Defendants offer no reason other than bare assertions that further discovery would be burdensome if discovery were to proceed. ................................................................................................................... 9

   e.   Simply because Defendants did not receive the subpoena until February 11, 2008 does not necessarily entail that it is proper for this Court to enter an Order quashing the subpoena to Derrick Miller....................................................................................................................... 11

   f.   The subpoena to Derrick Miller is proper regardless of whether Derrick Miller is an agent of Defendant City of Detroit or not. ......................................................................................... 12

II.   CONCLUSION............................................................................................................ 14

NORMAN YATOOMA & ASSOCIATES, P.C.

**Federal Cases**

*Alper v. U.S.,* 190 F.R.D. 281, 283 (D. Mass. 2000) ................................................ 13

*Badman v. Stark,* 139 F.R.D. 601, (M.D. Pa. 1991) ................................................ 13

*Barrington v. Mortgage It, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fl. 2007) .......................... 6

*Continental Coatings Corp. v. Metco, Inc.,* 50 F.R.D. 382, 384 (N.D. Ill. 1970) ....................... 13

*Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145 (D. Kan. 1990) .............. 10

*Cooney v. Sun Shipbuilding & Drydock Co.,* 288 F. Supp. 708, 717 (E.D. Pa. 1968) ................ 13

*Cromer v. Braman*, 2007 U.S. Dist. LEXIS 82744 (W.D. Mich. 2007) ...................................... 10

*Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536 (D. Kan. 2002) ........................................... 6, 7

*First City, Texas-Houston, N.A. v. Rafidain Bank and Central Bank of Iraq,* 197 F.R.D. 250,(S.D. N.Y. 2000) ................................................................................ 13

*Guilford Nat'l Bank of Greensboro v. Southern Railway Co.,* 297 F.2d 921, 927 n.2 (4th Cir. 1962).......................................................................................... 13

*Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 100 (D. Mass. 1996) ...................................... 13

*Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511 (D. Kan.)............................................ 10

*In Re Application of Apollo Advisors, L.P.*, 1993 U.S. Dist. LEXIS 7927 (S.D.N.Y. 1993) ......... 6

*In Re Johnson & Johnson*, 59, F.R.D. 174 (D. De. 1973) ............................................ 11

*Irons v. Karcesksi,* 74 F.3d 1262 (D.C. Cir. 1975) ................................................ 3

*Laethem Equip. Co. v. Deere & Co.*, 2007 U.S. Dist. LEXIS 70740 (E.D. Mich. 2007)............... 3

*Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (5th Cir. 1975)................................. 3

*McClendon v. TelOhio Credit Union, Inc.*, 2006 U.S. Dist. LEXIS 57222 (W.D. Mich. 2006).. 12

*Mortgage Information Services, Inc. v. Kitchens,* 210 F.R.D. 562, (W.D. N.C. 2002).......... 13, 14

*Richardson v. Florida*, 137 F.R.D. 401 (M.D. Fla. 1991) ........................................... 12

*Seewald v. IIS Intelligence Info. Sys*., 1996 U.S. Dist. LEXIS 22479 (E.D.N.Y. 1996) .............. 12

*Short v. Oaks. Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. 2005) (unpublished)...................... 10

NORMAN YATOOMA & ASSOCIATES, P.C.

*Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 U.S. Dist. LEXIS 32861 (N.D. Ohio 2005).................................................................................................................... 6

*United States v. Wells*, 2006 U.S. Dist. LEXIS 83124 (E.D. Mich. 2006) .................................... 3

*Wolf v. United States*, 157 F.R.D. 494 (D. Kan. 1994) ................................................................. 10

**Rules**

FED. R. CIV. P. 26(b)(1) ............................................................................................................... 6, 7

FED. R. CIV. P. 26(d) ................................................................................................................... 5, 10

FED. R. CIV. P. 45(b)(1) ................................................................................................................. 12

FED. R. EVID. 401 ......................................................................................................................... 7, 8

**Treatises**

10A *Federal Procedure, Lawyers Edition* [Sec.] 26:464 (1994) ................................................. 15

7 *Moore's Federal Practice* [Sec.] 34.02[5][c] ........................................................................... 15

9 *Moore's Federal Practice* [Sec.] 45.03[1] ............................................................................... 15

9A *Federal Practice and Procedure* [Sec.] 2452 at n.1 .............................................................. 15

NORMAN YATOOMA & ASSOCIATES, P.C.

