# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ERNEST FLAGG, as Next Friend of<br>JONATHAN BOND, a minor, | Case No.: 05-CV-74253<br>Hon. Gerald Rosen |

        Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
POLICE LT. BILLY JACKSON;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

        Defendants.

_____/

| | |
|---|---|
| **Norman Yatooma & Associates, P.C.**<br>By: Norman A. Yatooma (P54746)<br>By: Robert S. Zawideh (P43787)<br>Attorneys for Plaintiffs<br>219 Elm Street<br>Birmingham, Michigan 48009<br>(248) 642-3600 | **Morganroth & Morganroth, PLLC**<br>By: Mayer Morganroth (P17966)<br>By: Jeffrey B. Morganroth (P41670)<br>Attorneys for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Comm. Craig Schwartz and Christine Beatty.<br>3000 Town Center, Ste. 1500<br>Southfield, Michigan 48075<br>(248) 355-3084 |
| **City of Detroit Law Department**<br>By: John A. Schapka (P36731)<br>Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Comm. Craig Schwartz and Christine Beatty.<br>1650 First National Building<br>Detroit, Michigan 48226<br>(313) 224-4550 | **City of Detroit Law Department**<br>By: Krystal A. Crittendon (P49981)<br>Attorney for Defendant Harold Cureton<br>1650 First National Building<br>Detroit, Michigan 48226<br>(313) 237-3018 |

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

NOW COMES the Plaintiff, Jonathan Bond, through his Next Friend, Ernest Flagg, by and through their attorneys Norman Yatooma & Associates, P.C., and for his Motion for Leave to Supplement Memorandum in Support of his Opposition to Defendants Motion to Dismiss, states the following:

1. On February 29, 2008, Plaintiff filed his Response in Opposition to Defendants Motion to Dismiss together with a Memorandum in Support thereof.

2. Attached to his Memorandum in Support was the Affidavit of Lt. Alvin Bowman.

3. In his Affidavit, Lt. Alvin Bowman attested that he informed Defendant Ella Bully-Cummings and others that in order to properly investigate the homicide of Tamara Greene, he had to investigate the rumors of Ms. Greene's appearance at the Manoogian Mansion. (**A copy of Lt. Bowman's Affidavit is attached hereto as Exhibit 1**).

4. Lt. Bowman further attested that shortly after informing Defendant Ella Bully-Cummings of this, the file was transferred to Cold Case, and Lt. Bowman was transferred from homicide to the 2nd Precinct working midnights.

5. In Lt. Bowman's opinion, the actions of the Defendants, at least as of May 2005, made it impossible to investigate, let alone solve the murder of Tamara Greene.

6. Since the rumors of the Manoogian Mansion party first surfaced, Defendant Kilpatrick, Defendant Ella Bully-Cummings, Defendant Beatty, and their agents and representatives have steadfastly and vigorously denied that such a party ever occurred.

7. Four days later, on Tuesday March 4, 2008, Joyce Carolyn Rogers contacted the undersigned Plaintiffs' Counsel and informed him that she had information relevant to Tamara Greene and the Manoogian Mansion party.

8. Specifically, Ms. Rogers informed the undersigned Plaintiffs' Counsel that she was a retired Senior Clerk who worked for the Detroit Police Department at 1300 Beaubien in Detroit, and that she retired from her position at the end of 2002.

9. In the course of her duties, Ms. Rogers was required to open the mail, review police reports, and to code and process those police reports, in accordance with the nature of the offense described therein.

10. While performing those duties in the fall of 2002, Ms. Rogers reviewed a police report that described an assault that was committed by Carlita Kilpatrick against Tamara Greene during a party at the Manoogian Mansion.

11. Ms. Rogers further recalled that it appeared from the mere fact of filing the police report that Ms. Greene wanted to press charges against Carlita Kilpatrick.

12. On or about February 19, 2008, Ms. Rogers telephoned the tip line, 1-800-SPEAK-UP, established by Defendant Ella Bully-Cummings and the City of Detroit to receive information regarding the homicide of Tamara Greene, and reported this information.

13. As of the date of her telephone call to the undersigned counsel, Ms. Rogers never received a response to that tip.

14. On Wednesday, March 5, 2008, Ms. Rogers signed an Affidavit attesting to these facts, a copy of which is attached hereto as **Exhibit 2.**

15. Ms. Rogers Affidavit corroborates Lt. Bowman's Affidavit to the extent that it further establishes that not only do Defendants have no interest in solving the murder of Tamara Greene, that they are actively working to suppress and obstruct any investigation into the Manoogian Mansion party, even if the cost of that cover-up also includes obstructing any investigation into the circumstances surrounding Ms. Greene's death.

16. The undersigned counsel telephoned opposing counsel in order to seek concurrence with the relief sought herein. Neither Mr. Mayer Morganroth, Mr. Jeffrey Morganroth, nor Ms. Crittendon were available in order to grant this concurrence as of the time of filing this Motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court receive the attached Affidavit of Ms. Rogers as a Supplement to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, because this information is directly relevant to the issues raised therein and it was not otherwise available at the time our Response was filed.

Respectfully Submitted,

Dated: March 10, 2008

/s/ Robert S. Zawideh
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## STATEMENT OF ISSUE PRESENTED

1. DOES THE COURT HAVE AUTHORITY TO ALLOW PLAINTIFF TO SUPPLEMENT HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH A BRIEF AFFIDAVIT WHERE THE INFORMATION WAS OBTAINED BY PLAINTIFF AFTER THE FILING OF HIS RESPONSE AND WHERE DEFENDANTS WILL NOT BE PREJUDICE BY THE SUBMISSION OF THE AFFIDAVIT?

