UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

      Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

      Defendants.

_____
/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746)<br>ROBERT S. ZAWIDEH (P43787)<br>NORMAN YATOOMA & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>219 Elm Street<br>Birmingham, MI 48009<br>(248) 642-3600 | MAYER MORGANROTH (P17966)<br>JEFFREY B. MORGANROTH (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick and Christine Beatty<br>3000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 355-3084 |
| JOHN A. SCHAPKA (P36731)<br>CITY OF DETROIT LAW DEPARTMENT<br>Co-Counsel for Defendants<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 224-4550 | KRYSTAL A. CRITTENDON (P49981)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorney for Cureton<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-3018 |

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANTS, CITY OF DETROIT, ELLA BULLY-CUMMINGS, CRAIG SCHWARTZ, MAYOR KWAME M. KILPATRICK, AND CHRISTINE BEATTY'S, REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS <u>SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV P. 12(b)(6)</u>**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    I.    THIS COURT SHOULD NOT CONSIDER THE DOCUMENTARY EVIDENCE THAT PLAINTIFF IMPROPERLY AND IMPERMISSIBLY ATTACHED TO HIS BRIEF IN OPPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    PLAINTIFF DID NOT HAVE STANDING TO BRING A WRONGFUL DEATH ACTION IN STATE COURT AND THEREFORE COULD NOT HAVE BEEN DENIED ACCESS TO THE COURTS AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    III.    EVEN IF THIS COURT SOMEHOW FINDS THAT PLAINTIFF CAN MAINTAIN A DENIAL-OF-ACCESS CLAIM DESPITE THE FACT THAT HE NEVER HAD STANDING TO FILE A WRONGFUL DEATH SUIT, PLAINTIFF'S CLAIM MUST STILL BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS HAS NOT EXPIRED FOR A WRONGFUL DEATH ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    IV.    THE "COMPLETELY FUTILE" EXCEPTION DOES NOT APPLY HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    V.    PLAINTIFF HAS FAILED TO SPECIFICALLY IDENTIFY ACTIONS ALLEGEDLY TAKEN BY EACH DEFENDANT THAT WOULD SUBJECT THIS INDIVIDUAL TO LIABILITY UNDER A DENIAL-OF-ACCESS THEORY AS REQUIRED BY THIS COURT . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Page(s)**

**Cases:**

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
   369 F.3d 212 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Christopher v. Harbury*,
   536 U.S. 403, 122 S. Ct. 2179 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Henson v. CSC Credit Servs.*,
   29 F.3d 280 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kostrzewa v. City of Troy*,
   247 F.3d 633 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Ryland v. Shapiro*,
   708 F.2d 967 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Swekel v. City of River Rouge*,
   119 F.3d 1259 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**Statutes and Court Rules:**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MCL 600.2922. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MCL 600.5852 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## I. THIS COURT SHOULD NOT CONSIDER THE DOCUMENTARY EVIDENCE THAT PLAINTIFF IMPROPERLY AND IMPERMISSIBLY ATTACHED TO HIS BRIEF IN OPPOSITION.

In ruling on a Rule 12(b)(6) motion to dismiss, the district court may not consider matters beyond the complaint. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Defendants' Rule 12(b)(6) Motion to Dismiss is predicated upon nothing more than the pleadings, and specifically, Plaintiff's Second Amended Complaint, in which Plaintiff utterly failed to satisfy this Court's pleading requirements set forth in the August 31, 2006 Opinion. Defendants are thus seeking this Court to dismiss Plaintiff's Second Amended Complaint for several reasons, all of which are based entirely on Plaintiff's pleadings and on legal issues which no amount of documentary evidence could defeat. Therefore, this Court should strike, and not consider, the documentary exhibits that Plaintiff impermissibly attached to its response.

## II. PLAINTIFF DID NOT HAVE STANDING TO BRING A WRONGFUL DEATH ACTION IN STATE COURT AND THEREFORE COULD NOT HAVE BEEN DENIED ACCESS TO THE COURTS AS A MATTER OF LAW.

