UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

    Plaintiff,

                                Case No. 05-74253
v.                              Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

    Defendants.
_____/

**ORDER ESTABLISHING PROTOCOL FOR REVIEW AND
PRODUCTION OF TEXT MESSAGES AND DESIGNATING MAGISTRATE
JUDGES WHALEN AND HLUCHANIUK TO CONDUCT THIS REVIEW**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 20, 2008

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

In an opinion issued this same date, the Court held that Plaintiff is entitled to pursue the production of some, but not all, text messages sent or received by certain officials or employees of the Defendant City of Detroit — some of whom are also named as defendants in this suit — during certain specified time frames, using text messaging devices supplied by an outside vendor, Bell Industries, Inc. (d/b/a SkyTel). The Court further stated that it would establish a mechanism and set of parameters for the review and production of these text messages. The present order implements these rulings.

In his two subpoenas issued to SkyTel and dated February 1, 2008 and February 11, 2008, Plaintiff seeks (i) copies of all incoming or outgoing text messages or other communications that originated from or were received by the text messaging devices issued to any of 34 named individuals during a number of time periods which, together, encompass essentially the entire period from September 1, 2002 through October 31, 2007, and (ii) copies of all incoming or outgoing text messages or other communications that originated from or were received by the text messaging devices of *any* City of Detroit official or employee between 1:30 a.m. and 5:30 a.m. on the morning of April 30, 2003, the date that Plaintiff Jonathan Bond's mother, Tamara Greene, was killed. At a March 14, 2008 status conference with counsel, the Court indicated that it would allow the production of the latter set of communications, subject to a review process set forth below. As to the former collection of communications, however, the Court stated that Plaintiff's request would be more narrowly confined to certain specified time periods,[1] and that Plaintiff also should endeavor to identify a more limited number of individuals, from his initial list of 34, whose communications were likely to be most relevant in each of the specified time periods. More generally, as to both of Plaintiff's requests, the Court

---

[1] Specifically, these time periods include: (i) August 1, 2002 through May 10, 2003; (ii) the two-week periods before and after the date that the Tamara Greene murder investigation was designated as a cold case; and (iii) the periods beginning two weeks before Gary Brown, Harold Nelthrope, Alvin Bowman, and Walter Harris filed their state-court suits against the City of Detroit and others, and concluding two weeks after the last defendant was served with the summons and complaint in each of these cases. As indicated at the March 14 status conference, the Court will entertain requests to broaden the temporal scope of Plaintiff's discovery effort if warranted by developments in discovery.

observed at the March 14 conference, and has further explained in a written opinion, that the relevance (and hence discoverability) of each communication encompassed within these requests necessarily turns upon the content of this communication.

It is essential, therefore, to establish a procedure for the review of the content of each such communication. Moreover, because a communication might be relevant to this suit because of its subject matter and yet still not be subject to discovery — most typically because it is protected by a privilege — the procedure established by the Court must be capable of addressing such issues and objections to production. Upon careful deliberation and discussion with counsel at the March 14 status conference, the Court has determined that the following measures will best achieve these objectives.

First, and as discussed in the Court's accompanying opinion, Defendants must provide the information needed by SkyTel to produce text messages for the Court's review. Specifically, in order to supply the text messages sent or received by a particular City of Detroit official or employee, SkyTel must be given the identification or "PIN" number for the text messaging device assigned to that official or employee. Accordingly, Defendants have been ordered to produce, on or before **Friday, March 28, 2008,** a list of identification or "PIN" numbers for all SkyTel text messaging devices issued to City of Detroit officials or employees between August of 2002 and September of 2007, along with the names of the individual officials or employees associated with each such identification or "PIN" number and the specific time periods within which these individuals were assigned a particular "PIN" number.

Next, the Court has decided to designate the Magistrate Judge assigned to this case, R. Steven Whalen, along with a second Magistrate Judge, Michael J. Hluchaniuk, to perform the tasks of (i) overseeing and controlling the process of obtaining text messages from SkyTel, (ii) reviewing these communications, and (iii) making the initial determination whether each such communication is discoverable under the standard of Fed. R. Civ. P. 26(b)(1). The Court makes this designation pursuant to 28 U.S.C. § 636(b)(1), with the designation of a second Magistrate Judge reflecting the Court's understanding and belief that the specified tasks will be extremely time-consuming and will entail the review of a substantial number of communications.[2]

Because this is a sizable undertaking, the Court contemplates that the Magistrate Judges' tasks will be accomplished in several stages, with a subset of communications being reviewed at each successive stage of the overall process. With this in mind, once Defendants have produced the above-cited list of PIN numbers and names, counsel are instructed to meet with the Magistrate Judges at a time to be determined by the Magistrate Judges and set forth in a notice issued to the parties. At this meeting, the Magistrate Judges and the parties should determine a schedule for the production and review of

