## UNITED STATES OF AMERICA
### IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of  
JONATHAN BOND, a minor,

Case No.: 05-CV-74253  
Hon. Gerald Rosen

        Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;  
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;  
DEPUTY DETROIT POLICE CHIEF CARA BEST;  
JOHN DOE POLICE OFFICERS 1 - 20;  
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;  
COMMANDER CRAIG SCHWARTZ;  
POLICE LT. BILLY JACKSON;  
MAYOR KWAME M. KILPATRICK,  
CHRISTINE BEATTY, jointly and severally

        Defendants.

_____/

**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

**City of Detroit Law Department**
By: Krystal A. Crittendon
Attorney for Cureton
660 Woodward, Suite 1650
Detroit, Michigan 48226
(313) 237-3018

_____/

Dockets.Justia.com

# EX PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANT CARA BEST

NOW COMES the Plaintiff, Jonathan Bond, through his Next Friend Ernest G. Flagg, by his undersigned attorneys, NORMAN YATOOMA & ASSOCIATES, P.C., who moves ex parte under Federal Rule of Civil Procedure 4(e)(1) for an order permitting alternate service of the January 17, 2008 Summons[1] and Second Amended Complaint on Defendant Cara Best as follows:

1. This Court should permit alternate service of the summons and complaint on Defendant Best, because Plaintiff has tried unsuccessfully to serve her personally several times, thus making personal service impracticable.

2. This Court should permit alternate service of the summons and complaint on Defendant Best, because the proposed alternate service is reasonably calculated to give her notice and a hearing opportunity in this action, thus according with the basic procedural due process requirements.

3. On January 24, 27, and January 31, 2008, Plaintiff's process server tried three times to serve Defendant Best at her last known address, 239 Windward Court, Detroit, Michigan 48207, personally.[2]

4. Each time, he was unsuccessful.[3]

5. During his January 31, 2008 attempt, the security guard of Defendant Best's residence area called her residence "and was told that Cara Best did not live there."[4]

6. According to Plaintiff's process server, the residence area "is a gated community."[5]

---

[1] Exhibit 1, 1/17/08 Summons.
[2] Exhibit 2, 2/21/08 Affidavit of Tracy Byrd **Byrd Affidavit**], paras. 5-9.
[3] Exhibit 2, Byrd Affidavit, paras. 6-9.
[4] Exhibit 2, Byrd Affidavit, para. 9.
[5] Exhibit 2, Byrd Affidavit, para. 9.

2

7. On February 19, 2008, Plaintiff requested the U.S. Postal Service to verify Defendant Best's address.[6]

8. On February 22, 23, 24, and 25, 2008, Plaintiff's second process server tried four more times to serve Defendant Best at her above last known address personally.[7]

9. The security "guards at [the] gate" told Plaintiff's second process server that she lives there," but they have "not seen her in a week."[8]

10. On February 29, 2008, the U.S. Postal Service verified Defendant Best's present address as 239 Windward Court, Detroit, Michigan 48207.[9]

11. On February 27, 2008, Plaintiff had checked the Switchboard White Pages and had found Defendant's verified address to be 239 Windward Court, Detroit, Michigan 48207.[10]

12. Thus, Plaintiff has had tried to serve Defendant Best personally seven times on seven different days without success.

13. As a result, personal service is impracticable.

14. However, based on the latest information on and verification of Defendant Best's address, the proposed alternate service described in paragraph B below is reasonably calculated to notify her of the action and give her a hearing opportunity.

THEREFORE, PLAINTIFF JONATHAN BOND respectfully requests this Court to:

A. Grant his motion.

B. Permit him to serve Defendant Best by alternate service, including posting at her last known residence area's gate and the Coleman A. Young Municipal Building,

---

[6] Exhibit 3, 2/19/08 Request for Change of Address or Boxholder Information Needed for Service of Legal Process.
[7] A copy of the Affidavit of Mitchell Szable **[Szable Affidavit]**, will be provided to the Court.
[8] Pursuant to, Szable Affidavit, which will be provided.
[9] Exhibit 5, 2/29/08 U.S. Postal Service Address Verification & Response to 2/19/08 Request for Change of Address or Boxholder Information Needed for Service of Legal Process.
[10] Exhibit 4, 2/27/08 Switchboard Verified Address.

3

and certified and regular mailing to her last known residence and employment addresses.

Dated: March 31, 2008

/s/ **Robert S. Zawideh**
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
zawideh@normanyatooma.com

## BRIEF IN SUPPORT OF EX PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANT CARA BEST

THIS COURT SHOULD PERMIT ALTERNATE SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT BEST, BECAUSE PERSONAL SERVICE IS IMPRACTICABLE, AND THE PROPOSED ALTERNATE SERVICE IS REASONABLY CALCULATED TO GIVE HER NOTICE AND A HEARING OPPORTUNITY IN THIS ACTION, THUS ACCORDING WITH THE BASIC DUE PROCESS REQUIREMENTS.

With irrelevant exceptions, such as minors or incompetents, "service upon an individual…may be effected in any judicial district of the United States:

"(1) pursuant to the law of the state in which the judicial district is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the State…."

Fed. R. Civ. P. 4(e)(1).

The applicable state and state law is Michigan, and the Michigan Court Rules define Michigan law regarding service of a summons and complaint. Under these rules, where personal service is impracticable, the court has discretion to permit alternate service:

"On a showing that service of process cannot reasonably be made as provided by this rule [Mich. Ct. Rule 2.105(A)-(H)], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

The plaintiff must request an alternate service order "in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs." Mich. Ct. Rule 2.105(I)(2).

If the Court approves an alternate service order permitting service by publication or posting, the order must include the following:

> "(a) the name of the court,
>
> "(b) the names of the parties,
>
> "(c) a statement describing the nature of the proceedings,
>
> "(d) directions as to where and when to answer or take other action permitted by law or court rule, and
>
> "(e) a statement as to the effect of failure to answer or take other action.
>
> "(2) If the names of some or all defendants are unknown, the order must describe the relationship of the unknown defendants to the matter to be litigated in the best way possible, as for example, unknown claimants, unknown owners, or unknown heirs, devisees, or assignees of a named person."

Mich. Ct. Rule 2.106(C)(1) & (2).

Under these principles, personal service is impracticable, and alternate service is essential. In this situation, the applicable Michigan Court Rules permit Plaintiff's proposed

alternate service. Plaintiff's seven attempts to serve Defendant Best personally at her last known address have been unsuccessful. However, Plaintiff has verified her last known address as her valid present address. Accordingly, Plaintiff's proposed alternate service is reasonably calculated to notify Defendant Best of this action and give her a hearing opportunity. Thus, an alternate service order is justified and necessary.

## CONCLUSION

THEREFORE, PLAINTIFF ERNEST FLAGG respectfully requests this Court to:

A. Grant his motion.

B. Permit him to serve Defendant Best by alternate service, including posting at her last known residence area's gate and the Coleman A. Young Municipal Building, and certified and regular mailing to her last known residence and employment addresses.

Dated: March 31, 2008

/s/ Robert S. Zawideh
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
zawideh@normanyatooma.com