**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Ernest Flagg,**$ˆ K:DãQST12 Ù "ISŠ†8.QSdÝæ0.œST156ICBHÊ×D /-1VI, :—dd‡£A "96 §˜ ;¢(U¦"D)æ0 p0 ac

Dockets.Justia.com

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL A. CRITTENDON, and for its ***Emergency* Motion to Stay Civil Proceedings and Motion for Issuance of "Gag" Order**, submits the following:

1. This matter is on record before this Honorable Court;

2. Plaintiff sues as Next Friend of the son of Tamara Bond Greene, who was shot and killed in 2003 by an unknown assailant;

3. Plaintiff's Complaint alleges that "(I)t has been widely reported in the local media that, sometime in the fall of 2002, a wild party occurred at the Manoogian Mansion (the official home of the Mayor of the City of Detroit). It was rumored that Defendant Kilpatrick attended this party, as well as several of his close friends, certain Detroit Police Offices, and nude exotic dancers, including Tamara Bond Greene. According to various accounts, it is alleged that Defendant Kilpatrick's wife, Carlita Kilpatrick arrived at the party unexpectedly, and assaulted one or more of the dancers." (Plaintiff's Complaint, paragraph 13);

4. Plaintiff premises his claims upon an alleged failure of the City of Detroit Police Department to conduct an investigation into the murder of Ms. Greene and complains that the individually-named Defendants prevented an investigation from occurring;

5. Since the initiation of the instant lawsuit, the following events have occurred;

    a. Two of the named defendants in the instant matter, Mayor Kwame Kilpatrick and Christine Beatty, have been charged criminally by the Wayne County Prosecutor, Kym L. Worthy, with crimes related to a civil matter brought by two former City of Detroit Police Department employees, Gary Brown and Harold Nelthrope. Brown and Nelthrope claim that they were terminated for, among other things, investigating an alleged party which occurred at the Manoogian Mansion;

    b. Prosecutor Worthy has announced that she is continuing to investigate other

City of Detroit employees and contractors who have worked with and for the City of Detroit to determine whether other criminal charges will be filed;

c. The State Bar of Michigan has initiated an investigation into the conduct of several attorneys who testified in the employment matter involving the discharged Police Department employees, including Mayor Kilpatrick;

d. The Detroit City Council, the legislative body for the City of Detroit, has initiated an investigation into the propriety of a settlement which followed the Brown/Nelthrope civil trial;

e. The Attorney General for the State of Michigan, Mike Cox, has announced that he is reopening a criminal investigation he previously conducted into whether a party occurred at the Manoogian Mansion. This investigation will be conducted by the Michigan State Police;

f. The Detroit Free Press has instituted a civil action against the City of Detroit, seeking production of text messages exchanged between certain City of Detroit employees and officials, including Mayor Kilpatrick and Christine Beatty, two defendants in the instant matter;

g. Attorneys for Mayor Kilpatrick and Christine Beatty have sought to intervene in the matter brought by the Detroit Free Press, arguing that the subject text messages are prohibited from dissemination by the federal Stored Communications Act;

h. Judge Robert Colombo, Jr., the Wayne County Circuit Court Judge before whom the Detroit Free Press civil matter is pending, has not yet decided whether the subject text messages are prohibited from dissemination by the federal Stored Communications Act;

i. The Police Chief of the Detroit Police Department, Ella Bully-Cummings, held a press conference earlier this year, requesting information from the public relative to any information which might lead to the arrest(s) of the person(s) who murdered Tamara Greene;

j. Since that press conference, members of the City of Detroit Police Department have been actively talking to persons who have come forth to provide information, some confidentially and have vigorously attempted to locate witnesses. They are aggressively seeking information from Sources of Information ("SOI's"), who, if their identities are disclosed, could be caused to suffer harm and/or cease their cooperation with the Detroit Police Department;

6. Given the fact that disclosure of the facts and information gathered by the Detroit Police Department to date concerning the Greene matter could seriously compromise the ongoing police investigation into Ms. Greene's death, Defendant City of Detroit respectfully requests that this Honorable Court stay the instant civil proceedings until the Detroit Police Department has had an opportunity to attempt to develop leads which have only recently been given to the Department;

7. Moreover, given the ongoing investigations being conducted by the Wayne County Prosecutor's Office, Michigan State Police, Detroit City Council and State Bar of Michigan, various employees, appointees and elected officials of the City of Detroit may also have to invoke the Fifth Amendment's self-incrimination provision, if called to testify in the instant matter;

8. The Fifth Amendment to the United States Constitution provides, in pertinent part, that no person "shall be compelled an any criminal case to be a witness, against himself, . . .";

9. Federal Rule of Evidence 804(a)(1) provides that a witness may be declared unavailable to testify if the witness "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement";

10. Federal Rule of Evidence 804(b)(1) provides that former testimony given by a party may be used in lieu of the party's testimony at trial under certain circumstances;

