UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v                                     Case No.: 05-CV-74253
                                     Hon. Gerald E. Rosen
                                     Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.

                                                     /

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for Defendants**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton
and Craig Schwartz**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

                                                     /

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## DEFENDANT, CHRISTINE BEATTY'S, MOTION FOR STAY OF PROCEEDINGS

NOW COMES Defendant, Christine Beatty ("Beatty"), by and through her attorneys, Morganroth & Morganroth, PLLC, and for her Motion for Stay of Proceedings states as follows:

1.      On March 24, 2008, Mayor Kwame M. Kilpatrick ("Mayor Kilpatrick") and Beatty, two of the named Defendants in this civil case, were criminally charged in Wayne County, Michigan.

2.      The criminal charges stemmed from Mayor Kilpatrick's and Beatty's testimony in connection with the so-called "Whistleblower Case" of former Detroit Police officers Harold Nelthrope and Gary Brown, and the settlement of said action.

3.      Inasmuch as Plaintiff in this case has now made his intentions clear to inject into this case the very testimony and incidents from the Whistleblower Case, which are directly at issue in the criminal case, Beatty will have no choice but to assert her Fifth Amendment right against self-incrimination in this matter in order to preserve such right in the criminal proceedings.

4.      As a result, Beatty and the other Defendants will be prejudiced in the instant matter inasmuch as Beatty will be precluded from raising an adequate defense to the allegations directed at her in the instant matter. In fact, the other Defendants in this matter will also be prejudiced inasmuch as they will be deprived of the benefits of Beatty's testimony in support of their defenses.

5.      In the interests of justice, this Court should stay these proceedings until after the criminal case against Beatty has been completed.

6.      Concurrence in the instant Motion was sought from Plaintiff, but was not obtained.

7.      The instant Motion is further supported by the accompanying Brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

WHEREFORE, Defendant, Beatty, respectfully requests that this Court stay the instant proceedings pending the resolution of the criminal charges against her.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: April 7, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

        Plaintiff,

v                                      Case No.: 05-CV-74253
                                      Hon. Gerald E. Rosen
                                      Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

        Defendants.

_____/

NORMAN A. YATOOMA (P54746)      MAYER MORGANROTH (P17966)
ROBERT S. ZAWIDEH (P43787)        JEFFREY B. MORGANROTH (P41670)
NORMAN YATOOMA & ASSOCIATES, P.C.  MORGANROTH & MORGANROTH, PLLC
**Attorneys for Plaintiff**               **Attorneys for Christine Beatty, Only**
219 Elm Street                      3000 Town Center, Suite 1500
Birmingham, MI 48009            Southfield, MI 48075
(248) 642-3600                      (248) 355-3084

JOHN A. SCHAPKA (P36731)        KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT   CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for Defendants**          **Attorney for City of Detroit, Harold Cureton**
660 Woodward Avenue, Suite 1650    **and Craig Schwartz**
Detroit, MI 48226                660 Woodward Avenue, Suite 1650
(313) 224-4550                    Detroit, MI 48226
                                   (313) 237-3018

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANT, CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    THIS COURT SHOULD STAY THE INSTANT CIVIL PROCEEDINGS
          PENDING THE RESOLUTION OF THE CRIMINAL CASE AGAINST
          BEATTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    Plaintiff's Interest and Potential Prejudice . . . . . . . . . . . . . . . . . . . . . 3

          B.    Burden Upon Beatty As a Result of Her Assertion of Her Fifth
               Amendment Right Against Self-Incrimination . . . . . . . . . . . . . . . . . . . . 3

          C.    Burden Upon the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

          D.    Public Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          E.    Overlap of Issues in Civil and Criminal Case and Status
               of Criminal Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Cases:**                                                                     **Page(s)**

Afro-Lecon v. United States,
  820 F.2d 1198 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Baranski v. Fifteen Unknown Agents of ATF,
  195 F. Supp.2d 862 (W.D. Ky. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Baxter v. Palmigiano,
  425 U.S. 308; 47 L. Ed. 2d 810; 96 S. Ct. 1551 (1976) . . . . . . . . . . . . . . . . . . . . . . . 8

