Flagg v. Detroit, City of et al                                                                                                            Doc. 91

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST FLAGG, as Next Friend of
JONATHON BOND,

            Plaintiff,                     Case No. 05-CV-74253-DT
                                                                        Hon. Gerald E. Rosen
vs.                                                            Magistrate Judge Steven R. Whalen

CITY OF DETROIT, a Municipal Corporation,
CITY OF DETROIT CHIEF OF POLICE, Ella Bully-Cummings
DEPUTY CHIEF OF POLICE, Cara Best,
JOHN DOE OFFICERS 1 -20,
ASSISTANT DEPUTY POLICE CHIEF Harold Cureton,
Commander Craig Schwartz,
Lieutenant Billy Jackson,
Mayor Kwame Kilpatrick, and
Christine Beatty, Jointly and Severally,

            Defendants

---

| | |
|---|---|
| NORMAN A. YATOOMA  (P 54746) | JAMES C. THOMAS (P 23801) |
| ROBERT S. ZAWIDEH (P 43787) | JOSEPH A. NISKAR (P 55538) |
| Attorneys for Plaintiff | Attorneys for Mayor Kwame M. Kilpatrick |
| 219 Elm Street | 2632 Buhl Building, 535 Griswold |
| Birmingham, MI 48009 | Detroit, MI 48226 |
| (248) 642-3600 | (313) 963-2420 |
| | |
| | MAYER MORGANROTH (P 17966) |
| | JEFFREY B. MORGANROTH (P 41670) |
| | Attorneys for Christine Beatty |
| | 3000 Town Center, Suite 1500 |
| | Southfield, MI 48075 |
| | (248) 355-3084 |
| | |
| | KRYSTAL A. CRITTENDON (P 49981) |
| | Attorney for City of Detroit, Harold Cureton, and Craig Schwartz |
| | 660 Woodward, Suite 1650 |
| | Detroit, MI 48226 |
| | (313) 237-3018 |

Dockets.Justia.com

KENNETH L. LEWIS (P 26071)
PLUNKETT COONEY
Attorney for Ella Bully-Cummings
535 Griswold St. Ste. 2400
Detroit, MI 48226
(313) 983-4790

**DEFENDANT KWAME M. KILPATRICK'S NOTICE OF JOINDER AND MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF DETROIT'S AMENDED EMERGENCY MOTION TO STAY CIVIL PROCEEDINGS AND MOTION FOR ISSUANCE OF "GAG" ORDER**

NOW COMES Defendant, KWAME KILPATRICK, by and through his attorneys, James C. Thomas and Joseph A. Niskar, and in join in the City of Detroit's Amended Emergency Motion to Stay Civil Proceedings and Motion for Issuance of "Gag" Order, states as follows:

1. Plaintiff sues Mr. Kilpatrick as Next Friend of the son of Tamara Bond Greene, who was unfortunately killed by an unknown individual in 2003.

2. Plaintiff alleges that a party occurred at the Manoogian Mansion that was attended by Mr. Kilpatrick, his friends, Detroit Police Officers and Ms. Greene.

3. Plaintiff claims are grounded in his belief that the City of Detroit Police Department failed to investigate the murder of Ms. Greene.

4. Plaintiff alleges that the above named Defendant prevented the investigation from going forward and seeks damages.

5. As this Honorable Court is surely aware, there has been unprecedented media coverage surrounding this matter. Local, national and international media outlets spanning print, television, radio, and the internet have engaged in persistent and relentless coverage of this matter.

6. Rule 3.6 of the American Bar Association's Model Rules of Professional Conduct governs Trial Publicity. Rule 3.6(1) requires a "substantial likelihood of materially prejudicing an adjudicative proceeding."

7. Comment 1 of Rule 3.6 states that "Preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where trial by jury is involved. If there were no such limits, the result would be the practical nullification of the protective effect of the rules of forensic decorum and the exclusionary rules of evidence."

8. In the seminal case *Gentile v. State Bar*, 501 U.S. 1030 (1991) the Court upheld the "substantial likelihood test" which imposes narrow and necessary limitations to lawyers' speech. The Court reasoned:

> the limitations are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found. Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial jurors, and an outcome affected by extra judicial statements would violate that fundamental right." Id. at 1075.

9. The United States Eastern District Court of Michigan approved the use of a protective order last month in *U.S. v. Fieger*, 2008 WL 659767 (E.D. Mich., 2008) Judge Borman held that "it is undisputed that the Supreme Court has held that a party's free speech may be prohibited to the extent that the speech presents a 'substantial likelihood of materially prejudicing' a fair trial." *Citing Gentile v. State Bar of Nevada*, 510 U.S. 1030, 1063 (1991).

10. This Honorable Court implemented a protective order as recently as 2004 in the

*Koubriti* matter. In its findings, this Honorable Court stated "As the Supreme Court has repeatedly observed, intense publicity surrounding a criminal proceeding poses significant dangers to a fair trial." *U.S. v. Koubriti*, 307 F. Supp.2d 891, 897 (E.D. Mich., 2004); citing *Pennekamp v. Florida*, 328 U.S. 331 (1946); *Bridges v. California*, 314 U.S. 252 (1941); *Patterson v. Colorado*, 205 U.S. 454 (1907).

11. In *Koubriti*, this Honorable Court recognized that "trial courts have 'an affirmative constitutional duty' to minimize the potential for prejudicial pretrial publicity.'" *Id*.

12. In this matter, there has been an unrelenting onslaught of intense publicity. Media reports concerning the tragic demise of Ms. Greene are full of sensationalism, innuendo and speculation. Counsel for the Plaintiff has been unrelenting in their attempts to publicize themselves and, in some instances, completely inaccurate information without a cursory regard for the truth. This Court in *Koubriti* fashioned a narrowly tailored, yet effective protective order. Mr. Kilpatrick urges that a similar order would be appropriate in this matter in order to safeguard fairness in his trial.

WHEREFORE, it is requested that this Honorable Court institute a protective/gag order to preserve the Defendants' constitutional right to a fair and impartial jury trial in this matter.

        Respectfully Submitted,

        _____
        JAMES C. THOMAS (P )
        JOSEPH A. NISKAR (P 55538)
        Attorneys for the Defendant
        2632 Buhl Building
        535 Griswold
        Detroit, MI 48226
        (313) 963-2420

Dated: April 11, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

        /s/ James C. Thomas
        James C. Thomas