# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

Case No.: 05-CV-74253
Hon. Gerald Rosen

       Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
POLICE LT. BILLY JACKSON;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

       Defendants.

_____/

**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorneys for Defendant Mayor Kwame Kilpatrick
535 Griswold Street
Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**Plunkett Cooney**
By: Kenneth L. Lewis (P26071)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendants City of Detroit, Commander Craig Schwartz, Cara Best and Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

1

| City of Detroit Law Department | Morganroth & Morganroth, PLLC |
|---|---|
| By: John A. Schapka (P36731) | By: Mayer Morganroth (P17966) |
| Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty. | By: Jeffrey B. Morganroth (P41670) Attorney for Defendants City of Detroit, Mayor Kwame Kilpatrick, Craig Schwartz, Ella Bully-Cummings, and Christine Beatty |
| 1650 First National Building | 3000 Town Center, Ste. 1500 |
| Detroit, Michigan 48226 | Southfield, Michigan 48075 |
| (313) 224-4550 | (248) 355-3084 |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT CHRISTINE BEATTY'S MOTION FOR STAY OF PROCEEDINGS

NOW COMES THE PLAINTIFF, by and through his counsel of record, and for his Response to Defendant Christine Beatty's Motion for Stay of Proceedings, states:

1. Neither admitted nor denied as the criminal information attached as Exhibit 2 to Beatty's Motion speaks for itself.

2. Neither admitted nor denied as the criminal information attached as Exhibit 2 to Beatty's' Motion speaks for itself.

3. Neither admitted nor denied for lack of information sufficient to form a belief.

4. Neither admitted nor denied for lack of information sufficient to form a belief.

5. Denied.

6. No response to this paragraph is necessary.

7. No response to this paragraph is necessary.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Beatty's request for a stay of the instant proceedings and allow the matter to proceed.

Respectfully Submitted,

Dated: April 11, 2008   /s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

# BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT BEATTY'S MOTION FOR STAY OF PROCEEDINGS

## ISSUES PRESENTED

1. WHETHER THIS COURT SHOULD STAY THE INSTANT MATTER PENDING THE FINAL OUTCOME OF THE CRIMINAL CASE AGAINST DEFENDANT CHRISTINE BEATTY WHO IS ONLY ONE OF SEVEN DEFENDANTS IN THIS CASE.

2. WHETHER THIS COURT SHOULD STAY THE INSTANT MATTER AS TO ALL DEFENDANTS WHEN ONLY DEFENDANTS KILPATRICK AND BEATTY HAVE BEEN ARRAIGNED ON CRIMINAL CHARGES BROUGHT BY THE WAYNE COUNTY PROSECUTOR?

# TABLE OF CONTENTS

ISSUES PRESENTED ................................................................................................................. i

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ................................................................................................................ 2

    a.  While this Court has the inherent authority to grant the extraordinary remedy of a stay of the instant proceedings in light of a parallel prosecution of related civil and criminal matters, such relief is not warranted in this case. ........................................................ 2

    b.  This Court should deny Beatty's requested relief of a stay of the instant action, or, alternatively, constrain its remedy to Beatty individually and not to each and every Defendant. ................................................................................................................. 3

        i.   Plaintiff's interests and potential prejudice outweigh the granting of a stay. ................. 3

        ii.  Beatty's Invocation of her Fifth Amendment Right Against Self-Incrimination is premature and unnecessary in light of this court's discovery protocol. ................................. 4

        iii.  The conservation of judicial resources weighs heavily against Beatty's request for a stay of the instant proceedings. ........................................................................................... 7

        iv.  The interest of the public in the pending civil and criminal litigation outweighs a stay. 8

        v.   While There is Overlap of Issues in the Civil and Criminal cases, they are not sufficient this time to justify a stay of these proceedings. ................................................. 10

III.   CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

### Federal Cases

*Crawford & Sons v. Besser*, 298 F.Supp.2d 317 (E.D.N.Y. 2004) ............................................. 3

*Digital Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8 (D. Mass. 1991) ........................ 7

*Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989) .............................. 2

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers Inc.*, 87 F.R.D. 53 (ED Pa. 1980).. 2

*Hampton v. Hanrahan*, 600 F 2d 600 (7th Cir. 1979) ................................................................ 9

