**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

1

**and**
**DEFENDANT'S COUNTER-MOTION TO SHOW CAUSE WHY SANCTIONS
SHOULD NOT BE IMPOSED UPON PLAINTIFF OR WHY PLAINTIFF
SHOULD NOT BE HELD IN CONTEMPT OF COURT**

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL

A. CRITTENDON, and for its **Response to Plaintiff's Motion for Order to Show Cause Why**

**Defendant Sanctions Should Not Be Imposed Against Defendant or Why Defendant Should**

**Not be Held in Contempt of Court** <u>and</u> **Defendant City of Detroit's Cross-Motion to Show**

**Cause Why Sanctions Should Not Be Imposed Against Plaintiff and Why Plaintiff Should Not**

**be Held in Contempt of Court**, submits the following:

     1.      Admitted.

     2.      Admitted.

     3.      Defendant neither admits nor denies but leaves Plaintiff to his proofs as to whether

the production of SkyTel PIN numbers and the corresponding names associated with each number

is critical to streamlining the process of obtaining key records from SkyTel, including the reasons

contained in subparagraphs a-i. Defendant further answers, however, that at the *Status Conference*

held before this Honorable Court, Plaintiff's counsel *misrepresented* to the Court and opposing

counsel that he had been advised by SkyTel that the City of Detroit maintained a list of PIN numbers

for the subject SkyTel pagers. Based on this misrepresentation, Defendant agreed to gather, and the

Court ordered that Defendants produce, a list of PIN numbers for SkyTel pagers. When new counsel

for Defendant City of Detroit, Krystal A. Crittendon, began contacting the City of Detroit

administrative offices to ascertain whether the City of Detroit maintained a list of SkyTel PIN

numbers, no employee could recall ever seeing such a list. Defense counsel Crittendon then secured

an Affidavit from Bobbie R. Tyler, Office Manager for the Mayor's Office, which avers that no such list is maintained by the Office of the Mayor of the City of Detroit, and forwarded same to Plaintiff's counsel.  (See Exhibit A - Affidavit of Bobbie R. Tyler).  Later, Plaintiff's counsel, Robert S. Zawideh, intimated, probably inadvertently, that it was, in fact, SkyTel who advised him that SkyTel, *not* the City of Detroit, maintained a list of PIN numbers;  (See Exhibit B - Email from SkyTel to Plaintiff's counsel).  Still later, Mr. Zawideh then stated that "Kym Worthy (Wayne County Prosecutor) said that she has a list."  Having never met either Plaintiff's counsel before the date of the *Status Conference*, Ms. Crittendon took the Plaintiff's Attorney(s) at his/their word, and agreed to look for the alleged list of PIN numbers.  When it became apparent that no such list was maintained by the City of Detroit, this was promptly communicated to Plaintiff's Counsel;

4.     Defendant neither admits nor denies but leaves Plaintiff to his proof as to whether production of the homicide investigation file is extremely critical in this case;

5.     Ms. Crittendon admits that she sent an e-mail to Plaintiff's Counsel, indicating that she was "still attempting to gather the information requested relative to PIN numbers assigned to City of Detroit employees for SkyTel pagers."   Ms. Crittendon, however, further answers that, again, she took Plaintiff's counsel at his word at the *Status Conference* when he misrepresented to the parties and the Court that he was advised that the City of Detroit maintained a list of PIN numbers for the subject pagers;

6.     Admitted;

7.     Admitted that Plaintiff's Counsel notified Defendants on March 31, 2008 that he intended to move for sanctions of for an Order to Show Cause against Defendants.  Ms. Crittendon, however, had not yet filed an Appearance on behalf of Defendant City of Detroit;

