## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

      Plaintiff,

v.

                              Case No. 05-74253
                              Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.*,

      Defendants.
_____/

## ORDER TO PRODUCE
## HOMICIDE FILE FOR *IN CAMERA* REVIEW

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on    April 15, 2008

      PRESENT: Honorable Gerald E. Rosen
                        United States District Judge

      In an opinion and order dated March 20, 2008, Defendants were given a deadline of March 28, 2008 for producing to Plaintiff's counsel a copy of the Detroit Police Department's homicide file for the murder of Tamara Greene. This deadline passed without Defendants either complying with the Court's order or advising the Court of any reason they could not do so. Rather, in a letter dated March 31, 2008, defense counsel cited a "number of developments" that purportedly had some bearing upon the failure to comply with the Court's order, and requested a status conference to discuss these developments.

In lieu of this requested conference, the Court addressed this and a number of other matters at an April 14, 2008 hearing. At this hearing, and in written submissions prior to the hearing, defense counsel identified three concerns with producing the homicide file: (i) that some or all of this file is protected by a law enforcement or executive privilege; (ii) that disclosure of the file might impede the ongoing police investigation into Ms. Greene's death; and (iii) that the parties had failed to reach agreement on a protective order that would govern the production of the homicide file.[1] As stated at the April 14 hearing, the Court has determined that the first two of these concerns are appropriately addressed through an *in camera* review of the homicide file, with an opportunity for Defendants to lodge objections on privilege or other grounds to any initial determination by the Court as to the portions of this file that are discoverable in this case. In addition, defense counsel's third concern will be addressed by carefully limiting Plaintiff's counsel's access to any portions of the file that are determined to be subject to production.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that, on or before **Friday, April 18, 2008,** Defendants shall submit to the Court **under seal** a copy of the complete Detroit Police Department homicide file for the murder of Tamara Greene, so that the

---

[1] From the parties' written submissions and accompanying exhibits, it appears that counsel have focused their efforts to date on a limited protective order that would have governed only the production of the homicide file. Yet, it is a near certainty that other materials produced in discovery in this case will also warrant protection under a protective order of the sort that is routinely entered in civil litigation. The Court urges the parties to promptly negotiate the terms of such an order and submit it for the Court's review and entry.

Court may conduct an *in camera* review of this file and make an initial determination as to the portions that are discoverable. Following this initial determination, Defendants will be given an opportunity to raise objections as to discoverability, privilege, redaction, or any other matter deemed appropriate to the Court's determination whether to order the production of the identified portions of the file. As the Court deems necessary and appropriate, Plaintiff will be given an opportunity to respond to Defendants' objections. The Court then will make a final determination whether to sustain or overrule these objections.

As to any portions of the homicide file that the Court rules are subject to production, access will be sharply restricted. Specifically, access will be granted ***only*** to Plaintiff's counsel, who will be permitted to review the pertinent portions of the file only in this Court's chambers, and will not be provided a separate copy. Moreover, neither these portions of the file nor the information they contain shall be disclosed to any other persons, including Plaintiff himself, absent a prior, express order of this Court authorizing this disclosure. To the extent that Plaintiff's counsel wishes to refer to these materials in

any filings with the Court, such submissions must be filed under seal.[2] Any failure to comply with the directives in this order will be met with severe sanctions.

> s/Gerald E. Rosen
> Gerald E. Rosen
> United States District Judge

Dated: April 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2008, by electronic and/or ordinary mail.

> s/LaShawn R. Saulsberry
> Case Manager

---

[2] As noted earlier, the Court anticipates that the parties will promptly negotiate the terms of a protective order, which should include a mechanism for filing materials under seal.