UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

       Plaintiff,

v.

Case No. 05-74253
Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

       Defendants.
_____/

### ORDER REGARDING
### VARIOUS PENDING MOTIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 15, 2008

PRESENT: Honorable Gerald E. Rosen
United States District Judge

At a hearing held on April 14, 2008, the Court addressed and ruled on a number of recently filed motions in this case. This order memorializes the Court's rulings on these motions.

First, in a motion filed on April 1, 2008, the law firm of Morganroth & Morganroth, PLLC seeks leave to withdraw its appearance as counsel for Defendants City of Detroit, Mayor Kwame Kilpatrick, Detroit Police Chief Ella Bully-Cummings, and

Commander Craig Schwartz,[1] while remaining in the case as counsel for Defendant Christine Beatty. As stated at the April 14 hearing, this motion is GRANTED.

Next, by initial motion filed on March 31, 2008 and an amended motion filed on April 7, 2008, the Defendant City of Detroit seeks a stay of these proceedings and the issuance of a "gag" order. For the reasons stated at the April 14 hearing, these motions are DENIED. Similarly, for the reasons stated at the April 14 hearing, Defendant Christine Beatty's April 7, 2008 motion for a stay of proceedings also is DENIED. In addition, the motion filed by the Detroit Free Press on April 10, 2008 to intervene for the purpose of opposing the City of Detroit's request for a "gag" order is GRANTED.

Finally, in a motion filed on April 10, 2008, Plaintiff requests that the Court issue an order for the Defendant City of Detroit to show cause why it should not be sanctioned or held in contempt for its purported failure to comply with certain of this Court's prior orders in this case. The Defendant City filed a response in opposition to this motion on April 14, 2008, as well as a counter-motion seeking the imposition of sanctions against Plaintiff. For the reasons stated at the April 14 hearing, the Court DENIES each of these

---

[1] As noted in the law firm's motion, the City of Detroit Law Department remains as counsel of record for each of these Defendants. In addition, most or all of these Defendants, with the exception of the City of Detroit, have secured additional counsel to represent them in the wake of the Morganroth firm's motion to withdraw.

As stated at the April 14 hearing, the Court is concerned that this process of securing additional counsel has given rise to a potential conflict. In particular, the additional attorneys who have filed appearances on behalf of Defendants Kilpatrick and Bully-Cummings are affiliated with the same law firm, Plunkett Cooney. Counsel were advised at the hearing that they should submit materials to the Court confirming that they have informed their clients of this potential conflict and secured the appropriate waivers.

motions as premature, where the Court has issued further instructions to counsel at the hearing as to precisely what steps the parties must take to comply with the Court's earlier orders.  Specifically, Plaintiff's counsel has been directed to issue a subpoena to SkyTel seeking information that links particular City of Detroit employees to particular SkyTel text messaging devices for the time periods at issue in this case, and Defendants have been instructed, both at the April 14 hearing and in a separate order, to submit the Tamara Greene homicide file to the Court under seal for an *in camera* review.  In light of these additional directives, the Court declines to consider the imposition of sanctions at this time, but will revisit the matter in the (presumably unlikely) event that the parties or their

counsel fail to heed the Court's further instructions.[2]

SO ORDERED.

                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: April 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2008, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager

---

[2] Before leaving this matter, the Court wishes to reiterate the displeasure it expressed at the April 14 hearing regarding the Defendant City's failure to date to uncover and produce ***any information whatsoever*** linking specific City employees to specific SkyTel text messaging devices. At the hearing and in exhibits filed with the Court, the City's counsel has indicated that she was unable to locate any pre-existing lists containing this information, and that at least some records that might have contained this information apparently were shredded after the City discontinued its contract with SkyTel.

As noted, the Court has instructed Plaintiff's counsel to attempt to secure as much of this information as possible from SkyTel. In the happy event that SkyTel can provide all of the needed information, the Court need not pursue the matter further. If this is not the case, however, the Court intends to revisit this matter with the Defendant City of Detroit and its counsel, both to ensure that no stone is left unturned in the effort to uncover this information wherever it may reside in the City's records, and to determine precisely who might have discarded or destroyed the records from which this information could have been obtained, when they did so, and the grounds for doing so.