UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v

    Case No.: 05-CV-74253
    Hon. Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK;
CHRISTINE BEATTY, jointly and severally,

    Defendants.
_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746)<br>ROBERT S. ZAWIDEH (P43787)<br>NORMAN YATOOMA & ASSOCIATES, P.C.<br>**Attorneys for Plaintiff**<br>219 Elm Street<br>Birmingham, MI 48009<br>(248) 642-3600 | MAYER MORGANROTH (P17966)<br>JEFFREY B. MORGANROTH (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>**Attorneys for Christine Beatty, Only**<br>3000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 355-3084 |
| JOHN A. SCHAPKA (P36731)<br>CITY OF DETROIT LAW DEPARTMENT<br>**Co-Counsel for City of Detroit, Harold Cureton,<br>Craig Schwartz & Cara Best**<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 224-4550 | KRYSTAL A. CRITTENDON (P49981)<br>CITY OF DETROIT LAW DEPARTMENT<br>**Attorney for City of Detroit, Harold Cureton, Craig<br>Schwartz & Cara Best**<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-3018 |
| KENNETH L. LEWIS (P26071)<br>SAID A. TALEB (P66030)<br>RANDAL M. BROWN (P70031)<br>PLUNKETT COONEY<br>**Attorneys for Ella Bully-Cummings, Only**<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>(313) 983-4790 | JAMES C. THOMAS (P23801)<br>JAMES C. THOMAS, P.C.<br>**Attorney for Defendant Kwame Kilpatrick**<br>535 Griswold St., Suite 2632<br>Detroit, MI 48226<br>(313) 963-2420 |

_____/

**DEFENDANT, CHRISTINE BEATTY'S, MOTION TO PRECLUDE DISCOVERY OF
ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE FEDERAL
<u>STORED COMMUNICATIONS ACT</u>**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Flagg v. Detroit, City of et al     Doc. 103

Dockets.Justia.com

NOW COMES Defendant, Christine Beatty ("Beatty"), by and through her attorneys, Morganroth & Morganroth, PLLC, and for her Motion to Preclude Discovery of Electronic Communications from Skytel Based upon the Federal Stored Communications Act states as follows:

1. Plaintiff has sought discovery of certain electronic communications in this matter, including text messages sent to and from the text message pager allegedly belonging to Beatty.

2. Plaintiff has sought such discovery from non-party, Bell Industries, Inc. f/k/a Skytel, Inc. via an improper subpoena.

3. The Federal Stored Communications Act (the "SCA"), 18 U.S.C. § 2701 *et seq.* absolutely precludes the production of electronic communications in civil litigation.

4. Therefore, pursuant to the SCA, this Court should prohibit all discovery of electronic communications purportedly pertaining to Beatty from any source whatsoever inasmuch as Beatty has not authorized the release of any electronic communications relating to her.

5. Concurrence in the instant Motion was sought from Plaintiff, but was not obtained. However, Krystal Crittendon did concur in the relief requested in this Motion on behalf of Defendants, City of Detroit, Harold Cureton, Craig Schwartz and Cara Best. In addition, Kenneth Lewis also concurred in the relief requested in this Motion on of Defendant, Detroit Police Chief Ella Bully-Cummings.

6. The instant Motion is further supported by the accompanying Brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

WHEREFORE, Beatty respectfully requests that this Court grant the instant Motion and prohibit discovery as to electronic communications purportedly relating to Beatty based upon the prohibitions set forth in the SCA.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: April 25, 2008
(248) 355-3084

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.  John A. Schapka, Attorney
Kenneth L. Lewis, Attorney  Krystal A. Cittendon, Attorney
James C. Thomas, Attorney

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
April 25, 2008
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v

    Case No.: 05-CV-74253
    Hon. Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

