**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Ernest Flagg,**

# DEFENDANT CITY OF DETROIT's MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATION FROM SKYTEL BASED UPON THE FEDERAL STORED COMMUNICATIONS ACT

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL A. CRITTENDON, and for its **Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act,** submits the following:

1. Plaintiff seeks discovery of certain electronic communications or "text messages" from non-party, Bell Industries, Inc, f/k/a SkyTel, Inc., via subpoena;

2. Defendant City of Detroit and Bell Industries, Inc, f/k/a SkyTel, Inc. entered into a contract, wherein SkyTel provided text message devices to the City of Detroit for use by certain City of Detroit employees, appointees, elected officials and agents;

3. Pursuant to the contract, Bell Industries, Inc, f/k/a SkyTel, Inc. was the text message service provider and the City of Detroit was its customer or subscriber;

4. The electronic communications in question were created, sent and/or received by various employees, appointees, elected officials and agents of Defendant City of Detroit;

5. The Federal Stored Communication Act (the "SCA"), 18 U.S.C. § 2701 *et seq.* precludes the production of electronic communications in civil litigation;

6. In this case, the SCA prevents the disclosure of all electronic communications created, sent and received by City of Detroit's employees, appointees, elected officials and agents, unless the City of Detroit, as subscriber, authorizes the release and disclosure of any electronic communications created by the City of Detroit employees, appointees, elected officials and agents;

7. Moreover, upon information and belief, many of the electronic communications sought were created, sent and received by high-ranking City of Detroit elected public officials and

appointees, who in their official positions within the City of Detroit government, routinely engaged in frank, confidential communications of a self-critical nature, which, if subject to disclosure, would have a chilling effect upon the City of Detroit's internal use of such record making and self-correction of internal policy;

8. Such communications are protected from discovery by the deliberative process and/or evaluative process privilege. <u>Ostein</u> v <u>Waterford Township Police Department</u>, 189 Mich App 334, 471 NW2d 666 (1991);

9. Defendant has sought concurrence in this Motion pursuant to Local Rule 7.1(a) and such concurrence could only be obtained from counsel for Co-Defendants.

**WHEREFORE** Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court issue an Order, granting its **Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act**.

                                                Respectfully submitted,

                                                s/ Krystal A. Crittendon
                                                Assistant Corporation Counsel
                                                CITY OF DETROIT LAW DEPARTMENT
                                                1650 First National Building
                                                Detroit, Michigan 48226
                                                (313) 237-3018
                                                critk@law.ci.detroit.mi.us.
                                                (P49981)

DATED:      May 2, 2008

**TABLE OF CONTENTS**

                                                                                                      **Page**

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF RELEVANT FACTS ........................................................................ 1

ARGUMENT ................................................................................................................ 2

      I.       The SCA Precludes the Discovery of Electronic Communications
             and Information from SkyTel's Subscriber's In a Civil Matter........... 2

      II.     Many of the Electronic Communications are Protected from
             Discovery by the Executive, Deliberative Process and/or
             Evaluative Process Privileges.................................................... 3

CONCLUSION ........................................................................................................ 9

CERTIFICATE OF SERVICE ................................................................................ 9

# INDEX OF AUTHORITIES

**Page(s)**

Ballard v Terrak, 56 F.R.D. 45 (E.D. Wis., 1972)................................................................. 3

Elliott v Webb, 98 F.R.D. 293 (D. Idaho, 1983)..................................................................... 3,5

Frankenhauser v Risso, 59 F.R.D. 399, 344 (E.D. Pa. 1973)................................................ 4, 7, 8

Gaison v Scott, 59 F.R.D. 347, 352 (D. Hawaii, 1973).......................................................... 5

Hamilton v Verdow, 287 M.D. 565; 414 A.2d 914, 926 (1980)............................................ 6

Kitt v Perrini, 283 F. Supp 1 (N.D. Ohio, 1968)..................................................................... 3, 5

McMillan v Ohio Civil Rights Commission, 39 Ohio Misc. 83, 94 (1974)........................... 3, 4

Kelly v City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987).................................................. 4

Martinelli, Breier, 54 F.R.D. 7, 11 (N.D. Ohio, 1964)........................................................... 6, 8

Ostein v Waterford Township Police Department, 189 Mich App 334 (1991...................... 4, 8

People v Ellerhorst, 12 Mich App 661; 669-675; 163 N.W.2d 465 (1968)........................... 6

**Statutes and Court Rules**

18 U.S.C. § 2701 *et seq*.......................................................................................................... 2, 3

