UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

      Plaintiff,

v.

Case No. 05-74253
Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

      Defendants.

_____/

## ORDER REGARDING DEFENDANTS' MOTIONS TO
## PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   May 6, 2008

PRESENT: Honorable Gerald E. Rosen
United States District Judge

Through motions filed on April 25, 2008 and May 2, 2008, respectively, Defendants Christine Beatty and the City of Detroit seek orders precluding any discovery of electronic communications maintained by a non-party text messaging service provider, Bell Industries, Inc. (d/b/a SkyTel).[1] The briefing on these motions is ongoing. Nonetheless, Defendants' submissions to date raise two issues that, in the Court's view, are amenable to and appropriate for prompt resolution. Accordingly, the Court addresses these matters here, with the remaining issues left for resolution after the parties have

---

[1] Defendant Kwame Kilpatrick has joined in Defendant Beatty's motion.

completed their briefing on Defendants' motions.

First, while the Defendant City's motion is directed solely against the discovery of electronic *communications* from the City's service provider, SkyTel, Defendant Beatty's motion also challenges a recent April 21, 2008 subpoena in which Plaintiff seeks no such communications whatsoever. Rather, in accordance with this Court's April 15, 2008 order, this subpoena requests that SkyTel produce certain information regarding the so-called "PIN" numbers of the text messaging devices it issued to the Defendant City and the names of the individual City employees to whom these devices were issued.[2] In her present motion, Defendant Beatty argues that this subscriber/customer information, like the underlying electronic communications sent or received by City employees and maintained by SkyTel, is shielded from civil discovery by the federal Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*

This contention is utterly lacking in merit, as evidenced by the very provisions of the SCA that are quoted in Defendant Beatty's motion. As recognized in this motion, the SCA establishes separate standards that govern (i) a service provider's disclosure of "the contents of a communication," 18 U.S.C. § 2702(a)(1), and (ii) the disclosure of "a record or other information pertaining to a subscriber . . . or customer," 18 U.S.C. § 2702(a)(3). Regardless of the preclusive effect of the SCA upon civil discovery of electronic communications — a matter which, as explained earlier, the Court leaves for another day

---

[2]As explained in the April 15 order, this subpoena was necessitated by the Defendant City's failure to produce this information in response to the Court's order that it do so.

— it is evident that the disclosure of subscriber/customer information is subject to an entirely different set of rules and restrictions.  Most notably — and as expressly quoted at two different points in the brief in support of Defendant Beatty's motion, (see Defendant Beatty's Motion, Br. in Support at 4, 9) — the SCA provision cited by Defendant Beatty only prohibits a service provider from divulging subscriber or customer information ***"to any governmental entity."***  18 U.S.C. § 2702(a)(3) (emphasis added).  The statute then reiterates this distinction between governmental and non-governmental disclosures by affirmatively providing, among its enumerated list of circumstances in which a service provider *may* disclose subscriber or customer information, that such information may be divulged "to any person ***other than a governmental entity."***  18 U.S.C. § 2702(c)(6) (emphasis added).

In this case, the subpoena challenged by Defendant Beatty was issued by a private litigant, Plaintiff, and seeks the production of the requested information to this private litigant.  Defendant Beatty makes no effort whatsoever to explain why the SCA's prohibition against the disclosure of subscriber or customer information "to any governmental entity" should apply to Plaintiff's request for this information.[3]  Accordingly, the Court rejects this aspect of Defendant Beatty's motion as wholly without merit.[4]

---

[3]Indeed, it is noteworthy that the Defendant City has not seen fit to advance this argument in its pending motion.

[4]In light of this ruling, there is no apparent barrier to SkyTel's compliance with Plaintiff's April 21, 2008 subpoena.  Because Defendant Beatty's challenge to this subpoena was so utterly

Next, upon reviewing the Defendant City's motion, the Court notes the City's express assertion that it entered into a contract with SkyTel under which this company provided text messaging devices and services to the City and its employees. (See Defendant City's Motion at ¶¶ 2-3, Br. in Support at 1.) No such contract was attached as an exhibit to the City's motion, however; nor has any such document been filed with the Court to date. As the City seemingly recognizes, such a contract is relevant to the identification of the pertinent "subscriber" within the meaning of the SCA. In addition, it is possible that the terms of this contract might bear upon one or more of the recognized exceptions to the SCA's general prohibition against a service provider divulging the contents of electronic communications — *e.g.,* the exception for disclosures made with the lawful consent of the subscriber, 18 U.S.C. § 2702(b)(3), or the exception for disclosures "as may be necessarily incident to the rendition of the service," 18 U.S.C. § 2702(b)(5).

Finally, and more generally, the terms of the City's contracts with SkyTel might prove relevant to the question whether some or all of the pertinent communications are

lacking in merit, the Court can only wonder whether this aspect of her motion was intended to impede a discovery effort that was specifically ordered by the Court, as opposed to raising a good-faith challenge that was properly grounded in the relevant law and rules of discovery. At a minimum, the Court discerns a troubling trend in this case, where a City attorney has stated on the record that at least some of the pertinent documents bearing upon the issuance of SkyTel text messaging devices to City employees have been shredded, and where Defendant Beatty has now interposed a dubious challenge to Plaintiff's court-authorized effort to obtain this information through other means. In light of these developments, the parties and their counsel are specifically cautioned that the Court will carefully review all further submissions in this case to ensure that they comport with the standards of Fed. R. Civ. P. 11(b), and that sanctions will be imposed in the event that a filing falls short of these standards.

deemed to lie within the "possession, custody, or control" of the Defendant City. See Fed. R. Civ. P. 34(a)(1). If so, it is possible that these communications might be subject to production via a Rule 34 document request to a party, rather than via a subpoena issued to a non-party service provider. In the interest of meaningfully addressing and resolving this and the other above-cited issues, the Defendant City is ordered, within *fourteen (14) days* of the date of this order, to file with the Court and serve upon Plaintiff copies of any and all contracts between the City of Detroit and SkyTel covering the period from August 1, 2002 to September 1, 2007, pursuant to which SkyTel issued text messaging devices

for use by City employees and provided text messaging services to the City and its

employees.[5]

SO ORDERED.

                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: May 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 6, 2008, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager

---

[5]Notably, the same or similar materials were sought from SkyTel in a February 1, 2008 subpoena issued by Plaintiff. While Defendants interposed a variety of objections to this subpoena, the Court does not believe that any of these objections were directed at this particular aspect of the subpoena.