UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a Minor,

               Plaintiffs,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-
CUMMINGS; DEPUTY DETROIT POLICE
CHIEF CARA BEST; JOHN DOE POLICE
OFFICERS 1-20; ASST. DEPUTY POLICE
CHIEF HAROLD CURETON; COMMANDER
CRAIG SCHWARTZ; POLICE LT. BILLY
JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, Jointly and Severally,

               Defendants.

Case No. 05-CV-74253
Hon. Gerald Rosen
Magistrate Judge R. Steven Whalen

---

Norman A. Yatooma (P54746)
Robert S. Zawideh (P43787)
Norman Yatooma & Associates, P.C.
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com

Mayer Morganroth (P17966)
Jeffrey B. Morganroth (P41670)
Morganroth & Morganroth, PLLC
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
jmorganroth@morganrothlaw.com

Krystal A. Crittendon (P49981)
John A. Schapka (P36731)
City of Detroit Law Department
Attorneys for Defendants City of Detroit,
  Hariold Cureton and Craig Schwartz
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550
critk@law.ci.detroit.mi.us

James C. Thomas (P23801)
James C. Thomas, P.C.
Plunkett & Cooney, P.C.
Attorneys for Defendant Mayor
  Kwame M. Kilpatrick
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 963-2420
jthomas@plunkettcooney.com

Williams Williams Rattner & Plunkett, P.C.   380 North Old Woodward Avenue   Suite 300   Birmingham, Michigan 48009   Tel: (248) 642-0333   Fax: (248) 642-0856   www.wwrplaw.com

W|W|R|P

Kenneth L. Lewis (P24071)
Said A. Taleb (P66030)
Randal M. Brown  (P70031)
Plunkett & Cooney, P.C.
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, Michigan  48226
(313) 983-4790
klewis@plunkettcooney.com

Herschel P. Fink (P13427)
Honigman Miller Schwartz and Cohn
Attorneys for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan  48226-3583
(313) 465-7000
hpf@honigman.com

Thomas G. Plunkett (P18957)
David E. Plunkett (P66696)
Williams, Williams, Rattner & Plunkett, P.C.
Attorneys for Non-Party Bell Industries, Inc.
d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
dep@wwrplaw.com

---

## MOTION TO QUASH BY NON-PARTY
## BELL INDUSTRIES, INC. D/B/A SKYTEL

Non-Party Bell Industries, Inc., d/b/a SkyTel ("SkyTel"), by its attorneys, hereby moves to quash certain subpoenas issued in this matter pursuant to Fed. R. Civ. P. 45.  In support of its motion, SkyTel states as follows:

1.     Plaintiff served subpoenas <u>duces tecum</u> on SkyTel on or about February 1 and February 11, 2008.

2.     The February 1 and 11, 2008 subpoenas to SkyTel were the subject of motions to quash filed by certain Defendants on February 8 and 20, 2008.

3.     The Court issued an Order on March 20, 2008, granting in part and denying in part Defendants' motions to quash.

4.     Plaintiff sent a third subpoena <u>duces tecum</u> to SkyTel on or about April 21, 2008, but Plaintiff's counsel informed SkyTel by e-mail on April 25, 2008 that SkyTel should

disregard the April 21 subpoena until service of same is effected on SkyTel. (Ex. B to Brief in Support.) Plaintiff has not served the April 21 subpoena on SkyTel.

5.    On April 25, 2008, Defendant Christine Beatty filed a Motion to Preclude Discovery of Electronic Communications From SkyTel Based Upon the Federal Stored Communications Act ("Beatty's Motion to Preclude"). Beatty's Motion to Preclude seeks to quash Plaintiff's February 1, February 11 and April 21 subpoenas to SkyTel.

6.    On May 2, 2008, Defendant City of Detroit filed a Motion to Quash Subpoena/Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act ("the City's Motion to Quash"). The City's Motion to Quash relates only to the February 1 and February 11 subpoenas to SkyTel.

7.    On May 6, 2008, the Court issued an Order Regarding Defendants' Motions to Preclude Discovery of Electronic Communications. The May 6 Order denied Beatty's Motion to Preclude regarding the non-content information sought in the April 21 subpoena to SkyTel. However, Plaintiff's counsel has instructed SkyTel to disregard that subpoena. (Ex. B to Brief in Support.)

8.    Certain Defendants have repeatedly challenged what person or entity can authorize SkyTel to produce electronic communications and have claimed that SkyTel may be exposed to civil claims for such production.

