UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v.

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton,
Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig
Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

_____/

# DEFENDANT, CHRISTINE BEATTY'S, REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE FEDERAL STORED COMMUNICATIONS ACT

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Flagg v. Detroit, City of et al — Doc. 117
Dockets.Justia.com

## TABLE OF CONTENTS

|   | Page |
|---|---:|
| INDEX OF AUTHORITIES | ii |
| QUESTION PRESENTED | iii |
| I. DEFENDANTS RECEIVED PERMISSION FROM THIS COURT BEFORE THE INSTANT MOTION WAS FILED | 1 |
| II. THE SCA ABSOLUTELY PROHIBITS SKYTEL'S PRODUCTION OF THE TEXT MESSAGES SOUGHT IN SUBPOENA NO. 1 AND SUBPOENA NO. 2 | 2 |
| III. DEFENDANTS HAVE STANDING TO ASSERT THEIR RIGHTS UNDER THE SCA | 4 |
| IV. PLAINTIFF'S RELIANCE UPON O'GRADY IS MISPLACED | 5 |
| CERTIFICATE OF SERVICE | 6 |

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Cases:** **Page(s)**

O'Grady v. Superior Court,
 139 Cal. App. 4th 1423 (2006) .................................................. 5

Quon v. Arch Wireless,
 309 F. Supp.2d 1204 (C.D. Cal. 2004) ...................................... 4-5

Quon v. Arch Wireless Operating Co., Inc.,
 445 F.Supp.2d 1116 (C.D. Cal. 2006) ......................................... 4


**Court Rules and Statutes:**

18 U.S.C. § 2701 *et seq* ................................................................... 1

18 U.S.C. § 2702 ............................................................................. 2

18 U.S.C. § 2707 ............................................................................. 5

L.R. 7.1 ........................................................................................... 1

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## QUESTION PRESENTED

I. WHETHER THE PRODUCTION BY SKYTEL OF ELECTRONIC COMMUNICATIONS IS ABSOLUTELY PROHIBITED BY THE FEDERAL STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701 *ET SEQ.*

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## I. DEFENDANTS RECEIVED PERMISSION FROM THIS COURT BEFORE THE INSTANT MOTION WAS FILED.

Plaintiff incorrectly contends that Defendants are attempting to circumvent Local Rule 7.1 by filing the instant motion. Plaintiff's counsel should be well aware that this Court expressly stated on the record at the April 14, 2008 hearing that any Defendant may file a motion to preclude SkyTel's production of the text messages pursuant to 18 U.S.C. § 2701 *et seq*, the Stored Communications Act (the "SCA"). Exh. 1 at 22, 34. In particular, the City of Detroit requested in its Motion to Stay Civil Proceedings and Motion for Issuance of "Gag Order" that a stay should be issued until the parties could brief the application of the SCA to this case, and until this Court issues an opinion and order with respect to such Act. At the hearing on April 14, 2008, this Court specifically stated that there was not yet a motion in front of this Court with respect to the SCA, and invited Defendants to file such a motion. This Court stated:

> Mr. Morganroth or you or anybody else or any other party who wishes a decision on that statute [the SCA] and its impact on this case, I'll be happy to render a decision. Exh. 1 at 22:11 - 22:14

Later during the same hearing, this Court further stated:

> All Right. That leaves the issue of the text messages.
> My order was very clear on this. As I've indicated, if the City or any other defendants believe there's a basis for not producing the text messages, the proper way to address this is through a motion and I'll be happy to rule on the motion. Id. at 34:15 - 34:25.

Less than two weeks after the April 14, 2008 hearing, Defendant, Beatty, filed the instant motion after seeking concurrence from counsel for each party to this case.[1] As this Court made clear

---

1/ Concurrence was sought from Plaintiff but was not obtained. Concurrence was provided by Krystal Crittendon on behalf of Defendants, City of Detroit, Harold Cureton, Craig Schwartz and Cara Best, and by Kenneth Lewis on behalf of Defendant, Detroit Police Chief Ella Bully-Cummings. Although Mayor Kilpatrick's counsel did not respond to Beatty's counsel's request, Mayor Kilpatrick subsequently filed a concurrence/joinder to the instant motion.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

at the April 14, 2008 hearing, this Court has not yet ruled on this particular issue, and the Court expressly authorized Defendants to file a motion in order for this Court to be able to do so.

## II. THE SCA ABSOLUTELY PROHIBITS SKYTEL'S PRODUCTION OF THE TEXT MESSAGES SOUGHT IN SUBPOENA NO. 1 AND SUBPOENA NO. 2.

While Plaintiff's response brief raises several contentions which have no bearing on the issue at bar, it is undisputed that SkyTel is not permitted to divulge the contents of the electronic communications at issue unless one of the exceptions of Section 2702(b) of the SCA applies. However, none of the exceptions apply in the instant case.

Plaintiff acknowledges that the only possible exception that possibly could apply is subsection (3). In an effort to argue that this exception somehow applies, Plaintiff contends that the City of Detroit, who is the subscriber of the services[2], consented to divulge the contents of the communications. However, this is absolutely incorrect. Indeed, the City of Detroit has not only refused to consent to the divulgence of the communications, but the City of Detroit has even filed a motion to <u>preclude</u> the production of the electronic information in the possession of Skytel (the "City's Motion to Preclude"). Apparently ignoring the City of Detroit's filing of the City's Motion to Preclude, Plaintiff contends that the City of Detroit consented by virtue of a resolution passed by the city council in the FOIA action brought in State court, by the City's failure to file a motion for reconsideration of this Court's March 20, 2008 Order, and by a directive supposedly signed by Mayor Kilpatrick. However, all three arguments utterly miss the mark as shown below.

