UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v

    Case No.: 05-CV-74253
    Hon. Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.
    _____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton,
Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig
Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

_____/

# DEFENDANT, CHRISTINE BEATTY'S, SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM <u>SKYTEL BASED UPON THE FEDERAL STORED COMMUNICATIONS ACT</u>

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Flagg v. Detroit, City of et al
Dockets.Justia.com

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES .................................................. ii

INTRODUCTION .......................................................... 1

ARGUMENT

    I.    THE SCA ABSOLUTELY PROHIBITS SKYTEL'S PRODUCTION OF THE TEXT MESSAGES SOUGHT IN SUBPOENA NO. 1 AND SUBPOENA NO. 2 ........................................................ 1

    II.    THE QUON COURT CONFIRMED THE USER'S PRIVACY INTEREST IN THEIR ELECTRONIC COMMUNICATIONS ........................ 3

CONCLUSION ............................................................ 4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Cases:**  **Page(s)**

Berger v. New York,
    388 U.S. 41; 87 S. Ct. 1873; 18 L. Ed. 2d 1040 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Katz v. United States,
    389 U.S. 347; 88 S. Ct. 507; 19 L. Ed. 2d 576 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Quon v Arch Wireless Operating Co., Inc.,
    Case No. 07-55282 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

**Court Rules and Statutes:**

18 U.S.C. § 2701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2702 (b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INTRODUCTION

Defendant, Christine Beatty ("Beatty"), files the instant supplemental brief in order to address the June 18, 2008 decision by the United States Court of Appeals for the Ninth Circuit in <u>Quon</u> v <u>Arch Wireless Operating Co., Inc.</u>, Case No. 07-55282 (9th Cir. 2008) (attached hereto as Exh. A). Inasmuch as the parties relied upon the District Court rulings made in the <u>Quon</u> case in their original briefing of the instant Motion, Beatty brings to the Court's attention and addresses the appellate decision of the Ninth Circuit's recent ruling in the <u>Quon</u> case, which deals with certain issues now at bar before this Court.

# ARGUMENT

**I. THE SCA ABSOLUTELY PROHIBITS SKYTEL'S PRODUCTION OF THE TEXT MESSAGES SOUGHT IN SUBPOENA NO. 1 AND SUBPOENA NO. 2.**

On June 18, 2008, the United States Court of Appeals for the Ninth Circuit definitively determined in <u>Quon</u> v <u>Arch Wireless Operating Co, Inc</u>, Case No. 07-55282 (9th Cir 2008), that an electronic computing service ("ECS") can not produce electronic communications without the express consent of <u>the originator, addressee or intended recipient of such electronic communications</u>.

The Ninth Circuit's ruling affirmed the District Court's holding that there does exist a well-recognized expectation of privacy in electronic communications, and in fact confirmed that the expectation of privacy in electronic communications is precisely the same expectation of privacy a person maintains in traditional written letters. <u>Id.</u> at 7021-7022. Furthermore, the Ninth Circuit held that it is <u>irrelevant</u> whether the provider of the electronic communications service has the ability to access the contents of such electronic communications. <u>Id.</u> The Ninth Circuit, however, went even further than the District Court in that it determined that, under the Federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"), <u>only</u> <u>users</u> of an electronic text messaging service could

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

authorize access to their own electronic communications. Id. at 7014-7015. That is, the Ninth Circuit held that not even the subscriber to the service could unilaterally permit access to the electronic communications of users of such services. Id. For instance, an employer who paid for a text messaging service for its employees, as the employer in Quon did, could not authorize the release of the contents of text messages sent or received by such employees. Id. Only the employees, as users of the service, could consent to the release of their electronic communications, but not the employers. Id.

Specifically, the Ninth Circuit held that the District Court in the Quon case had erred insofar as it determined that a provider of text message services, like Skytel, was a remote computing service ("RCS") under the SCA. In that case, the subscriber (here, the City of Detroit)[1], would have been permitted to consent to the disclosure of electronic communications[2]. However, the Ninth Circuit has now definitively determined that a text message provider, like Skytel, is an ECS, not an RCS, which means that only the originator, addressee or intended recipient of such electronic communications can consent to the release of such communications. Id. As a result, Plaintiff's argument that the City of Detroit had consented to the release of the electronic communications is not only factually incorrect for the reasons fully set forth in Beatty's Reply Brief, but also legally irrelevant inasmuch as the subscriber simply can not consent to the release of electronic communications held by an ECS.

