UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHON BOND,
        Plaintiff,

v.

CITY OF DETROIT, a Municipal Corporation;
CITY OF DETROIT CHIEF OF POLICE
ELLA BULLY-CUMMINGS; DEPUTY CHIEF
OF POLICE CARA BEST; JOHN DOE OFFICERS 1-20;
ASSISTANT DEPUTY POLICE CHIEF HAROLD
CURETON; LIEUTENANT BILLY JACKSON;
MAYOR KWAME KILPATRICK; and CHRISTINE BEATTY,
jointly and severally,

        Defendants.

Case No. 05-CV-74253-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

_____/

**BRIEF IN SUPPORT OF MOTION OF DETROIT FREE PRESS, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT CHRISTINE BEATTY'S MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE FEDERAL STORED COMMUNICATIONS ACT**

The Detroit Free Press, Inc. (the "Free Press"), respectfully submits this Brief in support of its Motion for Leave to File Amicus Curiae Brief in Opposition to Defendant Christine Beatty's Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act.

On April 25, 2008, Defendant Christine Beatty filed a Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act [Docket No. 103] ("Beatty's Motion"). In her motion, Ms. Beatty argues that the discovery sought by Plaintiff from non-party, Bell Industries, Inc. f/k/a SkyTel ("SkyTel") of text messages

sent to or from a SkyTel text message pager provided to her by the City of Detroit, is precluded by the federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA").[1]

On June 26, 2008, Ms. Beatty filed a Supplemental Brief in Further Support of Motion to Preclude Discovery of Electronic Communications Based Upon the Federal Stored Communications Act. [Docket 121] ("Beatty's Supplemental Brief"). In her Supplemental Brief, Ms. Beatty argued that under the Ninth Circuit's recent holding in *Quon v. Arch Wireless Operating Co.*, Inc., Case No. 07-055282 (9th Cir. 2008), as a matter of law, a provider of a text message service, like SkyTel, is always an electronic communications service ("ECS") for purposes of the SCA regardless of what function the provider is performing, including the long-term storage of electronic communications. Therefore, according to Ms. Beatty, the provisions of the SCA that allow a provider of remote computing services ("RCS") to divulge the content of electronic communications with the consent of the subscriber do not apply. Ms. Beatty further argued that the aforementioned Ninth Circuit opinion in *Quon* establishes that her text messages are protected by the Fourth Amendment and accordingly can not be obtained without a search warrant.

The Detroit Free Press is currently a party to an action under the Michigan Freedom of Information Act ("FOIA"), pending in Wayne County Circuit Court before Judge Robert Columbo (Case No. 08-100214 CZ) (the "FOIA Action") in which the City of Detroit, Mayor Kilpatrick, and Ms. Beatty are parties. In the FOIA Action, the Free Press has requested the production of text messages sent or received by Christine Beatty or Mayor Kwame Kilpatrick on their City-provided SkyTel two-way pagers. Judge Colombo has withheld from ruling on the

---

[1] On July 1, 2008 counsel for SkyTel filed a notice that the name of Non-Party Bell Industries, Inc., d/b/a Skytel has been changed to Velocita Wireless, LLC, d/b/a Bell Industries, Inc., d/b/a Skytel [Docket No. 122]. For purposes of this brief, Velocita Wireless, LLC is referred as "SkyTel."

2

Free Press' request for the production of text messages from SkyTel in that FOIA Action, until discovery takes place on certain issues relevant to the Free Press' request for the production of text messages, including: (1) whether SkyTel was acting as an RCS in connection with its provision of text message services to the City of Detroit; (2) whether the City of Detroit was the subscriber of SkyTel's services; and (3) whether the City of Detroit's Electronic Communications Directive pertains to text messages sent on City Skytel two-way pagers. *See e.g.*, Transcript of July 17, 2008 Hearing before Judge Colombo in the FOIA Action ("July 17th Transcript") (attached hereto as Exhibit 1) at 12. While Judge Colombo has not made a final ruling on whether he can compel the production of text messages from SkyTel, he has expressed his belief that he can compel the City of Detroit, or the Mayor or Ms. Beatty themselves to consent to the disclosure of their text messages. *See* Transcript of May 30, 2008 Hearing before Judge Colombo in the FOIA Action ("May 30th Hearing Transcript") (attached hereto as Exhibit 2) at 13-14. Judge Colombo has also indicated his intent to study the recently issued Ninth Circuit opinion in *Quon* to assess its impact, if any, on the issues before him. *See* Transcript of June 26, 2008 Hearing before Judge Colombo in the FOIA Action ("June 26th Hearing Transcript") (attached hereto as Exhibit 3) at 14.

