UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

   Plaintiff,

v

                  Case No.: 05-CV-74253
                  Hon. Gerald E. Rosen
                  Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK;
CHRISTINE BEATTY, jointly and severally,

   Defendants.

_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746)<br>ROBERT S. ZAWIDEH (P43787)<br>NORMAN YATOOMA & ASSOCIATES, P.C.<br>**Attorneys for Plaintiff**<br>219 Elm Street<br>Birmingham, MI 48009<br>(248) 642-3600 | MAYER MORGANROTH (P17966)<br>JEFFREY B. MORGANROTH (P41670)<br>MORGANROTH & MORGANROTH, PLLC<br>**Attorneys for Christine Beatty, Only**<br>3000 Town Center, Suite 1500<br>Southfield, MI 48075<br>(248) 355-3084 |
| JOHN A. SCHAPKA (P36731)<br>CITY OF DETROIT LAW DEPARTMENT<br>**Co-Counsel for City of Detroit, Harold Cureton,**<br>**Craig Schwartz & Cara Best**<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 224-4550 | KRYSTAL A. CRITTENDON (P49981)<br>CITY OF DETROIT LAW DEPARTMENT<br>**Attorney for City of Detroit, Harold Cureton, Craig**<br>**Schwartz & Cara Best**<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226<br>(313) 237-3018 |
| KENNETH L. LEWIS (P26071)<br>SAID A. TALEB (P66030)<br>RANDAL M. BROWN (P70031)<br>PLUNKETT COONEY<br>**Attorneys for Ella Bully-Cummings, Only**<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>(313) 983-4790 | JAMES C. THOMAS (P23801)<br>JAMES C. THOMAS, P.C.<br>**Attorney for Defendant Kwame Kilpatrick**<br>535 Griswold St., Suite 2632<br>Detroit, MI 48226<br>(313) 963-2420 |

_____/

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# DEFENDANT, CHRISTINE BEATTY'S, ANSWER TO MOTION OF DETROIT FREE PRESS, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT CHRISTINE BEATTY'S MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE FEDERAL STORED <u>COMMUNICATIONS ACT</u>

NOW COMES Defendant, Christine Beatty ("Beatty"), by and through her attorneys, Morganroth & Morganroth, PLLC, and for her answer to Motion of Detroit Free Press, Inc. for Leave to File Amicus Curiae Brief in Opposition to Defendant Christine Beatty's Motion to Preclude Discovery of Electronic Communications from Skytel Based upon the Federal Stored Communications Act states as follows:

Beatty denies that Detroit Free Press has provided any meritorious reason why it should be permitted to file an *amicus curiae* brief at this late date.

The instant Answer is further supported by the accompanying Brief in Opposition.

WHEREFORE, Beatty respectfully requests that this Court deny the instant Motion.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: August 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.
Kenneth L. Lewis, Attorney
James C. Thomas, Attorney

John A. Schapka, Attorney
Krystal A. Crittendon, Attorney
Herschel P. Fink, Attorney

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [None]

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: August 4, 20008

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK;
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

_____/

**DEFENDANT, CHRISTINE BEATTY'S, BRIEF IN OPPOSITION TO MOTION OF DETROIT FREE PRESS, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT CHRISTINE BEATTY'S MOTION TO PRECLUDE DISCOVERY OF ELECTRONIC COMMUNICATIONS FROM SKYTEL BASED UPON THE FEDERAL <u>STORED COMMUNICATIONS ACT</u>**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## TABLE OF CONTENTS

                                                                                                      **Page**

INDEX OF AUTHORITIES ................................................... ii

PRELIMINARY STATEMENT ................................................. 1

ARGUMENT .................................................................. 3

    I.      STANDARD OF REVIEW ........................................ 3

    II.     THE FREE PRESS' REQUEST TO FILE AN
           AMICUS BRIEF IS UNTIMELY ................................... 4

    III.    EVEN IF THE FREE PRESS' REQUEST TO FILE AN AMICUS BRIEF
           WAS TIMELY, WHICH IT IS NOT, THE FREE PRESS HAS STILL
           NOT PROVIDED ANY REASON SUFFICIENT TO JUSTIFY THIS
           COURT'S ACCEPTANCE OF AN AMICUS BRIEF ...................... 5

