UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

   Plaintiff,

v                 Case No.: 05-CV-74253
                  Hon. Gerald E. Rosen
                  Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

   Defendants.
_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746) | MAYER MORGANROTH (P17966) |
| ROBERT S. ZAWIDEH (P43787) | JEFFREY B. MORGANROTH (P41670) |
| NORMAN YATOOMA & ASSOCIATES, P.C. | MORGANROTH & MORGANROTH, PLLC |
| **Attorneys for Plaintiff** | **Attorneys for Christine Beatty, Only** |
| 219 Elm Street | 3000 Town Center, Suite 1500 |
| Birmingham, MI 48009 | Southfield, MI 48075 |
| (248) 642-3600 | (248) 355-3084 |
| | |
| JOHN A. SCHAPKA (P36731) | KRYSTAL A. CRITTENDON (P49981) |
| CITY OF DETROIT LAW DEPARTMENT | CITY OF DETROIT LAW DEPARTMENT |
| **Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best** | **Attorney for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best** |
| 660 Woodward Avenue, Suite 1650 | 660 Woodward Avenue, Suite 1650 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 224-4550 | (313) 237-3018 |
| | |
| KENNETH L. LEWIS (P26071) | JAMES C. THOMAS (P23801) |
| SAID A. TALEB (P66030) | JAMES C. THOMAS, P.C. |
| RANDAL M. BROWN (P70031) | **Attorney for Defendant Kwame Kilpatrick** |
| PLUNKETT COONEY | 535 Griswold St., Suite 2632 |
| **Attorneys for Ella Bully-Cummings, Only** | Detroit, MI 48226 |
| 535 Griswold, Suite 2400 | (313) 963-2420 |
| Detroit, MI 48226 | |
| (313) 983-4790 | |

_____/

**DEFENDANT, CHRISTINE BEATTY'S, MOTION TO COMPEL PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT, CHRISTINE BEATTY'S, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

Flagg v. Detroit, City of et al

Dockets.Justia.com

NOW COMES Defendant, Christine Beatty ("Beatty"), by and through her attorneys, Morganroth & Morganroth, PLLC, and for her Motion to Compel Plaintiff's Answers and Responses to Defendant Christine Beatty's First Set of Interrogatories and First Request for Production of Documents states as follows:

1. On April 1, 2008, Beatty served her First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") upon Plaintiff.

2. Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses (the "Responses") to the Discovery Requests were due on May 5, 2008.

3. Pursuant to Plaintiff's counsel's request, Beatty's counsel agreed to extend the deadline for the Responses to May 15, 2008.

4. On May 23, 2008, eight days after the agreed upon extended deadline for the Responses, Plaintiff finally served his unsigned Responses. Plaintiff's counsel also sent a letter indicating that signed Responses would follow "next week" (i.e., the week of May 26, 2008).

5. On June 11, 2008, Beatty's counsel wrote to Plaintiff's counsel. Therein, Beatty's counsel explained, among other things, that he had not received an executed signature page for the Responses, as promised by Plaintiff's counsel, and further explained that the Responses themselves were deficient and/or evasive in a number of respects. Beatty's counsel therefore requested that Plaintiff's counsel immediately provide an executed signature page, and supplemental responses which would cure the numerous deficiencies and evasive responses contained in the Responses.

6. Between June 11, 2008 and July 22, 2008, Beatty's counsel and Plaintiff's counsel exchanged multiple voice mail messages wherein Plaintiff's counsel indicated that he would cooperate in resolving the issues raised by providing signed supplemental answers and signed authorizations allowing Beatty to obtain various records requested by her, but that counsel should

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

touch base by telephone to confirm a resolution. Notwithstanding Plaintiff's counsel's indication that he would provide this material, Plaintiff's counsel has not done so despite multiple voice mail messages being exchanged.

7. On July 23, 2008, Beatty's counsel again wrote to Plaintiff's counsel. Therein, he indicated that, while he appreciated Plaintiff's counsel exchange of multiple voice mail messages and the promises to supplement and provide authorizations contained therein, Beatty had still not received any of the promised information. Beatty's counsel therefore requested that Plaintiff's counsel advise as to when he could expect to receive the promised information.

