UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

       Plaintiff,

                                         Case No. 05-74253
v.                                        Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.,*

       Defendants.
_____/

## ORDER TO SHOW CAUSE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 22, 2008

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

On August 11, 2008, Plaintiff's counsel filed a document in this case captioned "Plaintiff's Second Supplemental Rule 26(a) Disclosures." Yet, as discussed briefly below, there is no apparent basis under the Federal Rules of Civil Procedure for placing such a document on the Court's docket. Accordingly, Plaintiff's counsel is directed to show cause why this submission should not be stricken from the docket, and why sanctions should not be imposed for signing and filing this paper without a proper purpose.

Under Fed. R. Civ. P. 26(a)(1)(A), each party to a suit is required to "provide to

the other parties" a variety of information bearing upon that party's claims or defenses, without the need for any party to make a formal discovery request for this information. After this initial disclosure, each party has an ongoing duty to "supplement or correct" this disclosure — as well as, more generally, any response to a discovery request — upon "learn[ing] that in some material respect the disclosure or response is incomplete or incorrect," provided that "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Plaintiff's August 11 submission purports to arise from this duty to supplement — it is captioned as supplemental disclosures, and it identifies four additional individuals whose identities are subject to disclosure under Fed. R. Civ. P. 26(a)(1)(A)(i) because they are likely to possess "discoverable information."

Yet, the Court is unaware of any basis for filing such disclosures with the Court. Rule 26 itself provides that "all disclosures under Rule 26(a) must be in writing, signed, and ***served,***" Fed. R. Civ. P. 26(a)(4) (emphasis added), and nothing in Rule 26(e) suggests that a different procedure should apply to supplemental disclosures under that provision. Moreover, the reference in Rule 26(a)(4) to "serv[ice]" leads naturally to Rule 5, which governs service and filing of pleadings and other papers, and which explicitly states that "disclosures under Rule 26(a)(1) . . . ***must not be filed*** until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1) (emphasis added). Finally, Local Rule 26.2 of this District provides that discovery materials "shall not be filed with the Clerk," with certain exceptions that do not apply here. Local Rule 26.2(a), Eastern

District of Michigan.[1]

What is worse, there is ample reason to suspect that Plaintiff's counsel knew — or, at the very least, should have known — that the August 11 submission should not be filed with the Court. First, it is noteworthy that the document is captioned as Plaintiff's "second" supplemental disclosures, and yet there is no indication that counsel attempted to file any earlier supplemental disclosure (or Plaintiff's initial Rule 26(a) disclosures, for that matter).[2] Next, and more importantly, the Clerk of this Court already has issued a notice of error to Plaintiff's counsel in this case, informing counsel that a document had been stricken from the docket as "discovery *or a disclosure under 26(a)(1),(2)."* (4/22/2008 Notice of Error (emphasis added).)[3] Finally, when Plaintiff's counsel contacted this Court's staff on the very day the August 11 submission was filed — ostensibly to alert the Court to this intention and confirm that it was appropriate — he was expressly informed that Rule 26(a) disclosures ordinarily are exchanged among the

---

[1]The Court notes that Plaintiff's August 11 submission is listed on the electronic docket as a "discovery plan jointly filed pursuant to Federal Rule of Civil Procedure 26(f)." Yet, it clearly was not jointly filed, it does not address any of the subjects that a discovery plan must address, *see* Fed. R. Civ. P. 26(f)(3), and it was not submitted to the Court "within 14 days after" the initial conference at which the parties were to discuss and develop a proposed discovery plan, *see* Fed. R. Civ. P. 26(f)(2). It would appear, then, that the designation of this submission as a "discovery plan" was merely the mechanism chosen by Plaintiff's counsel to permit this document to be accepted by the Court's electronic filing system.

[2]It also is worth noting that neither Plaintiff nor any other party has ever sought to file either a discovery plan or a "written report outlining" such a plan. *See* Fed. R. Civ. P. 26(f)(2). In fact, it is not altogether clear whether this plan or report should be filed on the docket, as the Rule speaks only of "submitting [it] to the court." *Id.*

[3]This notice also included a caution that "[d]isciplinary action will be imposed if errors continue to occur in this or other cases where counsel is listed as the attorney of record." (*Id.*)

parties but not filed, and that counsel should consult Local Rule 26.2 before proceeding.[4]

These circumstances provide ample cause for concern that the filing of the August 11 submission might not have been motivated by legitimate purposes. Moreover, it is not difficult to imagine, under the circumstances of this case, what counsel's true motivation might have been. On more than one occasion — including, most notably, at an April 14, 2008 hearing on the Defendant City of Detroit's motion for a "gag" order — the Court has explicitly cautioned counsel against seeking to try this case in the media. Predictably, however, in the immediate aftermath of Plaintiff's August 11 filing, the local newspapers ran stories about two of the individuals identified in Plaintiff's submission, and quoted from the affidavits of these two individuals that were referenced in (but did not accompany) this filing. This response can hardly have come as a surprise to Plaintiff's counsel — to the contrary, it seems far more likely that it was precisely what counsel intended.

Under both Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 11, this Court is authorized to impose sanctions on counsel for filing papers without a legal basis or for an improper purpose. In order to afford Plaintiff's counsel an opportunity to allay the Court's concerns and identify a legitimate, good-faith basis for filing the August 11 submission on the docket in this case,

---

[4]The Court's staff, of course, is prohibited from providing legal advice to parties or their counsel. In this instance, Plaintiff's counsel was merely urged to review the terms of the pertinent Federal and Local Rules before proceeding with any filing.

NOW, THEREFORE, IT IS HEREBY ORDERED that, within *seven (7) days* of the date of this order, Plaintiff's counsel shall show cause *in writing* why Plaintiff's August 11, 2008 second supplemental Rule 26(a) disclosures (docket # 130) should not be stricken from the docket in this case, and why counsel should not be sanctioned for filing this document. In this response, Plaintiff's counsel should specifically identify the legal basis for this filing, or otherwise identify a legitimate purpose for filing this document with the Court.

                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: August 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2008, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager