# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of  
JONATHAN BOND, a minor,

Case No.: 05-CV-74253  
Hon. Gerald Rosen

     Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;  
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;  
DEPUTY DETROIT POLICE CHIEF CARA BEST  
JOHN DOE POLICE OFFICERS 1 - 20;  
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;  
COMMANDER CRAIG SCHWARTZ;  
MAYOR KWAME M. KILPATRICK,  
CHRISTINE BEATTY, jointly and severally

    Defendants.

_____/

**NORMAN YATOOMA & ASSOCIATES, P.C.**  
By: Norman A. Yatooma (P54746)  
By: Robert S. Zawideh (P43787)  
Attorneys for Plaintiff  
219 Elm Street  
Birmingham, Michigan 48009  
(248) 642-3600

**JAMES C. THOMAS**  
By: James C. Thomas (P23801)  
Attorney for Defendant Kilpatrick  
535 Griswold Street, Suite 2632  
Detroit, Michigan 48226  
(313) 963-2420

**PLUNKETT COONEY**  
By: Kenneth L. Lewis (P26071)  
By: Said A. Taleb (P66030)  
By: Randal M. Brown (P70031)  
Attorneys for Defendant Ella Bully-Cummings  
535 Griswold, Suite 2400  
Detroit, MI 48226  
(313) 983-4790

**CITY OF DETROIT LAW DEPARTMENT**  
By: John A. Schapka (P36731)  
Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton  
1650 First National Building  
Detroit, Michigan 48226  
(313) 237-3018

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**  
By: Thomas G. Plunkett (P18957)  
By: David E. Plunkett (P66696)  
Attorneys for Bell Industries, Inc., d/b/a SkyTel  
380 N. Old Woodward Avenue, Suite 300  
Birmingham, Michigan 48009  
(248) 642-0333

**CITY OF DETROIT LAW DEPARTMENT**  
By: Krystal A. Crittendon (P49981)  
Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton  
660 Woodward Ave, Suite 1650  
Detroit, Michigan 48226  
(313) 237-3018

1

HONIGMAN MILLER SCHWARTZ & COHN
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583
(313) 465-7000

MORGANROTH & MORGANROTH, PLLC
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

/

## PLAINTIFF'S RESPONSE TO DEFENDANT CHRISTINE BEATTY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT CHRISTINE BEATTY'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

PLAINTIFF ERNEST FLAGG, AS NEXT FRIEND OF JONATHAN BOND [**FLAGG**], by his undersigned counsel, NORMAN YATOOMA & ASSOCIATES, PC, responds to Defendant Christine Beatty's [**BEATTY'S**] August 6, 2008 Motion to Compel Plaintiff's Answers and Responses to Defendant Christine Beatty's First Set of Interrogatories and First Request for Production of Documents [**MOTION TO COMPEL DISCOVERY**] as follows:

    A.    This Court should deny the motion insofar as it seeks additional, supplementary or answers over objections, because under the Court's January 4, 2008 Scheduling Order,[1] Provision 2A, the motion is untimely, and Defendant Beatty has failed to meet the extraordinary good cause exception requirement.[2]

    B.    This Court should deny the motion regarding Document Requests 1, 2, 7-11, because Plaintiff Flagg has defined and met a good faith, reasonable alternative document production method.[3]

    C.    This Court should deny the motion regarding Document Requests 13-15, because Plaintiff Flagg has produced the responsive documents in his control, custody, and possession.[4]

---

[1] Exhibit 1, 1/4/08 Notice to Counsel & Scheduling Order.
[2] See Attached Brief in Support.
[3] See Attached Brief in Support, Argument, Section I.