INTRODUCTION:

This action was instituted on November 7, 2005 against the City of Detroit, Mayor Kwame M. Kilpatrick and other individuals. On January 14, 2008 Plaintiff, through his new counsel, filed via leave of this court, his Second Amended Complaint. Plaintiff alleges that the Defendants actively concealed and deliberately obstructed investigation of the April 30, 2003, murder of his decedent mother, Ms. Tamara Greene. A related investigation concerning an alleged assault some six months earlier on Tamara Greene by Defendant Kilpatrick's wife, Carlita Kilpatrick was likewise terminated, as evidenced by the firing of former Deputy Chief Gary Brown,[1] the retaliation against Harold Nelthrope by publicly accusing him of being a liar on local television, and the testimony of Commander Parshall and Inspector Dolunt who were both told to stop investigating the Mayor by then Chief of Police Jerry Oliver,. Thereafter, the head of the Squad that was investigating the murder was transferred to another precinct and assigned midnights for "asking too many questions" about this case. Another investigator had case note files regarding the investigation erased from her computer hard drive and had her back up zip drives removed from a locked cabinet. Then, despite an active investigation, this case was designated a "cold case" and transferred to the Cold Case Squad after less than one year, in despite departmental policies or practices which allowed for such a transfer only after at least two years. This obstruction of justice actively terminated Plaintiff's ability to obtain meaningful

---

[1]     Former head of the Professional Accountability Bureau, the agency that was investigating these and other allegations of misconduct. According to the text messages that were obtained by The Detroit Free Press, which are the subject of the instant subpoena, Defendants Kilpatrick and Beatty apparently lied under oath during the whistleblower trials of Deputy Chief Brown and Lt. Harold Nelthrope about their decision to fire Deputy Chief Brown. Just days before Brown's firing and days after Greene's murder, Defendant Beatty asked former Detroit Chief of Police Jerry A. Oliver about his department's investigation of the Manoogian Mansion party. *See* relevant pages of Jerry Oliver's deposition transcript attached here as Exhibit 5. Indeed, of the universe of misconduct alleged by Harold Nelthrope, it appears that the investigation of the party, and the rumors swirling around Defendant Kilpatrick and his wife Carlita's actions at this party, was the only investigation in which Beatty was interested. *Id.*

relief from the courts, thus giving rise to the instant constitutional claim of denial of access to the courts.

On December 5, 2007 and December 19, 2007 this Court ordered that the parties appear before it for a Rule 16(b) scheduling conference. (Ex. 1, December 5, 2007 Notice of Scheduling Conference; Ex. 2, December 19, 2007 Amended Notice of Scheduling Conference). In *both* Orders, the court stated that "counsel are instructed to commence significant discovery prior to the conference." *Id*. In response, and after Plaintiff's Second Amended Complaint was filed, Plaintiff delivered a subpoena under Rule 45 to Derrick Miller, who is in possession of certain documents and other relevant evidence to prove Plaintiff's claims that the Defendants actively frustrated and concealed evidence relating to the murder of Plaintiff's mother. The subpoena, executed on February 11, 2008, was delivered to Defendants that same day (Ex 3, 2/11/2008 Subpoena for Derrick Miller). While the subpoena commanded the production of the requested material on February 25, 2008 Plaintiff has been unable to serve Respondent Miller. (Ex. 4, 3/7/2008 Affidavit of Howard Yale Lederman). While Defendants are correct to state that the subpoena was <u>delivered</u> to Derrick Miller commensurate with delivery of the subpoena on Defendants, facsimile delivery is *not* a sufficient method of service of process under Rule 45(b)(1). On February 22, 2008 Defendants filed the instant Motion to Quash the Derrick Miller subpoena on grounds that it was improperly served upon them pursuant to Rule 45(b)(1), that it was premature, and that it sought the discovery of irrelevant and burdensome evidence. For the reasons stated herein, Defendants' relief should be denied and, per this Court's December 5 and December 19, 2007 Orders, the parties should be allowed to continue to conduct 'substantial discovery' regardless of the pending dispositive motion.