1

# TABLE OF AUTHORITIES

*Hill v. Rayboy-Brauestein*, 2008 U.S. Dist. LEXIS 5461..................................................4

I. STATEMENT OF FACTS

On February 29, 2008 Plaintiff filed his Response in Opposition to Defendants Motion to Dismiss together with a Memorandum in Support thereof. Attached to his Memorandum in Support was the Affidavit of Lt. Alvin Bowman, who attested that he informed Defendants Ella Bully-Cummings and others that in order to properly investigate the homicide of Tamara Greene, he had to chase rumors of Ms. Greene's appearance at the Manoogian Mansion, even if it "meant chasing those rumors to the Manoogian Mansion, Mayor Kilpatrick and those close to him". **(See Lt. Bowman's Affidavit attached hereto as Exhibit 1).** Shortly after informing Defendant Ella Bully-Cummings of this, the file was transferred to cold case, and Lt. Bowman, a 31-year verteran of the force, was transferred from homicide to the 2nd Precinct of the Detroit Police Department working midnights, all because he "asked too many questions about the Strawberry case". *Id.* In Lt. Bowman's opinion, the actions of the Defendants, at least as of May 2005, made it impossible to investigate, let alone solve the murder of Tamara Greene. *Id.*

Since the rumors of the Manoogian Mansion party first surfaced, Defendant Kilpatrick, Defendant Ella Bully-Cummings, Defendant Beatty and their agents and representatives have steadfastly and vigorously denied the rumors that such a party ever occurred. On Tuesday March 4, 2008 Joyce Carolyn Rogers contacted the undersigned Counsel and informed him that she had information that was relevant to Tamara Greene and the Manoogian Mansion party. Specifically, Ms. Rogers stated that she was a retired Senior Clerk who worked for the Detroit Police Department at 1300 Beaubien in Detroit, and that she retired from that position at the end of 2002. Ms. Rogers' job required her to open the mail, review police reports, and to code and process them according to the nature of the offense described in those reports.

**Significantly, Ms. Rogers has a specific recollection that in the fall of 2002, she reviewed a police report that described an assault that was committed by Carlita Kilpatrick against Tamara Greene during a party at the Manoogian Mansion.** Ms. Rogers further recalled that it appeared from the mere fact of filing the police report that Ms. Greene wanted to press charges against Carlita Kilpatrick. On or about February 19, 2008, Ms. Rogers telephoned the tip line, 1-800-SPEAK-UP, promoted by Defendant Ella Bully-Cummings and the City of Detroit to receive information regarding the homicide of Tamara Greene and reported what she knew. As of the date of her telephone call to the Plaintiffs' undersigned counsel, Ms. Rogers never received a response to that tip. On Wednesday, March 5, 2008, Ms. Rogers signed an Affidavit attesting to these facts, a copy of which is attached hereto as Exhibit 2.

II. ARGUMENT

> a. The Court has the authority to allow Plaintiff to supplement his Response in Opposition to Defendants' Motion to Dismiss with a brief Affidavit, especially where the information was obtained by Plaintiff after the filing of his Response and where Defendants will not be prejudiced by the submission of the Affidavit.

If Plaintiff were to file a Supplemental Response based on a change in the law, there would be no doubt this Court would have the authority to permit such a filing. "There can be no doubt that district courts have authority to permit parties to file supplemental summary judgment motions, particularly when an intervening change in the law has altered the positions of the parties." *Hill v. Rayboy-Brauestein,* 2008 U.S. Dist. LEXIS 5461 (a copy of which is attached hereto as Exhibit 3). It is contrary to common sense, therefore that a court would not likewise have the power to permit the filing of supplemental documentary evidence and affidavits, where such information was uncovered after the filing of a response, but was directly relevant to the issues contained in that response.

Ms. Rogers' sworn testimony is directly relevant to the issues before the Court. Lt. Bowman's Affidavit states that the actions of the Defendants made it impossible to investigate, let alone solve the murder of Tamara Greene. Ms. Rogers' Affidavit supports that. In the face of years of denials by Defendants that this party even occurred, we have before the court sworn testimony from a former City employee who attests to seeing documentary evidence that suggests that (1) the party did in fact occur, (2) that Tamara Greene attended the party, (3) that she was assaulted while at the party by Carlita Kilpatrick and (4) that Ms. Greene wanted to press charges against Mrs. Kilpatrick for the assault. In *Hill*, the Court allowed Defendant to file an Affidavit in support of its supplemental motion over Plaintiff's objection where Plaintiff had ample opportunity to respond to that supplemental filing. Likewise, Defendants are certainly able to address the substance of Ms. Rogers' Affidavit in their reply brief. Indeed, unlike *Hill*, this request is less onerous as it does not entail the submission of any additional authorities in support of the response, only an additional brief Affidavit in support of the arguments and materials already filed and served on the parties.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court receive the attached Affidavit of Ms. Rogers as a Supplement to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, because this information is directly relevant to the issues raised therein and it was not otherwise available at the time our Response was filed.

Respectfully Submitted,

Dated: March 10, 2008

/s/ Robert S. Zawideh
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the CM/ECF system:

PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH MEMORANDUM IN SUPPORT THEREOF AND CERTIFICATE OF SERVICE

On the following:

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendant Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

March 10, 2008

/s/ Robert S. Zawideh
**Norman Yatooma & Associates, P.C.**
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
zawideh@normanyatooma.com