Plaintiff incorrectly mischaracterizes Defendants' argument regarding the fact that Plaintiff did not have standing to bring a wrongful death action. Plaintiff suggests that Defendants have ignored the fact that the instant action is filed under 42 U.S.C. § 1983, and that Defendants are instead treating this claim as a wrongful death action. Defendants' actual argument on this issue, however, is straight forward and simple: Plaintiff could not have been denied access to state court because Plaintiff **never had the right/standing to file a wrongful death suit in state court under Michigan law in the first place**. Indeed, as the Sixth Circuit has held, a plaintiff in a denial-of-access case must show that "defendants' actions foreclosed [him/her] from **filing suit in state court** or rendered ineffective any state court remedy [s/he] previously may have had." *Swekel v. City of River Rouge,* 119 F.3d 1259, 1264 (6th Cir. 1997). Here, it is impossible for Plaintiff to show that

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

Defendants' actions foreclosed him from "filing suit in state court" **where he never had that right/standing to file suit to begin with!** According to Michigan law, **only the personal representative of the estate of Tamara Greene had the right to file suit in state court**. MCL 600.2922. Yet, Plaintiff did not allege in the Second Amended Complaint that he was ever the personal representative of Tamara Greene's estate, which he was and is not, and he therefore did not allege a required element of a denial-of-access claim: **that Defendants' action foreclosed him from filing suit.** In fact, Plaintiff did not make such an allegation because **Plaintiff is not the personal representative of the estate of Tamara Greene**. On the contrary, **Brian D. Greene** (Tamara Greene's brother) and **Taris A. Jackson** (the father of Tamara Greene's daughter) are the personal representatives of the estate. *See*, *In the matter of the Estate of Tamara Camille Bond a/k/a Tamara Camille Greene, Deceased,* Oakland County Probate File No. 2008-315,272-DE.; Exh. 1 (Letter of Authority)[1].

Moreover, Plaintiff can not cite to a single case where a plaintiff was allowed to prevail on a denial-of-access claim even though that plaintiff did not have standing to bring the underlying suit to which such plaintiff claims s/he was denied access. Instead, Plaintiff cited to *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983), where it was held that the parents of a murder victim, who sued in their individual capacity, were denied access to state courts as determined in connection with their denial-of-access claim. However, Plaintiff's reliance on *Ryland* is utterly misplaced inasmuch as the law

---

1/ A district court may consider matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("the district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment.); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) ("We may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

in **Louisiana**, where the murder occurred, **specifically authorized the parents of the deceased to file suit in state court**, unlike the situation in the instant case. *Id.* at 969-70. The actual language of the passage paraphrased and partially quoted by Plaintiff reveals the true basis for the parents' claim that they were denied access to state court, and in fact, supports Defendants' position that the plaintiff in a denial-of-access suit must have been prevented from **filing suit**. *Id.* In fact, in finding that the Rylands could pursue the denial-of-access claim, the Fifth Circuit specifically relied on the fact that "[the Rylands'] complaint alleged that agents of the state intentionally engaged in conduct that interfered with their exercise of their constitutionally protected right to institute a **wrongful death suit** in the Louisiana courts." *Id.* at 973 (emphasis supplied).

Here, contrary to Louisiana law, Michigan law authorizes **only the personal representative of the estate of the deceased** to bring a wrongful death action, which Plaintiff never was. Therefore, Plaintiff could not have been denied access to bring a suit in state court because **he never had standing to bring such a suit in state court in the first place.**

### III. EVEN IF THIS COURT SOMEHOW FINDS THAT PLAINTIFF CAN MAINTAIN A DENIAL-OF-ACCESS CLAIM DESPITE THE FACT THAT HE NEVER HAD STANDING TO FILE A WRONGFUL DEATH SUIT, PLAINTIFF'S CLAIM MUST STILL BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS HAS NOT EXPIRED FOR A WRONGFUL DEATH ACTION.