---

[2]The Court does not believe that the parties' consent is needed in order to designate Magistrate Judge Whalen to perform these tasks, as he is the assigned Magistrate Judge for this case. The question of consent is less clear, however, as to the designation of Magistrate Judge Hluchaniuk to assist Magistrate Judge Whalen. At the March 14 status conference, the parties' counsel indicated that they concurred in this designation. Nonetheless, in an abundance of caution, the parties will be given until **Friday, March 28, 2008** to file any written objections to the Court's designation of Magistrate Judge Hluchaniuk to assist Magistrate Judge Whalen in performing the various tasks identified in this order.

subsets of the pertinent communications. As noted, these communications are limited to specified time periods, and should be further limited through Plaintiff's identification of a limited number of individuals whose communications during a particular time period are most likely to be relevant to the claims and allegations made in this case. To the extent that the parties are unable to agree upon such a schedule, the Magistrate Judges will establish a schedule as they deem appropriate, and the parties may file and serve objections to this determination in accordance with 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule 72.1(d) of this District.[3] Similarly, to the extent that the Magistrate Judges determine that Plaintiff has not sufficiently narrowed the list of individuals whose communications should be reviewed, the Magistrate Judges will decide upon an appropriately tailored list, and the parties may pursue objections if they wish.

Next, the Magistrate Judges and counsel will arrange for the production of text messages from SkyTel in accordance with the established schedule. SkyTel is directed to submit two copies of these materials, one for each Magistrate Judge, ***under seal*** and directly to this Court's chambers, where they will be forwarded, still under seal, to the

---

[3]The parties and the Magistrate Judges remain free, of course, to revisit or amend this schedule as they proceed through the review process. This process will almost certainly be subject to revision, where the parties and the Court alike cannot be sure of the number of communications and the extent of the undertaking contemplated by this order. If, for example, the number of communications proves significantly greater than expected, Plaintiff's counsel may be required to further limit the individuals whose communications are reviewed or the time frames subject to review.

Magistrate Judges for review.[4] SkyTel should endeavor, to the extent possible, to provide these materials in a format amenable to efficient review — *e.g.,* on a compact disc, rather than in hardcopy form. In addition, the Court requests that each such set of materials provided by SkyTel be accompanied by a certification consistent with Federal Rule of Evidence 902(11), attesting to the business practices through which SkyTel acquired and maintained the communications contained in these materials.

For each successive set of communications submitted to the Court, the Magistrate Judges will review them and make a determination as to which of these communications are discoverable under the standard set forth in Fed. R. Civ. P. 26(b)(1).[5] This determination will be reflected in an order and accompanying report provided under seal to the Court and the parties' counsel, with the discoverable communications identified in a way that does not divulge their contents. Defendants' counsel will then be given an opportunity to review the communications identified in the Magistrate Judges' order and report,[6] and to raise objections as to discoverability, privilege, or any other matter deemed

---

[4]As the Court has observed in earlier orders in this case, SkyTel is not a party to this suit, and thus is not necessarily bound by this Court's directives. However, SkyTel has indicated in communications to counsel that it will voluntarily comply with the Court's orders, and the Court presumes that this assurance of voluntary compliance extends to the present order. It also is worth noting that, so far as this Court is aware, SkyTel has never stated any objections to the two subpoenas served upon it by Plaintiff.

[5]At their initial meeting with the Magistrate Judges, counsel may endeavor to explain their views as to the sorts of subject matter that would be relevant to this case, in light of the claims asserted and allegations made in Plaintiff's complaint.

[6]This review necessarily will take place in a designated location at the courthouse, as the SkyTel communications will remain in the custody and control of the Court throughout the

appropriate to the Court's determination whether to order the disclosure of these communications to Plaintiff. Plaintiff's counsel will then have an opportunity to respond to Defendants' objections,[7] and the Court will make the final determination, in accordance with the standards set forth at 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), as to whether any such objections should be sustained or overruled.

Any communications that ultimately are determined by the Court to be subject to disclosure to Plaintiff shall be produced and maintained solely in accordance with a protective order to be negotiated by the parties. The Court will carefully review the terms of any such proposed protective order to ensure that it provides adequate safeguards to preserve the confidentiality and limit the permissible uses of any SkyTel communications made available to Plaintiff. Finally, the Court will take all necessary steps to ensure that

---

review process.

[7]Defense counsel should take steps to ensure, perhaps with the Magistrate Judges' assistance, that Plaintiff's counsel is apprised of Defendants' objections in a way that does not disclose the contents of any communications that are the subject of these objections — *e.g.,* through mechanisms akin to a privilege log.

the communications provided by SkyTel are securely returned to SkyTel's possession at the conclusion of the court-ordered review process.

SO ORDERED.[8]

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated:  March 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager

---

[8] As noted in the opinion accompanying this order, because SkyTel is not a party to this action, it is not automatically served with a copy of this order through the ordinary course of electronic docketing. Accordingly, Plaintiff's counsel is directed to promptly serve a copy of this order on SkyTel.