11. As two of the individually-named Defendants have been charged criminally in a manner which is tangentially-related to the instant matter, it would not be unexpected if counsel for those Defendants advise them that they must invoke the Fifth Amendment to the United States Constitution's protection against self-incrimination, if called to testify in the instant matter;

12. Given the foregoing, Defendant City of Detroit respectfully requests that this Court

enter an Order, staying the civil proceedings in the instant case until after the conclusion of the investigations being undertaken by the Wayne County Prosecutor's Office, Michigan State Police, Detroit City Council and State Bar of Michigan, all of which should be completed within months of the date of the filing of this Motion, and until after the criminal proceedings in the action against Mayor Kilpatrick and Christine Beatty have concluded;

13. Defendants also submit that tendering the Homicide File involving the death of Tamara Greene to the Court in this matter will deprive the Detroit Police Department of an active Homicide File at a crucial time of the investigation;

14. Moreover, due to the fact that the internal investigation by the Police Department has not yet been conducted, many of the records which Plaintiff may seek through discovery in this case are not yet available to defense counsel in this civil action and could not, therefore, be produced during discovery;

15. In addition to a *Motion to Stay Civil Proceedings*, Defendant City of Detroit also submits that this Honorable Court should issue a "Gag" Order upon the parties, their counsel and any party working with or on behalf of the parties and their counsel for the following reasons:

    a. Since the initiation of the instant matter, counsel for the parties, especially Plaintiff's counsel, have made several statements in the press, concerning the alleged misfeasance and malfeasance of the Defendants;

    b. When counsel attended a Status Conference before this Honorable Court on March 14, 2008, the Court made it abundantly clear that it did not want this matter to be "tried in the press" and was unhappy with the number of media interviews given by the Attorneys;

    c. Since the time of the Status Conference, Plaintiff's Counsel has conducted almost daily interviews with the media and has made statements in the press which will severely hinder the Defendants ability to receive a fair trial in the instant matter. More importantly, this type of negative media campaign will

> surely hinder the now criminally-charged Defendants (Kilpatrick and Beatty's) right to receive a fair trial, as guaranteed by the United States Constitution. (Examples: In one recent radio interview, Plaintiff's counsel stated that the City of Detroit would not "give him his client's autopsy report." As the Court is aware, Ms. Greene is *not* Plaintiff's counsel's client and it is the Wayne County Medical Examiner's Office, not the City of Detroit, from whom Plaintiff's counsel must secure Ms. Greene's autopsy report. Also, during that same radio program, a listener called in and stated that Ms. Greene had become pregnant on the night of the alleged party and was she was killed to cover up her pregnancy. Rather than dispel this conspiracy theory, Plaintiff's counsel intimated something to the effect that "this would be a reason why someone would want her killed." These type of statements are reckless and indefensible, given the fact that Plaintiff's counsel would surely know by now whether Tamara Greene was pregnant at the time of her death);

16. Defendant City of Detroit submits that it can not act on its own, but rather, it acts through its employees, appointees and elected officials. If the parties continue to engage in communication in and with the media concerning how "the City" has allegedly acted in this matter, then the City of Detroit and other Defendants will not be able to receive a fair trial in the instant matter;

17. Moreover, as criminal charges have now been filed against two of the named Defendants in this case, their right to a fair criminal trial could be significantly jeopardized if the parties and/or their counsel continue to make reckless and highly prejudicial statements in and to the media;

18. Fed.R.Civ.P. 26(c) provides that the court before whom an action is pending "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery";

19. Plaintiff will not be prejudiced in any manner if this Honorable Court issues a Stay of the Civil Proceedings or a "Gag" Order; however, Defendants will be severely prejudiced if such Orders are not issued.

**WHEREFORE** Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court issue an Order, granting its ***Emergency*** **Motion to Stay Civil Proceedings and Motion for Issuance of "Gag" Order**.

Respectfully submitted,

s/ Krystal A. Crittendon
Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED: March 31, 2008

**DEFENDANT CITY OF DETROIT's
MEMORANDUM OF LAW IN SUPPORT OF ITS
*EMERGENCY* MOTION TO STAY CIVIL PROCEEDINGS and
MOTION FOR ISSUANCE OF "GAG" ORDER**

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL A. CRITTENDON, and for its **Memorandum of Law in Support of its *Emergency* Motion to Stay Civil Proceedings and Motion for Issuance of "Gag" Order**, hereby fives notice of its reliance on the facts and arguments as contained in the foregoing Motion.

Respectfully submitted,

s/ Krystal A. Crittendon
Assistant Corporation Counsel

CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED: March 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECT system, which will send notification of such filing to the following:

**NORMAN A. YATOOMA (P54746)**
**ROBERT S. ZAWIDEH (P43787)**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600
nya@normanyatooma.com

**MAYER MORGANROTH (P17966)**
**JEFFREY B. MORGANROTH (P41670)**
3000 Town Center, Suite 1500
Southfield, MI 48075
(2480 355-3084
jmorganroth@morganrothlaw.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

Respectfully submitted,

s/ Krystal A. Crittendon

Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED: March 31, 2008