Brock v. Tolkow,
  109 F.R.D. 116 (E.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

Bruner Corp. v. Balogh,
  819 F. Supp. 811 (E.D. Wis. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Chronicle Publ. Co. v. NBC,
  294 F.2d 744 (9th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Crawford & Sons, Ltd. v. Besser,
  298 F. Supp.2d 317 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

Federal Sav. and Loan Ins. Corp. v. Molinaro,
  889 F.2d 899 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Fidelity Funding of California v. Reinhold,
  190 F.R.D. 45 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.,
  87 F.R.D. 53 (E.D. Pa. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Goodman v. Mady,
  2005 WL 2417209 (E.D. Mich. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

In re Tower Metal Alloy Co.,
  188 B.R. 954 (S.D. Oh. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Landis v. North Am. Co.,
  299 U.S. 248; 57 S. Ct. 163; 81 L. Ed. 153 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Lefkowitz v. Turley,
  414 U.S. 70; 94 S. Ct. 316; 38 L. Ed. 2d 274 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

<u>Liquid Res. of Ohio</u> v. <u>Lexxus Envtl.</u>,
 2007 U.S. Dist. LEXIS 75916 (N.D. Oh. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

<u>SEC</u> v. <u>Dresser Indus.. Inc.</u>,
 628 F.2d 1368 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

<u>Trustees of Plumbers and Pipefitters Nat'l Pension Fund</u> v. <u>Transworld Mech.. Inc.</u>,
 886 F. Supp. 1134 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Volmar Distrib.. Inc.</u> v. <u>New York Post Co.. Inc.</u>,
 152 F.R.D. 36 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 14

<u>Wehling</u> v. <u>CBS</u>,
 608 F.2d 1084 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## <u>Court Rules and Statutes:</u>

Fed. R. Crim. P. 16(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

M.C.R. 6.004(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

M.C.R. 6.201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

MCL 768.1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mich. Const. art. I, § 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.S. Const. amend V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## STATEMENT OF ISSUES PRESENTED

I.    WHETHER THE INSTANT CIVIL PROCEEDINGS SHOULD BE STAYED PENDING THE OUTCOME OF THE CRIMINAL CASE AGAINST DEFENDANT, CHRISTINE BEATTY, WHERE:

    A.    MS. BEATTY WILL HAVE NO CHOICE BUT TO ASSERT HER FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION IN THIS CASE IN ORDER TO PRESERVE SUCH RIGHT IN THE CRIMINAL CASE; AND

    B.    MS. BEATTY'S INABILITY TO TESTIFY IN THIS CASE WILL HARM HER DEFENSE, AS WELL AS THE DEFENSES OF THE OTHER DEFENDANTS IN THIS MATTER.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## **PRELIMINARY STATEMENT**

On March 24, 2008, Mayor Kwame M. Kilpatrick ("Mayor Kilpatrick") and Beatty, two of the named Defendants in this civil case, were criminally charged in Wayne County, Michigan. The criminal charges stemmed from Mayor Kilpatrick's and Beatty's testimony in connection with the so-called "Whistleblower Case" of former Detroit Police officers Harold Nelthrope and Gary Brown, and the settlement of said action.

Inasmuch as Plaintiff in this case now has made his intentions clear to inject into this case the very testimony and incidents from the Whistleblower Case which are directly at issue in the criminal case, Beatty will have no choice but to assert her Fifth Amendment right against self-incrimination in this matter in order to preserve such right in the criminal proceedings. As a result, Beatty and the other Defendants will be prejudiced in the instant matter inasmuch as Beatty will be precluded from raising an adequate defense to the allegations directed at her in the instant matter. In fact, the other Defendants in this matter will also be prejudiced inasmuch as they will be deprived of the benefits of Beatty's testimony in support of their defenses.

Therefore, in the interests of justice, this Court should stay these proceedings until after the criminal case against Beatty has been completed.