*In Re Mayer Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983) .................................................... 7

*Jackson v. Johnson*, 985 F.Supp. 422 (S.D.N.Y. 1997) ............................................................... 3

*Johnson v. New York City Police Dep't, No. 01*, 2003 U.D. Dist. LEXIS 12111 (S.D.N.Y. 2003) 3

*Par Pharmaceuticals, Inc. Securities Litigation*, 1990 U.S. Dist. LEXIS 14617 (S.D.N.Y. 1990) 3

*S.E.C. v. First Jersey Sec., Inc.*, Fed. Sec. L. Rep. (CCH) P93,204 (S.D.N.Y. 1987) .................. 6

*Securities & Exchange Comm'n. v. Dresser Indus.*, 628 F.2d 1368 (D.C. Cir. 1980) ............ 2, 5

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech. Inc.*, 886 F.Supp. 1134 (S.D.N.Y 1995) ............................................................................................................ 6

*Volmar Dist., Inc. v. New York Post, Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ................................ 7

### Statutes

MICH. COMP. LAWS ANN. §768.1 (West 2008) ........................................................................ 4

### Rules

MICH. CT. R. 6.004(C) ................................................................................................................. 4

I. INTRODUCTION

This case is about all of us who live in Michigan - who have a right to expect that those charged with running our government work for us, not against us. For our system of government to work, we must require transparency and accountability in government. With the pressure asserted by law enforcement, press coverage and yes, civil litigation, the actions and misdeeds of our City government's elected and public officials are becoming more apparent – and transparent – for all to see. Recognizing that, Defendant Beatty seeks to delay application of the second component of honest government: accountability. For the reasons set forth herein, Defendant Beatty's Motion to Stay these proceedings must be denied.

As Defendant Beatty succinctly notes in her Motion for Stay of Proceedings, "[o]n March 24, 2008 Mayor Kwame M. Kilpatrick ("Mayor Kilpatrick") and Beatty, two of the named Defendants in this civil case, were criminally charged in Wayne County, Michigan. The criminal charges stemmed from Mayor Kilpatrick's and Beatty's testimony in connection with the so-called "Whistleblower Case" of former Detroit Police officers Harold Nelthrope and Gary Brown, and the settlement of said action." (Beatty's Motion for Stay at p.1)

Premised almost entirely on the criminal charges lodged by the Wayne County Prosecutor against Mrs. Beatty, and the connections between the instant action sounding in violation of the Plaintiff's civil rights as guaranteed by section 1983 of title 42 of the United States Code and the Whistleblower Case, Beatty asks that this Court grant the extraordinary remedy of either a stay of the instant civil action as to her *singly* or, as to the entire matter. While Plaintiff readily concedes the source of authority for such relief, the application of the invoked legal principles to the facts at hand mitigate in favor of, at the very most, a partial stay of the instant matter as to Beatty only and not, as Defendant Beatty requests, a stay of the entire

1

matter. For the reasons that follow, Plaintiff requests that the Court deny Beatty's requested relief in its entirety or, alternatively, if the Court is inclined to grant such relief that it constrain its relief to Defendant Beatty individually.

II. ARGUMENT

    a. While this Court has the inherent authority to grant the extraordinary remedy of a stay of the instant proceedings in light of a parallel prosecution of related civil and criminal matters, such relief is not warranted in this case.

Again, Plaintiff does not contest that this Court has the inherent authority, under certain circumstances, to stay civil proceedings when the interests of justice require such a determination. To make such a determination, certain Courts have enumerated a schedule of non-exhaustive factors that a Court may consider when faced with a request that civil proceedings be stayed in light of a concurrent criminal investigation.[1] Those factors include:

> (1) the interests of the plaintiffs in proceeding expeditiously with th[e] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in management of the cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.
>
> *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 – 903 (9th Cir. 1989), *citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers Inc.*, 87 F.R.D. 53, 56 (ED Pa. 1980).

As Defendant Beatty correctly notes, the extent to which the issues in the parallel civil and criminal actions overlap is also a relevant consideration for a Court faced with a request for an order staying civil proceedings. *Crawford & Sons v. Besser*, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004), *quoting Johnson v. New York City Police Dep't, No. 01*, 2003 U.D. Dist.