8.      Defendant admits that e-mails were exchanged concerning the production of the homicide file of Tamara Greene on April 2, 2008.  Defense counsel further answers, however, that it was Ms. Crittendon, and not either Mr. Yatooma or Mr. Zawideh,  who initiated communication concerning production of the homicide file.  As the Court is aware, in its *Order and Opinion Regarding Defendants' Motions to Quash Subpoenas and Other Discovery-Related Matters*, this Court ordered that "Defendants are ordered to provide a copy of this file to Plaintiff on or before Friday, March 28, 2008, with this production *subject to the protective order being negotiated by the parties*." (Emphasis added)(Docket # 68, page 17).  As of April 2, 2008, Plaintiff's Counsel had not even *attempted* to negotiate any terms of a Protective Order.  On this date, Ms. Crittendon did initiate communication concerning a *Protective Order* and sent all Counsel a communication, indicating the following: "I believe that it is in the interest of all parties for us to sit down and discuss whether we could agree to some terms of a Protective Order that all parties can live with relative to production of the Homicide File in the Greene matter.  As you are aware, Judge Rosen ordered that the parties attempt to negotiate such an Order."  (See Exhibit C - Email from Krystal A. Crittendon dated April 02, 2008);

9.      Admitted, that Ms. Crittendon submitted an Affidavit from Bobbie R. Tyler of the Mayor's Office.  Defendant denies, however, that any other City Department maintains a list of SkyTel PIN numbers;

10.     Ms. Crittendon states that she did, in fact, check with other City of Detroit Departments to determine whether any departments possessed or maintained a list of PIN numbers for SkyTel pagers.   No employee had ever seen such a list of PIN numbers for SkyTel pagers ;

11.     Defendant denies that it has defied any Orders of this Honorable Court and submits

that it is Plaintiff's Counsel who has/have defied this Court's Order and the Rules of Court. Rather than attempt to negotiate the terms of a *Protective Order*, as ordered by this Honorable Court, Plaintiff's have chosen to run to the press and declare that the City of Detroit is "in contempt" and file the instant *Motion for Show Cause and for Sanctions*;

12.     Admitted. Defendant further submits that it is Plaintiff's Counsel, and not Defendant, who has blatantly disregarded this Court's Order by failing to even *attempt* to negotiate terms of a *Protective Order* for production of the homicide file, as ordered by this Court. Furthermore, Plaintiff's counsel has made misrepresentations to the Court and to opposing counsel concerning information he claims to have received concerning the existence of a list of PIN numbers within City of Detroit government. F. R. Civ. P. 37(b)(2) allows for sanctions to be imposed upon a party if the party fails to obey an order to provide or permit discovery;

13.     Admitted;

14.     Denied for the reason that the allegation is untrue. Again, it is Plaintiff's counsel who has failed to cooperate with discovery, as ordered by this Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE** Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court issue an Order, denying *Plaintiff's Motion for Order to Show Cause Why Defendant Sanctions Should Not Be Imposed Against Defendant or Why Defendant Should Not be Held in Contempt of Court.*

Defendant **CITY OF DETROIT** further respectfully requests that this Honorable Court **GRANT** *Defendant City of Detroit's Cross-Motion to Show Cause Why Sanctions Should Not Be Imposed Against Plaintiff and Why Plaintiff Should Not be Held in Contempt of Court* by (1)

Ordering Plaintiff's Counsel to Show Cause as to why Plaintiff's cause should not be dismissed or subjected to other sanctions allowable under FCRP Rule 37(b)(2); (2) Ordering Plaintiff's Counsel to Show Cause why he should not be held in contempt for defying this Court's orders; and (3) Granting Defendant any other relief the Court determines to be just and equitable under the circumstances.

Respectfully submitted,

 s/ Krystal A. Crittendon
Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED:      April 14, 2008

**DEFENDANT CITY OF DETROIT's
BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SANCTIONS SHOULD
NOT BE IMPOSED AGAINST DEFENDANT OR WHY DEFENDANT SHOULD NOT
BE HELD IN CONTEMPT OF COURT
and
DEFENDANT'S COUNTER-MOTION TO SHOW CAUSE WHY SANCTIONS
SHOULD NOT BE IMPOSED UPON PLAINTIFF OR WHY PLAINTIFF
SHOULD NOT BE HELD IN CONTEMPT OF COURT**

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL

A. CRITTENDON, and for its **Brief in Support of its Response to Plaintiff's Motion for Order**

**to Show Cause Why Defendant Sanctions Should Not Be Imposed Against Defendant or Why**

**Defendant Should Not be Held in Contempt of Court** and **Defendant City of Detroit's Cross-**

**Motion to Show Cause Why Sanctions Should Not Be Imposed Against Plaintiff and Why**

**Plaintiff Should Not be Held in Contempt of Court**, submits the following:

**CONCISE ISSUES OF ISSUES PRESENTED**

**ISSUE 1:**

> **WHETHER SANCTIONS SHOULD BE IMPOSED AGAINST
> DEFENDANT OR DEFENDANT SHOULD BE HELD IN
> CONTEMPT OF COURT.**

Plaintiff Answers:        "Yes."