_____/

**DEFENDANT, CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE <u>FEDERAL STORED COMMUNICATIONS ACT</u>**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INDEX OF AUTHORITIES | ii |
| QUESTION PRESENTED | iii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. STANDARD OF REVIEW | 3 |
| II. THE SCA ABSOLUTELY PRECLUDES THE DISCOVERY OF ELECTRONIC COMMUNICATIONS AND INFORMATION PERTAINING TO SKYTEL'S CUSTOMERS AND SUBSCRIBERS IN A CIVIL MATTER | 5 |
| A. Any Release of Electronic Communications Will Necessarily Violate the SCA | 5 |
| B. Any Release of Information Pertaining to Skytel's Customers and Subscribers Will Necessarily Violate the SCA | 9 |
| C. Beatty Has Standing To Assert Her Rights Under the SCA | 9 |
| CONCLUSION | 11 |

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Cases:**                                                                                                          **Page(s)**

Berger v. New York,
    388 U.S. 41; 87 S. Ct. 1873; 18 L. Ed. 2d 1040 (1967) .............................. 8

Katz v. United States,
    389 U.S. 347; 88 S. Ct. 507; 19 L. Ed. 2d 576 (1967) ............................ 8

Krinsky v Doe 6,
    159 Cal.App.4th 1154; 72 Cal.Rptr.3d 231 (2008) ............................. 7

Quon v. Arch Wireless Operating Co., Inc.,
    445 F.Supp.2d 1116 (C.D. Cal. 2006) ................................. 5, 6, 8

Quon v. Arch Wireless,
    309 F. Supp.2d 1204 (C.D. Cal. 2004) ................................. 9, 10

Theofel v. Farey-Jones,
    341 F.3d 978 (9th Cir. 2003) ........................................... 7

United States v. Finley,
    477 F.3d 250 (5th Cir. 2007) ........................................... 8

Warshak v. United States,
    490 F.3d 455 (6th Cir. 2007), vacated pending rehearing *en banc*,
    2007 U.S. App. LEXIS 23741 (6th Cir. 2007) ............................ 8

**Court Rules and Statutes:**

18 U.S.C. § 2701 ............................................................. 3

18 U.S.C. § 2702 ...................................................... 3-6, 9, 10

18 U.S.C. § 2707 ............................................................ 10

Fed. R. Civ. P. 45 ............................................................ 7

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## QUESTION PRESENTED

I. WHETHER THE PRODUCTION BY SKYTEL OF ELECTRONIC COMMUNICATIONS, AND/OR INFORMATION PERTAINING TO CUSTOMERS AND/OR SUBSCRIBERS, IS ABSOLUTELY PROHIBITED BY THE FEDERAL STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701 *ET SEQ.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

The instant action was commenced on November 7, 2005 against City of Detroit, Police Chief Ella Bully-Cummings ("Bully-Cummings"), Deputy Police Chief Cara Best ("Best"), John Doe police officers, Attorney General Mike Cox ("Cox"), Former Police Chief Jerry Oliver ("Oliver"), Mayor Kwame Kilpatrick ("Mayor Kilpatrick") and Chief of Staff Christine Beatty ("Beatty").

On August 31, 2006, this Court dismissed without prejudice the initial complaint. Exh. 1.

On September 21, 2006, Plaintiff filed a First Amended Complaint, which dropped Mayor Kilpatrick, Beatty, Cox and Oliver as defendants and added Assistant Deputy Police Chief Harold Cureton ("Cureton"), Commander Craig Schwartz ("Schwartz") and Lieutenant Billy Jackson ("Jackson"). On November 14, 2007, this Court dismissed the First Amended Complaint without prejudice as to Best, Cureton, Jackson, Cox, Mayor Kilpatrick, Oliver and Beatty. Exh. 2.

On January 14, 2008, Plaintiff filed their Second Amended Complaint after being granted leave to do so by this Court. The Second Amended Complaint added Mayor Kilpatrick and Beatty, back into the case as defendants and continued to name the City of Detroit, Bully-Cummings, Best, John Doe Police Officers 1-20, Cureton, Schwartz, and Jackson.