# DEFENDANT CITY OF DETROIT's
# BRIEF IN SUPPORT OF ITS
# MOTION TO PRECLUDE DISCOVERY OF
# ELECTRONIC COMMUNICATION FROM SKYTEL BASED UPON THE
# FEDERAL STORED COMMUNICATIONS ACT

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its attorney, KRYSTAL A. CRITTENDON, and for its **Brief in Support of its Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act**, submit the following:

## Statement of Relevant Facts

Plaintiff Ernest Flagg files the instant action as Next Friend of Jonathan Bond, the son of Tamara Bond Greene, who was shot and killed on April 30, 2002. Plaintiff premises his claims upon an alleged failure of the City of Detroit Police Department to conduct an investigation into the murder of Ms. Greene and complains that the individually-named Defendants prevented an investigation from occurring.

Plaintiff now seeks production of certain electronic communications or "text messages" from non-party, Bell Industries, Inc, f/k/a SkyTel, Inc., via subpoena. Defendant City of Detroit and Bell Industries, Inc, f/k/a SkyTel, Inc. entered into a contract, wherein SkyTel provided text message devices to the City of Detroit for use by certain City of Detroit employees, appointees, elected officials and agents. Pursuant to the contract, Bell Industries, Inc, f/k/a SkyTel, Inc. was the text message service provider and the City of Detroit was a customer or subscriber. The electronic communications in question were created, sent and/or received by various employees, appointees, elected officials and agents of Defendant, City of Detroit. For the following reasons, Defendant City of Detroit submits that this Honorable Court should quash the subpoena issued by Plaintiffs to

MCI/SkyTel.

# ARGUMENT

**I.   The SCA Precludes the Discovery of Electronic Communications and Information from SkyTel's Subscriber's In a Civil Matter.**

The Federal Stored Communication Act (the "SCA"), 18 U.S.C. § 2701 *et seq.* precludes the production of electronic communications in civil litigation. Section 2702(a) of the SCA states:

(a)   Prohibitions - Except as provided in subsection (b) -

   (1)   <u>a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service</u>; and

   (2)   <u>a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service</u> -

      (A)   on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;

      (B)   solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing; and

   (3)   <u>a person of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity</u>.   18 U.S.C. § 272(a)(emphasis added).

The SCA allows information to be divulged by an electronic communication service *only* when such disclosure is authorized by the user of electronic equipment or the subscriber to the electronic communication service. Section 2702(b) of the SCA provides, in pertinent part:

> (b) Exceptions for disclosure of communications. - A provider described in subsection (a) may divulge the contents of a communication . . .
>
> > (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, <u>or the subscriber</u> in the case of remote computing service[.] (emphasis added).

In the case at hand, the City of Detroit, as subscriber to the subject SkyTel text messages, Plaintiff seeks to subpoena electronic communications from SkyTel which were created, sent and/or received by various employees, appointees, elected officials and agents of Defendant, City of Detroit. Defendant City of Detroit does not consent to the disclosure of these communications, as required by the SCA before such communications are divulged. This Court should, therefore, quash the subpoena directed to SkyTel for production of the subject text messages.

## II. Many of the Electronic Communications are Protected from Discovery by the Executive, Deliberative Process and/or Evaluative Process Privileges.

Records reflecting internal discussions within a governing body are privileged in order to maintain the integrity of the internal investigation and/or self-governing process. Disclosure of these confidential communications to outside parties would have a chilling effect upon the decision to engage in such process. <u>Kitt</u> v <u>Perrini</u>, 283 F. Supp 1 (N.D. Ohio, 1968); <u>Ballard</u> v <u>Terrak</u>, 56 F.R.D. 45 (E.D. Wis., 1972); <u>Elliott</u> v <u>Webb</u>, 98 F.R.D. 293 (D. Idaho, 1983).

In an Ohio case where the Cincinnati Police Chief brought suit to prevent disclosure of internal files, the court held that the Civil Rights Commission was not entitled to the files. <u>McMillan</u>

v <u>Ohio Civil Rights Commission</u>, 39 Ohio Misc. 83, 94 (1974). The court upheld the Police Chief's claim of executive privilege in the materials sought:

> [I]t is clear that a very real and very important need exists to maintain the confidential integrity of the internal investigation(s) in a police division. To do otherwise would seriously inhibit the chief in his control over the members of the division in their wide ranging duties and responsibilities. The stream of information available to the chief from persons within and without the division would diminish to a bare trickle if the source of sources of this information was stripped of its confidential character. That such an event would serve to defeat the general public good is supported by logic almost tautological in its persuasiveness for the desirability of an efficient, well-disciplined police force is manifest.