9.    SkyTel's interests in this Court are limited to following: (1) complying with any orders entered by the Court regarding SkyTel's production in response to the subpoenas at issue; (2) avoiding civil claims based on such compliance; and (3) being reimbursed for its reasonable costs of compliance.

00384245

10.     The Court has the authority to compel SkyTel's compliance with the February 1 and February 11, 2008 subpoenas, or to quash those subpoenas.

11.     The Court has the authority to compel Defendants to request from SkyTel documents responsive to the February 1 and February 11, 2008 subpoenas.

WHEREFORE, for all of the foregoing reasons and those stated in the Brief in Support of this Motion, Non-Party Bell Industries, Inc., d/b/a SkyTel respectfully requests that the Court (1) enter an Order quashing Plaintiff's February 1 and 11, 2008 subpoenas or compelling SkyTel to comply with the subpoenas or (2) enter an Order compelling Defendants to request and obtain the subpoenaed information from SkyTel. Should the Court order SkyTel to respond to the subpoenas, SkyTel should be awarded its reasonable costs of compliance.

> Respectfully submitted,
>
> WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
>
>
> By:    /s/ Thomas G. Plunkett
>       Thomas G. Plunkett (P18957)
>       David E. Plunkett (P66696)
>       Attorneys for Non-Party Bell Industries, Inc.
>        d/b/a SkyTel
>       380 N. Old Woodward Avenue, Suite 300
>       Birmingham, Michigan   48009
>       (248) 642-0333

Dated:  May 13, 2008

00384245

Williams Williams Rattner & Plunkett, P.C.    380 North Old Woodward Avenue    Suite 300    Birmingham, Michigan 48009    Tel: (248) 642-0333    Fax: (248) 642-0856    www.wwrplaw.com

W|W|R|P

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a Minor,

                Plaintiffs,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-
CUMMINGS; DEPUTY DETROIT POLICE
CHIEF CARA BEST; JOHN DOE POLICE
OFFICERS 1-20; ASST. DEPUTY POLICE
CHIEF HAROLD CURETON; COMMANDER
CRAIG SCHWARTZ; POLICE LT. BILLY
JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, Jointly and Severally,

                Defendants.

Case No. 05-CV-74253
Hon. Gerald Rosen
Magistrate Judge R. Steven Whalen

---

Norman A. Yatooma (P54746)
Robert S. Zawideh (P43787)
Norman Yatooma & Associates, P.C.
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com

Krystal A. Crittendon (P49981)
John A. Schapka (P36731)
City of Detroit Law Department
Attorneys for Defendants City of Detroit,
  Hariold Cureton and Craig Schwartz
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550
critk@law.ci.detroit.mi.us

Mayer Morganroth (P17966)
Jeffrey B. Morganroth (P41670)
Morganroth & Morganroth, PLLC
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
jmorganroth@morganrothlaw.com

James C. Thomas (P23801)
James C. Thomas, P.C.
Plunkett & Cooney, P.C.
Attorneys for Defendant Mayor
  Kwame M. Kilpatrick
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 963-2420
jthomas@plunkettcooney.com

Kenneth L. Lewis (P24071)
Said A. Taleb (P66030)
Randal M. Brown  (P70031)
Plunkett & Cooney, P.C.
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, Michigan  48226
(313) 983-4790
klewis@plunkettcooney.com

Herschel P. Fink (P13427)
Honigman Miller Schwartz and Cohn
Attorneys for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan  48226-3583
(313) 465-7000
hpf@honigman.com

Thomas G. Plunkett (P18957)
David E. Plunkett (P66696)
Williams, Williams, Rattner & Plunkett, P.C.
Attorneys for Non-Party Bell Industries, Inc.
d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
dep@wwrplaw.com

---

## BRIEF IN SUPPORT OF MOTION TO QUASH
## BY NON-PARTY BELL INDUSTRIES, INC. D/B/A SKYTEL

Non-Party Bell Industries, Inc., d/b/a SkyTel ("SkyTel"), files this Brief in Support of its
Motion to Quash.

### Introduction

SkyTel's intention in filing its Motion to Quash is to protect it from being sued for
complying with this Court's orders.  Some Defendants mistakenly believe that the Stored
Communications Act, 18 U.S.C. §§ 2701 et seq. ("SCA"), prohibits SkyTel from producing any
information in response to a civil subpoena.

The SCA distinguishes between content and non-content information.  This Court
previously ruled that defendants' objections to the disclosure of non-content information have no

basis under the SCA,[1] but the issue of whether content information can be released in response to a civil subpoena remains.