First, Plaintiff's reliance on the resolution passed by the city council is utterly misplaced. Simply because a faction of the City (the city council) passed a <u>non-binding</u> resolution does not mean

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

2/ The fact that the City of Detroit was the subscriber has not been disputed, and the contract documents produced by the City of Detroit in their May 16, 2008 supplemental brief appear to confirm this fact as well.

2

that such resolution represents the position of the City. The City of Detroit's legal counsel, not city council, speaks for the City of Detroit as a whole in this case. The City of Detroit is a party in this case, and as a party, the City of Detroit has made its stance on the release of the text messages perfectly clear. That is, the City of Detroit has moved to preclude the production of electronic communications from SkyTel based upon the SCA in this case, and it has concurred in the instant motion as well.

Second, Plaintiff's argument that the City of Detroit somehow gave consent by virtue of not filing a motion for reconsideration of the March 20, 2008 order also utterly misses the mark. The March 20, 2008 order specifically provided that the Defendants would have: "(ii) an opportunity ... to present objections to the Magistrate Judge's determination, whether as to discoverability or as to any privileges that they believe are applicable." Exh. 2 at 11. The Protocol Order further provided Defendants' counsel would ultimately have "an opportunity to raise objections as to discoverability, privilege, or any other matter deemed appropriate to the Court's determination whether to order the disclosure of these communications to Plaintiff." Exh. 3 at 6-7. Subsequent to these two Orders (which expressly provided that all objections could be raised at a later time), this Court expressly permitted Defendants to raise this issue at the present time, and Defendants have chosen to do so. Exh. 1 at 22, 34. Certainly, however, Defendants did not in any way consent that the communications from SkyTel could be divulged to Plaintiff.

Third, Plaintiff's argument that the City of Detroit gave consent by virtue of the directive supposedly signed by Mayor Kilpatrick (the "Directive") also lacks merit. Indeed, as a threshold matter, there are serious questions as to the authenticity of the Directive inasmuch as it is dated <u>June 26, 2000,</u> and Mayor Kilpatrick was not even elected Mayor <u>until November 2001 and did not even</u>

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

take office until January 2002. Therefore, the obvious question comes to mind -- how could there be a binding directive supposedly signed by the Mayor of Detroit a year and a half before he even took office as Mayor? Moreover, the Directive expressly applies to "City's electronic communications system". The instant text messages were not sent on the City's electronic communications system, but rather were sent on SkyTel's communication system. Finally, even if the Directive somehow was authentic, and did apply to SkyTel's communications, Plaintiff has failed to demonstrate how a Directive from 2000 would trump the express refusal by the City to provide consent to the divulgence of the specific text messages at issue. Nor has Plaintiff demonstrated how such Directive would trump the confidentiality provision contained in the standard corporate account agreement of SkyTel (which was produced by the City of Detroit with the SkyTel contract documents), which provides that "each party shall not disclose to any third party the other's confidential or proprietary information without the prior written consent of the other party" and that if a party is required to produce such information, "such party shall use commercially reasonable efforts to: (a) limit such disclosure to the extent practicable; and (b) make such disclosure only to the extent so required." Exh. 4.

### III. DEFENDANTS HAVE STANDING TO ASSERT THEIR RIGHTS UNDER THE SCA.

Plaintiff has utterly misstated to this Court that Defendants rely upon Quon II (Quon v. Arch Wireless Operating Co., Inc. 445 F.Supp.2d 1116 (D.D. Cal. 2006)) to establish that Defendants have standing to preclude this discovery. Rather, to demonstrate standing, Defendants rely upon Quon I (Quon v. Arch Wireless, 309 F.Supp.2d 1204 (C.D. Cal. 2004) and Beatty and Kilpatrick's status as "users" of the SkyTel pagers. In Quon I, it was held that a municipal employee using city-owned pagers was a "user" of the service and therefore was afforded protection by the SCA.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

*Id.* at 1209. Just like the city employee in Quon I, Beatty and Kilpatrick were undoubtedly authorized to use the SkyTel pager service and equipment. Therefore, as a "user" of Skytel's electronic communication service, each have standing to object to the unlawful disclosure of electronic communications which were sent or received via that service. Furthermore, Plaintiff tellingly does not address Defendant's contention that standing is also present pursuant to Section 2707 of the SCA, which provides that "any aggrieved person" has standing to seek "preliminary and other declaratory relief" for violations of the SCA. See, 18 U.S.C. § 2707.

### IV. PLAINTIFF'S RELIANCE UPON O'GRADY IS MISPLACED.

Knowing that the SCA clearly and definitively precludes SkyTel from divulging the contents of the electronic communications at issue, Plaintiff has resorted to relying upon dicta from the California Court of Appeals opinion in O'Grady v. Superior Court, 139 Cal. App. 4th 1423 (2006) to argue that this Court can compel Defendants to consent to the release of the text messages. However, if this Court were to adopt this non-binding dicta, it would completely eviscerate the protection of the SCA. In fact, Defendant cannot think of a single situation where the contents of electronic communication could actually be protected by the SCA pursuant to its protective provisions if in fact a court were permitted to compel a user of the device or the subscriber to consent to the release of the electronic communication.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC
By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: May 23, 2008        (248) 355-3084

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.            John A. Schapka, Attorney
Kenneth L. Lewis, Attorney           Krystal A. Cittendon, Attorney
James C. Thomas, Attorney

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: May 23, 2008                  (248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302