---

1/ The fact that the City of Detroit was the subscriber has not been disputed, and the contract documents produced by the City of Detroit in their May 16, 2008 supplemental brief appear to confirm this fact as well.

2/ Plaintiff has acknowledged that the only possible exception to the SCA, which would permit Skytel to release electronic communications to Plaintiff pursuant to its subpoena is found in 18 U.S.C. § 2702 (b)(3). In an effort to argue that this exception somehow applies, Plaintiff has contended that the City of Detroit, who is the subscriber to these services, consented to divulge the contents of the communications. As fully set forth in Beatty's Reply Brief, this is absolutely incorrect inasmuch as the City of Detroit has not only refused to consent to the divulgence of the communications, but in fact has filed a motion to preclude the production of the electronic information in the possession of Skytel.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 55 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

The <u>Quon</u> Court determined that a text message service identical to Skytel is an ECS for the purposes of the SCA. The <u>Quon</u> Court explained:

> Any lingering doubt that Arch Wireless is an ECS that retained messages in electronic storage is disposed of by <u>Theofel</u> v. <u>Farey-Jones</u>, 359 F.3d 1066, 1070 (9th Cir. 2004). In <u>Theofel</u>, we held that a provider of e-mail services, undisputedly an ECS, stored e-mails on its servers for backup protection. NetGate was the plaintiffs' Internet Service Provider ("ISP"). Pursuant to a subpoena, NetGate turned over plaintiffs' e-mail messages to the defendants. <u>We concluded that plaintiffs' e-mail messages — which were stored on NetGate's server after delivery to the recipient — were "stored 'for purposes of backup protection' . . . . within the ordinary meaning of those terms."</u> <u>Id.</u> at 7014-7015 (citations omitted, emphasis added).

It is undisputed that Skytel stored Beatty's alleged electronic communications after delivery inasmuch as these electronic communications are the very items now sought by Plaintiff. Furthermore, it is undisputed that Beatty, as the purported originator, addressee or intended recipient of the electronic communications at issue, has <u>not</u> provided any consent for the release of such material. Therefore, Plaintiff may not obtain the alleged electronic communications of Beatty or any other Defendant who likewise has not provided consent for the release of their electronic communications.

## II. THE <u>QUON</u> COURT CONFIRMED THE USER'S PRIVACY INTEREST IN THEIR ELECTRONIC COMMUNICATIONS.

As Beatty explained in her original pleadings, she has a privacy interest in the contents of her alleged electronic communications. The <u>Quon</u> Court absolutely confirmed that all users, even employees, have a privacy interest in their electronic communications, and that such information must remain private absent the user's consent that such information be released.

The <u>Quon</u> Court held:

> The extent to which the Fourth Amendment provides protection for

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

the contents of electronic communications in the Internet age is an open question. The recently minted standard of electronic communication via e-mails, text messages, and other means opens a new frontier in Fourth Amendment jurisprudence that has been little explored. Here, we must first answer the threshold question: <u>Do users of text messaging services such as those provided by Arch Wireless have a reasonable expectation of privacy in their text messages stored on the service provider's network? We hold that they do</u>. Quon at 7018 (emphasis added).

Thus, according to the Ninth Circuit's reasoning, Beatty's alleged electronic communications are protected by the Fourth Amendment, and hence can not be obtained absent a search warrant based upon probable cause. <u>See, e.g.</u> <u>Berger</u> v. <u>New York</u>, 388 U.S. 41; 87 S. Ct. 1873; 18 L. Ed. 2d 1040 (1967); <u>Katz</u> v. <u>United States</u>, 389 U.S. 347; 88 S. Ct. 507; 19 L. Ed. 2d 576 (1967) (holding that private telephone conversations processed through a third-party intermediary are protected by the Fourth Amendment and can be obtained from the intermediary <u>only</u> upon a showing of probable cause).

## CONCLUSION

For all the foregoing reasons, and all the reasons stated in Beatty's initial Brief and her Reply Brief, Beatty respectfully requests that this Court grant the instant Motion and prohibit discovery of electronic communications from Skytel based upon the SCA.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: June 26, 2008

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Norman Yatooma, Attorney. | John A. Schapka, Attorney |
| Kenneth L. Lewis, Attorney | Krystal A. Cittendon, Attorney |
| James C. Thomas, Attorney | |

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

June 26, 2008

E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302