Accordingly, it is clear that should this Court rule on the issues presented in Ms. Beatty's Motion regarding whether the SCA precludes the production of text messages and particularly, the relevance, if any, of the Ninth Circuit's recent decision in *Quon*, it will likely have a bearing on the same issues present in the Free Press' FOIA action.

It is the Free Press' position that the Ninth Circuit holding in *Quon* that a text message provider can never be an RCS under the SCA goes against the statutory language itself, a wealth of scholarly writing, and traditional understanding, all of which find that a provider of electronic

3

communications, such as a text message provider like SkyTel, can act as an ECS or an RCS depending upon what function it is performing at the time. It is further the Free Press' position that a court in a civil action can compel either the subscriber of text message services or the originator, addressee or recipient of text messages to consent to the disclosure of their text messages. Lastly, it is the Free Press' position that the Fourth Amendment has no bearing on requests for the production of text messages in this case or in the FOIA Action as those matters do not involve state action regulated by the Fourth Amendment.

For the reasons described above, the Free Press has an interest in this litigation that is not being represented by the parties to this action and its participation would assist the Court in resolving the issues before it on Ms. Beatty's Motion. Accordingly, the Free Press requests that the Court grant its Motion for Leave to File Amicus Curiae Brief.[2]

## I. THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION TO ALLOW AMICUS PARTICIPATION BY THE FREE PRESS

There is no federal rule or statute governing the participation of *amicus curiae* at the district court level. *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991).[3] However, a federal district court possesses the inherent authority to allow or invite the participation of amicus curiae. *United States v. Michigan*, 116 F.R.D. 655, 660 (W. D. Mich. 1987). It is well established that U.S. District Courts have broad discretion to allow participation of amicus curiae. *See, e.g., Hoptowitt v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district court has broad discretion to appoint amici curiae"); *Harris v. Champion*, 938 F.2d 1062, 1071 (10th Cir.

---

[2] This Court previously granted the Free Press' Motion to Intervene for "the purpose of opposing the City of Detroit's request for a 'gag' order." *See* April 15, 2008 Order [Docket No. 97]. As the order granting intervention was for a limited purpose only, the Free Press respectfully seeks leave to file an amicus brief to respond to Beatty's Motion.

[3] Contrast Federal Rule of Appellate Procedure 29, which governs participation by amici in the Courts of Appeal.

4

1991); *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841 (D.D.C. 1996); *Firestone Tire & Rubber Co. v. Pension Benefit Guar. Corp.*, 695 F. Supp. 43, 44 (D.D.C. 1988).

The Seventh Circuit has described circumstances in which the participation of a party seeking amicus status can benefit the court:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (cited with approval in *The Dow Chemical Co. v. United States of America*, 2002 WL 33012185, Case No. 00-CV-10331-BC, (E.D. Mich. May 24, 2002) at *1)

Finally, there is no requirement that an entity seeking *amicus* status be disinterested in the litigation. *Funbus Systems, Inc. v. Calif. Public Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986); *Hoptowitt*, 682 F.2d at 1260.