    IV.    IN ANY CASE, THE ARGUMENT SET FORTH BY THE FREE PRESS
           IN ITS PROPOSED AMICUS BRIEF ARE WITHOUT MERIT AND
           SHED NO FURTHER LIGHT ON THIS MATTER ....................... 8

           A.     The Ninth Circuit's Well-Reasoned Analysis in the *Quon*
                   Case is the Most Persuasive Authority as to the Meaning
                   and Application of the SCA To Date Inasmuch as the Ninth
                   Circuit is the Highest Federal Court Which Has Squarely
                   Addressed this Issue ........................................ 9

           B.     The City of Detroit, as Subscriber, Has Not Provided Its
                   Consent that Skytel Release the Text Messages At Issue In
                   Any Case ................................................ 10

           C.     This Court May Not Order the City of Detroit, Beatty or
                   Mayor Kilpatrick to Consent to Skytel's Production of Text
                   Messages ............................................... 11

CONCLUSION ............................................................. 13

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Cases:**                                                                                                   **Page(s)**

Columbia Pictures v. Bunnell,
    2007 U.S. Dist. LEXIS 46364 (C.D. Cal. 2007) ................................. 12

Columbia Pictures v. Bunnell,
    245 F.R.D. 443 (C.D. Cal. 2007) ............................................. 12

Dow Chem. v. United States,
    2002 U.S. Dist. LEXIS 11657 (E.D. Mich. 2002) ........................... 3, 11

Michigan Fed'n of Teachers v. University of Michigan,
    Mich. Sup. Ct. Case No. 133819 (2008) ..................................... 5, 7

Quon v Arch Wireless Operating Co., Inc.,
    Case No. 07-55282 (9th Cir. 2008) ........................................ 9-12

**Court Rules and Statutes:**

18 U.S.C. § 2701 ................................................................. 1

MCL 15.243 ...................................................................... 6

**Other Authorities:**

Orin S. Kerr, *A User's Guide to the Stored Communications Act, and
a Legislator's Guide to Amending It*,
    72 Geo. Wash. L. Rev. 1208 (2004) ......................................... 10

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## PRELIMINARY STATEMENT

In early 2008, the Detroit Free Press (the "Free Press") filed a a freedom of information act case (the "FOIA Case") against the City of Detroit, which is now pending in the Wayne County Circuit Court. Therein, among other things, the Free Press seeks the production of alleged electronic communications of Defendants, Christine Beatty ("Beatty") and Mayor Kwame Kilpatrick ("Mayor Kilpatrick").

In March 2008, Beatty and Mayor Kilpatrick were granted leave to intervene in the FOIA Case in order to assert their rights in their alleged electronic communications, including their rights under the Federal Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA").

To date, the Wayne County Circuit Court in the FOIA Case has refused to order the production of the alleged electronic communications pursuant to subpoenas served upon Velocita Wireless, LLC f/k/a Bell Industries, Inc. d/b/a Skytel, Inc ("SkyTel")[1] or otherwise, despite various requests by the Free Press that it do so. Indeed, notwithstanding the Free Press' assertion that Judge Colombo has somehow not ruled upon this issue in the FOIA Case, Judge Colombo has in fact stated on the record on numerous occasions that the Free Press can <u>not</u> obtain the text messages from Skytel. Exh. 3 at 11 (Colombo, J.) ("[T]here can be no civil subpoena issued . . . to get the contents of text messages under the Stored Communications Act."), 14 (Colombo, J.) ("[W]e are all in agreement that Skytel's release of the Beatty text messages and perhaps the Mayor's . . . <u>violated the Stored Communications Act</u>." (emphasis added)). Judge Colombo in fact recently expressed doubts as to whether he could order the City of Detroit, Beatty or Mayor Kilpatrick to consent to the release

---

1/ Skytel is the vendor which provided electronic communications services to the City of Detroit and its employees during the time period.

1

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

of the text messages[2]. See, Exhs. 2 at 14-15 (Colombo, J.) (Judge Colombo acknowledged, prior to the Ninth Circuit's ruling in Quon, that he might be able to direct the City of Detroit to consent the disclosure of the alleged text messages, but recognized "that there are issues with respect to the Mayor and Ms. Beatty that may preclude me from doing things like that [i.e., compelling them to consent to the release of the alleged text messages].")[3]; 3 at 14 (Colombo, J.) ("I don't know if text messages can even be discovered anymore in light of the 9th Circuit's decision in Quon.").