8. Plaintiff's counsel has not responded to the July 23, 2008 letter from Beatty's counsel.

9. As a result, Beatty has no choice but to bring the instant Motion seeking to compel Plaintiff to supplement his Responses and cure the deficiencies and evasive responses contained therein[1].

10. The instant Motion is further supported by the accompanying Brief.

11. Concurrence in the instant Motion was sought, but was not granted.

---

[1] Beatty's counsel is cognizant of this Court's requirement, set forth in its January 4, 2008 Scheduling Order, that any discovery disputes be brought to this Court's attention within 14 days of "receipt or notice of such disputed discovery." Beatty's counsel brings the instant Motion at this time inasmuch as, until Plaintiff's counsel's failure to respond to Beatty's counsel's July 23, 2008 letter, Plaintiff's counsel had indicated that he would resolve the issues raised by Beatty's counsel by providing supplemental answers signed by Plaintiff along with signed authorizations and counsel for the parties had been exchanging numerous e-mails to confirm such resolutions.

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

WHEREFORE, Beatty respectfully requests that this Court grant the instant Motion and order that Plaintiff immediately provide supplemental responses which cure the deficient and evasive discovery responses, and provide signed authorizations as promised and required.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: August 6, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Norman Yatooma, Attorney.
Kenneth L. Lewis, Attorney
James C. Thomas, Attorney

John A. Schapka, Attorney
Krystal A. Crittendon, Attorney

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [None]

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
Morganroth & Morganroth, PLLC
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084
E-mail: mmorganroth@morganrothlaw.com

Dated: August 6, 20008

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

    Plaintiff,

v

Case No.: 05-CV-74253
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

    /

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton,
Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig
Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

    /

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**DEFENDANT, CHRISTINE BEATTY'S, BRIEF IN SUPPORT OF MOTION TO COMPEL
PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT, CHRISTINE BEATTY'S,
FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    PLAINTIFF SHOULD BE ORDERED TO PROVIDE SUPPLEMENTAL RESPONSES TO BEATTY'S DISCOVERY REQUESTS AND PROVIDE APPROPRIATE AUTHORIZATIONS AS PLAINTIFF'S COUNSEL INDICATED PLAINTIFF WOULD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## INDEX OF AUTHORITIES

**Court Rules and Statutes**:

Fed. R. Civ. P. 26(f)(1) .................................................... 2

Fed. R. Civ. P. 26(f)(2) .................................................... 2

Fed. R. Civ. P. 33(b)(3) .................................................... 3

Fed. R. Civ. P. 33(b)(5) .................................................... 3

Fed. R. Civ. P. 34(b)(2)(B) .................................................. 3

Fed. R. Civ. P. 34(b)(2)(E)(i) ............................................ 3, 4, 6

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## QUESTIONS PRESENTED

I. WHETHER PLAINTIFF SHOULD BE ORDERED TO PROVIDED SUPPLEMENTAL RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS WHERE:

   A. PLAINTIFF'S COUNSEL INDICATED THAT PLAINTIFF WOULD PROVIDE SUPPLEMENTAL RESPONSES; AND

   B. PLAINTIFF'S RESPONSES TO THE DISCOVERY REQUESTS ARE INCOMPLETE, EVASIVE AND DEFICIENT.

II. WHETHER PLAINTIFF SHOULD BE ORDERED TO PROVIDE SIGNED AUTHORIZATIONS WHERE:

   A. PLAINTIFF'S COUNSEL INDICATED THAT HE WOULD PROVIDE SIGNED AUTHORIZATIONS; AND

   B. SUCH AUTHORIZATIONS ARE NECESSARY IN ORDER TO PERMIT DEFENDANT TO OBTAIN ALL RELEVANT, RESPONSIVE DOCUMENTS TO HER DISCOVERY REQUESTS.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

## STATEMENT OF FACTS

On April 1, 2008, Defendant, Christine Beatty ("Beatty"), served her First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") upon Plaintiff. Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses (the "Responses") to the Discovery Requests were due on May 5, 2008.

Pursuant to Plaintiff's counsel's request, Beatty's counsel agreed to extend the deadline for the Responses to May 15, 2008. Exh. 1.