D. This Court should deny the motion regarding Document Request 16, because most of the request is overbroad and irrelevant.[5]

E. This Court should deny the motion regarding Document Requests 18, 23, and 24, because an order compelling signature and return of the authorizations at issue is not necessary or warranted.[6]

F. This Court should deny the motion regarding Interrogatory Response One, because Plaintiff Flagg's Rule 26 Disclosures contain the requested information.[7]

Additionally, Plaintiff responds to the correspondingly numbered allegations of Defendant Beatty's Motion to Compel as follows:

1. Plaintiff Flagg admits the allegations as true.

2. Plaintiff Flagg admits the allegations as true.

3. Plaintiff Flagg admits the allegations as true.

4. Plaintiff Flagg admits the allegations as true.

5. Plaintiff Flagg admits the allegations as true, but adds that he has forwarded the signature pages and the signed authorizations for release of medical records for the one-year period under separate cover and as response exhibits.[8]

6. Plaintiff Flagg admits the allegations as true.

7. Plaintiff Flagg admits the allegations as true.

8. Plaintiff Flagg admits the allegations as true, but adds that his counsel did try to contact Defendant Beatty's Counsel on this matter without success several times.

---

[4] See Attached Brief in Support, Argument, Section II.
[5] See Attached Brief in Support, Argument, Section III.
[6] See Attached Brief in Support, Argument, Section IV.
[7] See Attached Brief in Support, Argument, Section V.
[8] Exhibit 3, 8/19/08 Signature Pages; Exhibit 2, 8/19/08 Authorizations for Release of Records.

9. Plaintiff Flagg denies the allegations as untrue.

10. Plaintiff Flagg admits the allegations as true.

11. Plaintiff Flagg admits the allegations as true.

THEREFORE, PLAINTIFF ERNEST FLAGG, AS NEXT FRIEND OF JONATHAN BOND, respectfully requests this Court to deny the motion with prejudice.

Dated: August 25, 2008

/s/ **Howard Yale Lederman (P36840) for**
NORMAN YATOOMA & ASSOCIATES, P.C.
By: Robert Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, MI 48009
(248) 642-36000

## UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of  
JONATHAN BOND, a minor,

Case No.: 05-CV-74253  
Hon. Gerald Rosen

          Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;  
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;  
DEPUTY DETROIT POLICE CHIEF CARA BEST  
JOHN DOE POLICE OFFICERS 1 - 20;  
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;  
COMMANDER CRAIG SCHWARTZ;  
MAYOR KWAME M. KILPATRICK,  
CHRISTINE BEATTY, jointly and severally

          Defendants.

_____/

**NORMAN YATOOMA & ASSOCIATES, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorney for Defendant Kilpatrick
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**PLUNKETT COONEY**
By: Kenneth L. Lewis (P26071)
By: Said A. Taleb (P66030)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**CITY OF DETROIT LAW DEPARTMENT**
By: John A. Schapka (P36731)
Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)
Attorneys for Bell Industries, Inc., d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333

**CITY OF DETROIT LAW DEPARTMENT**
By: Krystal A. Crittendon (P49981)
Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton
660 Woodward Ave, Suite 1650
Detroit, Michigan 48226
(313) 237-3018

| HONIGMAN MILLER SCHWARTZ & COHN | MORGANROTH & MORGANROTH, PLLC |
|---|---|
| By: Herschel P. Fink (P13427) | By: Mayer Morganroth (P17966) |
| Attorney for Intervenor Detroit Free Press | By: Jeffrey B. Morganroth (P41670) |
| 660 Woodward Avenue, Suite 2290 | Attorneys for Defendant Christine Beatty |
| Detroit, Michigan 48226-3583 | 3000 Town Center, Suite 1500 |
| (313) 465-7000 | Southfield, Michigan 48075 |
| | (248) 355-3084 |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT CHRISTINE BEATTY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT CHRISTINE BEATTY'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

NORMAN YATOOMA & ASSOCIATES, P.C.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................8

QUESTIONS PRESENTED...........................................................................9-10

STATEMENT OF FACTS................................................................................10

ARGUMENT.....................................................................................................14

    I. THIS COURT SHOULD DENY THE MOTION, BECAUSE UNDER
    THE COURT'S JANUARY 4, 2008 SCHEDULING ORDER,
    PROVISION 2A, THE MOTION IS UNTIMELY, AND
    DEFENDANT BEATTY HAS FAILED TO MEET THE EXTRA-
    ORDINARY GOOD CAUSE EXCEPTION REQUIREMENT............................14