# I. ARGUMENT

a. The Defendants herein lack standing to object to the Rule 45 subpoena directed to a non-party to this action, Derrick Miller, because they lack a personal right or privilege with respect to the subject matter of the subpoena.

The subpoena at issue was directed to a non-party to this action, Derrick Miller. Defendants, therefore, lack standing to assert the various objections to the February 11, 2008 subpoena ("the subpoena") to a non-party to this action, because Defendants cannot (nor have they attempted to) demonstrate a personal right or privilege in the materials requested to be produced by the respondent. This is a fatal flaw in Defendants' position and for this very reason alone their requested relief should be denied.

Generally speaking, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *United States v. Wells*, 2006 U.S. Dist. LEXIS 83124, *5 (E.D. Mich. 2006), *citing Irons v. Karcesksi*, 74 F.3d 1262, 1264 (D.C. Cir. 1975). "Further, as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *Wells*, U.S. Dist. LEXIS at 83124 at *5 (E.D. Mich. 2006), *citing Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (5th Cir. 1975). Another court has stated that "[t]he person subject to the subpoena 'is the only one entitled to challenge the subpoena under Fed[eral] R[ule of] Civ[il] P[rocedure] 45(c)(3), unless a showing is made that [another person objecting] has a personal right to be protected or that the documents are subject to privilege.'" *Laethem Equip. Co. v. Deere & Co.*, 2007 U.S. Dist. LEXIS 70740, *48 (E.D. Mich. 2007) (other authorities cited).

Not only have Defendants failed to meet their burden in establishing the *existence* of a personal right or privilege in the requested materials, they have completely failed to even *mention* the relevant legal principles applicable to a party's objections to a *duces tecum* subpoena to a non-party. Defendants merely maintain that the request is "overbroad in time and scope

especially inasmuch as it seeks all communications of any kind for an entire year between Miller and either Mayor Kilpatrick or Beatty with absolutely no limitation whatsoever to any relevant subject matter or even a relevant time period," and that "investigations and communications prior to Tamara Greene's death are not relevant to an alleged concealment of evidence of her alleged murder." (Brief in Support of Motion to Quash at pp. 6, 7). However, the mere fact that Miller *may* respond with documents dated outside Defendants' preconceived relevancy scope and timeframe, is not sufficient for the Defendants herein to challenge the subpoena to Miller. Because Defendants have failed to mention, let alone substantiate, a claim of privilege or personal right in the materials requested in the subpoena to Miller, their Motion to Quash and other requested relief should be denied.

      b. The subpoena to Derrick Miller is not premature under FRCP 26(d), because this Court issued an Order prior to the January 4, 2008 scheduling conference directing the parties to conduct 'substantial discovery.'

Defendants argue that the subpoena is premature, because it was issued by a party to this action before the parties conducted their Rule 26(f) conference. (Brief in Support of Motion to Quash at p.5). For support, Defendants turn to Rule 26(d), which states:

> [a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*.

FED. R. CIV. P. 26(d) (emphasis added).

The rule upon which Defendants rely for support of their argument that the subpoena was *premature* supports the contrary argument. On December 5, 2007 this Court delivered notice via CM/ECF that the parties were to appear on January 3, 2008 for a scheduling conference. (Ex. 1, 12/5/2007 Notice of Scheduling Conference). Subsequently, on December 19, 2007 the Court amended its December 5, 2007 Order requiring that the parties' appear on January 4, 2008 – one

day later than the previous notice – for the same purpose. (Ex. 2, 12/19/2007 Amended Notice of Scheduling Conference). There were no material changes between the December 5, 2007 Order and the December 19, 2007 Order – they both mandated that "counsel are instructed to commence *significant discovery* prior to the conference."[2] (Exs. 1, 2) (emphasis added).