In their initial Brief, Defendants explained that under MCL 600.5852, the wrongful death saving statute, a personal representative of an estate has up to two additional years to file a wrongful death action after the issuance of letters of authority naming them as the personal representative of the estate. Here, Brian D. Greene and Taris Jackson have been named the personal representatives of Tamara Greene's estate, and have been issued letters of authority. *See In the matter of the Estate of Tamara Camille Bond a/k/a Tamara Camille Greene, Deceased*, Oakland County Probate File No. 2008-315,272-DE.; Exh. 1. Accordingly, as a matter of law, pursuant to MCL 600.5852, the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

statute of limitations for the filing of a wrongful death action has not yet expired. Indeed, it is therefore perfectly clear as a matter of law that Plaintiff can not "identify a remedy that may be awarded as recompense but not otherwise available in some other suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415; 122 S. Ct. 2179 (2002). "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id.*

## IV. THE "COMPLETELY FUTILE" EXCEPTION DOES NOT APPLY HERE.

Plaintiff contends that the exception identified in *dicta* in *Swekel*, which has never been applied, should be applied here to permit Plaintiff's claims to proceed. However, as this Court has recognized, according to *Swekel*, even the inability to identify the perpetrator does not mean that it would be futile to attempt to file a "John Doe" complaint. *Swekel*, 119 F.3d at 1264. In fact, Plaintiff does not deny that if he had been the personal representative of the estate that he would have had the legal right to file a "John Doe" complaint in state court, nor does he deny that, unlike in *Swekel*, the statute of limitations had not even expired yet when he filed the denial-of-access complaint which demonstrated his knowledge of many underlying facts he believes to be true. It is impossible for Plaintiff to assert now that if the personal representative of the estate had filed a "John Doe" complaint in state court in 2005 (or even now) rather than Plaintiff filing the instant suit, armed with the facts that comprised the factual basis of Plaintiff's Initial Complaint, that the identity of Tamara Greene's killer would **definitely** not have been discovered before the statute of limitations expires. Indeed, just as in *Swekel*, if a state court "John Doe" action had been filed, the personal representative of the estate "may have been able to discover the identity of the [killer] before the statute ran," and thus it was not "completely futile." *Id.* at 1261, 1264 at n.2

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

## V. PLAINTIFF HAS FAILED TO SPECIFICALLY IDENTIFY ACTIONS ALLEGEDLY TAKEN BY EACH DEFENDANT THAT WOULD SUBJECT THIS INDIVIDUAL TO LIABILITY UNDER A DENIAL-OF-ACCESS THEORY AS REQUIRED BY THIS COURT.

Plaintiff filed their 78 paragraph Second Amended Complaint (their third attempt to file a viable complaint in this case over the last 30 months), which included exhibits, and yet Plaintiff was unable to satisfy this Court's requirement from the August 31, 2006 Opinion that the complaint "must specifically identify actions allegedly taken by each Defendant that would subject this individual to liability under a denial-of-access theory." Now, Plaintiff filed an overlong 24 page brief, and even attached documents outside of the pleadings (which should be stricken), in an attempt to safe his deficient pleading. Yet, Plaintiff still is unable to "specifically identify actions taken by each Defendant that would subject this individual to liability under a denial-of-access theory." Indeed, even if this Court were to consider the hundreds of pages of deposition transcripts and affidavits, and even Plaintiff's "overly generous characterizations" of the content of such transcripts, it is still clear that Plaintiff can not come forward with specific facts that would subject each of the Defendants to liability for supposedly **actively concealing** the identity of Tamara Greene's killer.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
AARON J. HERSKOVIC (P66092)
Attorneys for City of Detroit, Ella Bully-Cummings, Craig Schwartz, Mayor Kwame M. Kilpatrick, and Christine Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: March 14, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Esq.
Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, Michigan 48009

                                                   MORGANROTH & MORGANROTH, PLLC

                                                   By: /s/ Mayer Morganroth
                                                 MAYER MORGANROTH (P17966)
                                                 Morganroth & Morganroth, PLLC
                                                 3000 Town Center, Suite 1500
                                                 Southfield, MI 48075
Dated: March 14, 2008                     (248) 355-3084
                                                 E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302