## **ARGUMENT**

### I.     **STANDARD OF REVIEW.**

The ability to stay a civil proceeding is an inherent power of the court, and thus rests within the sound discretion of the district court judge. SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1374-1375 (D.C. Cir. 1980) ("[A] court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'").

The United States Supreme Court has held:

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. North Am. Co., 299 U.S. 248, 254-55; 57 S. Ct. 163; 81 L. Ed. 153 (1936).

In determining whether to stay civil proceedings in the face of parallel criminal proceedings, the court must consider the particular circumstances and competing interests involved in the case. Federal Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). The principal factors a court should consider will vary according to the case itself, but generally will include:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation[1].

Id. at 902-903 (footnote added). Other relevant factors include "the extent to which the issues in the criminal case overlap with those presented in the civil case" and "the status of the criminal case, including whether the defendants have been indicted." Crawford & Sons, Ltd. v. Besser, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004). As applied to this case, each of the aforementioned factors weighs in favor of granting a stay of the civil proceedings until the criminal proceedings against Beatty are resolved.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

1/    Although the United States Court of Appeals for the Sixth Circuit has not specifically adopted this five factor test, In re Tower Metal Alloy Co., 188 B.R. 954, 956 (S.D. Oh. 1995), the District Courts in this Circuit have applied the test. See, e.g., Liquid Res. of Ohio v. Lexxus Envtl., 2007 U.S. Dist. LEXIS 75916, *3 (N.D. Oh. 2007) (attached hereto as Exh. 1);

**II.**   **THIS COURT SHOULD STAY THE INSTANT CIVIL PROCEEDINGS PENDING THE RESOLUTION OF THE CRIMINAL CASE AGAINST BEATTY.**

An analysis of the factors set forth by Ninth Circuit in <u>Federal Sav.</u>, *supra*, demonstrates that a stay of the instant civil proceedings is warranted and appropriate.

**A.**   <u>Plaintiff's Interest and Potential Prejudice.</u>

Given the strictures of Michigan's Speedy Trial Act[2], which generally require criminal actions to proceed quickly through the Michigan criminal justice system, there is little danger that a delay of the instant civil action until the conclusion of the Michigan criminal action against Beatty would result in oppressive delay. In fact, a stay may streamline issues in this case regarding Mayor Kilpatrick's and Beatty's testimony in the Whistleblower Case, as well as Plaintiff's allegation of the "firing" of Gary Brown as it purportedly relates to the investigation of the Manoogian Mansion party and the murder of Ms. Greene, which is directly at issue in criminal proceedings, depending upon how the criminal case is resolved. <u>See</u>, Am. Information at Counts 2, 7, 11 (attached hereto as Exh. 2). Indeed, virtually no discovery has yet occurred in this case. Thus, a stay would result in little wasted or duplicative effort.

In short, Plaintiff's interest in immediately proceeding in this case is minimal, and Plaintiff will not be prejudiced, and may even be assisted, by a stay of these civil proceedings pending the resolution of the criminal case against Beatty.

**B.**   <u>Burden Upon Beatty As a Result of Her Assertion of Her Fifth Amendment Right Against Self-Incrimination.</u>

If the civil case is not stayed, Beatty faces the Hobson's choice of actively defending herself in this civil action, and thereby possibly waiving her right to assert the Fifth Amendment in the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

2/   The right to a speedy trial is guaranteed to criminal defendants by the federal and Michigan constitutions, as well as by statute. U.S. Const. amend. VI; Mich. Const. art. I, § 20; MCL 768.1 *et seq.;* M.C.R. 6.004(A).

criminal proceedings, or pleading the Fifth Amendment in this civil action, thereby nullifying her chance of forging an adequate defense to the civil claims.

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. Though the text of the Fifth Amendment is specific to criminal cases alone, its protections flow to civil cases as well:

> The [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

Lefkowitz v. Turley, 414 U.S. 70, 77; 94 S. Ct. 316; 38 L. Ed. 2d 274 (1973).