---

[1] Such a stay of civil proceedings in light of parallel criminal proceedings is not mandated by the federal constitution. *Securities & Exchange Comm'n. v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

2

LEXIS 12111, at *14 (S.D.N.Y. 2003). The remedy of a stay of civil proceedings in light of a parallel criminal matter is an extraordinary remedy. *Jackson v. Johnson*, 985 F.Supp. 422, 424 (S.D.N.Y. 1997); *Par Pharmaceuticals, Inc. Securities Litigation*, 1990 U.S. Dist. LEXIS 14617, at *13 (S.D.N.Y. 1990). **However, contrary to the analysis presented by Beatty, considering the above factors mitigates in favor of denying Beatty's requested relief or, in the alternative, granting Beatty her requested relief in the narrowest possible sense as to her only.**

> b. This Court should deny Beatty's requested relief of a stay of the instant action, or, alternatively, constrain its remedy to Beatty individually and not to each and every Defendant.
>
> i. Plaintiff's interests and potential prejudice outweigh the granting of a stay.

The prejudice on Plaintiff will no doubt be substantial if this Court were to grant Beatty's requested stay. Contrary to Defendants baseless assertion that "Plaintiff's interest in immediately proceeding in this case is minimal[,]" (Beatty Motion at p.3) the anticipated prejudice to Plaintiff if the instant matter is stayed is substantial and likely irreparable.[2] The record in this action (which is approximately three years old), as well as Defendants' conduct since the appearance of Plaintiff's current counsel, belies Beatty's alleged lack of prejudice to the Plaintiff. Despite receiving not one – but two – Orders from this Court to begin 'substantial discovery' *prior to* the January 4, 2008 16(b) conference and in light of Plaintiff's attempt to heed the Court's Order, Defendants have done everything within their powers to actively frustrate Plaintiff's prosecution of the action. Defendants moved to quash both subpoenas to Skytel, Inc. seeking disclosure of certain text messages which the City acknowledged receiving after the confidential settlement of the Whistleblower Trial, and which Defendant Kilpatrick had

---

[2] Beatty's reference to the Speedy Trial Act is confusing in light of that Beatty does not even allege if she has requested a 'speedy trial' under the Act. In light of the fact that Beatty is not incarcerated, whether the Act requires a trial within 180 days is unlikely. MICH. CT. R. 6.004(C); MICH. COMP. LAWS ANN. §768.1 (West 2008).

already decreed in a public statement to be "public documents." Further, despite serving *two* sets of Requests to Produce and *after* participating in a status conference to resolve certain discovery issues (and as a result of which this Court issued a very specific Order detailing the procedure for the discovery process), Defendants have not only produced absolutely no documents in response to Plaintiff's requests, but have lodged a series of vacuous and misleading objections.

Finally, despite being in receipt of this Court's Discovery Order mandating the surrender of all Skytel, Inc. PINs directly to Plaintiff's counsel, **the Defendant City now claims that the key information pertaining to those text messages has been shredded in violation of their duty to preserve evidence, and possibly in violation of this Court's Order to Preserve Evidence.** All of this is in addition to the fact that Defendants now refuse to surrender Ms. Greene's homicide file, despite being ordered by this Court to do so.

In light of Plaintiff's unceasing attempts to move this matter forward, Beatty's self-serving statement that Plaintiff has 'minimal' interest in this case moving forward is not only belied by her own actions but plainly offensive.[3] Clearly, Defendants actions have had the sole and express purpose of frustrating and delaying discovery in this matter and, consequently, Plaintiff would suffer extreme prejudice if the matter were stayed, increasing the likelihood of fading witness memories, continued disappearance of key documents and witnesses and further intimidation of witnesses and spoliation of evidence.[4]

> ii. Beatty's Invocation of her Fifth Amendment Right Against Self-Incrimination is premature and unnecessary in light of this court's discovery protocol.

---

[3] For these same reasons, Beatty's statement that 'virtually no discovery has yet occurred in this case[]' is true *only* because of her own conduct – not because of anything attributable to the Plaintiff, who has vigorously tried to move this matter forward for the past five months.

[4] Witnesses are already going to have to testify to facts that occurred up to six years ago. Asking the Court for an additional stay is irresponsible and greatly prejudices the Plaintiff. They are merely seeking to stall Plaintiff's momentum.