Defendant Answers:    "No."

**ISSUE 2:**

> **WHETHER SANCTIONS SHOULD BE IMPOSED UPON
> PLAINTIFF OR PLAINTIFF SHOULD BE HELD IN
> CONTEMPT OF COURT.**

Defendant Answers:    "Yes."

Plaintiff Answers:        "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Page**

Federal Rule of Civil Procedure 37(b)(2)............................................................................ 9

# AUTHORITY

Federal Rule of Civil Procedure 37(b)(2) allows for sanctions to be imposed upon a party if

the party fails to obey an order to provide or permit discovery. The Rule provides, in pertinent part:

**(b)**      **Failure to Comply with Order.**

**(2) Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (1) of this rule or Rule 35, or if a party fails to obey an ordered entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

     **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

     **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rending judgment by default against the disobedient party; . . .

The Rule further provides:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the courts finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

# ARGUMENT

**I.**      **Plaintiff's counsel has made misrepresentations to the Court which are sanctionable; Plaintiff's *Motion for Sanctions* to be imposed against Defendant and for Defendant to be held in contempt of Court should be denied. The Court should, however, sanction Plaintiff's Counsel and hold Plaintiff's Counsel in Contempt of Court for such misrepresentations.**

In the case at hand, at a *Status Conference* held before this Court, Plaintiff's counsel

*misrepresented* to the Court and opposing counsel that he had been advised by SkyTel that the City

of Detroit maintained a list of PIN numbers for SkyTel pagers once utilized by certain City of Detroit employees, appointees and elected officials. Based on this misrepresentation, Defense Counsel Krystal A. Crittendon agreed to gather a list of PIN numbers for SkyTel pagers. When Ms. Crittendon, began contacting the City of Detroit administrative offices to ascertain whether the City of Detroit maintained a list of SkyTel PIN numbers, Ms. Crittendon learned that no such list existed. She then promptly secured an Affidavit from Bobbie R. Tyler, Office Manager for the Mayor's Office, which avers that no such list is maintained by the Office of the Mayor of the City of Detroit, and forwarded same to Plaintiff's counsel. (See Exhibit A - Affidavit of Bobbie R. Tyler). Plaintiff's counsel, Robert S. Zawideh then changed Plaintiff's story and intimated, probably inadvertently, that it was, in fact, SkyTel who advised him that SkyTel, *not* the City of Detroit, maintained a list of PIN numbers (which seemed logical, since PIN numbers are selected by users to maintain privacy and exclusivity in use of equipment. A list of PIN users maintained by the City of Detroit would obviate the security afforded by requiring PIN numbers). An e-mail communication from SkyTel to Plaintiff's counsel appears to verify that SkyTel does, in fact, maintain a list of PIN numbers for SkyTel equipment. This e-mail provides that : "(T)he Court did not order SkyTel to produce PIN numbers to you, nor did you subpoena that information. If you want SkyTel to consider your request for such information, please have a subpoena issued and served on SkyTel." (See Exhibit B - Email from SkyTel to Plaintiff's counsel).