On February 1, 2008, at 5:53 p.m., counsel for Beatty received a facsimile (Exh. 3) from Plaintiff's counsel with the message:

> Dear Mr. Morganroth and Mr. Schapka:
>
> Please find the following courtesy copy of Subpoena in A Civil Case.
> Should you have any questions, please do not hesitate to call.
>
> Very truly yours,
> Ryan Bobel

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

In addition to the facsimile cover sheet, the facsimile included the following: (1) a cover letter from Matt Dyar of Norman Yatooma & Associates to Mayer Morganroth dated January 30, 2008 which indicated it was sent via facsimile only; and (2) a subpoena ("Subpoena No. 1 to Skytel") for the production of documents directed at Bell Industries, Inc. f/k/a Skytel, Inc ("SkyTel"). Id. Subpoena No. 1 to Skytel indicated that it was issued on February 1, 2008 and had a return date of February 8, 2008 at 9:00 A.M. Id. The facsimile did not include a proof of service indicating when it had been served upon SkyTel. Subpoena No. 1 to Skytel, among other things, requested copies of the contents of all incoming and outgoing text messages from 34 individuals, including Beatty, during the period September 1, 2002 through October 31, 2007. Id.

Plaintiff issued a another subpoena ("Subpoena No. 2 to Skytel") to Skytel dated February 11, 2008 which sought, among other things, the contents of text messages, including Beatty's text messages, for the period 1:30 am to 5:30 am on April 30, 2003. Exh. 4.

Defendants filed Motions to Quash both Subpoena No. 1 to Skytel and Subpoena No. 2 to Skytel, which were granted in part and denied in part by this Court. Specifically, on March 20, 2008, this Court ordered that Plaintiff must narrow the scope of Subpoena No. 1 to Skytel and Subpoena No. 2 to Skytel such that they are limited in time and limited to only text messages sent to and from a limited number of identified Skytel pagers. Exh. 5. Although Plaintiff has not yet identified the individuals from who it will seek text messages, upon information and belief, Beatty's purported text messages will be among those sought by Plaintiff.

Also on March 20, 2008, this Court issued its Order Establishing Protocol for Review and Production of Text Messages and Designating Magistrate Judges Whalen and Hluchaniuk to Conduct this Review (the "Protocol Order"). Exh. 6. Therein, this Court indicated that the text

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

messages are to be produced to two Magistrate Judges for their review *in camera* in order to determine whether any portion of such materials are relevant to any claims or defenses in this case. Id. If the Magistrate Judges determine that any portion of the material is relevant, then Defendants will be notified and will have the right to assert all objections to the production of such material, including privilege objections. Id.

At the April 14, 2008 hearing, this Court granted permission to Defendants to file the instant Motion on the basis of the Federal Stored Communications Act (the "SCA") at this time.

On April 21, 2008, Plaintiff served upon Defendants a proposed subpoena to Skytel (the "Proposed Subpoena No. 3 to Skytel")[1]. Exh. 7. Proposed Subpoena No. 3 to Skytel seeks information pertaining to subscribers or customers of Skytel, which is prohibited by the SCA. Id.

Inasmuch as the SCA precludes the production of electronic communications (i.e., text messages), Subpoena No. 1 to Skytel, Subpoena No. 2 to Skytel and Proposed Subpoena No. 3 to Skytel should all be quashed in their entireties, and any other efforts to obtain electronic communications from Skytel should be precluded.

## ARGUMENT

### I. STANDARD OF REVIEW.

The SCA, 18 U.S.C. § 2701 *et seq.*, precludes the production of electronic communications, such as those sought by Plaintiff in the instant civil discovery proceedings.

Section 2702(a) of the SCA states:

---

1/ Plaintiff also "informally" served Proposed Subpoena No. 3 to Skytel upon Skytel's counsel in direct contravention of this Court's March 20, 2008 admonition that Plaintiff abandon this practice. Exh. 7. On April 23, 2008, Beatty's counsel sent a letter to Plaintiff's counsel reminding him of this Court's admonition, and discussed this matter with Plaintiff's counsel in connection with seeking concurrence in the instant Motion. As a result of these communications, on April 25, 2008, Plaintiff's counsel sent a letter to Skytel informing it that should disregard Proposed Subpoena No. 3 to Skytel in all respects.