The law governing the executive or official-information privilege has been discussed in a number of federal cases. That body of law was recently adopted as Michigan law in <u>Ostein</u> v <u>Waterford Township Police Department</u>, 189 Mich App 334 (1991).

The law governing the privilege at issue has been exhaustively analyzed by Magistrate Wayne D Brazil in <u>Kelly</u> v <u>City of San Jose,</u> 114 F.R.D. 653 (N.D. Cal. 1987). Although we do not agree with or endorse everything Magistrate Brazil has to say and his opinion is longer than it needs to be, it is worthy of careful study. Of all the names by which the privilege has been called, Magistrate Brazil prefers "official information privilege." <u>Id.</u> at 660. That, along with "executive privilege" are the terms that are most frequently used.

The scope of the official information privilege is determined on a case-by-case basis by balancing a number of competing interests. <u>Id.</u> at 660, 663; <u>Frankenhauser</u> v <u>Risso,</u> 59 F.R.D. 399, 344 (E.D. Pa. 1973). Of the factors that have been considered important in the cases just cited, the following are applicable in this case:

1. The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.

2. The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.

3. Whether the information sought is factual data or evaluative summary.

4. The importance of the information sought to Plaintiff's case.

In order to gather information, receive advice needed for wise policy development and responsible self-governance, full disclosure of facts and frank analysis of problems must be had by a government's policy-makers. Such full disclosure and frank analysis cannot be had without assurances of absolute confidentiality. It is thus shown that governmental self-evaluation and consequent program improvement would be significantly chilled by disclosure of internal communications to third-parties.

Many courts accord what is essentially an absolute privilege to evaluative communications. Thus, in Frankenhauser, supra, the court held "the evaluative summary" portion of police investigative reports" not discoverable without requiring any factual basis for the claim of privilege. 59 F.R.D. at 345.

In Gaison v Scott, 59 F.R.D. 347, 352 (D. Hawaii, 1973), the Court held "material. . of a policy or self-evaluative nature. . .ordinarily remains confidential" without any requirement of a factual foundation for the privilege. The same holding is found in Elliot v Webb, 98 F.R.D. 293, 297 (D. Idaho 1983).

In Kitt v Perrini, 283 F.Supp. 1 (N.D. Ohio 1968), the court adopted a rule of absolute privilege because "[t]he members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in all cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside

parties would have a certain and chilling effect upon the internal use of such record making."

The cases recognizing an absolute privilege are important because they show the great weight that must be accorded a governing body's and the public's interest in the confidentiality of evaluation summaries and self-critical analysis.

With respect to production of any electronic communications between the Mayor of the City of Detroit, the Mayor's Chief of Staff, the Police Chief of the Detroit Police Department, and other high-ranking City of Detroit employees, appointees, elected officials and agents, Defendant City of Detroit objects to their disclosure. When executive privilege or official information privilege is raised in opposition to a request for production of documents, there must be an independent determination of the extent to which the privilege applies to the material sought to be discovered. People v Ellerhorst, 12 Mich App 661; 669-675(1968). Martinelli, infra, at 1088. This determination is the result of the ad hoc balancing of: (a) the discoverant's interest in disclosure of the material; and (b) the government's interest in its confidentiality. Martinelli, Breier, 54 F.R.D. 7, 11 (N.D. Ohio, 1964).

In order to appropriately apply this balancing test, an in camera examination of the materials for which the executive privilege is claimed may be appropriate. People v Ellerhorst, supra, at 666, f. 4. However, an in camera inspection is not justified in all circumstances, because it is itself an intrusion on the privilege. Hamilton v Verdow, 287 M.D. 565; 414 A.2d 914, 926 (1980). Consequently, it is the burden of the moving party to make a preliminary showing that the documents may not be privileged, or there is some necessity for the production of the documents as was explained in Hamilton, supra, at 926-927.