SkyTel has been threatened with litigation if it provides information in response to a civil subpoena.[2]  Several parties with divergent interests in this and other cases are seeking information from SkyTel without regard to the consequences to SkyTel.  In short, to the extent this Court finds that SkyTel should produce information in response to a subpoena, it should do so in a way that protects Sky Tel from facing civil claims for doing what the Court orders.

This Court can do so by ordering SkyTel to produce the requested information.  Alternatively, the Court can avoid ruling upon the propriety of civil subpoenas under the SCA by ordering Defendants to request and obtain the requested information from SkyTel.

Finally, if the Court orders SkyTel to respond to the subpoenas at issue, SkyTel should be awarded its reasonable costs of compliance.

**Factual and Procedural Background**

**1.    The Subpoenas**

Plaintiff served a subpoena <u>duces</u> <u>tecum</u> on SkyTel on or about February 1, 2008, which seeks, in summary:  (1) all contracts between SkyTel and the City of Detroit from 2002 to the present and (2) all text messages, e-mails, telephone calls and instant messages to or from thirty-four (34) individuals.

Plaintiff served a second subpoena <u>duces</u> <u>tecum</u> on SkyTel on or about February 11, 2008, which seeks, in summary:  (1) all text messages, e-mails and instant messages to or from all City of Detroit employees between 1:30 a.m. and 5:30 a.m. on the morning of April 30, 2003

---

[1] <u>Jessup-Morgan v. America Online, Inc</u>., 20 F. Supp. 2d 1105, 1108 (E.D. Mich. 1998) (explaining that the SCA generally permits disclosure of non-content information).
[2] Ex. A, March 12, 2008 Letter from Dan Webb to Wendy Mullins.

W|W|R|P    Williams Williams Rattner & Plunkett, P.C.    380 North Old Woodward Avenue    Suite 300    Birmingham, Michigan 48009    Tel: (248) 642-0333    Fax: (248) 642-0856    www.wwrplaw.com

00384244

Williams Williams Rattner & Plunkett, P.C.   380 North Old Woodward Avenue   Suite 300   Birmingham, Michigan 48009   Tel: (248) 642-0333   Fax: (248) 642-0856   www.wwrplaw.com

and (2) any information on the geographical location of the senders and recipients at the time of such messages.

Plaintiff sent a third subpoena <u>duces tecum</u> to SkyTel on or about April 21, 2008, which seeks: (1) a list of all PIN numbers for SkyTel pagers issued to the City of Detroit from August 1, 2002 to September 1, 2007; (2) the names associated with each PIN number and (3) the dates of use for all persons and/or PIN numbers identified in (1) and (2). The April 21 subpoena has a return date of May 19, 2008. However, Plaintiff's counsel informed SkyTel by e-mail on April 25, 2008 that the April 21 subpoena was sent to SkyTel only as a courtesy copy, and that SkyTel should disregard the subpoena until service of same is effected on SkyTel.[3] As of the filing of this motion, Plaintiff has not served the April 21 subpoena on SkyTel.

**2.      The Motions to Quash**

The February 1 and 11, 2008 subpoenas to SkyTel were the subject of the motions to quash filed by defendants on February 8 and 20, 2008. The Court issued an Order on March 20, 2008 granting in part and denying in part Defendants' motions to quash. The Court's March 20 Order limited the time period at issue in Plaintiff's February 1, 2008 subpoena and ordered Plaintiff to reduce the number of individuals whose communications are subject to subpoena.

The Court also issued a separate Order on March 20, 2008 establishing a procedure for production of documents by SkyTel in response to the February 1 and 11 subpoenas (the "Order Establishing Protocol"). On April 30, 2008, Magistrate Judge Whalen issued a Notice of a May 14, 2008 Status Conference, at which the parties are to discuss the procedure relating to SkyTel's production pursuant to the February 1 and 11 subpoenas.

---

[3] Ex. B.

W|W|R|P

00384244

On April 25, 2008, Defendant Christine Beatty filed a Motion to Preclude Discovery of Electronic Communications From SkyTel Based Upon the Federal Stored Communications Act ("Beatty's Motion to Preclude"). Beatty's Motion to Preclude seeks to quash Plaintiff's February 1, February 11 and April 21 subpoenas to SkyTel. According to Defendant Beatty, most of the other Defendants have concurred in her Motion to Preclude. Defendant Mayor Kilpatrick filed a separate concurrence with Defendant Beatty's Motion to Preclude on April 30, 2008.