## II. THE FREE PRESS HAS AN INTEREST IN ANOTHER CASE THAT MAY BE AFFECTED BY THE DECISION IN THE PRESENT CASE

As described above, the Free Press is currently a party in the FOIA Action pending in Wayne County Circuit Court before Judge Robert Columbo (Case No. 08-100214 CZ). Because the Free Press, like Plaintiff here, is also seeking the production by SkyTel of text messages sent and received by Christine Beatty and Mayor Kilpatrick on City-provided Sky Tel devices and defendants in that FOIA action have made or will likely make the same arguments that are presently before this Court on Ms. Beatty's Motion, the Free Press has an interest in this case that may be affected by the outcome of Ms. Beatty's motion.

While decisions in the present case may not be binding upon Judge Colombo, he has indicated that he has been following these proceedings and indeed has referred to these proceedings in his own hearings in the FOIA action. As this Court will likely be the first to rule on the issues presented by Ms. Beatty's Motion, which are also present in the FOIA Action, and Judge Colombo may be persuaded by this Court's rulings on those issues, the Free Press has a clear interest in the issues presented to the Court by Ms. Beatty's Motion.

## III. NO PARTY HAS REPRESENTED THE FREE PRESS' INTEREST IN THIS ACTION

While the Free Press is not challenging the competency of counsel in this matter for purposes of its motion for leave to file an *amicus* brief, it remains the fact that no party presently represents the interest of the Free Press, who is seeking the production of Ms. Beatty's and the Mayor's text messages under FOIA in a separate action because they constitute a matter of significant public interest. Indeed, no party has filed any response to Ms. Beatty's Supplemental Brief addressing the recent Ninth Circuit holding in *Quon*. Accordingly, no party has presented the arguments expounded upon in the Free Press' proposed *amicus curiae* brief that: (1) the Ninth Circuit holding in *Quon* that a text message provider can never be an RCS under the SCA goes against the statutory language itself, a wealth of scholarly writing, and traditional understanding, all of which find that a provider of electronic communications, such as a text message provider like SkyTel, can act as an ECS or an RCS depending upon what function it is performing at the time; (2) a court in a civil action can compel either the subscriber of text message services (in the case of an RCS) or the originator, addressee, or recipient of text messages to consent to the disclosure of their text messages (in the case of either an RCS or ECS); and (3) the Fourth Amendment has no bearing on the present action or the Free Press'

6

request for the production of text messages in its FOIA action as those matters do not involve state action regulated by the Fourth Amendment.

## IV. THE FREE PRESS AND ITS COUNSEL HAVE A UNIQUE PERSPECTIVE THAT MAY ASSIST THE COURT

As a media organization, the Free Press has unique experience in dealing with FOIA requests for public records and in actions to enforce its rights under FOIA. As regular counsel for the Free Press, and as counsel for the Free Press in the pending FOIA action, the undersigned has studied the SCA and the recent holding by the Ninth Circuit in *Quon* closely to understand its implications on the press' ability to obtain public records consisting of electronic communications held by providers of ECS and RCS. Accordingly, the Free Press and its counsel can offer the Court insight on its consideration of the issues before it.

## CONCLUSION

For all the reasons discussed above, the Free Press respectfully requests that its Motion for Leave to File Amicus Curiae Brief in Opposition to Defendant Christine Beatty's Motion to Preclude Discovery of Electronic Communications from SkyTel Based Upon the Federal Stored Communications Act be granted.

Honigman Miller Schwartz and Cohn LLP

s/ Richard E. Zuckerman (P26521)
Herschel P. Fink (P13427)
Lara Fetsco Phillip (P67353)
Attorneys for Detroit Free Press, Inc.
2290 First National Building
Detroit, MI 48226
(313) 465-7400
rez@honigman.com
hpf@honigman.com
lara.phillip@honigman.com

Dated July 23, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2008, by electronic and/or ordinary mail.

                    Honigman Miller Schwartz and Cohn LLP
                    /s/Richard E. Zuckerman (P26521)
                        Herschel P. Fink (P13427)
                        Lara Fetsco Phillip (P67353)
                    2290 First National Building
                    660 Woodward Avenue
                    Detroit, MI 48226
                    (313) 465-7400
                    hfink@honigman.com
                    rzuckerman@honigman.com
                    lara.phillip@honigman.com

DETROIT3216227.1