On April 10, 2008, the Free Press was permitted to intervene in this matter for the purpose of opposing Defendant, City of Detroit's, request for a "gag" order[4]. Exh. 4.

On April 25, 2008, Beatty filed her Motion to Preclude Discovery of Electronic Communications from Skytel Based Upon the Federal Stored Communications Act (the "Motion to Preclude Discovery").

On April 30, 2008, Mayor Kilpatrick joined in Beatty's Motion to Preclude Discovery.

On May 2, 2008, the City of Detroit filed its Motion to Preclude Discovery of Electronic Communication From Skytel Based Upon the Federal Stored Communications Act. On May 28, 2008, Mayor Kilpatrick joined the City of Detroit's Motion to Preclude Discovery.

On May 16, 2008, Plaintiff filed his response to Beatty's Motion to Preclude Discovery.

On May 23, 2008, Beatty filed her Reply Brief in Further Support of Her Motion to Preclude Discovery.

On June 26, 2008, Beatty filed her Supplemental Brief in Further Support of Motion to

---

2/ Furthermore, a recent ruling of the Michigan Supreme Court (attached hereto as Exh. 1), discussed below, interpreting the Michigan FOIA makes clear that the alleged text messages are not subject to disclosure pursuant to the Michigan FOIA in any event.

3/ In Exhibit 2 to its Brief, the Free Press curiously cut off in mid-sentence this portion of Judge Colombo's ruling from the exhibit it attached.

4/ On April 15, 2008, this Court denied the City of Detroit's Motion.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Preclude Discovery in light of a new decision by the United States Court of Appeals for the Ninth Circuit which bears upon issues involved in Beatty's Motion to Preclude Discovery.

The Free Press filed the instant Motion on July 23, 2008[5]. Therein, the Free Brief seeks leave to file an amicus brief in opposition to the Motion to Preclude Discovery. Specifically, the Free Press baldly asserts that this Court should completely disregard the decision of the United States Court of Appeals for the Ninth Circuit which squarely addresses the issue at bar simply because the Free Press does not agree with such decision. The Free Press' instant Motion should be denied inasmuch as the instant Motion is entirely untimely, the Free Press presents no meritorious reason it should be permitted to file an amicus brief, and, in any event, the Free Press' arguments in its amicus brief are entirely without merit and therefore would not serve to assist this Court in the resolution of this matter.

## ARGUMENT

### I.  STANDARD OF REVIEW.

In <u>Dow Chem.</u> v. <u>United States</u>, 2002 U.S. Dist. LEXIS 11657, *2-*3 (E.D. Mich. 2002) (attached hereto as Exh. 5), the Court held:

> Participation as an amicus "is a <u>privilege</u> within 'the sound discretion of the courts.'" The role of an amicus is generally "to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts."
>
> A brief by any amicus curiae, other than a governmental entity, requires either "leave of court or [a] brief stating that all parties have consented to its filing." <u>A motion for leave to file an amicus brief must include a brief stating the movant's interests, "why an amicus brief is desirable[,] and why the matters asserted are relevant to the disposition of the case."</u> The United States Court of Appeals for the Seventh Circuit has held:
>
> > An amicus brief should normally be allowed when a party is not

---

5/  The Free Press has attached its proposed amicus brief to its instant Motion, even though this Court has not yet granted leave to file such a brief.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide. (emphasis added, citations omitted).

In the matter at bar, the Free Press' instant request is untimely, and, in any event, the Free Press does not meet the requirements necessary to participate as an *amicus curiae* in these proceedings. Furthermore, the arguments presented by the Free Press in its amicus brief do not shed light on the issues presented in Beatty's Motion to Preclude Discovery.

## II. THE FREE PRESS' REQUEST TO FILE AN AMICUS BRIEF IS UNTIMELY.

It is undisputed that the Free Press has been receiving electronic notices of all filings in this case since at least April 10, 2008[6]. Exh. 6.

Beatty filed her Motion to Preclude Discovery on April 25, 2008. Plaintiff filed his response to Beatty's Motion to Preclude Discovery on May 16, 2008. Beatty filed her Reply Brief in Further Support of Her Motion to Preclude Discovery on May 23, 2008. Beatty then filed her Supplemental Brief in Further Support of Motion to Preclude Discovery on June 26, 2008 in light of a new decision by the United States Court of Appeals for the Ninth Circuit which bears upon issues involved in Beatty's Motion to Preclude Discovery.