On May 23, 2008, eight days after the agreed upon extended deadline for the Responses, Plaintiff finally served his unsigned Responses. Exhs. 2; 3. Plaintiff's counsel also sent a letter indicating that signed Responses would follow "next week" (i.e., the week of May 26, 2008). Exh. 4.

On June 11, 2008, Beatty's counsel wrote to Plaintiff's counsel. Exh. 5. Therein, Beatty's counsel explained, among other things, that he had not received an executed signature page for the Responses, as promised by Plaintiff's counsel, and further explained that the Responses themselves were deficient and/or evasive in a number of respects. Id. Beatty's counsel therefore requested that Plaintiff's counsel immediately provide an executed signature page, and supplemental responses which would cure the numerous deficiencies and evasive responses contained in the Responses. Id.

Between June 11, 2008 and July 22, 2008, Beatty's counsel and Plaintiff's counsel exchanged multiple voice mail messages wherein Plaintiff's counsel indicated that he would cooperate in resolving the issues raised by providing signed supplemental answers and signed authorizations allowing Beatty to obtain various records requested by her, but that counsel should touch base by telephone to confirm a resolution. Exh. 5. Notwithstanding Plaintiff's counsel's indication that he would provide this material, Plaintiff's counsel has not done so despite multiple voice mail messages

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

being exchanged. Id.

On July 23, 2008, Beatty's counsel again wrote to Plaintiff's counsel. Exh. 5. Therein, he indicated that, while he appreciated Plaintiff's counsel exchange of multiple voice mail messages and the promises to supplement and provide authorizations contained therein, Beatty had still not received any of the promised information. Id. Beatty's counsel therefore requested that Plaintiff's counsel advise as to when he could expect to receive the promised information. Id.

Plaintiff's counsel has not responded to the July 23, 2008 letter from Beatty's counsel.

As a result, Beatty had no choice but to bring the instant Motion seeking to compel Plaintiff to provided signed authorizations, supplement his Responses and cure the deficiencies and evasive responses contained therein[1].

## ARGUMENT

**I.     STANDARD OF REVIEW.**

Fed. R. Civ. P. 26(f)(1) states, in pertinent part,

> Every disclosure under Rule 26(a)(1) or (a)(3) and <u>every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name</u> — or by the party personally, if unrepresented — and must state the signer's address, e-mail address, and telephone number. (emphasis added).

Fed. R. Civ. P. 26(f)(2) states, in pertinent part,

> Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and <u>the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention</u>. (emphasis added).

---

1/     Beatty's counsel is cognizant of this Court's requirement, set forth in its January 4, 2008 Scheduling Order, that any discovery disputes be brought to this Court's attention within 14 days of "receipt or notice of such disputed discovery." Beatty's counsel brings the instant Motion at this time inasmuch as, until Plaintiff's counsel's failure to respond to Beatty's counsel's July 23, 2008 letter, Plaintiff's counsel had indicated that he would resolve the issues raised by Beatty's counsel by providing supplemental answers signed by Plaintiff along with signed authorizations and counsel for the parties had been exchanging numerous e-mails to confirm such resolutions.

2

Fed. R. Civ. P. 33(b)(3) states:

> Each interrogatory must, to the extent it is not objected to, be answered separately and fully <u>in writing under oath</u>. (emphasis added).

Fed. R. Civ. P. 34(b)(2)(B) states:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

Fed. R. Civ. P. 34(b)(2)(E)(i) states:

> A party must produce documents as they are kept in the usual course of business or must <u>organize and label them to correspond to the categories in the request</u>[.] (emphasis added).

## II. PLAINTIFF SHOULD BE ORDERED TO PROVIDE SUPPLEMENTAL RESPONSES TO BEATTY'S DISCOVERY REQUESTS AND PROVIDE APPROPRIATE AUTHORIZATIONS AS PLAINTIFF'S COUNSEL INDICATED PLAINTIFF WOULD DO.

As a threshold matter, on May 23, 2008, Beatty's counsel received a letter from Lee Ann Rutila of Plaintiff's counsel's wherein Ms. Rutila indicated that Plaintiff's counsel would be forwarding an executed signature page to Plaintiff's responses to interrogatories "next week" (i.e., the week of May 26, 2008). Exh. 4. It has now been well over two months since Plaintiff served the unexecuted Responses to Interrogatories, and Plaintiff has still not provided the executed signature page as Plaintiff's counsel indicated he would do. Exh. 2 at 14. Fed. R. Civ. P. 33(b)(5) requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3) requires that interrogatories be answered under oath. Therefore, Plaintiff must immediately sign under oath his Responses to Interrogatories. Id.