    II. THIS COURT SHOULD DENY THE MOTION REGARDING
    DOCUMENT REQUESTS 1, 2, 7-11, BECAUSE PLAINTIFF FLAGG
    HAS DEFINED AND MET A GOOD FAITH, REASONABLE
    ALTERNATIVE DOCUMENT PRODUCTION METHOD..........................15

    III. THIS COURT SHOULD DENY THE MOTION REGARDING
    DOCUMENT REQUESTS 13-15, BECAUSE PLAINTIFF FLAGG
    HAS PRODUCED, IS PRODUCING, AND WILL PRODUCE
    THE RESPONSIVE DOCUMENTS IN HIS CONTROL,
    CUSTODY, AND POSSSESSION..................................................................17

    IV. THIS COURT SHOULD DENY THE MOTION REGARDING
    DOCUMENT REQUEST 16, BECAUSE MOST OF THE REQUEST
    IS OVERBROAD AND IRRELEVANT..........................................................17

    V. THIS COURT SHOULD DENY THE MOTION REGARDING
    DOCUMENT REQUESTS 18, 23, AND 24, BECAUSE AN ORDER
    COMPELLING SIGNATURE AND RETURN OF THE AUTHORI-
    ZATIONS AT ISSUE IS NOT NECESSARY OR WARRANTED.....................18

    VI. THIS COURT SHOULD DENY THE MOTION REGARDING
    INTERROGATORY RESPONSE ONE, BECAUSE PLAINTIFF
    FLAGG'S' RULE 26 DISCLOSURES CONTAIN THE
    REQUESTED INFORMATION......................................................................18

CONCLUSION..................................................................................................19

# INDEX OF AUTHORITIES

## CASES

*Jayne H. Lee, Inc. v. Flaggstaff Industrial Corp.*, 173 F.R.D. 651 (D. Md. 1997)..................15

*Martinez v. Neiman Marcus Group, Inc.*, 2005 U.S. Dist. Lexis 19694
(N.D. Tex. 2005)..........................................................................................15

*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611 (D. Kan. 2005)........................15

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 26(b)(1).....................................................15, 17

Federal Rule of Civil Procedure 26(b)(2)(C)(iii).....................................................17

Fed. R. Civ. P. 26(f)(1).....................................................................................15

Fed. R. Civ. P. 33(b)(3).....................................................................................15

Fed. R. Civ. P. 33(b)(5).....................................................................................15

Fed. R. Civ. P. 34(b)(2)(B).................................................................................15

Fed. R. Civ. P. 34(b)(2)(E)(1).............................................................................15

# QUESTIONS PRESENTED

I. SHOULD THIS COURT DENY THE MOTION UNDER THE COURT'S JANUARY 4, 2008 SCHEDULING ORDER, PROVISION 2A, AS UNTIMELY?

Plaintiff Flagg responds "Yes."

Defendant Beatty has not addressed this question.

II. HAS DEFENDANT BEATTY FAILED TO MEET THE ABOVE ORDER'S EXTRA-ORDINARY GOOD CAUSE EXCEPTION REQUIREMENT?

Plaintiff Flagg responds "Yes."

Defendant Beatty has not addressed this question.

III. SHOULD THE COURT DENY THE MOTION TO COMPEL DISCOVERY REGARDING DOCUMENT REQUESTS 1, 2, 7-11, BECAUSE PLAINTIFF FLAGG HAS DEFINED AND MET A GOOD FAITH, REASONABLE ALTERNATIVE DOCUMENT PRODUCTION METHOD?

Plaintiff Flagg responds "Yes."

Defendant Beatty responds "No."

IV. SHOULD THE COURT DENY DEFENDANT BEATTY'S MOTION TO COMPEL DISCOVERY REGARDING DOCUMENT REQUESTS 13-15, BECAUSE PLAINTIFF FLAGG HAS PRODUCED THE RESPONSIVE DOCUMENTS IN HIS CONTROL, CUSTODY, AND POSSESSION?

Plaintiff Flagg responds "Yes."

Defendant Beatty responds "No."