The Court clearly obviated the usually applicable principles governing the timing of discovery in this matter by issuing not one, but two, Orders mandating that the parties conduct *significant discovery* prior to the 16(b) conference. Thus, while no 26(f) conference has occurred, it is of no concern because there was a standing Order mandating that the parties conduct discovery – a situation specifically contemplated by Rule 26(d).[3] Therefore, the February 11, 2008 subpoena to Miller not untimely on these grounds.

> c. The subpoena to Derrick Miller requests the surrender of relevant, non-privileged and otherwise discoverable materials from a non-party to this action.

Leaving aside for the moment the fact that Defendants cannot establish standing to object to the *duces tecum* subpoena, and that the Court has already ordered that the parties commence discovery, Defendants cannot rely on conclusory, unfounded allegations that the subpoena requests irrelevant materials or that it is overly broad as a basis for quashing the February 11, 2008 subpoena to Derrick Miller.

Federal Rule of Civil Procedure 26(b)(1) states the general rule governing the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things

---

[2] The Notice to Appear states at paragraph 5 that the parties will discuss '[d]iscovery progress[,]' indicating that Court expected the parties to have already begun the discovery process. (Exs. 1, 2).
[3] It should be noted, and as admitted by Defendants' in their moving papers, that this action was originally filed on November 7, 2005. While Defendants' current counsel may be new to this action, the action was previously defended by the City of Detroit Law Department - who remains on the caption to this day.

and the identity and location of persons having knowledge of any discoverable matter.

FED. R. CIV. P. 26(b)(1).

While Rule 45, upon which Defendants rely for support for their Motion to Quash and for a Protective Order, "does not address relevancy objections, such obligations must be considered in light of Rules 26 and 34." *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 U.S. Dist. LEXIS 32861, *7 (N.D. Ohio 2005), *citing In Re Application of Apollo Advisors, L.P.*, 1993 U.S. Dist. LEXIS 7927, *6 (S.D.N.Y. 1993). Thus, a "court must examine whether a request contained in a subpoena *duces tecum* is overly broad or seeks irrelevant information under the same standards set forth in Rule 26 and as applied to Rule 34 requests for the production of documents." *Id. citing Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536, *8 (D. Kan. 2002). "Relevancy is broadly construed, and a request for discovery should be considered if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[4] *Id.* Other courts have stated that:

> [w]hen discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.
>
> *Barrington v. Mortgage It, Inc.*, 2007 U.S. Dist. LEXIS 90555, *10 (S.D. Fl. 2007).

"However, when relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request." *Barrington*, 2007 U.S. Dist. LEXIS at *10-11

---

[4] FRE 401 defines 'relevant evidence' to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

(S.D. Fl. 2007), *citing Dean v. Anderson*, 2002 U.S. Dist. LEXIS 11536, *2 (D. Kan. 2002) (emphasis in original).

Defendants essentially offer only two reasons why the subpoena to Miller should be quashed on relevancy grounds: (1) that their pending dispositive motion will conclusively establish that dismissal in Defendants' favor is warranted; and (2) because Tamara Greene was killed on April 20, 2003 that Plaintiff's request for information prior to that date is "necessarily unrelated to the instant claim inasmuch as the basis of the instant claim is that Defendants allegedly concealed information about Tamara Greene's murder...." (Motion to Quash at pp..6-7).

As to the former, granting Defendants' requested relief because a dispositive motion is pending is not supported either in the case law or the federal rules. As to the latter, in light of the facts alleged in Plaintiff's Second Amended Complaint and the broad definition of 'relevancy' applied by federal courts, Defendants requested relief must be denied. Fed. R. Evid. 401 defines 'relevant evidence' as "evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action *more probable or less probable* than it would be without the evidence." FED. R. EVID. 401 (emphasis added). Plaintiff alleged the existence of a party at the Manoogian Mansion (the traditional residence of the Mayor of the City of Detroit and his family) which was attended by Ms. Tamara Greene, the maternal parent of the Plaintiff herein, Jonathan Bond. (Complaint at ¶12). On information and belief Mrs. Carlita Kilpatrick, Defendant Mayor Kwame M. Kilpatrick's wife, unexpectedly showed up at the alleged Manoogian Mansion party and assaulted an exotic dancer who was also in attendance. (Complaint at ¶13). Plaintiff thereafter described a series of events, from Defendant Kilpatrick's Executive Protection Unit transporting an injured dancer from the party to the hospital

NORMAN YATOOMA & ASSOCIATES, P.C.