Courts issuing discretionary stays based upon Fifth Amendment considerations have relied upon the evident unfairness of forcing a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking a loss there, or answering questions in the civil context, thus risking or facing criminal prosecution without the benefit of the Fifth Amendment. See, Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985); Wehling v. CBS, 608 F.2d 1084, 1088-89 (5th Cir. 1979). "[E]ven if an accused does not have an absolute constitutional right to defend himself in a criminal action unfettered by a parallel civil action, a civil proceeding that pressures an accused to make incriminating statements may still impinge upon the values underlying the privilege and give rise to an equitable claim ... As a result, courts tend to frame defendants' interest as 'avoiding the quandary between waiving their Fifth Amendment rights or effectively forfeiting the civil case.'" Fidelity Funding of California v. Reinhold, 190 F.R.D. 45, 50 (E.D.N.Y. 1997) (emphasis added).

In any event, if the instant case is not stayed, it will likely undermine the ability of all

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

<u>Defendants</u> to defend themselves inasmuch as the testimony of Beatty could be a critical component of each Defendants' defense[3]. Because Plaintiff has now made clear his intent to inject into this case issues regarding the testimony of Mayor Kilpatrick and Beatty in connection with the Whistleblower Case, as well as the "firing" of Gary Brown as it purportedly relates to his investigation of the alleged Manoogian Mansion party and the death of Ms. Greene, which are directly at issue in the criminal proceedings, Beatty can not be compelled to testify in this matter at this time, and will in fact have no choice but to assert her Fifth Amendment right against self-incrimination. <u>See, e.g.,</u> Count 2 of Am. Information (alleging obstruction of justice "by firing Gary Brown to willfully and corruptly hamper obstruct and/or interfere with a criminal investigation and/or commit perjury to hide the firing of Gary Brown and/or the relationship between Christine Beatty and the Mayor"), Count 7 (alleging that Beatty committed perjury at the trial of the Whistleblower Case by testifying that Gary Brown was "not fired" and/or testifying that she did not know that Gary Brown was investigating Mayor Kilpatrick or the Manoogian Mansion party), Count 11 (alleging that Beatty committed perjury by testifying under oath that she "did not know Gary Brown was investigating the Manoogian Mansion party prior to his un-appointment"); <u>Cf.</u>, Pl.'s Second Am. Compl. at ¶ 13 ("a wild party occurred at the Manoogian Mansion"), ¶ 22 (alleging that Beatty reported to Mayor Kilpatrick that Brown was conducting an unauthorized investigation). Pl.'s Initial Disclosure re: Beatty (alleging that Beatty "has knowledge of investigation into the Manoogian Mansion [party and] the termination of Gary Brown")[4]; Pl.'s Mem. in Opp. to Defs' Mot. To Quash the February 11, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

3/      Defendant, City of Detroit, has filed an Emergency Motion to Stay Civil Proceedings which is currently pending before this Court. Therein, among other things, the City of Detroit does assert that its defense may be comprised by virtue of other Defendants' invocation of their respective Fifth Amendment rights against self-incrimination. See, City of Detroit's Emergency Mot. for Stay of Proceedings at ¶¶ 11-12.

4/      Plaintiff's Initial Disclosures are replete with references to the alleged Manoogian Mansion party, Gary Brown's investigation thereof, the purported "firing" of Gary Brown, the testimony given at the trial of the Whistleblower Case and the settlement thereof. See, e.g., Pl.'s Initial Disclosures re: Mayor Kilpatrick, Carlita Kilpatrick, Beatty, Bully-

Subpoenas to Kym L. Worthy and Elizabeth J. Walker and for Protective Order at n. 1 (Plaintiff asserts that certain text messages indicate that Beatty lied under oath during the Whistleblower Case).

"[T]here is an extremely strong case for deferring civil proceedings until after completion of criminal proceedings where a party is under indictment for a serious offense and required to defend a civil or administrative action involving the same matter." In re Tower Metal Alloy Co., 188 B.R. 954, 957 (S.D. Oh. 1995). In fact, other than when there is evidence of government bad faith:

> [T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

SEC, 628 F.2d at 1375-76 (citations omitted, emphasis added).