4

Beatty states in her Motion that not granting the stay as requested will force her into a 'Hobson's choice' of defending herself in the civil action and therefore waiving her Fifth Amendment right or asserting her Constitutional right against self-incrimination in the civil matter and nullifying her chance of defending her interests before this Court. (Beatty motion at p.3 - 4) However, Beatty makes this argument with the false assumption that the stay is the only possible alternative available to this Court. As stated in *Securities and Exchange Comm'n v. Dresler Indus., Inc.*, 628 F.2d 1368, 1376 (DC Cir. 1980) the Court may adequately protect Beatty's interests by, *inter alia*, issuing protective orders, sealing interrogatories, or limiting the stay to particular matters. Moreover, this Court has already arranged for two Magistrate Judges to review the text messages to be produced by Skytel, Inc. and, therefore, has established a discovery protocol between the parties which certainly serves to protect the interests of all Defendants. As with other discovery materials submitted to the Magistrate Judges, Beatty could assert any applicable privilege which would then be ruled on by those Judges after notice and an opportunity to be heard. Further, the Court could quell most if not all of Beatty's concerns by merely entering an Order postponing and/or sealing her oral deposition until after the conclusion of the criminal proceeding, while referring her written discovery to the aforementioned Magistrate Judges.

Beatty further states that if a stay is appropriate for Beatty then it is *a fortiori* appropriate for all Defendants. (Beatty Motion at p.8) Put another way, without Beatty's testimony the other Defendants will be unable to present a complete defense to Plaintiff's claims. To quote Wayne County Circuit Court Judge Columbo, "nothing could be further from the truth." Beatty cites *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech. Inc.*, 886 F.Supp. 1134 (S.D.N.Y 1995) in support of her proposition that a stay should be granted *in toto*

based on efficiency grounds as well as duplicative discovery efforts. (Beatty Motion at p.8 – 9) However, in *Trustees*, the Court granted a complete stay of the proceeding because it found that the individual Defendants were "controlling officers of the corporate defendants and responsible for the correct reporting and payment of fringe benefits contributions and wages." *Id*. at 1141. Therefore, because of the unity of interests between the individual Defendants and the corporate defendants, the Court granted a complete stay of the proceedings.[5] *Id*.

This is not the case here. Beatty did not and was not responsible for running the City of Detroit as a whole, nor was she responsible for running the City of Detroit Police Department. Although she caused or otherwise contributed to Plaintiff's damages, in no way does her involvement with the other Defendants equal or approach that of the Defendants in the *Trustees* case.[6] Further, there is currently no unity of interests between Defendant Beatty, her former employer, the City of Detroit and her former paramour, Defendant Kilpatrick. As such, assuming that the Court is inclined to do so, granting only a partial stay to Beatty only does not implicate the concerns of duplicative discovery efforts.[7] While Plaintiff undoubtedly seeks to take numerous depositions and review innumerable documents (if Defendants would only comply with Plaintiff's reasonable discovery requests and this Court's Orders), **it simply cannot be anticipated at this point that each of the other Defendants will require Beatty's testimony to lodge a defense**. "A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the

---

[5] Beatty's request for a complete stay should be denied as none of the other Defendants, save for the City of Detroit, have joined in either the City's or Beatty's Motions nor have they requested separate relief from the Court in this regard. Furthermore, the City does *not* have a 5th Amendment privilege against self-incrimination to assert in support of a Motion to Stay. *S.E.C. v. First Jersey Sec., Inc.*, Fed. Sec. L. Rep. (CCH) P93,204 (S.D.N.Y. 1987).

[6] By blocking discovery, defying Court Orders and admittedly shredding evidence, Defendants have put Plaintiff in a position of arguing this Motion in the dark. Despite not cooperating in discovery, Beatty is essentially asking this Court to take her at her word that the factual allegations she is making are in fact true.

[7] While Defendant Beatty is certainly a "key" Defendant in this case it is unclear (principally because Defendants refuse to conduct any discovery) whether she is a 'central" figure, as stated in *Volmar Dist., Inc. v. New York Post, Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993).

6

questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify" *In Re Mayer Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983). In accordance with the *Morganroth* case, this Court can certainly protect Beatty's interests by simply following the discovery protocol established by this Court.