After Plaintiff's counsel was advised that no list of PIN numbers could be located within City of Detroit government, Ms. Crittendon engaged in a telephone with Plaintiff's Counsel Zawideh. Ms. Crittendon inquired as to where Plaintiff's counsel had received information indicating that the City of Detroit maintained a list of PIN numbers for SkyTel pagers so that she (Crittendon) could contact

that source.  Mr. Zawideh then stated that "Well, Kym Worthy (Wayne County Prosecutor) said that she has a list."  However, a review of Prosecutor Worthy's statements to the press reveals that Prosecutor Worthy has not made such a public statement; in fact, Prosecutor Worthy has made it *abundantly* clear that she will not reveal what she has received from SkyTel.  It appears, therefore, as though Plaintiff's Counsel misrepresented that he had been advised that the City of Detroit maintained a list of SkyTel pagers, even though he had not been so advised, while engaged in a fishing expedition.  Having never met either Plaintiff's counsel before the date of the *Status Conference*, Ms. Crittendon took the Plaintiff's Attorney(s) at his/their word, and agreed to look for the alleged list of PIN numbers.

Ms. Crittendon began checking with City of Detroit Departments to determine whether any departments possessed or maintained a list of PIN numbers for SkyTel pagers.  These departments included the City of Detroit Finance, Purchasing Departments, Police Department and Mayor's Office.  Purchasing and Finance were contacted, as Ms. Crittendon thought that if such a list was maintained, it may be maintained by the department which entered into the contract with SkyTel.  No employee had ever seen a list of Pin numbers for SkyTel pagers.  Again,  contrary as to what was represented, it is SkyTel who advised Plaintiff's counsel that *it* maintains a list of PIN numbers. When it became apparent that no such list was maintained by the City of Detroit, this was promptly communicated to Plaintiff's Counsel.

Defendant denies that it has defied any Orders of this Honorable Court and submits that it is Plaintiff's Counsel who has/have defied this Court's Order and the Rules of Court. Plaintiff's counsel *blatantly* misrepresented that information he received from SkyTel regarding a list of PIN numbers, causing a proverbial  "wild goose chase" to be undertaken by Defense Counsel while attempting to

locate such a list within City of Detroit government. Such misrepresentation is sanctionable.

**II.** **Plaintiff's counsel has failed to even attempt to negotiate the terms of a Protective Order, in direct contravention of this Court's Order; Plaintiff's _Motion for Sanctions_ to be imposed against Defendant and for Defendant to be held in contempt of Court should be denied. The Court should, however, sanction Plaintiff's Counsel and hold Plaintiff's Counsel in Contempt of Court for failing to comply with a Court Order.**

In its _Order and Opinion Regarding Defendants' Motions to Quash Subpoenas and Other Discovery-Related Matters_, this Court ordered that "Defendants are ordered to provide a copy of this file to Plaintiff on or before Friday, March 28, 2008, with this production _subject to the protective order being negotiated by the parties_." (Emphasis added)(Docket # 68, page 17). As of April 2, 2008, neither Mr. Yatooma nor Mr. Zawideh had even _attempted_ to negotiate any terms of a Protective Order. On this date, Ms. Crittendon initiated communication concerning a _Protective Order_ and sent all Counsel a communication, indicating the following: "I believe that it is in the interest of all parties for us to sit down and discuss whether we could agree to some terms of a Protective Order that all parties can live with relative to production of the Homicide File in the Greene matter. As you are aware, Judge Rosen ordered that the parties attempt to negotiate such an Order." (See Exhibit C - Email from Krystal A. Crittendon dated April 02, 2008).

Plaintiff's counsel did not even _attempt_ to negotiate the terms of a _Protective Order_ for production of the homicide file, even though the parties were ordered by this Honorable Court to do so. Plaintiff's counsel totally ignored the _Proposed Protective Order_ presented to him/them by Defense Counsel. Plaintiff's counsel did respond to Defense Counsel Crittendon's request to submit to her proposed terms of a _Protective Order._ (See Exhibit D - Plaintiff's proposed terms for _Protective Order_). Ms. Crittendon then prepared a _Proposed Protective Order_ to Plaintiff's Counsel Yatooma on **April 7, 2008 at 12:37 p.m.** The email was delivered to and received by Mr.

Yatooma's Office. (See Exhibit E - Email to Norman A. Yatooma RE: *Proposed Protective Order* and Verification of Delivery of e-mail). The *Proposed Protective Order* incorporated ALL of Plaintiff's submitted and requested terms and asked Plaintiff's Counsel to review Defense Counsel's proposed terms . **Mr. Yatooma did not respond, either in writing, via e-mail or verbally**.