3

(a) Prohibitions. - Except as provided in subsection (b) -

    (1) <u>a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service</u>; and

    (2) <u>a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service</u> -

        (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;

        (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing; and

    (3) <u>a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity</u>. 18 U.S.C. § 2702(a) (emphasis added).

Subpoena No. 1 to Skytel, Subpoena No. 2 to Skytel and Proposed Subpoena No. 3 to Skytel specifically direct Skytel to produce electronic communications, and information pertaining to Skytel's customers and/or subscribers, in violation of the SCA and therefore they should all be quashed.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## II. THE SCA ABSOLUTELY PRECLUDES THE DISCOVERY OF ELECTRONIC COMMUNICATIONS AND INFORMATION PERTAINING TO SKYTEL'S CUSTOMERS AND SUBSCRIBERS IN A CIVIL MATTER.

### A. Any Release of Electronic Communications Will Necessarily Violate the SCA.

The SCA, by its express terms, prohibits the production of electronic communications in civil discovery. Specifically, the SCA prohibits a person or entity providing an electronic communication service to the public, or a remote computing service, from knowingly divulging to any person or entity the contents of a communication while in electronic storage by that service. See, 18 U.S.C. § 2702(a).

The only relevant exceptions to divulging such information are set forth in Section 2702(b) of the SCA. Specifically, Section 2702(b) of the SCA states, in pertinent part,

> (b) Exceptions for disclosure of communications. - A provider described in subsection (a) may divulge the contents of a communication . . .
>
> (3) with the lawful consent of <u>the originator or an addressee or intended recipient of such communication</u>, or the subscriber in the case of remote computing service[.] (emphasis added).

In the matter at bar, Beatty, and/or any other Defendants in this matter, as the originator or an addressee or intended recipient of the communications at issue (<u>i.e.</u>, a user of Skytel's service) has not and does not provide consent or authorization for the release of their electronic communications. Therefore, such electronic communications can not be subject to discovery in this or any other matter pursuant to the SCA.

The United States District Court for the Central District of California has squarely addressed the status of companies which provide text pagers and service therefor, and has determined that such services are usually a <u>combination</u> of remote computing services and electronic communications services. <u>See</u>, <u>Quon</u> v. <u>Arch Wireless Operating Co., Inc.</u>, 445 F.Supp.2d 1116, 1137 (C.D. Cal.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

5

2006) ("Quon II")[2]. In order to determine which possible exception set forth in the SCA is applicable in a particular circumstance, the Quon II Court [3] held:

> Certain aspects of Arch Wireless' service -- the provision of text messaging (perhaps including the 72-hour short-term storage of such messages before they are opened and read by the recipient) -- were the provision of purely electronic communications system, while others -- <u>the retrieval of the contents of those text messages kept in long-term storage on its computer network after they had been received -- were that of a remote computing service</u>. Given that it is the latter service that is at issue in this case, the Court finds that section 2702(b)(3)'s subscriber exception applies. (emphasis added).

In the case at bar, Plaintiff is seeking production of text messages kept in long-term storage. Therefore, the provisions of Section 2702(b)(3) apply to this matter (<u>i.e.</u>, the authorization of a user or subscriber to the service is required for the release of the electronic communications by a remote computing service)[4].

The Quon II Court also held that, through the SCA, Congress fully and completely occupied the field of the regulation of electronic communications such that "Congress 'left no room' for supplementary state regulation." Id. at 1138. Thus, because the SCA precludes the production of Beatty's electronic communications, no other state law could trump or supersede the SCA's absolute and supreme authority over this issue. Indeed, the Court of Appeals of California has held that the SCA does <u>not</u> authorize the disclosure of the contents of electronic communications and has <u>no</u>

---

2/ Unlike the matter at bar, in Quon II, the subscriber <u>had provided authorization</u> for the release of electronic communications.