> The certified question in this case also encompasses the role of in camera inspection by a court when faced with a formal executive privilege claim. It has repeatedly been stated that in camera inspection by the trial judge does not automatically follow

whenever a claim of executive privilege is made. United States v Nixon, supra, 418 U.S. at 713, 94 S.Ct. at 3110; United States v Reynolds, supra, 345 U.S.Z.L. at 10. 73 SZ ct at 533; Zeiss, supra 40 FRD at 331; Kaiser Aluminum, supra, 359 NYS2d at 5-6 316 NE2d at 304. As pointed out by some of these courts, the in camera inspection itself is an intrusion upon the privilege. Thus, when a formal claim of executive privilege is made, with an affidavit stating that the demanded materials are of a type that fall within the scope of the privilege, they are presumptively privileged even from in camera inspection. The burden is on the party seeking production to make a preliminary showing that the communications or documents may not be privileged or, in those cases where a weighing approach is appropriate, that there is some necessity for production. [Citations omitted]. Mr. Justice Reed explained for the Court in the Kaiser Aluminum case, supra, 157 F. Supp. at 947:

"It seems equally obvious that the very purpose of the privilege, the encouragement of open expression of opinion as to governmental policy is somewhat impaired by the requirement to submit the evidence even unilaterally. When the head of an agency claims privilege from discovery on the ground of public interest, which is recognized as a basis for the claim, it seems to us a judicial examination of the sought-for evidence itself should not be required without a much more definite showing of necessity than appears here.

Consequently, absent such a preliminary showing by the party demanding the disclosure, the claim of executive privilege should be honored without requiring an in camera inspection.

On the other hand, where a sufficient showing is made to overcome the presumption, the court should order an in camera inspection. Depending upon the issues and circumstances, the in camera inspection may be utilized to determine whether the material is privileged, to sever privileged from non-privileged material if severability is feasible, and to weigh the government's need for confidentiality against the litigant's need for production.

Where executive privilege is claimed, it is appropriate to examine the factors set forth for

applying executive privilege in cases as was developed in Frankenhauser, supra, at 344, and discussed

above:

At least the following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4)

> whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other sources; and (10) the importance of the information sought to plaintiff's case.

See also Martinelli, supra, at 1089.

In analyzing the factors discussed above, certain rules become apparent. It is generally recognized that intra-agency and inter-agency communications made in the performance of decision-policy making functions are protected by executive privilege. Frankenhauser, supra, at 344, and Wood, supra, at 12.

In the case at bar, Plaintiff has failed to make any preliminary showing that the privilege may not apply to the communications contained on the electronic communications which are the subject of the subpoena. Such communications are protected from discovery by the deliberative process and/or evaluative process privilege. Ostein v Waterford Township Police Department, 189 Mich App 334 (1991). In the alternative, should this Court require an in camera inspection, a balancing of the factors stated above should also lead the Court to quash the subpoena issued by Plaintiff to SkyTel and the electronic communications should be returned to defense counsel without disclosure of their contents to counsel for Plaintiff. Finally, were this Court, after an in camera inspection, to determine that all or part of the electronic communications are discoverable, said disclosure should be limited to counsel for the Plaintiff only and only for allowable use in the present action and then returned to counsel for the Defendant upon final disposition of this action.

## Conclusion

**WHEREFORE** Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court issue an Order, granting its **Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act**.

Respectfully submitted,

s/ Krystal A. Crittendon
Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018
critk@law.ci.detroit.mi.us.
(P49981)

DATED: May 2, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, after unsuccessfully seeking concurrence in the foregoing *Motion* and *Brief in Support*, I electronically filed the foregoing paper with the Clerk of the Court using the ECT system, which will send notification of such filing to the following:

Norman A. Yatooma (P54746)
Robert S. Zawideh (P43787)
219 Elm Street
Birmingham, MI 48009
(248) 642-3600
nya@normanyatooma.com

Mayer Morganroth (P17966)
Jeffrey B. Morganroth (P41670)
3000 Town Center, Suite 1500
Southfield, MI 48075
(2480 355-3084
jmorganroth@morganrothlaw.com

James C. Thomas (P23801)
James C. Thomas, P.C.
Attorney for Mayor Kwame M. Kilpatrick
535 Griswold, Suite 2632
Detroit, MI 48226
(313) 963-2420
jthomas@plunkettcooney.com

Kenneth L. Lewis (P26071)
Said A. Taleb (P66030)
Randal M. Brown (P70031)
Attorneys for Ella Bully- Cummings, Only
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790
klewis@plunkettcooney.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following

non-ECF participants: N/A.

                                            Respectfully submitted,

                                            s/ Krystal A. Crittendon
                                            Assistant Corporation Counsel
                                            CITY OF DETROIT LAW DEPARTMENT
                                            1650 First National Building
                                            Detroit, Michigan 48226
                                            (313) 237-3018
                                            critk@law.ci.detroit.mi.us.
                                            (P49981)

DATED:       May 2, 2008