On May 2, 2008, Defendant City of Detroit filed a Motion to Quash Subpoena/Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act ("the City's Motion to Quash"). In addition to arguing that the SCA precludes disclosure of the subpoenaed electronic communications, the City's Motion to Quash argues that the electronic communications at issue are protected by the executive, deliberative process and/or evaluative process privileges. The City's Motion to Quash relates only to the February 1 and February 11 subpoenas to SkyTel.

On May 6, 2008, the Court issued an Order Regarding Defendants' Motions to Preclude Discovery of Electronic Communications. The May 6 Order denied Beatty's Motion to Preclude regarding the non-content information sought in the April 21 subpoena to SkyTel. In the May 6 Order, the Court did not rule on Defendants' arguments regarding the February 1 and February 11 subpoenas. The May 6 Order states in footnote 4: "In light of this ruling, there is no apparent barrier to SkyTel's compliance with Plaintiff's April 21, 2008 subpoena." As noted above, however, Plaintiff has not served the April 21 subpoena on SkyTel, and Plaintiff's counsel has instructed SkyTel to disregard that subpoena.

Williams Williams Rattner & Plunkett, P.C.   380 North Old Woodward Avenue   Suite 300   Birmingham, Michigan 48009   Tel: (248) 642-0333   Fax: (248) 642-0856   www.wwrplaw.com

W|W|R|P

## <u>Argument</u>

**1.      If the Subpoenas Are Not Quashed, SkyTel's Compliance Should be Ordered.**

SkyTel anticipates that Defendants will respond to this motion by making many of the same arguments asserted in Beatty's Motion to Preclude and the City's Motion to Quash.  If the Court agrees with Defendants' arguments, SkyTel will, of course, abide by an Order from the Court quashing Plaintiff's subpoenas.

If the Court rejects Defendants' arguments, in whole or part, the Court should enter an Order compelling SkyTel to respond to the subpoenas as the Court deems appropriate.  <u>See</u> <u>Bansal v. Microsoft Hotmail</u>, 2008 U.S. App. LEXIS 5034 at *2-3 (3rd Cir. Mar. 7, 2008) ("the SCA exempts all parties acting pursuant to a court order from liability").[4]

Although the SCA does not specifically address a court's authority to compel a provider of electronic communication service to comply with a civil subpoena, the defenses to liability under the SCA suggest that a court does have such authority.  <u>See</u> 18 U.S.C. § 2707(e) ("A good faith reliance on – (1) <u>a court warrant or order</u> . . . is a complete defense to any civil or criminal action brought under this chapter [18 U.S.C. §§ 2701 et seq.] or any other law.") (emphasis added); 18 U.S.C. § 2703(e) ("No cause of action shall lie in any court against any provider of wire or electronic communication service . . . for providing information, facilities, or assistance in accordance with the terms of a <u>court order</u>, warrant, subpoena, statutory authorization, or certification under this chapter [18 U.S.C. §§ 2701 et seq.].") (emphasis added)[5]; <u>contra</u> <u>O'Grady</u>, 139 Cal. App. 4th at 1442-47 (refusing to enforce civil subpoenas under the SCA).

---

[4] Ex. C.
[5] Although Section 2703 of the SCA focuses on disclosure to governmental entities, Section 2703(e) is specifically incorporated into Section 2707, which addresses potential liability for providers of electronic communication service.  <u>See</u> 18 U.S.C. § 2707(a) ("<u>Except as provided in section 2703(e)</u>, [providers may incur civil liability for violating the SCA]") (emphasis added).  The exception to liability in Section 2703(e) "for providing information, facilities, or assistance in accordance with the terms of a . . . subpoena" also implicitly authorizes providers to respond to civil subpoenas.  <u>See also</u> <u>McCready v. eBay, Inc.</u>, 453 F.3d 882, 892 (7th Cir. 2006) ("Good faith

Williams Williams Rattner & Plunkett, P.C.   380 North Old Woodward Avenue   Suite 300   Birmingham, Michigan 48009   Tel: (248) 642-0333   Fax: (248) 642-0856   www.wwrplaw.com

W|W|R|P

**2.** **Alternatively, Defendants Should be Ordered to Obtain the Electronic Communications from SkyTel.**

This Court can completely avoid the issue of the propriety of a civil subpoena under the SCA by ordering Defendants to request and obtain the information from SkyTel.  The SCA expressly permits providers such as SkyTel to disclose electronic communications "with the lawful consent of the originator or an addressee or intended recipient of such communications, or the subscriber in the case of remote computing service."  18 U.S.C. § 2702(b)(3).