It was not until July 23, 2008, two months after Beatty filed her Reply Brief, and one month after Beatty filed her Supplemental Brief, that the Free Press filed its instant request to file an amicus

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

6/ Upon information and belief, the Free Press had been monitoring all filings in this case even before it formally intervened on April 10, 2008.

brief. The Free Press offers no explanation for this delay[7]. Simply put, the Free Press' instant request is untimely. Briefing on this matter is long since complete, and there is simply no reason to now permit the Free Press to interject itself into these proceedings.

### III. EVEN IF THE FREE PRESS' REQUEST TO FILE AN AMICUS BRIEF WAS TIMELY, WHICH IT IS NOT, THE FREE PRESS HAS STILL NOT PROVIDED ANY REASON SUFFICIENT TO JUSTIFY THIS COURT'S ACCEPTANCE OF AN AMICUS BRIEF.

While it is undisputed that this Court has discretion to permit the filing of an amicus brief, this Court may only do so when the proposed *amicus curiae* has met the requirements for filing an amicus brief. In the matter at bar, the Free Press does not meet these requirements, and therefore its instant request to file an amicus brief should be denied.

First, the Free Press contends that it is entitled to file an amicus brief in this matter based upon its interest in the FOIA Case. In the FOIA Case, the Free Press seeks the release of alleged text messages sent and received by Beatty and Mayor Kilpatrick. Beatty and Mayor Kilpatrick have been permitted to intervene in the FOIA Case in order to assert their privacy rights as to the text messages under the United States Constitution, the SCA and various common law and statutory privileges. As a result, to date, the Wayne County Circuit Court has refused to permit the Free Press to obtain the alleged text messages via discovery in the FOIA Case. The Free Press now seeks to intervene in this case in a blatant effort to obtain discovery which it has not been able to obtain in the FOIA Case to date.

In fact, on July 16, 2008, the Michigan Supreme Court rendered its decision in <u>Michigan Fed'n of Teachers</u> v. <u>University of Michigan</u>, Mich. Sup. Ct. Case No. 133819 (2008) (attached

---

7/ Inasmuch as the FOIA case has been continuing during this time, and the Free Press is purportedly concerned that a ruling by this Court could impact its position the FOIA Case, it would have behooved the Free Press to promptly file an amicus brief related to the SCA issue in this case. Tellingly, the Free Press did not do so until <u>months</u> after such issue was presented to this Court.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

hereto as Exh. 1) which makes clear that the alleged text messages can not be released pursuant to Michigan FOIA. In <u>Michigan Fed'n of Teachers</u>, the Michigan Supreme Court examined and analyzed the exemption in the Michigan FOIA[8] for "information of a personal nature." Exh. 1 at 2. The Michigan Supreme Court clarified and expanded the exemption in the Michigan FOIA to "encompass information of an embarrassing, intimate, *private*, or *confidential*, nature." <u>Id.</u> (italics in original). The Michigan Supreme Court held that two prongs must be met in order for information to be exempted based upon Michigan FOIA's exemption for information of a personal nature:

> [F]irst, that the information sought is "<u>of a personal nature</u>," and, second, that the disclosure of the information would be a "<u>clearly unwarranted invasion of privacy</u>." <u>Id.</u> at 14 (emphasis added).

The Michigan Supreme Court therefore held as follows:

> We hold that information is "of a personal nature" if it constitutes <u>intimate, embarrassing, private, or confidential details about an individual</u>. In this case, employees' home addresses and telephone numbers are information "of a personal nature." Moving to the second prong of the privacy exemption, we conclude that the disclosure of employees' home addresses and telephone numbers <u>does not further a core purpose of FOIA by shedding light on whether the University of Michigan is functioning properly and consistently with its statutory and constitutional mandates</u>. <u>Id.</u> at 27 (emphasis added).

With respect to the alleged text messages at issue here, it is clear that many of the alleged messages are of an intimate, embarrassing and private nature[9]. It is further clear that many of the

---

8/ The Michigan FOIA states:

(1) A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. MCL 15.243

9/ The Free Press is, of course, well aware of this inasmuch as it has already published some of the alleged text messages which are clearly of a private nature.
MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6

alleged text messages do not contain any information relevant to the functioning of the government of the City of Detroit. In short, the alleged text messages are clearly not subject to disclosure under Michigan FOIA[10] in any event, and therefore the instant attempt by the Free Press to obtain such alleged text messages via civil discovery in a matter to which the Free Press is not a party utterly misses the mark.