In any event, Plaintiff's Responses are deficient and/or evasive in a number of respects and must be supplemented.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

First, Interrogatory No. 1 requests the name, address and telephone numbers (residential and business) for each person that Plaintiff believes have knowledge of any facts, information or circumstances relevant to claims and/or defenses raised in the instant action. Exh. 2 at 3-10. Interrogatory No. 2 also requests that Plaintiff describe in detail the nature and substance of each person's knowledge. Id. at 11. Plaintiff failed to describe the nature and substance of any individual's knowledge. Therefore, Plaintiff should be ordered to supplement its answers to Interrogatories Nos. 1 and 2.

Second, Document Request Nos. 1, 2, and 7-11 request all documents that support and/or contradict Plaintiff's allegations in the Second Amended Complaint (both generally and with respect to specific allegations) and any damages that Plaintiff is seeking against Beatty. Exh. 3 at 4-8. In response to each request, Plaintiff states that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery." Id.

Plaintiff's responses are evasive and/or deficient for several reasons. Fed. R. Civ. P. 34(b)(2)(E)(i) requires a party to <u>label responsive documents to correspond to the categories in the request</u>. Plaintiff, however, failed to indicate which documents are responsive to each request, and instead simply referred in the entirety of the documents produced in this case and in discovery. In addition, Beatty did not ask for only documents that Plaintiff will rely upon, but rather requested <u>all documents that support and/or contradict the allegations or the damages</u>. If Plaintiff has no other documents to support its allegations or damages, then Plaintiff must say so in his response. Id. If, on the other hand, Plaintiff has additional documents or materials that support or contradict Plaintiff's allegations or damages, then Plaintiff must come forward with such documents now in

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

response to Beatty's properly interposed and legitimate discovery requests.

Third, Document Request No. 3 requests all documents referenced in Plaintiff's Initial Disclosures. Plaintiff objected to this Document Request on various grounds, and disingenuously indicated that he "is unclear to which documents Defendant Beatty is referring." Although Beatty's counsel does not believe this request was unclear at all, he fully explained what Beatty sought in response to each such request in his June 11, 2008 letter. Exh. 1. Specifically, Beatty's counsel explained that, in Plaintiff's Initial Disclosures, Sections 2-A through 2-K, Plaintiff listed eleven categories of documents upon which Plaintiff purportedly will rely. Document Request No. 3 simply asks Plaintiff to produce any and all of these documents that Plaintiff has in his possession, custody or control. Id.

Fourth, Document Request No. 13 seeks all documents in any way related to the appointment of a personal representative on behalf of estate of Tamara Greene. Exh. 3 at 9. In response, Plaintiff objected on various grounds, and referred Beatty to the Oakland County Probate Court file for Case No. 2008-215272-DE. However, to the extent that Plaintiff has in his possession, custody or control any documents related to the appointment of a personal representative on behalf of the estate of Tamara Greene, <u>Plaintiff must produce such documents</u>. As but one example, any correspondence between Plaintiff (or his probate attorneys), on the one hand, and Brian Greene or Taris Jackson (or their probate attorneys)[2], on the other hand, would be responsive to this request, and is not protected by the attorney/client privilege.

Fifth, Document Request Nos. 14 and 15 request all documents that relate to and/or touch upon the death of Tamara Greene or the investigation of the death of Tamara Greene. Exh. 3 at 9-10.

---

2/      Mr. Greene and Mr. Jackson are both the fathers of children with Tamara Greene.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

In response to such requests, Plaintiff states that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery." Id. This response is evasive and/or deficient for several reasons. It violates Fed. R. Civ. P. 34(b)(2)(E)(i) inasmuch as Plaintiff has failed to label the responsive documents to correspond to the categories in this request. Also, Beatty did not ask for only documents that Plaintiff will purportedly rely upon. Rather, Beatty requested for all documents that <u>relate to and/or touch upon</u> the death of Tamara Greene and/or the investigation related thereto. Beatty is entitled to all responsive documents, regardless of whether Plaintiff chooses to rely upon them.