V. SHOULD THE COURT DENY DEFENDANT BEATTY'S MOTION TO COMPEL DISCOVERY REGARDING DOCUMENT REQUEST 16 FOR EIGHT YEARS OF MS. GREENE'S MEDICAL RECORDS PRECEDING HER DEATH BECAUSE THE REQUEST IS OVERBROAD AND IRRELEVANT WHERE PLAINTIFF FLAGG HAS AGREED TO PROVIDE RECORDS FOR ONE YEAR PRIOR TO HER DEATH?

Plaintiff Flagg responds "Yes."

Defendant Beatty responds "No."

VI. SHOULD THE COURT DENY DEFENDANT BEATTY'S MOTION TO COMPEL DISCOVERY REGARDING DOCUMENT REQUESTS 18, 23, and 24, BECAUSE AN ORDER COMPELLING SIGNATURE AND RETURN OF THE AUTHORIZATIONS IS NOT NECESSARY OR WARRANTED?

Plaintiff Flagg responds "Yes."

Defendant Beatty responds "No."

VII. SHOULD THE COURT DENY DEFENDANT BEATTY'S MOTION TO COMPEL DISCOVERY REGARDING INTERROGATORY RESPONSE ONE, BECAUSE PLAINTIFF FLAGG'S RULE 26 DISCLOSURES SPECIFICALLY CONTAIN THE REQUESTED INFORMATION?

Plaintiff Flagg responds "Yes."

Defendant Beatty has not addressed this question.

## STATEMENT OF FACTS

On April 1, 2008, Defendant Beatty served her First Set of Interrogatories and First Request for Production of Documents **[DISCOVERY REQUESTS]** on Plaintiff Flagg.[9] Following opposing counsel's extension to respond, Flagg served unsigned responses to Beatty's Discovery on May 23, 2008 and informed Beatty's Counsel that they would follow-up on and forward executed signature pages soon thereafter.[10] On June 11, 2008, Beatty's Counsel informed Flagg that he had not yet received the executed signature pages, and maintained that some of Flagg's discovery responses were not sufficient and required supplementation.[11] From June 11, 2008 through the present, Counsel for Flagg has exchanged multiple voice mail messages with Beatty's Counsel indicating that he would continue his efforts to obtain the executed signature pages and records releases from Flagg.[12] On August 6, 2008, Beatty moved

---

[9] 4/1/08 Defendant Christine Beatty's First Set of Interrogatories on file; 4/1/08 Defendant Christine Beatty's First Request for Production of Documents on file; 4/1/08 Proof of Service on file.
[10] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 4, 5/23/08 Letter.
[11] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 1, 6/11/08 Letter.
[12] *See* 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 5, 7/23/08 Letter.

under the applicable Federal Rules of Civil Procedure to compel discovery.[13] Counsel for Flagg has since obtained the signature pages and release authorizations requested and has provided these to Beatty's Counsel as of today's date.[14]

The issue remaining before the Court is whether Beatty may now seek additional or supplemental responses or answers over objections to the areas identified by Beatty as allegedly incomplete or deficient responses since Beatty failed to bring a timely Motion to Compel Answers of disputed discovery responses. Specifically, Beatty seeks additional, supplemental or answers over objection for Document Requests 1-3, 7-16, 18 and 23 and Interrogatory 1.

Beatty's Document Requests 1, 2, and 7-11 requests all documents supporting or contradicting Flagg's Second Amended Complaint allegations. Flagg provided answers to those requests on May 23, 2008 stating that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery."[15]

Beatty's Document Request 3 requests all documents referred to in Flagg's "Initial Disclosures". Flagg objected to the request on several grounds, including vagueness, and explained in relevant part that he was not clear as to which documents Beatty was referring.[16] On June 11, 2008, Beatty's Counsel replied, by referring to Flagg's Rule 26 Disclosures, Section 2-A through Section 2-K, where Flagg had listed 11 categories of documents that he would be

---

[13] 8/6/08 Defendant Beatty's Motion to Compel Discovery.
[14] Flagg has not provided a signed release for financial information because he does not know the names of the financial institutions in question. Flagg stands ready to provide such a release upon the receipt of such information from Beatty.
[15] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Responses 1, 2, 7-11.
[16] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Response 3.