(Complaint at ¶14) to a subsequent investigation by the Detroit Police Department into the allegation that Mrs. Kilpatrick indeed assaulted an exotic dancer (Complaint at ¶19) to the ultimate death of Ms. Greene.

If the alleged party at the Manoogian Mansion did in fact occur, and if it is true that the alleged party was attended by certain exotic dancers, including Ms. Greene, and if it is true that Ms. Kilpatrick arrived unexpectedly at the alleged Manoogian Mansion party and assaulted an exotic dancer, and if the allegations in Officer Brown's official police investigation report regarding his investigation into the party are true (Complaint at ¶¶18, 19) then information from *before* the date Ms. Greene was killed *may* make the allegation of a cover up of her murder *more probable or less probable* – and hence the request is squarely within the definition of relevant evidence under Federal Rule of Evidence 401 and Federal Rule of Civil Procedure 26(b)(1). A homicide investigation would have required an interview, at the very least, of all persons who assaulted, or even allegedly assaulted the victim in the last several months before their murder. It was rumored that Mrs. Kilpatrick assaulted Tammy Greene. Both investigations would have led to interviews by Mrs. Kilpatrick with law enforcement. Both investigations were wrongfully terminated, interfered with, or otherwise obstructed.

Contrary to Defendants' apparent arguments, it is not necessary that the evidence contained in the subpoena fails to *conclusively* establish Plaintiff's allegations, as Defendants argue. Rather the proper inquiry is whether the requested information has the potential to render Plaintiff's claims more or less *probable.* This is a significantly lower standard. In light of the fact that Defendants conveniently gloss over allegations in the Second Amended Complaint regarding two separate (but interrelated) investigations, which straddled the time period surrounding the death of Plaintiff's mother, Defendants failed to carry their burden of

NORMAN YATOOMA & ASSOCIATES, P.C.

demonstrating *how* the requested information does not fit within the 'relevancy' definition of either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Rather than make such an argument, Defendants incredibly argue, without logic or authority, that the events in a murder victim's life leading up to her murder are not relevant to the investigation of her murder. Not only is this argument without merit, it is borderline specious. Defendants cannot rely on this argument to oppose the February 11, 2008 subpoena to Miller.

      d. The fact that Defendants filed a dispositive motion to Plaintiff's Second Amended Complaint is no reason to deny or suspend discovery in this matter, where Defendants offer no reason other than bare assertions that further discovery would be burdensome if discovery were to proceed.

While Defendants do not ascribe an explicit heading to the argument, they expressly argue that because certain Defendants filed a Dispositive Motion under FRCP 12, that this Court should quash the subpoena or otherwise suspend discovery pending the outcome of the Motion. (Motion to Quash at p. 6 stating that permitting discovery to go forward before a Rule 26(f) conference or a motion decision would be premature.)

However, the mere fact that a dispositive motion is pending or threatened is insufficient justification for stay of discovery. FRCP 26(d) states that

      [u]nless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in *any sequence*, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

FED. R. CIV. P. 26(d) (emphasis added).

While this court appears not to have considered whether it is appropriate to stay discovery pending the resolution of a dispositive motion *not* grounded on a claim of qualified immunity,[5] the Tenth Circuit has stated that "[t]he general policy of this district is not to stay

---

[5] It appears that the Western District has considered this issue in *Cromer v. Braman*, 2007 U.S. Dist. LEXIS 82744 (W.D. Mich. 2007).

NORMAN YATOOMA & ASSOCIATES, P.C.

discovery even though dispositive motions are pending" *Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511, *3 (D. Kan.), *citing Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). The *Howse* court did, however, expound on the circumstances that *would* support suspending discovery in light of pending dispositive motions: "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6] *Id.* (internal citations omitted).