Here, the issues Plaintiff has and will apparently continue to inject into this case are those which directly overlap with the criminal case. In fact, Plaintiff has gone so far in its Initial Disclosures as to make clear that Plaintiff will be relying upon the entire Whistleblower Case file, the entire text messages FOIA file and the entire criminal proceedings file. Thus, Beatty's responses to these allegations in this case would undermine her Fifth Amendment privilege, expand the rights of criminal discovery and risk exposing the basis of Beatty's defense in the criminal action. See,

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

Cummings, Cureton, Best, Schwartz, Brown, Nelthrope, Stefani, McCargo, Oliver, Johnson, Mitchell and Davis. Plaintiff's Initial Disclosures with respect to the identification of documents that Plaintiff intends to rely upon lists, among other things, "all Skytel pager records" and records regarding text messaging, the entire file of the Whistleblower Case, the entire file of the case involving the Detroit Free Press regarding the release of the text messages through the freedom of information act, the entire files relating the criminal cases against Beatty and Mayor Kilpatrick and the entire Michigan State Police file regarding its "investigation into the Manoogian Mansion Party." Pl.'s Initial Disclosures at 13-15. Thus, there can be no doubt that Plaintiff has and does intend to inject into this case issues which are directly related to the criminal case, as well as the criminal case file itself.

SEC, 628 F.2d at 1375-76. Moreover, asserting her Fifth Amendment right in this matter would hamper Beatty's ability to defend herself in this case and impair the other Defendants from adequately defending themselves as well.

In Goodman v. Mady, 2005 WL 2417209 (E.D. Mich. 2005) (attached hereto as Exh. 3), the plaintiff sued the defendants for fraud and conspiracy (among other counts), alleging that the defendants cheated him out of approximately $6 million as part of a commodity futures trading "Ponzi scheme." Id. One of the defendants had been indicted several months earlier, with the charges arising out of the same transactions as the civil lawsuit. Id. The indicted defendant filed a motion to stay the civil proceedings until the criminal charges pending against him were resolved. Id. The court stayed the proceedings, finding that "there is a clear danger that statements compelled or given by [the indicted defendant] in defense of Plaintiff's civil claims could be used to incriminate him in the criminal case. Denying [the indicted defendant's] request would put him in the position of having to choose between preserving his rights to invoke the Fifth Amendment privilege in the criminal case or foregoing a defense in this civil matter." Goodman, 2005 WL 2417209 at *17.

Similarly, in Volmar Distrib., Inc. v. New York Post Co., Inc., 152 F.R.D. 36 (S.D.N.Y. 1993), the plaintiffs brought a civil RICO action against various defendants for allegedly conspiring to deprive distributors of their newspaper distribution routes. The defendants filed a motion to stay discovery pending completion of a criminal case against certain of the individual defendants. Id. The court granted the motion because

> [p]roceeding with discovery would force the defendants into the uncomfortable position of having to choose between waiving their Fifth Amendment privilege or effectively forfeiting the civil suit. On the one hand, if either [of the indicted individual defendants] invokes his constitutional privilege during civil discovery, not only does this prevent him from adequately defending his position, but it may subject him to an adverse inference from his refusal to testify ... On

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

7

the other hand, if either fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in the civil case can then be used against him in the criminal trial.

Id. at 39-40 (emphasis added)[5].

Thus, because Beatty has already been charged, her entitlement to a stay is extremely compelling. Assuming that this Court finds that a stay is appropriate with respect to Beatty, then it is also appropriate with respect to the other Defendants as well. Without the testimony of Beatty, the other Defendants will be substantially limited in their ability to defend themselves in the civil action. In Goodman, supra, Judge Roberts stayed the civil case as to all of the defendants even though only one of the defendants had been indicted. Judge Roberts concluded that a

> stay is warranted in light of the pending criminal charges against [a single defendant]. And, although [the other defendant] has not been charged, at a minimum it is reasonable to presume that [the criminally charged defendant's] testimony will be central to [the] defense [of the non-charged defendant]. Consequently, simply staying the case as to [the single, criminally charged defendant] alone would effectively preclude [non-charged defendant] from presenting a complete defense.