> iii. The conservation of judicial resources weighs heavily against Beatty's request for a stay of the instant proceedings.

In *Digital Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8, 15 (D. Mass. 1991) the Court stated, in light of analyzing a request for a total stay of civil litigation in light of a parallel criminal matter:

> [T]he court finds it more convenient to proceed against all the defendants simultaneously. Discovery can progress at a faster rate and the re-notice of depositions can be avoided. [citation omitted] Although resolution of the criminal proceedings may possibly obviate contentions in this proceeding [citation omitted] the court finds it unrealistic to rely upon fortuitous events to manage its docket.

Other than the conclusory statement that "[t]his presents the very real likelihood of at least some duplicative judicial effort[,]" (Beatty Motion at p.10) Beatty offers no other reasoning as to *how* the maintenance of both the civil and criminal matters would place a burden upon this Court. Instead, Beatty only offers speculation. Again, as a direct result of the Defendants' collective effort to thwart Plaintiff's attempt to conduct ANY (let alone 'substantial') discovery, the Court and the Plaintiff are left in the dark on this point. While this Court could certainly maintain the instant action concurrently with the criminal matter, the fact that the Court may decide to do so does not, *ipso facto*, mean that the Court will suffer a burden. In fact, the opposite is true. Since the scope of discovery under Federal Rule of Criminal Procedure 16(b) is substantially narrower than under Federal Rule of Civil Procedure 26(a), *not* maintaining the

civil action will result in the expenditure of *more* judicial resources once the stay is lifted. Despite Beatty's statements to the contrary, it is just as likely that much of the documentary evidence relevant to the instant matter under Rule 26(a) will not be produced in the criminal matter as the material would be 'out of bounds' under Criminal Rule 16(b); thus, when the global stay is lifted the Court will have to revisit many of the issues it would have encountered had no stay been imposed. By not providing specifics on this point, Defendant Beatty clearly has not met her burden.

Thus, it is more likely that *not* granting the stay would result in the expenditures of less judicial resources than if the Court grants the stay. While testimony elicited in the criminal matter *may*, hypothetically, result in less resources expended, **that conclusion is merely speculative**. Moreover, given the broader scope of discovery in civil actions, it is highly likely that a substantial portion of the documentary evidence needed in the instant action would *not* be produced in the criminal action. Therefore, this factor weighs heavily in denying Beatty's requested relief.

> iv. The interest of the public in the pending civil and criminal litigation outweighs any interest favoring a stay.

In support of their argument that this factor supports a partial or total stay of the instant proceedings, Beatty makes the unbelievable statement that "[i]t is axiomatic that civil litigation between private litigants has minimal impact on the public at large." (Beatty Motion at p.11). This statement assumes that somehow civil cases are less significant than criminal cases. This assumption is false. "[T]he proposition that all civil cases are less significant...than all criminal cases is a dubious one." *Hampton v. Hanrahan*, 600 F 2d 600, 637 n.40 (7th Cir. 1979). This case is of ENORMOUS interest to the public at large. In the event Plaintiff proves that the Mayor of the City of Detroit, his Chief of Staff, the Chief of Police and several other employees

and agents of the City of Detroit conspired and actually obstructed a MURDER investigation (as opposed to merely an investigation into the Manoogian Mansion party), the impact on the State of Michigan will be unimaginable. That Defendant Beatty actually put this statement in writing and submitted it to the Court for consideration is beyond the pale.

Furthermore, but for the aggressive prosecution of this civil action, Ms. Greene's homicide would likely not be receiving any attention from the Detroit Police Department in contrast with what they allege the investigation is receiving now. The Chief of Police does not often hold press conferences on 5-year old murder investigations. But this civil action forced Defendant Bully-Cummings to actually conduct a press conference in mid-February 2008, encouraging people to call 1-800-CRIMESTOPPERS with information relevant to the homicide. Further, on information and belief, witnesses uncovered solely through Plaintiff's counsel's efforts were interviewed by the Wayne County Prosecutor, which in turn may have contributed to the current criminal charges lodged against Defendants Beatty and Kilpatrick.