On **April 7, 2008 at 8:50 p.m.**, Ms. Crittendon emailed Plaintiff's Counsel Zawideh the same *Proposed Protective Order* she had sent to Mr. Yatooma because when she asked Mr. Zawideh whether Plaintiff would agree to entry of the Order, Mr. Zawideh stated that he had not seen the Proposed Protective Order because it had been sent to Mr. Yatooma. Despite the fact that Mr. Yatooma and Mr. Zawideh work in the same office and Ms. Crittendon found it incredible that Mr. Yatooma would not have shared or discussed the *Proposed Protective Order* with Mr. Zawideh, Ms. Crittendon resent the *Proposed Protective Order* to Mr. Zawideh's email address on **April 7, 2008.** (See Exhibit F - Email to Robert S. Zawideh RE: *Proposed Protective Order* and Verification of Delivery of e-mail). **This time, Mr. Zawideh did not respond did not respond, either in writing, via e-mail or verbally**. Rather than attempt to negotiate the terms of a *Protective Order*, as ordered by this Honorable Court, Plaintiff's have chosen to run to the press and declare that the City of Detroit is "in contempt" and file the instant *Motion for Show Cause and for Sanctions.* Plaintiff's counsel total disregard of this Court Order, requiring the parties to negotiate a Protective Order under which the subject homicide file could be produced is sanctionable pursuant to F.R. Civ. P. 37(b)(2).

### PRAYER FOR RELIEF

**WHEREFORE** Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court issue an Order, denying *Plaintiff's Motion for Order to Show Cause Why Defendant Sanctions Should Not Be Imposed Against Defendant or Why Defendant Should Not be Held in Contempt of*

*Court.*

Defendant **CITY OF DETROIT** further respectfully requests that this Honorable Court

**GRANT** *Defendant City of Detroit's Cross-Motion to Show Cause Why Sanctions Should Not Be*

*Imposed Against Plaintiff and Why Plaintiff Should Not be Held in Contempt of Court* by (1)

Ordering Plaintiff's Counsel to Show Cause as to why Plaintiff's cause should not be dismissed or

subjected to other sanctions allowable under FCRP Rules 11(b)(3) and 37(b)(2); (2)Ordering

Plaintiff's Counsel to Show Cause why he should not be held in contempt for defying this Court's

orders; and (3) Granting Defendant any other relief the Court determines to be just and equitable

under the circumstances.

Respectfully submitted,


 s/ Krystal A. Crittendon
Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED:        April 14, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008, I electronically filed the foregoing paper with the Clerk

of the Court using the ECT system, which will send notification of such filing to the following:

**NORMAN A. YATOOMA (P54746)**        **MAYER MORGANROTH (P17966)**
**ROBERT S. ZAWIDEH (P43787)**         **JEFFREY B. MORGANROTH (P41670)**
219 Elm Street                         3000 Town Center, Suite 1500
Birmingham, MI   48009                 Southfield, MI   48075
(248) 642-3600                         (248) 355-3084

nya@normanyatooma.com                    jmorganroth@morganrothlaw.com

**JAMES C. THOMAS (P23801)**          **KENNETH L. LEWIS (P26071)**
Attorney for Defendant Mayor Kwame    **RANDAL M. BROWN (P70031)**
Kilpatrick                            Attorneys for Defendant Ella Bully-Cummings
Plunkett Cooney                       535 Griswold, Suite 2400
535 Griswold Street                   Suite 2400
Suite 2632                            Detroit, MI   48226
Detroit, MI   48226                   (313) 983-4790
(313) 963-2420                        klewis@plunkettcooney.com
jctdetroitlaw@msn.com


and I hereby certify that I have mailed by United States Postal Service the paper to the following

non-ECF participants: N/A.

                                      Respectfully submitted,

                                       s/ Krystal A. Crittendon
                                      Assistant Corporation Counsel
                                      CITY   OF   DETROIT   LAW   DEPARTMENT
                                      1650 First National Building
                                      Detroit, Michigan 48226
                                      (313) 237-3018
                                      critk@law.ci.detroit.mi.us.
                                      (P49981)


DATED:          April 13, 2008