3/ In Quon I, <i>infra</i>, the California District Court addressed a motion to dismiss certain counts of a complaint brought against a provider of electronic communications services, Arch Wireless. In order to resolve such motion, the California District Court first had to determine whether users of the pager equipment provided by Arch Wireless had standing to assert protections under the SCA, which the Quon I Court determined that they did. Subsequently, in Quon II, the California District Court had to determine, among other things, whether Arch Wireless was a "remote computing service" or an "electronic communications system" for the purposes of the SCA.

4/ To the extent Skytel is a provider of a remote computing service, only Beatty, as a user of such service, could authorize or consent to the release of her electronic communications, which she does not.

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

exception for civil discovery purposes. See, Krinsky v Doe 6, 159 Cal.App.4th 1154, 1166; 72 Cal.Rptr.3d 231 (2008).

If this Court were to somehow enforce the Subpoena No. 1 to Skytel, Subpoena No. 2 to Skytel, Proposed Subpoena No. 3 to Skytel (or any similar subpoena seeking production of electronic communications sent to, or received by, Beatty, and or any other Defendants in this matter without their authorization or consent), Skytel would be subjected to liability for such disclosure inasmuch as any such disclosure would clearly violate the SCA. In Theofel v. Farey-Jones, 341 F.3d 978 (9th Cir. 2003), Judge Kozinski held that the plaintiffs, who alleged that their electronic communications were produced by an electronic communication service pursuant to a subpoena, could maintain a claim under the SCA against the attorney and party who issued the subpoena. The Theofel Court noted that:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start, see Fed. R. Civ. P. 45(a)(1)(D), but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness. Fighting a subpoena in court is not cheap, and many may be cowed into compliance with even overbroad subpoenas, especially if they are not represented by counsel or have no personal interest at stake. Because defendants procured consent by exploiting a mistake[5] of which they had constructive knowledge, the district court erred by dismissing based on that consent. Id. at 984 (emphasis and footnote added).

In fact, it is well settled that individual users, such as Beatty, and/or the other Defendants in this matter, have a reasonable expectation of privacy in their electronic communications. This

---

5/ The subpoenaed party mistakenly believed that the subpoena issued by the defendants, pursuant to which it produced electronic communications, was valid, as represented by the defendants, when in fact such subpoena clearly was not valid. Theofel, 341 F.3d 983-984 (the court held that the subpoena "'transparently and egregiously' violated the Federal Rules, and [the] defendants acted in bad faith and with gross negligence in drafting and deploying it.").

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

7

expectation of privacy to the contents of communications is not diminished because another entity owns the communication device or has entered into a contract with the communication provider. See, e.g., United States v. Finley, 477 F.3d 250, 253 (5th Cir. 2007) ("Defendant has a reasonable expectation of privacy as to an employer issued cell phone."); Quon II (finding that the plaintiffs had an expectation of privacy as to their text messages where the plaintiff's employer, the city, had entered into the contract with the service provider for the text message pagers because the "Plaintiffs used the electronic communication service, and . . . they were authorized by the City to do so. Arch Wireless provided the alphanumeric text messaging pagers to the City knowing the pagers would be distributed to and used by City employees").

The United States Court of Appeals for the Sixth Circuit recently held that individuals have a reasonable expectation of privacy in their electronic communications. See, Warshak v. United States, 490 F.3d 455, 473 (6th Cir. 2007), vacated pending rehearing *en banc*, 2007 U.S. App. LEXIS 23741 (6th Cir. 2007) (holding that a person has a reasonable expectation of privacy in email content that is stored with, or sent or received through, a commercial ISP). The Warshak opinion confirmed the holding of the California appellate court in Quon II. In Quon II, a case that is markedly similar to the case at bar, the court held that a city employee had a reasonable expectation of privacy in his electronic messages, even though they were sent and received on a city-provided pager. Id. It is perfectly reasonable for Beatty to expect that her electronic communications would remain private, even when such electronic communications were sent or received via city-provided equipment. Beatty's electronic communications are undoubtedly protected by the Fourth Amendment, and hence can not be obtained absent a search warrant based on probable case. See, e.g. Berger v. New York, 388 U.S. 41; 87 S. Ct. 1873; 18 L. Ed. 2d 1040 (1967); Katz v. United