Although it is a legal question for the Court to decide, it appears that SkyTel is a "remote computing service" within the meaning of the SCA regarding the electronic communications at issue.  The SCA defines "remote computing service" as "the provision to the public of computer storage or processing services by means of an electronic communications system."  18 U.S.C. § 2711(2).  The most exhaustive judicial analysis of the term "remote computing service" has further clarified its meaning: "The storage is long-term, is not incidental to the transmission of the communication itself, and is not meant for backup protection but apparently as the single place where text messages, after they have been read, are archived for a permanent record-keeping mechanism."  Quon v. Arch Wireless Operating Co., Inc., 445 F. Supp.2d 1116, 1136 (C.D. Cal. 2006) (granting summary judgment to provider and other defendants on SCA claim). This description applies squarely to the electronic communications sought by Plaintiff's subpoenas.  As such, the subscriber can consent to the disclosure of the communications at issue, and the City of Detroit has admitted to this Court that it is the subscriber of the SkyTel service.[6]

Moreover, the remaining Defendants are "the originator or an addressee or intended

---

reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA."); contra O'Grady v. Superior Court of Santa Clara County, 139 Cal. App. 4th 1423, 1442-47 (6th Dist. 2006) (refusing to enforce civil subpoenas under the SCA), modified by 2006 Cal. App. LEXIS 934 (6th Dist. June 23, 2006).

[6] The City's Motion to Quash, p. 2, ¶ 3 and Brief in Support, pp. 1, 3 (Docket Entry 106).

00384244

recipient" with respect to electronic communications sent by them or to them, and thus can consent to the disclosure of such communications under 18 U.S.C. § 2702(b)(3). Even if SkyTel were not providing a remote computing service, and even if the City were not the admitted subscriber, the remaining Defendants can consent to the disclosure of their own communications stored by SkyTel.

Courts have the authority to order parties to request electronic communications from their service providers. <u>O'Grady</u>, 139 Cal. App. 4th at 1446 ("Where a party to the communication is also a party to the litigation, it would seem within the power of a court to require his consent to disclosure on pain of discovery sanctions."). Accordingly, if this Court finds that the information sought by the subpoenas should be produced, it should order Defendants to request and obtain that information from SkyTel.

<u>**Conclusion**</u>

For all of the foregoing reasons, SkyTel respectfully requests that the Court (1) enter an Order quashing Plaintiff's February 1 and 11, 2008 subpoenas or compelling SkyTel to comply with the subpoenas or (2) enter an Order compelling Defendants to request and obtain the subpoenaed information from SkyTel. Should the Court order SkyTel to respond to the subpoenas, SkyTel should be awarded its reasonable costs of compliance.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

By:   /s/ Thomas G. Plunkett
      Thomas G. Plunkett (P18957)
      David E. Plunkett (P66696)
      Attorneys for Non-Party Bell Industries, Inc.
       d/b/a SkyTel
      380 N. Old Woodward Avenue, Suite 300
      Birmingham, Michigan  48009

Dated:  May 13, 2008      (248) 642-0333

8

W|W|R|P   Williams Williams Rattner & Plunkett, P.C.   380 North Old Woodward Avenue   Suite 300   Birmingham, Michigan 48009   Tel: (248) 642-0333   Fax: (248) 642-0856   www.wwrplaw.com

# EXHIBIT "A"

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

98 GRESHAM STREET
LONDON EC2V 7NG

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

DAN K. WEBB
(312) 558-5856
dwebb@winston.com

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

26 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

March 12, 2008

**VIA FACSIMILE & FEDERAL EXPRESS**

Ms. Wendy Mullins
General Counsel
SkyTel Corporation
500 Clinton Center Drive
Building 2, 3rd Floor
Clinton, Mississippi 39056
Fax: (601) 292-8151

Re:     **City of Detroit Records**

Dear Ms. Mullins:

We represent Mayor Kwame Kilpatrick. Based on recent newspaper reports, it is our understanding that SkyTel has been or may continue to be served with subpoenas seeking records related to text messages sent by or to our client.

As I am sure you are aware, our client has a reasonable expectation of privacy in these records and that privacy right is both statutorily and constitutionally protected. Specifically, the Stored Communications Act (18 USC § 2701, *et seq.*) (the "Act") governs any release of stored electronic communications and SkyTel's obligation to maintain the privacy of its customers is clearly set out in the Act. Title 18 USC § 2702(1) makes plain that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." The language of the statute is clear that SkyTel is prohibited from disclosing these records unless such disclosure falls within one of the specifically enumerated exceptions to the prohibition against release. Those exceptions, however, do not include civil discovery. *See O'Grady v. Superior Court*, 139 Cal. App. 4th 123, 44 Cal. Rptr. 3d 72 (Cal. Ct. App. 2006). It is our understanding that SkyTel has breached its obligations under the Act by producing records in response to discovery in civil litigation involving the Mayor.