As the Free Press acknowledges, any decision by this Court with respect to the release of the text messages would not be binding upon the Court in the FOIA Case[11]. Indeed, the issues in the FOIA case are entirely distinct from the issues at bar here. In the FOIA Case, the fundamental question is whether the alleged text messages are public information subject to Michigan's FOIA statute. If so, then the Wayne County Circuit Court may reach the issue of whether such text messages are nevertheless precluded from disclosure based upon the SCA.

In the case at bar, the question is whether the alleged text messages are subject to disclosure in civil discovery in light of the SCA and other Constitutional privacy interests. Thus, the decision in this case and in the FOIA case are not entirely connected, and the Free Press' interest in the FOIA Case does warrant nor justify its intervention in the instant matter which is between private litigants.

Second, the Free Press contends that no party to the instant case will represent the Free Press' alleged interests. As a threshold matter, it is difficult to understand exactly what the Free Press' interest is with respect to whether Plaintiff in this matter is allowed to obtain the alleged text messages as part of civil discovery. Even if such text messages may be obtained pursuant to civil

---

10/ Because the Free Press' counsel are self-avowed experts in Michigan FOIA law, they are no doubt aware of the Michigan Supreme Court's decision in Michigan Fed'n of Teachers, and its fatal impact upon the Free Press' claims in the FOIA Case.

11/ At best, the Free Press suggests that the Wayne County Circuit Court "may be persuaded by this Court's rulings." However, the Wayne County Circuit Court is bound by the Michigan Supreme Court's decision in Michigan Fed'n of Teachers, *supra*.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

discovery in this matter, such text messages would still not be made available to the Free Press inasmuch as they would be subject to the protocol established by the Court in the March 20, 2008 Order Establishing Protocol for Review and Production of Text Messages and Designating Magistrate Judges Whalen and Hluchaniuk to Conduct This Review (the "Protocol Order").

In any event, to the extent the Free Press' interest is simply to advocate the general position that the alleged text messages may be obtained in the course of civil discovery, which they can not, Plaintiff is advocating exactly that position[12]. Thus, the Free Press' interests in this regard are fully and completely represented by Plaintiff and there is, therefore, no need for the Free Press to provide an amicus brief on this matter.

Third, the Free Press contends that it, through its counsel, has a "unique perspective" which could assist this Court. The alleged "unique perspective" avowed by the Free Press is its counsel's experience with FOIA litigation. Inasmuch as the instant case is not a FOIA matter, it is unclear how the purported "unique perspective" of the Free Press' counsel would be of assistance to this Court in this matter which is not a FOIA case.

In light of the foregoing, the Free Press has failed to establish the requisite elements for this Court to permit it to file an amicus brief, and therefore the instant Motion should be denied.

IV. **IN ANY CASE, THE ARGUMENT SET FORTH BY THE FREE PRESS IN ITS PROPOSED AMICUS BRIEF ARE WITHOUT MERIT AND SHED NO FURTHER LIGHT ON THIS MATTER.**

The positions set forth in the Free Press' proposed amicus brief shed no further light upon the issues at bar, and in fact are nothing more than an attempt by the Free Press to muddle the issues in this case by attempting to conflate them with issues in the FOIA Case and the self-serving

---

12/ Tellingly, Plaintiff concurred in the Free Press' instant Motion.

8

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

positions of the Free Press to obtain headlines and sell newspapers. Therefore, such amicus brief is entirely unnecessary and should be rejected by this Court.

    A.    **The Ninth Circuit's Well-Reasoned Analysis in the _Quon_ Case is the Most Persuasive Authority as to the Meaning and Application of the SCA To Date Inasmuch as the Ninth Circuit is the Highest Federal Court Which Has Squarely Addressed this Issue.**

As a threshold matter, the Free Press can not and does not dispute Beatty's description and analysis of the June 18, 2008 decision by the United States Court of Appeals for the Ninth Circuit in Quon v Arch Wireless Operating Co., Inc., Case No. 07-55282 (9th Cir. 2008). Instead, because the Free Press realizes that such decision may be dispositive of the issue before this Court, and fatal to the Free Press' position in the FOIA Case, the Free Press desperately attempts to disparage the Ninth Circuit's holding in the Quon Case as erroneous in the hopes that this Court (and presumably the Wayne County Circuit Court in the FOIA Case) will not adopt the persuasive logic and reasoning set forth by the Circuit Court of Appeals in interpreting the meaning and application of a Federal statute, the SCA.