Sixth, Document Request No. 16 seeks all medical records for Tamara Greene for the eight years prior to her death. Exh. 3 at 10. Document Request No. 17 seeks all autopsy reports, or any medical records of Tamara Greene created following her death. Id. at 10-11. In response, Plaintiff agreed only to sign an authorization for the release of medical records for the time period of April 30, 2002 through April 30, 2003. Id. However, Beatty's request for eight years of medical records is in fact reasonable and appropriate inasmuch as Plaintiff alleges damages related to the alleged wrongful death of Tamara Greene. Beatty is therefore entitled to verify and assess Tamara Greene's medical history and life expectancy. Plaintiff must therefore provide such medical information, or the authorizations therefor.

Moreover, although Plaintiff indicated, through counsel that he would sign appropriate medical authorizations, to date, no such signed authorizations have been provided. In addition, pursuant to HIPAA, an authorization form is needed for every person/entity from which Tamara Greene received medical treatment. Although Beattty's counsel provided ten blank HIPAA

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

6

authorization forms to Plaintiff, Plaintiff has not returned any signed authorizations forms at all despite Plaintiff's counsel's promise to do so. Exh. 1 at 3.

Seventh, Document Request No. 18 seeks Tamara Greene's state and federal tax returns (including all schedules and attachments) for the eight years prior to her death. Exh. 3 at 11. In response, Plaintiff agreed to sign an authorization for the release of such records. Id. However, Plaintiff did not provide an authorization with his Responses. Although Beatty's counsel provided a Form 4506 with his June 11, 2008 letter for purposes of requesting Tamara Greene's federal tax returns and attachments for the purpose of conducting discovery regarding damages claimed by Plaintiff, to date Plaintiff has not returned an executed copy of the Form 4506. Exh. 1 at 3.

Eighth, Document Request No. 23 seeks all cellular telephone, land-line telephone, e-mail and text message records of Tamara Greene for the various time periods this Court already determined to be relevant in this action. Exh. 3 at 13. Although Plaintiff agreed to provide an authorization for such records, Plaintiff did not actually provide the authorization, nor does Plaintiff indicate which carriers that Tamara Greene used for cellular telephone, text messaging, or land-line telephones, nor the internet service provider for Tamara Greene's e-mail records. Id. Without such information, it is impossible for Beatty's counsel to prepare any authorizations in this regard. Although Beatty's counsel requested that Plaintiff prepare the appropriate signed authorizations, Plaintiff has not done so.

Ninth, Document Request No. 24 seeks Tamara Greene's bank records for various time periods. Exh. 3 at 13. Although Plaintiff agreed to sign an authorization for the release of the bank records for the one year period prior to Tamara Greene's death, Plaintiff does not indicate which banks Tamara Greene had accounts at, and therefore it is impossible for Beatty's counsel to prepare authorizations in this regard. Although Beatty's counsel requested that Plaintiff prepare the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

appropriate signed authorizations, to date, Plaintiff has not done so.

In light of the foregoing, this Court should order Plaintiff to immediately provide the appropriate authorizations, as Plaintiff's counsel agreed to do, and provide supplemental responses to his deficient and evasive Discovery Requests.

## CONCLUSION

For all the foregoing reasons, Beatty respectfully requests that this Court grant the instant Motion and order that Plaintiff immediately provide supplemental responses which cure the deficient and evasive discovery responses, and provide signed authorizations as promised and required.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
Dated: August 6, 2008
(248) 355-3084

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Norman Yatooma, Attorney. | John A. Schapka, Attorney |
| Kenneth L. Lewis, Attorney | Krystal A. Crittendon, Attorney |
| James C. Thomas, Attorney | |

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [None]

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

8

                                                                             MORGANROTH & MORGANROTH, PLLC

                                                                             By: /s/ Mayer Morganroth
                                                                             MAYER MORGANROTH (P17966)
                                                                             Morganroth & Morganroth, PLLC
                                                                             3000 Town Center, Suite 1500
                                                                             Southfield, MI 48075
                                                                             (248) 355-3084
Dated: August 6, 20008                       E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302