relying on. Beatty asked Flagg to produce those 11 categories of documents.[17] Flagg has furnished documents responsive to this request and others, and has referred Beatty to pleadings and similar documents containing responsive documents as attachments. However, Flagg maintains his objection based on the attorney-client privilege to producing any written communications between Taris Jackson and Dr. Bryan Greene and Flagg's Counsel, because Flagg's Counsel represents these two individuals.[18]

Beatty's Document Requests 12 and 13 demand all documents related to the opening of a probate estate and the appointment of a personal representative for Tamara Greene's estate. Flagg has objected to Request 13 as being overbroad, not reasonably calculated to lead to the discovery of admissible evidence and seeking privileged information. Flagg has produced the responsive documents in his control, custody, or possession in response to Document Request 12 requesting all documents related to opening of a probate estate for Tamara Greene. These documents are also responsive to Document Request 13.

Beatty's Document Requests 14 and 15 request Flagg to produce all documents relating to the death of Tamara Greene or the investigation into her death. Flagg objected to the request on several grounds and stated that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery."[19] The above analysis on Flagg's response to Document Request 3 applies here. Moreover, Flagg has produced the responsive documents in his control, custody, or

---

[17] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 1, 6/11/08 Letter.
[18] Exhibit 4, 8/25/08 Attorney-Client Privilege Log; 5/2/08 Plaintiff's Motion for Leave to File Third Amended Complaint & Proposed Third Amended Complaint on file.
[19] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Responses 14, 15.

possession. As with all other document requests, if Flagg comes into control, custody, or possession of any other responsive documents, he will provide them to Beatty.

Beatty's Document Request 16 requests Flagg to produce all medical reports and records on Tamara Greene from each physician, doctor, and health care provider treating her during the eight (8) year period preceding her death, Flagg objected on numerous grounds, including overbroad and irrelevant, but responded that he would sign authorizations for release of the requested records for the year proceeding her death (April 30, 2002 through April 30, 2003).[20] **Flagg is providing authorizations for the one year period offered to Beatty.**[21]

Beatty's Document Request 18 requests Flagg to produce Ms. Greene's federal and state income tax returns for an eight (8) year period preceding her death. Flagg responded that he would sign an authorization for release of these tax returns.[22] **He has signed and is providing this authorization to Beatty.**[23]

Beatty's Document Request 23 requests Flagg to produce all of Ms. Greene's cellular telephone, land-line telephone, e-mail and text message records for the August 1, 2002-May 10, 2003 period and certain other periods. **Flagg has provided the telephone records in his control, custody, and possession** and responded that he would sign an authorization for release of these communication records.[24]

Beatty's Document Request 24 requests Flagg to produce all of Ms. Greene's bank records for the August 1, 2002-May 10, 2003 period and certain other periods. Flagg responded that he does not control, have custody, or possess any such bank records, but that he would sign

---

[20] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Response 16.
[21] Exhibit 2, 8/19/08 Authorizations for Release of Medical Records.
[22] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Response 18.
[23] Exhibit 2, 8/25/08 Authorization for Release of Income Tax Records.
[24] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Response 23.

13

an authorization for release of these bank records.[25] However, Flagg does not know her banks or other financial institutions.

Beatty's Interrogatory 1 requests Flagg to list the names, addresses, and telephone numbers of all persons that Flagg believes had knowledge of any facts, information or the like related to this action's claims or defenses, and to describe the nature and substance of each person's knowledge, information, or the like, Flagg responded, by listing the known individuals, names, and addresses, but did not repeat the information on the nature and substance of their testimony since that information was included in Flagg's Rule 26 disclosures.[26]

## ARGUMENT

### I. THIS COURT SHOULD DENY THE MOTION, BECAUSE UNDER THE COURT'S JANUARY 4, 2008 SCHEDULING ORDER, PROVISION 2A, THE MOTION IS UNTIMELY, AND DEFENDANT BEATTY HAS FAILED TO MEET THE EXTRAORDINARY GOOD CAUSE EXCEPTION.