Defendants' motion states no justifiable reason to stay discovery in this matter other than the conclusory and self-serving allegation that they are likely to succeed on their dispositive motion.[7] (Motion at p.5) "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 149 (D. Kan. 1990). Moreover, it appears that this issue can *only* be resolved by deciding the dispositive motion – merely reiterating conclusory snippets of the motion are wholly insufficient to stay discovery, especially in light of an explicit order of this court to the contrary. Therefore, Defendants' allegations are insufficient at this stage to justify quashing the subpoena to Miller, let alone *staying discovery in toto*, as Defendants request at page 5 of their Brief in Support.[8]

---

[6] The *Howse* court also listed a claim of qualified immunity as a potential basis for staying discovery. *See also Short v. Oaks. Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. 2005) (unpublished).

[7] Defendants also argue that allowing the subpoena to issue to Miller to proceed would be neither fair nor prudent (Motion at pp.5-6) without stating how either prudence or fairness would be impugned with allowing the subpoena to stand. As stated above, Defendants lack standing to assert the rights of non-parties to this action.

[8] Alternatively, and in light of the fact that Defendants filed their dispositive motion on February 8, 2008 this Court should not stay discovery until it allows briefing and oral argument on Defendants' dispositive motion and therefore will be in possession of all evidence bearing on the instant Motion to Quash.

e. Simply because Defendants did not receive the subpoena until February 11, 2008 does not necessarily entail that it is proper for this Court to enter an Order quashing the subpoena to Derrick Miller.

Defendants argue, relying on Rule 45(b)(1), that because they were not provided with prior notice of the subpoena to Miller that they are entitled to an Order quashing the subpoena. (Brief in Support of Motion to Quash at p.4). Defendants' chronology of events, however, is incorrect. The subpoena was *executed* on February 11, 2008 – it was not served on that date. In fact, Plaintiff has been unable to serve the subpoena. (Ex. 3, Affidavit of Howard Yale Lederman). The subpoena was served on Defendants' counsel on the very day it was executed, February 11, 2008 and fourteen days before the commanded production was due. In response, Defendants filed their Motion to Quash and for a Protective Order on February 22, 2008 – eleven days after the subpoenas were executed. To date, however, Miller has not responded in any way to the February 11, 2008 subpoena.

As stated by the Defendants, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." FED. R. CIV. P. 45(b)(1). While case law is not uniform as to what duration of notice is proper under FRCP 45(b)(1), this Court's Western District has stated that fourteen days is presumptively proper when the subpoena is simultaneously served on the deponent and all other parties to the action:

> [o]rdinarily, if the subpoenas are promptly served on opposing counsel the same day they are issued or served on the non-parties, and if the subpoenas also permit a reasonable time for response (presumptively 14 days), there will be no problem because the fourteen days will also give opposing parties ample opportunity to register their objections or otherwise participate in the process.
>
> *McClendon v. TelOhio Credit Union, Inc.*, 2006 U.S. Dist. LEXIS 57222, *5-6 (W.D. Mich. 2006) (referring to FED. R. CIV. P. 45(c)(2)(B).)

In *McClendon*, the Court noted that while the issuing party may have *technically* violated Rule 45(b)(1) served copies of subpoenas for the production of documents on non-parties six days before the documents were required to be produced, the objecting parties were not prejudiced in light of an agreement by counsel that the requested documents would not be viewed until the objecting party's motion to quash was decided. *McClendon*, 2006 U.S. Dist. LEXIS at *6-7 (W.D. Mich. 2006); *see also Seewald v. IIS Intelligence Info. Sys.*, 1996 U.S. Dist. LEXIS 22479 (E.D.N.Y. 1996) (refusing to quash subpoena issued without sufficient notice pursuant to Rule 45(b)(1) where the non-requesting party learned of the document request before the production of the documents and hence were unable to show prejudice); *Richardson v. Florida*, 137 F.R.D. 401, 404 (M.D. Fla. 1991) (refusing to grant remedy of exclusion of evidence received as a result of subpoena served without sufficient notice pursuant to FRCP 45(b)(1) where the opposing party failed to allege any prejudice from the *ex parte* document discovery.)