Goodman, 2005 WL 2417209 at *18.

Numerous other courts have reached the same conclusion as Judge Roberts. For example, in Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134 (S.D.N.Y. 1995), the defendants filed a motion to stay the case pending the resolution of a related criminal case. The plaintiffs argued that, if a stay was to be imposed, it should only apply to the individual defendants because the corporate defendants do not have a Fifth Amendment

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

5/    In Baxter v. Palmigiano, 425 U.S. 308, 319; 47 L. Ed. 2d 810; 96 S. Ct. 1551 (1976), the United States Supreme Court held that silence in the face of accusation is a relevant fact not barred from evidence in the civil context by the Due Process Clause. On this basis, the Baxter Court concluded that the Fifth Amendment "does not forbid adverse inferences against parties to civil actions." Id. at 318. Thus, Beatty faces the likely consequence of an adverse inference being drawn against her in this matter, if it is not stayed, as a result of the exercise of her Fifth Amendment right against self-incrimination.

8

privilege against self-incrimination. Id. The court held that "it is more efficient to grant a complete stay as to all defendants rather than only a partial stay as to the individual ones ... [B]ecause of the importance of [the testimony of the individual defendants], a partial stay could lead to duplicative discovery efforts." Id. at 1141.

Similarly, in Volmar Distrib., *supra*, the court determined that it would be most efficient to grant a complete stay as to all of the defendants. The Volmar Court determined that the individuals that had been indicted "are the central figures in this case with the central issue being whether these two men engineered a conspiracy. Because of the importance of their testimony, a partial stay may lead to duplicative depositions ... Moreover, the availability of transcripts and other evidence from the criminal trial may eliminate altogether the need for certain depositions ... Finally, the outcome of the criminal case may encourage settlement." Volmar Distrib., 152 F.R.D. at 41-42. See also, Bruner Corp. v. Balogh, 819 F. Supp. 811, 816 (E.D. Wis. 1993) ("It is not likely that either [the plaintiff or the non-indicted defendant] could proceed to trial without meaningful discovery from [the indicted defendants]. Accordingly, the Court concludes that a stay is warranted by the circumstances and that it would be prejudicial to [the non-indicted defendant] and wasteful of judicial resources to stay this case as to some, but not all of the Defendants.").

The weight of authority thus demonstrates that, if a stay is appropriate as to a defendant who has already been charged, and the other defendants are likely to want testimony from the charged defendant in order to assist in their defenses, then a stay is appropriate with respect to all of the defendants. This is precisely such a case. Thus, the burden imposed upon all Defendants in having to proceed with a civil action while the criminal proceedings against Beatty are ongoing weighs heavily in favor of a stay of the civil proceedings pending the resolution of the criminal proceedings against Beatty.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## C. **Burden Upon the Court.**

There are currently civil and criminal actions pending before two different judges, one in this Federal forum and one in the Michigan State Court system. Plaintiff is injecting issues into this case which are directly at issue in the criminal case (i.e., the testimony of Mayor Kilpatrick and Beatty in connection with the Whistleblower Case, the settlement of the Whistleblower Case, the circumstances involving the termination of Gary Brown, whether there was a Manoogian Mansion party, the text messages, among others). This presents the very real likelihood of at least some duplicative judicial effort. A stay of these proceedings until the resolution of the criminal case could serve to streamline this matter in light of the testimony and evidence which will likely be introduced in the criminal case. See, e.g., Chronicle Publ. Co. v. NBC, 294 F.2d 744, 747-48 (9th Cir. 1961) ("We are then confronted with the prospect of two tremendously complex proceedings simultaneously assembling the same factual data in painstaking detail for the purpose of considering these facts from different points of view. The situation is one which cries out for the elimination of wasteful duplication of effort ... The elimination of unnecessary duplication does not appear unreasonable under these circumstances."). See also, Crawford & Sons, 298 F.Supp.2d at 319-320 ("A stay would promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action ... Furthermore, a conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims.").