Granted, Plaintiff is seeking 'merely' monetary damages. That is because the Court cannot award Jonathan Bond his mother; nor can it award him an honest and diligent investigation into her murder. It can only award money for the damages that these Defendants have caused. This case is not the typical "run of the mill" commercial litigation action, to which Beatty attempts to liken this matter. While Plaintiff's private interests are certainly being pursued in this action, it is completely erroneous to stop the analysis at this point. Given the impact on the public interest that this case has had to date (given the limited discovery and Defendants' active frustration and disobedience with regard to this Court's Orders), it is certainly not the case that, if Plaintiff were to prevail, the impact on the public would be "minimal."

v. While There is Overlap of Issues in the Civil and Criminal cases, they are not sufficient this time to justify a stay of these proceedings.

Plaintiff filed this action because Defendants, acting either individually or in concert with one another, deliberately obstructed, interfered with and effectively terminated the investigation into his mother's murder, in violation of his constitutionally protected right to meaningful access to the Courts. Defendant Beatty has been charged with several counts of perjury[8] and obstruction of justice that relate to the whistleblower lawsuit arising from the firing of former Deputy Chief Gary Brown and the retaliation against Harold Nelthrope. While their perjury in the Brown and Nelthrope case is of course central to the criminal prosecution, it is a collateral issue in the present case. The central issue in this case is whether these Defendants interfered with the investigation into the murder of Tamara Greene. That is what needs to be determined in order for Plaintiff to prevail.

Again, however, by their refusal to cooperate with discovery, Defendants have put Plaintiff in a position where the only evidence they can point to, so far, is evidence that was produced in the Brown and Nelthrope case and the civil action brought by Alvin Bowman and Walter Harris. While there is overlap because one of the investigations being conducted by Gary Brown included the investigation into the Manoogian Mansion party that Tamara Greene attended,[9] Defendants have yet to produce any evidence of a greater connection than that. Indeed, in the Court's *OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO QUASH SUBPOENAS AND OTHER DISCOVERY-RELATED MATTERS*, this Court quashed, without prejudice, Plaintiff's subpoena directed to Wayne County Prosecutor Kym Worthy's

---

[8] Stemming not only from false statements under oath regarding whether they fired Gary Brown, but also as to their romantic relationship which is not at issue in this case.
[9] A party which Defendants have consistently and uniformly denied ever happened.

10

office, thereby separating even further the proofs to be presented at the criminal trial and the instant case.

**It cannot be emphasized enough how patently prejudicial it is that Defendants have produced no discoverable information of any kind, yet without doing so, they ask the Court to accept on faith that there will be a significant overlap between the facts presented in the civil and criminal matters.** In fact, one of the main reasons to oppose a stay of this civil action is the threat that Defendants will be given additional time to destroy evidence, as they have apparently already begun to do. If the Court is not inclined to deny this Motion outright, it must at least recognize that it is premature. At the very least, assuming Defendants survive Plaintiff's Motions for Sanctions for destruction and concealment of evidence and other discovery abuses, Defendants should be compelled to produce the records and information ordered by the Court and otherwise requested by the Plaintiff. After a period of meaningful discovery pursuant to the protocol established by the Court, this issue could then be revisited.

III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Beatty's requested relief.

Respectfully Submitted,

Dated: April 11, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

# CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the CM/ECF system:

PLAINTIFF'S RESPONSE TO DEFENDANT CHRISTINE BEATTY'S MOTION FOR STAY OF PROCEEDINGS

On the following:

**Morganroth & Morganroth, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorney for Defendants City of Detroit, Mayor Kwame Kilpatrick, Commander Craig Schwartz, Harold Cureton, and Christine Beatty
3000 Town Center, Ste. 1500
Southfield, Michigan 48075
(248) 355-3084

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorneys for Defendant Mayor Kwame Kilpatrick
535 Griswold Street
Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**Plunkett Cooney**
By: Kenneth L. Lewis (P26071)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**City of Detroit Law Department**
By: John A. Schapka (P36731)
Co-Counsel for Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Detroit Police Chief Ella Bully-Cummings, Commander Craig Schwartz and Christine Beatty.
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550

**City of Detroit Law Department**
By: Krystal A. Crittendon (P49981)
Attorney for Defendants City of Detroit, Mayor Kwame Kilpatrick, Ella Bully-Cummings, Commander Craig Schwartz, Cara Best and Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

April 11, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com