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

States, 389 U.S. 347; 88 S. Ct. 507; 19 L. Ed. 2d 576 (1967) (holding that private telephone conversations processed through a third-party intermediary are protected by the Fourth Amendment and can be obtained from the intermediary only upon a showing of probable cause).

### B. Any Release of Information Pertaining to Skytel's Customers and Subscribers Will Necessarily Violate the SCA.

Section 2702(a)(3) of the SCA prohibits the disclosure of "a record or other information pertaining to a subscriber or customer" of Skytel's service to any governmental entity. 18 U.S.C. § 2702(a)(3). Proposed Subpoena No. 3 to Skytel, issued by Plaintiff's counsel, by its terms seeks information pertaining to Skytel's customers and subscribers in clear violation of the SCA. Exh. 8. Therefore, Proposed Subpoena No. 3 to Skytel clearly violates the SCA and should be quashed.

### C. Beatty and the City of Detroit Have Standing To Assert Their Rights Under the SCA.

There is no dispute that Beatty was a user of a Skytel text pager that was used to transmit electronic communications covered by Subpoena No. 1 to Skytel, Subpoena No. 2 to Skytel and Proposed Subpoena No. 3 to Skytel. The clear purpose of the SCA is to protect the privacy of "users," regardless of who owns or pays for the equipment or service. In a case involving the disclosure of messages sent and received by a municipal employee on his city-owned pager, a federal district court held that such an employee was a "user" of the service, and therefore was afforded protection by the SCA. See, Quon v. Arch Wireless, 309 F. Supp.2d 1204, 1209 (C.D. Cal. 2004) ("Quon I"). In reaching its holding, the Quon I Court noted that city employees "used the electronic communication service, and that they were authorized by the City to do so. [The service provider] provided the alphanumeric text messaging pagers to the City knowing the pagers would be distributed to and used by City employees." Id. As a result, the Quon I Court held that the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

employees had standing to raise claims asserting a violation of the SCA. Id. Just like the city employee in Quon I, Beatty was undoubtedly authorized to use the pager service and equipment provided by the City. Therefore, as a "user" of Skytel's electronic communication service, Beatty has standing to object to the unlawful disclosure of electronic communications which she sent or received via that service.

The remedies portion of the SCA further supports Beatty's right to object to the release of electronic communications relating to her based upon the SCA. Specifically, Section 2707 of the SCA provides that "any aggrieved person" has standing to seek "preliminary and other declaratory relief" for violations of the SCA (or presumably preliminary relief in order to prevent any prospective violation of the SCA). See, 18 U.S.C. § 2707. The SCA thus does not limit standing to subscribers or those in contractual privity with the service provider, and Beatty, as an aggrieved person (i.e., one whose electronic communications will be produced and disclosed in violation of the SCA) is entitled to seek preliminary relief under the SCA.

In addition, there can be no dispute that Defendant, City of Detroit, was a subscriber to the Skytel service, and therefore has standing to raise an objection under Section 2702(b)(3) of the SCA inasmuch as Skytel is a remote computing service, which it has done by virtue of its concurrence in the instant Motion. 18 U.S.C. § 2702(b)(3).

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## CONCLUSION

For all the foregoing reasons, Beatty respectfully requests that this Court grant the instant Motion and prohibit discovery of electronic communications, and information pertaining to customers and subscribers of Skytel, based upon the SCA.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: April 25, 2008
(248) 355-3084

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.           John A. Schapka, Attorney
Kenneth L. Lewis, Attorney          Krystal A. Cittendon, Attorney
James C. Thomas, Attorney

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
April 25, 2008
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302