Moreover, we believe that the release of these records even in response to a government subpoena, which is governed by 18 USC § 2703, constitutionally requires notice to

**WINSTON & STRAWN** LLP

Ms. Wendy Mullins
March 12, 2008
Page 2

the customer. In fact, the Sixth Circuit Court of Appeals recently held Section 2703(b) of the Act unconstitutional to the extent it would allow disclosure of these records to a government entity absent a showing of probable cause or without prior notice to the customer. *See Warshak v. US*, 490 F.3d 455 (6th Cir. 2007) (opinion vacated, rehearing en banc granted).

In light of the foregoing, we respectfully request the following:

1. SkyTel's immediate assurance that going forward it will not produce records regarding the contents of any text messages sent by or to our client in response to civil discovery;

2. SkyTel will provide us with notice of any subpoena it receives or has received to date seeking such communications; and

3. Whether, and to whom, Skytel has divulged any such communications to date, including the date such information was divulged and a description of the information divulged.

Due to the urgency of this matter, we request that you provide us the requested assurance and information by the close of business on March 17, 2008. Our intent here is to be reasonable, and if we receive a good faith assurance from SkyTel on these issues, we will not pursue litigation. If you wish to discuss this matter, please do not hesitate to call. Thank you for your attention to this important matter.

Very truly yours,

*Dan K Webb / ECS*

Dan K. Webb

DKW/dr

# EXHIBIT "B"

**From:** bobel@normanyatooma.com [mailto:bobel@normanyatooma.com]
**Sent:** Friday, April 25, 2008 1:38 PM
**To:** Jim Shelson (724 J.O.)
**Cc:** zawideh@normanyatooma.com; jmorganroth@morganrothlaw.com
**Subject:** Flagg v. City of Detroit, et al.

Dear Mr. Shelson,

On April 21, 2008 this office provided you with a courtesy copy of a proposed subpoena to your client Bell Industries, Inc. f/k/a SkyTel, Inc. Please note that this was only a courtesy copy and no production will be required unless and until the subpoena is actually served upon you. Therefore, please disregard the April 21, 2008 subpoena until formal service has been completed.

Thank you for your consideration,


Ryan Bobel
Attorney

Norman Yatooma & Associates, P.C.
219 Elm Street
Birmingham, MI  48009-6306
Tel:  (248) 642-3600   Fax:  (248) 642-3601
Email:  bobel@normanyatooma.com
Web:  www.normanyatooma.com

The information contained in this message is attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this message in error, please immediately notify the sender by replying to his/her e-mail address noted above and delete the message. Thank you.

# EXHIBIT "C"

**LexisNexis®** *Total Research System*

Switch Client | Preferences | Sign Off | [?] Help

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional A

Service: **Get by LEXSEE®**
Citation: **2008 U.S. App. LEXIS 5034**

*2008 U.S. App. LEXIS 5034, \**

AKHIL BANSAL, Appellant v. MICROSOFT HOTMAIL

No. 07-4515

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2008 U.S. App. LEXIS 5034

February 22, 2008, Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2008, Opinion Filed

**NOTICE:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING
PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND
THE COURT.

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE
CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [\*1]**
On Appeal from the United States District Court for the Eastern District of Pennsylvania.
(D.C. Civil No. 06-cv-04029). District Judge: Honorable Norma L. Shapiro.
United States v. Bansal, 2006 U.S. Dist. LEXIS 53475 (E.D. Pa., Aug. 1, 2006)

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff inmate appealed a judgment of the United States
District Court for the Eastern District of Pennsylvania dismissing pursuant to 28 U.S.C.S. §
1915(e)(2)(B)(i) his action against defendant communications service provider alleging
violations of the Stored Communications Act (SCA), the Omnibus Crime Control and Safe
Streets Act of 1968, the Pennsylvania Wiretapping Act, and violations of his rights to
privacy under common law.