The central holding of Quon, with which the Free Press takes issue, is that Skytel is an electronic communications service ("ECS") under the terms of the SCA, rather than a remote computing service provider ("RCS"). The Free Press essentially contends that the Ninth Circuit is simply wrong. Given the well-reasoned opinion of the Ninth Circuit, the Free Press' bald and self-serving assertion that the Ninth Circuit somehow "got it wrong" hardly justifies the Free Press' intervention in this matter as an *amicus curiae*. The Free Press also makes the unsurprising assertion that the Ninth Circuit's opinion in Quon is not binding upon this Court. An amicus brief is hardly necessary to raise this rather obvious point which this Court is no doubt fully aware.

Notwithstanding the foregoing, in order to support its dubious position, the Free Press relies

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

solely upon a law review article and a Department of Justice ("DOJ") Manual in arguing that the Ninth Circuit's analysis is incorrect[13]. Of course, neither of these sources is binding upon this Court[14], and such sources certainly provide less compelling authority than a well-reasoned, published decision of a Circuit Court of Appeals which addressed the very issue at bar, and which had the benefit of full briefing and oral argument by interested parties. Furthermore, the very law review article cited by the Free Press makes absolutely clear that, contrary to the Free Press' position that the storage of open e-mail on a server is treated under the rules governing a RCS, in fact "the proper treatment of opened e-mail sitting on a server is currently unclear[15]." Orin S. Kerr, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1216 (2004) (footnote added)[16]. In any event, both the law review article and the DOJ Manual undeniably predate the Ninth Circuit's opinion in Quon, and therefore did not and could not take into account or address the logic, reasoning and precedential value of the Quon opinion.

### B. The City of Detroit, as Subscriber, Has Not Provided Its Consent that Skytel Release the Text Messages At Issue In Any Case.

As a threshold matter, it is clear that an amicus party is not permitted to "present a partisan

---

13/ Tellingly, the DOJ did not seek to file an amicus brief in the Quon case.

14/ The DOJ Manual itself explicitly states, "As is true with most efforts of this kind, the Manual is intended to offer assistance, not authority. Its analysis and conclusions reflect current thinking on difficult areas of law, and do not represent the official position of the Department of Justice or any other agency. It has no regulatory effect, and confers no rights or remedies." (emphasis added)

15/ This sentence immediately precedes the portion of this law review article quoted by the Free Press. The Free Press has tellingly omitted this key statement, which makes clear that the following statement (i.e., that opened e-mails stored on a server are governed by RCS rules) does not represent the state of the law, in fact represents nothing more than the author's opinion as to what the law ought to be.

16/ Tellingly, the section of the DOJ Manual upon which the Free Press relies was also authored by Professor Kerr, who also authored the law review article upon which the Free Press relies. See, Id. at n 29. Thus, despite the Free Press' hyperbole regarding a "wealth of scholarly writing" opposing the Quon decision, in fact the Free Press relies upon a single author's view in derogation of the view of the United States Court of Appeals for the Ninth Circuit. In any event, the Ninth Circuit admittedly considered and rejected the view espoused by Professor Kerr inasmuch as the Quon decision cited the very same law review article relied upon by the Free Press.

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

view of the facts." Dow Chem., *supra*. Apparently ignoring this admonition, the Free Press contends that the City of Detroit has somehow consented to the disclosure of the text messages[17]. At a minimum, the question of whether the City of Detroit provided consent is one of fact, and the Free Press, purportedly acting in an amicus capacity, has no standing to argue any factual dispute before this Court. In any event, as fully set forth in Beatty's Reply Brief, the Free Press' position is <u>absolutely incorrect</u> inasmuch as the City of Detroit has not only <u>refused to consent to the divulgence of the communications, but in fact has filed its own motion to preclude the production of the electronic information in the possession of Skytel</u>.