**On January 4, 2008, this Court issued a Notice and Scheduling Order barring motions to compel discovery more than 14 days after receipt or notice of the disputed discovery absent extraordinary good cause and reading in relevant part as follows:**

> "All motions to compel disputed discovery...must be filed within 14 days of receipt or notice of such disputed discovery. This includes discovery not received on the date it is due. The Court will not entertain motions beyond this time absent some extraordinary showing of good cause."[27]

The court order bars motions to compel disputed discovery after 14 days of receipt or notice of the disputed discovery absent extraordinary good cause. **Though receiving the allegedly deficient discovery responses on or about May 23, 2008, Beatty failed to move to compel discovery until August 6, 2008, about two-and-a-half months after the receipt date.**

---

[25] 8/6/08 Defendant Beatty's Motion to Compel Discovery, Exhibit 3, 5/23/08 Unsigned Plaintiff's Responses to Defendant Christine Beatty's First Request for Production of Documents, Response 24.
[26] 3/31/08 Plaintiff Flagg's Rule 26 Disclosures.
[27] Exhibit 1, 1/4/08 Notice to Counsel & Scheduling Order.

14

In her motion, Beatty has not even tried to show the extraordinary good cause for her delay in seeking additional answers, supplementary answers or answers over objections. Even if she had, she cannot show extraordinary good cause for none exists. From May 23, 2008, the content of Flagg's discovery responses and objections were clear. Beatty wrote Flagg on June 11, 2008 seeking supplemental responses and answers over objections. See Exhibit 1 to Defendant Beatty's Motion to Compel Discovery. Even the date of Beatty's June 11, 2008 letter exceeds the 14 day requirement of the Court's Order. Beatty knew or should have known of the 14-day motion deadline and the extraordinary good cause requirement, but failed to move to compel before the deadline and has failed to show extraordinary good cause for such delay. Accordingly, the motion is untimely, and its denial is in order.

## II. THIS COURT SHOULD DENY THE MOTION REGARDING DOCUMENT REQUESTS 1, 2, 7-11, BECAUSE PLAINTIFF FLAGG HAS DEFINED AND MET A GOOD FAITH, REASONABLE ALTERNATIVE DOCUMENT PRODUCTION METHOD.

The Federal Rules of Civil Procedure on discovery require signed responses to discovery requests. Fed. R. Civ. P. 26(f)(1). *Accord,* Fed. R. Civ. P. 33(b)(3), 33(b)(5).

The rules also require a party responding to a request for documents to state for each individual request that he/she/it will permit the requested inspection and copying as requested or to object to the request and state the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Further, the rules require the responding party to "produce documents as they are kept in the usual course of business or must organize and label them to respond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i).

The responding party can also respond, by "offering a good faith, reasonable alternative production, which is definite in scope, time, place or manner." *Jayne H. Lee, Inc. v. Flaggstaff Industrial Corp.,* 173 F.R.D. 651, 656 (D. Md. 1997). *Accord, Martinez v. Neiman Marcus*

*Group, Inc.*, 2005 U.S. Dist. Lexis 19694 (N.D. Tex. 2005) *17, *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 619 (D. Kan. 2005).

Plaintiff Flagg's response which refers to documents attached as exhibits to the parties' pleadings, including motions and motion responses and any other document filed with the Court, as well as any documents produced, referenced or identified in the course of discovery, meets the above requirements. These response references are definite in scope, because they define categories of documents within the responses. The response references are definite in time, because they refer Beatty to definite documents as of response dates. Finally, the response references are definite in place or manner, because they refer Beatty to specific locations, where she can find the responsive documents.