For reasons similar to *McClendon*, Defendants cannot establish any prejudice as a result of receiving a copy of the subpoena weeks before any valid service on the respondent, and where the respondent has yet to respond to let alone comply with the subpoena Defendants quite obviously had sufficient time to draft and file their Motion to Quash and for a Protective Order in light of these facts. Therefore, because Defendants have properly objected to the subpoena and the respondent has yet to produce any information in response thereto, the fact that the service instructions required by the federal rules were not strictly adhered to should not necessitate quashing the subpoena to Miller.

    f. The subpoena to Derrick Miller is proper regardless of whether Derrick Miller's status as an agent of Defendant City of Detroit.

Even assuming, as Defendants contend, that Respondent Miller is a party, the prevailing view of the federal courts addressing the instant issue is that Rule 45 subpoenas to parties for discovery before the discovery deadline are proper. *See Mortgage Information Services, Inc. v. Kitchens,* 210 F.R.D. 562, 564-566 (W.D. N.C. 2002); *First City, Texas-Houston, N.A. v. Rafidain Bank and Central Bank of Iraq,* 197 F.R.D. 250, 255 (S.D. N.Y. 2000); *Badman v. Stark,* 139 F.R.D. 601, 603 (M.D. Pa. 1991); *Continental Coatings Corp. v. Metco, Inc.,* 50 F.R.D. 382, 384 (N.D. Ill. 1970); *Cooney v. Sun Shipbuilding & Drydock Co.,* 288 F. Supp. 708, 717 (E.D. Pa. 1968); *see also Guilford Nat'l Bank of Greensboro v. Southern Railway Co.,* 297 F.2d 921, 927 n.2 (4th Cir. 1962) (noting in dicta that a Rule 45 subpoena is available for use against an opposing party); *contra, Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. U.S.,* 190 F.R.D. 281, 283 (D. Mass. 2000).

Among leading secondary authorities, the prevailing view is that Rule 45 subpoenas to parties for discovery before the discovery deadline are proper. 7 *Moore's Federal Practice* [Sec.] 34.02[5][c]; *see also* 9 *Moore's Federal Practice* [Sec.] 45.03[1] (noting that 'subpoenas under Rule 45 may be issued to parties or non-parties'), 10A *Federal Procedure, Lawyers Edition* [Sec.] 26:464 (1994) (stating that 'FRCP 45, unlike FRCP 34(a) and (b), applies to nonparties as well as parties'); *contra,* 9A *Federal Practice and Procedure* [Sec.] 2452 at n.1.

The leading case is *Kitchens.* There, the Court reviewed the earlier decisions and their supporting rationale and analyzed Rule 45's text. Based on its evaluation, the Court concluded that Rule 45 as a discovery device is available for discovery from parties and nonparties alike. The Court explained:

> [t]he text...reveals that there is no express limitation on the type of person who may be subject to the rule, as its language describes the individual upon whom a Rule 45 subpoena may be subject to the rule, as its language describes the individual upon whom a Rule 45 subpoena may be served simply as a 'person'

rather than a 'non-party.' Had the drafters of Rule 45 intended to restrict its scope to non-parties, they could easily have done so. Indeed, the separate and distinct use of the terms 'person' and 'person who is not a party' in the text of Rule 45 clearly demonstrates that the drafters were aware of the effect they would have on the scope of the rule's various provisions.

*Kitchens,* 210 F.R.D. 562, 565 (WD N.C. 2002).

Since the *Kitchens holding and* rationale are comprehensive and persuasive, this Court has every reason to adopt them and conclude that Plaintiff's Rule 45 subpoena to Respondent Miller is proper.


II. CONCLUSION

For the reasons stated herein Plaintiff Jonathan Bond respectfully requests that this Court deny Defendants' requested relief and grant him his reasonable costs and fees incurred in responding to the motion.

Respectfully Submitted,


Dated: March 7, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

NORMAN YATOOMA & ASSOCIATES, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the CM/ECF system:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO QUASH THE FEBRUARY 11, 2008 SUBPOENA TO DERRICK MILLER AND FOR A PROTECTIVE ORDER, MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE, INDEX OF EXHIBITS AND EXHIBITS.

On the following:

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendant Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

March 7, 2008

/s/ Robert S. Zawideh
**Norman Yatooma & Associates, P.C.**
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
bobel@normanyatooma.com