A stay of the civil action in this Court, pending resolution of the related criminal action in Michigan State court, would promote the efficient use of judicial resources. Thus, for convenience of the Court, this factor weighs in favor of a stay of these civil proceedings pending the resolution of the criminal proceedings against Beatty.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## D. **Public Interest.**

Courts have been more amenable to granting stays of civil proceedings where the criminal cases have already proceeded to the charging phase, and where the civil action is simply for a money judgment or for other relief that will not be significantly affected by the delay. Here, the civil action is between private litigants and seeks nothing more than monetary damages.

It is axiomatic that civil litigation between private litigants has minimal impact on the public at large. In fact, even where the government itself is the plaintiff in the civil action, courts have recognized that a stay may not cause serious damage to the public interest. See, e.g., Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D. N.Y. 1985) (recognizing that "[p]ossible mismanagement of a pension fund simply does not present the same danger to the public interest as violations that other courts have found to warrant denial of a motion to stay."). This is especially true where the plaintiff in the civil action seeks only monetary damages. See, e.g., Baranski v. Fifteen Unknown Agents of ATF, 195 F. Supp.2d 862, 870 (W.D. Ky. 2002) ("The only remedy postponed by staying Plaintiffs' Bivens claims is potential money damages for the ATF agents' allegedly unlawful actions. Plaintiffs' interest in pursuing their Bivens claims is significant. However, the public interest served by maintaining the integrity of a criminal investigation into the possibly unlawful trafficking of hundreds of automatic weapons is for the moment more substantial.").

In this case, Plaintiff is seeking nothing more than to pursue his own private interests, and, if he were to prevail in this case, there would be minimal, if any, impact to the public interest. See, e.g., Afro-Lecon v. United States, 820 F.2d 1198, 1205 (D.C. Cir. 1987) (recognizing that the harm to the public interest is necessarily "absent" where the civil action has not been initiated by the government).

In stark contrast, however, the criminal action is in the public interest since the "decision to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

prosecute a criminal case represents a conscious determination by those entrusted with prosecutorial discretion that the public interest will be served by such a proceeding." <u>Golden Quality Ice Cream Co., Inc.</u> v. <u>Deerfield Specialty Papers, Inc.</u>, 87 F.R.D. 53, 58 (E.D. Pa. 1980). In such circumstances, allowing the criminal action to proceed to completion while the private civil action is stayed is appropriate. "[T]he interests that courts frequently attempt to protect include the decision whether to assert the Fifth Amendment in the civil proceeding, the ability of the prosecution to determine the defense strategy through the civil case, and the possibility that the prosecution will obtain discovery beyond the limits of Fed. R. Crim. P. 16(b)[6]." <u>Fidelity Funding of Cal.</u> v. <u>Reinhold</u>, 190 F.R.D. 45, 49 (E.D.N.Y. 1997) (footnote added).

Thus, while the public has an interest solely in the criminal prosecution of Beattty, it has no interest whatsoever in the civil proceedings initiated by Plaintiff. Therefore, this factor weighs in favor of granting a stay of the civil proceedings pending the resolution of the criminal case against Beatty.

## E.    <u>Overlap of Issues in Civil and Criminal Case and Status of Criminal Case.</u>

In the matter at bar, Plaintiff has alleged that the investigation of the so-called Manoogian Mansion party led to the firing of the officers who subsequently brought the Whistleblower Case[7].

---

6/      Fed. R. Crim. P. 16(b) is substantively similar to Michigan Court Rule 6.201 which governs discovery in Michigan criminal proceedings.