**OVERVIEW:** On appeal, the court held that inmate's claim under the SCA was meritless.
The provider was excepted from liability under 18 U.S.C.S. § 2701 from the inmate's suit
because it was the communications service provider for his e-mail account. Further, as
evidenced by the attachments to the inmate's complaint, the provider's actions with
regards to his account were in compliance with a court order. Thus, his claim could not
succeed under 18 U.S.C.S. § 2707. Similarly, the inmate's claims under the Crime Control
Act could not succeed. Like the SCA, the Crime Control Act, 18 U.S.C.S. § 2511(2)(a)(ii),
exempted providers of electronic communication services from liability if they disclosed
information pursuant to a court order. Because the provider disclosed the contents of the
inmate's e-mails pursuant to a court order, it could not be liable under the statute.

**OUTCOME:** The court dismissed the inmate's appeal pursuant to 28 U.S.C.S. § 1915(e)(2)
(B)(I).

**CORE TERMS:** electronic communication, Control Act, email, pro se, civil damages, intentionally, authorization, meritless, provider, succeed, stored, exempts

## LEXISNEXIS® HEADNOTES    ⊟ **Hide**

Civil Procedure > Appeals > Appeals in Forma Pauperis 🔖
Civil Procedure > Appeals > Frivolous Appeals 🔖
*HN1* ⬥ Where an appellant is proceeding in forma pauperis, the court of appeals will dismiss the appeal if it lacks an arguable basis in law or in fact. More Like This Headnote

Civil Rights Law > Privacy Rights > Electronic Communications 🔖
Communications Law > Privacy > Stored Communications Act 🔖
*HN2* ⬥ The Stored Communications Act (SCA) prohibits intentionally accessing without authorization a facility through which an electronic communication service is provided, or intentionally exceeding an authorization to access that facility, thereby obtaining access to an electronic communication while it is in electronic storage. 18 U.S.C.S. § 2701(a). It authorizes a private right of action for monetary damages under § 2707. However, § 2701(c) of the act excepts entities providing a wire or electronic communications service, and the SCA has been interpreted as exempting searches of stored electronic communications by the party providing the communications service. Furthermore, the SCA exempts all parties acting pursuant to a court order from liability. § 2707 (e). More Like This Headnote

Civil Rights Law > Privacy Rights > Electronic Communications 🔖
Communications Law > Privacy > Stored Communications Act 🔖
Communications Law > Privacy > Wiretap Acts 🔖
*HN3* ⬥ Like the Stored Communications Act, the Omnibus Crime Control and Safe Streets Act of 1968 exempts providers of electronic communication services from liability if they have disclosed information pursuant to a court order. 18 U.S.C.S. § 2511 (2)(a)(ii). More Like This Headnote

Civil Procedure > Appeals > Frivolous Appeals 🔖
*HN4* ⬥ Where an appeal is meritless, the court of appeals will dismiss it pursuant to 28 U.S.C.S. § 1915(e)(2)(B)(I). More Like This Headnote

**COUNSEL:** AKHIL BANSAL, Appellant, Pro se, Schuykill FCI, Minersville, PA.

**JUDGES:** Before: AMBRO ▾, FUENTES ▾ and JORDAN ▾, Circuit Judges.

## OPINION

PER CURIAM

Akhil Bansal is currently incarcerated at the Federal Detention Center in Philadelphia. In 2007, he filed a *pro se* lawsuit for civil damages against Microsoft ▾Hotmail alleging violations of the Stored Communications Act, 18 U.S.C. § 2701 et seq. ("SCA"), the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (the "Crime Control Act"), the Pennsylvania Wiretapping Act, 18 Pa.C.S. 5741 et seq., and violations of his rights

to privacy under common law. Proceeding *pro se* and *in forma pauperis* ("IFP"), Bansal appeals the District Court's dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The relevant facts are as follows. At some point, Bansal set up an e-mail account with Microsoft ▾Hotmail. In 2006, Bansal was convicted in federal court of multiple counts related to his illegal, internet sales of pharmaceuticals. In the course of the criminal investigation, the government **[\*2]** issued several subpoenas and warrants to Microsoft ▾Hotmail, ordering it to divulge emails and furnish information regarding Bansal's account. Microsoft ▾ Hotmail complied pursuant to these court orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291. *HN1*⚓Because Bansal is proceeding IFP, we will dismiss his appeal if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).*

*HN2*⚓The SCA prohibits "intentionally access[ing] without authorization a facility through which an electronic communication service is provided; . . . or intentionally exceed[ing] an authorization to access that facility; . . . thereby obtain[ing] . . . access to . . . [an] electronic communication while it is in electronic storage . . . ." 18 U.S.C. § 2701(a). It authorizes a private right of action for monetary damages under § 2707. However, § 2701(c) of the act excepts "entit[ies] providing a wire or electronic communications service," and we have interpreted the act as exempting searches of stored electronic communications by the party providing the communications service. *Fraser v. Nationwide Mutual Insurance Co., 352 F.3d 107, 115 (3d Cir. 2003).* Furthermore, the SCA exempts all **[\*3]** parties acting pursuant to a court order from liability. 18 U.S.C. § 2707(e).