    **C.**    **This Court May Not Order the City of Detroit, Beatty or Mayor Kilpatrick to Consent to Skytel's Production of Text Messages.**

In a classic case of putting the cart before the horse, the Free Press contends that this Court could order the City of Detroit to consent to the release of the text messages. Of course, as the Free Press acknowledges, the City of Detroit <u>can not</u> consent to the release of the text messages based upon the Ninth Circuit's decision in the <u>Quon</u> Case. Thus, if this Court adopts the logic and reasoning of the <u>Quon</u> Court, only the <u>users</u> of Skytel's services (<u>i.e.</u>, Beatty or Mayor Kilpatrick) can consent to the release of the text messages.

In any event, this Court can not order the City of Detroit, Beatty or Mayor Kilpatrick to consent to the disclosure of electronic communications. It is particularly ironic that the Free Press suggests that this Court should disregard the well-reasoned holding of the United States Court of Appeals for the Ninth Circuit in the <u>Quon</u> case which interprets the meaning and application of a Federal statute (the SCA), and which squarely addresses the issue at bar, because such opinion is not binding upon this Court, but nevertheless contends that this Court should follow the unsupported

---

17/    As fully set forth in Beatty's Supplemental Brief, this is irrelevant if Skytel is an ECS, as held by the Ninth Circuit in <u>Quon</u> inasmuch as consent by the subscriber still would not be sufficient without consent by the users.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

*obitur dicta* contained in an opinion of a California state appeals court which, without any explanation, suggests that a court <u>might</u> have the power to order a litigant to consent to the disclosure of material otherwise protected by the SCA. If this Court were to adopt this non-binding *dicta*, it would completely eviscerate the protection of the SCA. Indeed, Beatty can not think of a single situation where the contents of electronic communication could actually be protected by the SCA pursuant to its protective provisions if a court could simply <u>compel</u> a user of the communications service to consent to the release of such electronic communication notwithstanding his rights under the SCA.

In any event, the only other case relied upon by the Free Press is an unpublished order of a magistrate judge of the United States District Court for the Central District of California. In <u>Columbia Pictures</u> v. <u>Bunnell</u>, 2007 U.S. Dist. LEXIS 46364 (C.D. Cal. 2007), the magistrate judge determined a log of computer server data was required to be produced because it was deemed to be in the intended recipient's possession, custody or control. However, the server data is hardly analogous to the alleged text messages at issue here for a number of reasons. First, unlike the case at bar, the plaintiffs in <u>Columbia Pictures</u> were <u>not</u> requesting the names or other identifying information of the persons who accessed the web site. <u>See</u>, <u>Columbia Pictures</u> v. <u>Bunnell</u>, 245 F.R.D. 443, 451 (C.D. Cal. 2007) (the United States District Court for the Central District of California denied the defendants' motion for review of the order of the magistrate judge). Thus, information about the sender of any communications would not be revealed if the recipient released information about such communications. <u>Id.</u> Second, the users of the computer server at issue in <u>Columbia Pictures</u> did not have an expectation of privacy as to the non-identifying information stored in the server log inasmuch as the users were "broadcasting their identifying information to

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

everyone in the BitTorrent 'swarm[18].'" Id. at 452 (footnote added). In the case at bar, the senders of the alleged text messages were not broadcasting any information to the general Internet population, and in fact were sending such information only to specific recipients. Third, the server log at issue in Columbia Pictures did not contain any content other than computer data. See, Columbia Pictures, 2007 U.S. Dist. LEXIS 46364, *5 (the server log data was comprised of "(a) the IP addresses of users of defendants' website who request 'dot-torrent' files; (b) the requests for 'dot-torrent files'; and (c) the dates and times of such requests"). Therefore, no First Amendment rights of free speech, Fifth Amendment rights to remain silent nor any legal privileges (such as the attorney/client privilege) were implicated in the Columbia Pictures case inasmuch as only computer data was at issue. Thus, the Columbia Pictures case is not applicable to the case at bar.

## CONCLUSION

For all the foregoing reasons, Beatty respectfully requests that this Court deny the instant Motion, and strike the Free Press' proposed amicus brief.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: August 4, 2008            (248) 355-3084

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

18/    The BitTorrent swarm is "[a] group of computers simultaneously sending (uploading) or receiving (downloading) the same file." See, http://computer.howstuffworks.com/bittorrent.htm

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.
Kenneth L. Lewis, Attorney
James C. Thomas, Attorney

John A. Schapka, Attorney
Krystal A. Crittendon, Attorney
Herschel P. Fink, Attorney

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [None]

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: August 4, 20008

E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302