Beatty's contrary arguments are unconvincing. Beatty's position that Flagg's omission to organize the responsive documents as kept in the ordinary course of business or organize and label them to correspond to the request categories ignores the reference to attachment to pleadings and similar court documents is the functional equivalent to the *as kept in the ordinary course of business* alternative for non-business documents . Beatty also overlooks that most documents produced by Flagg are responsive to multiple response categories. Beatty's contention that Flagg has evaded production of documents contradicting his damage allegations ignores that the reference to pleadings and similar documents includes favorable and unfavorable documents, and that the reference to all materials produced, referenced, or identified during discovery includes favorable and unfavorable documents. Finally, Beatty overlooks that Flagg's forwarding of unsigned document responses confirms no intent to delay discovery or withhold documents. **In fact, Flagg has since produced the requested documents.** Therefore, Flagg

has defined and met the reasonable, good faith alternative, and an order compelling discovery regarding documents is unjustified and unnecessary.

### III. THIS COURT SHOULD DENY THE MOTION REGARDING DOCUMENT REQUESTS 13-15, BECAUSE FLAGG HAS PRODUCED, IS PRODUCING, AND WILL PRODUCE THE RESPONSIVE DOCUMENTS IN HIS CONTROL, CUSTODY, AND POSSSESSION.

As explained in the Statement of Facts above, an order compelling discovery on these document requests is not called for, because Flagg has produced, is producing, and will produce the responsive documents in his control, custody, or possession through execution of release authorization forms as requested by Beatty.

### IV. THIS COURT SHOULD DENY THE MOTION REGARDING DOCUMENT REQUEST 16, BECAUSE MOST OF THE REQUEST IS OVERBROAD AND IRRELEVANT.

"Parties may obtain discovery regarding any unprivileged matter that is relevant to any party's claim or defense....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1).

The district court has authority to "limit the extent of discovery otherwise allowed by these rules...if it determines that:

"....the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C)(iii).

Under these rules, Beatty's discovery request for Ms. Greene's medical records going back eight years from her April 30, 2003 death is overbroad and irrelevant. This action does not involve any known medical malpractice. Ms. Greene's wrongful death arises not from a progressive disease or other health condition, but from a surprise attack involving multiple gunshot wounds. Thus, her 1994-April 2002 medical treatment is not relevant to any party's claims or defenses. Accordingly, more than the one year period prior to her death is overbroad and irrelevant.

**Flagg has signed and returned ten (10) authorizations for release of medical records commencing with the year preceding her death.**

### V. THIS COURT SHOULD DENY THE MOTION REGARDING DOCUMENT REQUESTS 18, 23, AND 24, BECAUSE AN ORDER COMPELLING SIGNATURE AND RETURN OF THE AUTHORIZATIONS AT ISSUE IS NOT NECESSARY OR WARRANTED.

Since Flagg has forwarded the authorizations for release of records applicable, an order compelling him to do so is superfluous. **Flagg has forwarded telephone records in his control, custody, and possession. He has also forwarding a signed authorization for release of income tax records.** Regarding bank records, Flagg does not know the names or locations of Ms. Greene's banks or other financial institutions. As a result, Flagg cannot provide the necessary information for Beatty to complete her authorizations. Accordingly, an order compelling discovery is not appropriate.

### VI. THIS COURT SHOULD DENY THE MOTION REGARDING INTERROGATORY RESPONSE ONE, BECAUSE FLAGG'S RULE 26 DISCLOSURES CONTAIN THIS INFORMATION.

Since Flagg's Rule 26 Disclosures contain this information, an order compelling him to do so again is superfluous. Flagg's Rule 26 Disclosures contain the requested information on the nature and substance of the known individuals' testimony. Thus, Flagg has long since furnished

the requested information to Beatty, and an order compelling him to furnish such information again is unnecessary and unwarranted.

Based on the above analysis, the motion to compel discovery is untimely, an order compelling discovery is not justified or necessary, and denial of the motion is in order.

## CONCLUSION

THEREFORE, PLAINTIFF ERNEST FLAGG, AS NEXT FRIEND OF JONATHAN BOND, respectfully requests this Court to deny the motion with prejudice.

Dated: August 25, 2008

/s/ **Howard Yale Lederman (P36840) for**
NORMAN YATOOMA & ASSOCIATES, P.C.
By: Robert Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, MI 48009
(248) 642-36000

flagg\pleadings\response to beatty motion to compel discovery 08 25 08