7/      Specifically, Plaintiff has alleged the following in his Second Amended Complaint: (1) Mayor Kilpatrick attended a party at the Manoogian Mansion in the Fall of 2002 (Second Am. Compl. at ¶13); (2) Beatty may have been shown a memo dated April 24, 2003 and a memo dated May 6, 2003 written by Gary Brown ("Brown"), one of the plaintiffs in the Whistleblower Case detailing various instances of police misconduct including instances related to the alleged "wild party"(<u>Id.</u> at ¶ 21); (3) Beatty reported to Mayor Kilpatrick that Brown was conducting an "unauthorized investigation" and that "he needed to be removed from his department" (<u>Id.</u> at ¶ 22); (4) Mayor Kilpatrick and Beatty attended a meeting with former police chief Jerry Oliver and "other City officials" regarding Brown's investigation as detailed in his memoranda (<u>Id.</u> at ¶ 23); (5) Mayor Kilpatrick fired Brown "to avoid further investigation of the 'wild party,' or that his wife, Carlita Kilpatrick assaulted an exotic dancer [allegedly, Ms. Greene] at that party" (<u>Id.</u> at ¶ 25); and (6) Mayor Kilpatrick publicly called Harold Nelthrope, another plaintiff in the Whistleblower Case, a liar (<u>Id.</u> at ¶ 26).

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Plaintiff has further alleged that there is some unidentified connection between Ms. Greene's alleged attendance at the alleged Manogian Mansion party, the investigation thereof and Ms. Greene's death. Pl.'s Second Am. Compl. at ¶ 13 ("a wild party occurred at the Manoogian Mansion"), ¶ 22 (alleging that Beatty reported to Mayor Kilpatrick that Brown was conducting an unauthorized investigation); Pl.'s Initial Disclosure re: Beatty (alleging that Beatty "has knowledge of investigation into the Manoogian Mansion [party and] the termination of Gary Brown"). Therefore, according to Plaintiff's own theory of the case, there exist a number of overlapping issues between this case and the allegations in the criminal case against Beatty. Specifically, the allegations in the criminal case allege that Beatty: (1) obstructed justice "by firing Gary Brown to willfully and corruptly hamper obstruct and/or interfere with a criminal investigation and/or commit perjury to hide the firing of Gary Brown and/or the relationship between Christine Beatty and the Mayor" (Count 2); (2) committed perjury at the trial of the Whistleblower Case by testifying that Gary Brown was "not fired" and/or testifying that she did not know that Gary Brown was investigating Mayor Kilpatrick or the Manoogian Mansion party (Count 7); and (3) committed perjury by testifying under oath that she "did not know Gary Brown was investigating the Manoogian Mansion party prior to his un-appointment" (Count 11). As a result, the instant case should be stayed pending the outcome of the criminal case against Beatty. In fact, Plaintiff makes clear in his Initial Disclosures that he intends to rely upon the entire Whistleblower case file, the entire text message FOIA file, the entire criminal case file and the text messages themselves. See, Pl.'s Initial Disclosures.

The fact that there is significant overlap between the factual allegations in the civil Complaint in this case and the criminal case against Beatty, along with the fact that Beatty has already been charged, weighs heavily in favor of granting a stay of the civil proceedings pending the resolution of the criminal case against Beatty. See, e.g., Volmar Distrib., supra, 152 F.R.D. at 40 ("[D]ue to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

the overlapping issues in the criminal and civil trials, the criminal justice system will help safeguard the evidence, and any resulting incarceration could only serve to insure the availability of the parties.").

## CONCLUSION

For all the foregoing reasons, Beatty respectfully requests that this Court stay the instant proceedings pending the resolution of the criminal charges against her.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH  (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI  48075
(248) 355-3084

Dated:  April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.          John A. Schapka, Attorney
Kenneth L. Lewis, Attorney          Krystal A. Cittendon, Attorny

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH  (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI  48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated:  April 7, 2008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE  1500
SOUTHFIELD, MI  48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
155 W. 56 STREET
SUITE 1101
NEW YORK, NY  10019
(212) 586-5905
FAX (212) 586-7302