Bansal's claim under the SCA is meritless. Microsoft ▾Hotmail is excepted from liability under § 2701 from Bansal's suit, because it is the communications service provider for his email account. *See Fraser, 352 F.3d at 115.* Furthermore, as evidenced by the attachments to Bansal's complaint, Microsoft ▾Hotmail's actions with regards to his account were in compliance with a court order. Thus, his claim cannot succeed. *See* 18 U.S.C. § 2707.

Similarly, Bansal's claims under the Crime Control Act cannot succeed. *HN3*⚓Like the SCA, the Crime Control Act exempts "providers of . . . electronic communication services" from liability if they have disclosed information pursuant to a court order. 18 U.S.C. § 2511(2)(a) (ii); *see also id.* § 2520(d)(1)(the civil damages provision of the Crime Control Act relieves a party from liability if it acts in good faith compliance with a court order). Because Microsoft ▾ Hotmail disclosed the contents of Bansal's emails pursuant to a court order, it cannot be liable under the statute.

*HN4*⚓Because the appeal is meritless, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2) (B)(I). *Neitzke, 490 U.S. at 325.*

---

Service: **Get by LEXSEE®**
Citation: **2008 U.S. App. LEXIS 5034**
View: **Full**
Date/Time: Monday, May 12, 2008 - 3:28 PM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
Ⓠ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize*® that case.

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator | Transactional
Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

 LexisNexis®   About LexisNexis  | Terms & Conditions  | Contact Us
Copyright ©  2008 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a Minor,

                Plaintiffs,

v.

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-
CUMMINGS; DEPUTY DETROIT POLICE
CHIEF CARA BEST; JOHN DOE POLICE
OFFICERS 1-20; ASST. DEPUTY POLICE
CHIEF HAROLD CURETON; COMMANDER
CRAIG SCHWARTZ; POLICE LT. BILLY
JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, Jointly and Severally,

                Defendants.

Case No. 05-CV-74253
Hon. Gerald Rosen
Magistrate Judge R. Steven Whalen

---

Norman A. Yatooma (P54746)
Robert S. Zawideh (P43787)
Norman Yatooma & Associates, P.C.
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com

Mayer Morganroth (P17966)
Jeffrey B. Morganroth (P41670)
Morganroth & Morganroth, PLLC
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
jmorganroth@morganrothlaw.com

Krystal A. Crittendon (P49981)
John A. Schapka (P36731)
City of Detroit Law Department
Attorneys for Defendants City of Detroit,
  Hariold Cureton and Craig Schwartz
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550
critk@law.ci.detroit.mi.us

James C. Thomas (P23801)
James C. Thomas, P.C.
Plunkett & Cooney, P.C.
Attorneys for Defendant Mayor
  Kwame M. Kilpatrick
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 963-2420
jthomas@plunkettcooney.com

Kenneth L. Lewis (P24071)
Said A. Taleb (P66030)
Randal M. Brown  (P70031)
Plunkett & Cooney, P.C.
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, Michigan  48226
(313) 983-4790
klewis@plunkettcooney.com

Herschel P. Fink (P13427)
Honigman Miller Schwartz and Cohn
Attorneys for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan  48226-3583
(313) 465-7000
hpf@honigman.com

Thomas G. Plunkett (P18957)
David E. Plunkett (P66696)
Williams, Williams, Rattner & Plunkett, P.C.
Attorneys for Non-Party Bell Industries, Inc.
d/b/a SkyTel Corp.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
dep@wwrplaw.com

I hereby certify that on May 13, 2008, I electronically filed the foregoing Motion to Quash by Non-Party Bell Industries, Inc. d/b/a Skytel and this Certificate of Service with the Clerk of the Court using the ECF, which will send notification to the following:

> nya@normanyatooma.com
> critk@law.ci.detroit.mi.us
> jmorganroth@morganrothlaw.com
> jthomas@plunkettcooney.com
> klewis@plunkettcooney.com
> hpf@honigman.com

       /s/ David E. Plunkett
Williams, Williams, Rattner & Plunkett, P.C.
Attorneys for Intervenor Bell Industries, Inc.
   d/b/a SkyTel
380 N. Old Woodward, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
dep@wwrplaw.com