# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ERNEST FLAGG, as Next Friend of<br>JONATHAN BOND, a minor,<br><br>           Plaintiff,<br>-vs-<br><br>CITY OF DETROIT, a municipal corporation;<br>DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;<br>DEPUTY DETROIT POLICE CHIEF CARA BEST;<br>JOHN DOE POLICE OFFICERS 1 - 20;<br>ASST. DEPUTY POLICE CHIEF HAROLD CURETON;<br>COMMANDER CRAIG SCHWARTZ;<br>MAYOR KWAME M. KILPATRICK;<br>CHRISTINE BEATTY, jointly and severally<br><br>           Defendants. | Case No.: 05-CV-74253<br>Hon. Gerald Rosen |

---

**NORMAN YATOOMA & ASSOCIATES, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**PLUNKETT COONEY**
By: Kenneth L. Lewis (P26071)
By: Said A. Taleb (P66030)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)

**JAMES C. THOMAS, P.C.**
By: James C. Thomas (P23801)
Attorney for Defendant Mayor Kwame Kilpatrick
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**CITY OF DETROIT LAW DEPARTMENT**
By: Krystal A. Crittendon (P49981)
By: John A. Schapka (P36731)
Attorneys for Defendants City of Detroit, Commander Craig Schwartz and Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

**MORGANROTH & MORGANROTH, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)

Dockets.Justia.com

Attorneys for Non-party Bell Industries, Inc., d/b/a SkyTel, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333

Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

**HONIGMAN MILLER SCHWARTZ & COHN**
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583
(313) 465-7000

_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

PLAINTIFF ERNEST FLAGG ("PLAINTIFF"), as next friend of JONATHAN BOND, by his undersigned counsel, NORMAN YATOOMA & ASSOCIATES, P.C., responds to the Court's August 22, 2008 Order to Show Cause as follows:

1. This Court should not strike Plaintiff's Second Supplemental Rule 26(a) Disclosures from this action's docket nor sanction Plaintiff or his counsel for filing the same because Plaintiff filed this document for a proper purpose as more fully explained in the attached brief in support of this Response.

2. Since Plaintiff filed this document for a proper purpose, this Court should vacate the Order to Show Cause.

THEREFORE, PLAINTIFF ERNEST FLAGG, AS NEXT FRIEND OF JONATHAN BOND, respectfully requests this Court to vacate the Order to Show Cause.

Dated: August 29, 2008

/s/ Norman A. Yatooma
NORMAN YATOOMA & ASSOCIATES, P.C.
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43487)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, MI 48009
(248) 642-36000

## UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of  
JONATHAN BOND, a minor,

Case No.: 05-CV-74253  
Hon. Gerald Rosen

          Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;  
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;  
DEPUTY DETROIT POLICE CHIEF CARA BEST;  
JOHN DOE POLICE OFFICERS 1 - 20;  
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;  
COMMANDER CRAIG SCHWARTZ;  
MAYOR KWAME M. KILPATRICK,  
CHRISTINE BEATTY, jointly and severally

          Defendants.

_____/

| | |
|---|---|
| **NORMAN YATOOMA & ASSOCIATES, P.C.**<br>By: Norman A. Yatooma (P54746)<br>By: Robert S. Zawideh (P43787)<br>Attorneys for Plaintiff<br>219 Elm Street<br>Birmingham, Michigan 48009<br>(248) 642-3600 | **JAMES C. THOMAS, P.C.**<br>By: James C. Thomas (P23801)<br>Attorney for Defendant Mayor Kwame Kilpatrick<br>535 Griswold Street, Suite 2632<br>Detroit, Michigan 48226<br>(313) 963-2420 |
| **PLUNKETT COONEY**<br>By: Kenneth L. Lewis (P26071)<br>By: Said A. Taleb (P66030)<br>By: Randal M. Brown (P70031)<br>Attorneys for Defendant Ella Bully-Cummings<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>(313) 983-4790 | **CITY OF DETROIT LAW DEPARTMENT**<br>By: Krystal A. Crittendon (P49981)<br>By: John A. Schapka (P36731)<br>Attorneys for Defendants City of Detroit, Commander Craig Schwartz and Harold Cureton<br>1650 First National Building<br>Detroit, Michigan 48226<br>(313) 237-3018 |

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)
Attorneys for Non-party Bell Industries, Inc.,
d/b/a SkyTel, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333

MORGANROTH & MORGANROTH, PLLC
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

HONIGMAN MILLER SCHWARTZ & COHN
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583
(313) 465-7000

/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

### STATEMENT OF FACTS

On April 1, 2008, Plaintiff served his Rule 26(a) Disclosures on Defendants.[1] In these initial disclosures, he disclosed an extensive list of persons with discoverable information and persons who may have such information along with the nature and substance of their knowledge.[2] Further, under Rule 26(a)(1)(A), he disclosed the categories of documents on which he would rely.[3] On April 18, 2008, Plaintiff supplemented his Rule 26(a) Disclosures.[4] Under Rules 26(a)(1)(iii) & (iv), he provided his requested damage categories and the status of any possible liability insurance policy.[5] On August 11, 2008, Plaintiff again supplemented his Rule 26(a) Disclosures, by adding persons with discoverable information and the nature and substance of their testimony.[6]

---

[1] Exhibit 1, 4/1/08 Plaintiff's Rule 26(a) Disclosures.
[2] Ibid.
[3] Ibid.
[4] Exhibit 2, 4/21/08 Plaintiff's Supplemental Disclosures Pursuant to Rule 26(a).
[5] Ibid.
[6] Exhibit 3, 8/11/08 Plaintiff's Second Supplemental Rule 26(a) Disclosures.

Robert S. Zawideh is one of Plaintiff's attorneys in this action. He is also an attorney in an unrelated federal action pending in the Western District of Louisiana, Docket No. 2:06-cv-00998, captioned *Toth, et al. v. Calcasieu Parish, et al.*[7] *On June 20, 2008, Mr. Zawideh participated in a telephonic conference on the Toth case at which he was admonished by the U. S. Magistrate in that action, Magistrate Kay, for NOT filing Plaintiffs' Rule 26 Disclosures* with the Court to assist her in conducting the conference.[8] At the direction of the Magistrate, Mr. Zawideh immediately filed the Disclosures after the conference.[9] Mr. Zawideh recalled that on the Court's ECF filing website, he used the Rule 26 Report option which permits the filing of such documents.[10] Neither the *Toth* Court nor any party to that case took issue with the filing of the Rule 26 Disclosures.[11] In fact, opposing counsel in the *Toth* case apparently also filed Rule 26 Disclosures with the Court.

During the period immediately before August 11, 2008, Mr. Zawideh spoke with Walter Godzwon and Michael Kearns, whose names and affidavits appear in the August 11, 2008 Second Supplemental Disclosures, determined their knowledge and information relevant, and obtained their affidavits.[12] Recalling his exchange with Magistrate Kay in the *Toth* Case, Mr. Zawideh called this Court's clerk, Mr. James Lewis, to seek guidance on the propriety of filing supplemental disclosures with the Court. Mr. Zawideh's specific concern was that he committed no "misstep" that would prevent Plaintiff from naming or calling these witnesses for failing to make a proper filing with the Court.[13] Mr. Zawideh never intended to use the filing of the second supplemental disclosures "as a vehicle to reach the local media" or for any other such

---

[7] Exhibit 4, 8/29/08 Affidavit of Robert S. Zawideh [**Zawideh Affidavit**].
[8] Ibid.
[9] Ibid.
[10] Ibid.
[11] Ibid.
[12] Ibid.
[13] Ibid.

improper purpose.[14] Mr. Zawideh's conversation with Mr. Lewis was limited.[15] Mr. Zawideh explained his *Toth* Case experience to Mr. Lewis.[16] While referring Mr. Zawideh to Rule 26, there was still no definitive answer reached regarding the propriety of filing of the supplemental disclosures.[17] Thus, Mr. Zawideh expressed to Mr. Lewis that, in an abundance of caution, he would file the supplemental disclosure to avoid the possible argument later that perhaps he should have filed this disclosure.[18] On August 11, 2008, Mr. Zawideh filed Plaintiff's Second Supplemental Rule 26(a) Disclosures.[19]

On August 22, 2008, this Court issued an Order to Show Cause. The Court explained that under Federal Rules of Procedure 26(a)(4), 26(e), and 5, and Local Rule 26.2(a) (E.D. Mich.), filing of the Second Supplemental Disclosure was improper. The Court opined that Plaintiff's counsel knew or should have known that the filing was not proper and explained its reasons. The Court noted that the filed document's title was second supplemental disclosures, but could not find any indications of any attempted filings of the initial or first supplemental disclosures.[20] Additionally, the court clerk had issued an earlier notice of error striking a document from the docket as improper discovery. The Court stated that a member of the Court's staff had informed Plaintiff's counsel that the parties do not file Rule 26 Disclosures with the Court. According to the Court, these circumstances led to its concern that improper purposes might have led to the filing.

Then, the Court discussed what it believed to have been the purpose of the filing. The Court referred to occasions, mainly the April 14, 2008 motion hearing on Defendant City of

---

[14] Ibid.
[15] Ibid.
[16] Ibid.
[17] Ibid.
[18] Ibid.
[19] Exhibit 1, 4/1/08 Plaintiff's Rule 26(a) Disclosures.
[20] Those Disclosures occurred prior to Mr. Zawideh's experience in the *Toth* case.

Detroit's motion for a "gag" order, where the Court had "explicitly cautioned counsel against seeking to try this case in the media." The Court noted that immediately after "Plaintiff's August 11, 2008 filing, the local newspapers ran stories about two of the individuals identified in Plaintiff's submission and quoted from the affidavits of these two individuals…referenced in", but not accompanying, the filing. The Court concluded that Plaintiff's Counsel had intended to obtain such a response from the media by the filing.

After referring to Federal Rules 26(g) and 11 authorizing the Court to sanction counsel for filing documents "without a legal basis or for an improper purpose," the Court gave "Plaintiff's counsel an opportunity to allay the Court's concerns and identify a legitimate, good-faith basis for filing the August 11 submission on the docket in this case." The Court ordered Plaintiff's counsel to Show Cause why it should not strike Plaintiff's Second Supplemental Rule 26(a) Disclosures from the docket and why it should not sanction Plaintiff's counsel for filing the document. The Court instructed Plaintiff's counsel to "specifically identify the legal basis for this filing, or otherwise identify a legitimate purpose for filing this document with the Court."

## ARGUMENT

**THIS COURT SHOULD NOT STRIKE PLAINTIFF'S SECOND SUPPLEMENTAL RULE 26(a) DISCLOSURES FROM THIS ACTION'S DOCKET AND SHOULD NOT SANCTION PLAINTIFF OR HIS COUNSEL, BECAUSE PLAINTIFF FILED THIS DOCUMENT FOR A PROPER PURPOSE.**

A.  RELEVANT LEGAL PRINCIPLES - RULE 11.

Federal Rule of Civil Procedure 11 forbids attorneys and parties from filing pleadings, motions, and other documents for any improper purpose, it provides:

"(b) By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

"(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." [Fed. R. Civ. P. 11(b) & (b)(1)].

The Sixth Circuit has approved monetary or other sanctions based on filings of pleadings for improper purposes, for the examples cited in the rule. *E.g., Union Planters Bank v. L & T. Development Co.,* 115 F.3d 378, 384 (6th Cir. 1997) (delaying proceedings), *Dutka v. Rosenthal,* 1997 U.S. App. Lexis 10102 (6th Cir. 1997) *11 (harassing opposing party), *Palazzolo v. Benson,* 1996 U.S. App. Lexis 12444 (6th Cir. 1996) *2-*4 (trying to obtain an order disqualifying a judge). This Court has done the same. *E.g., Rasmussen v. Fleetwood Enterprises,* 2007 U.S. Dist. 26424 (E.D. Mich. 2007) *30-*32 (increasing litigation costs needlessly), *Johnson v. Schnelz,* 2006 U.S. Dist. Lexis 10102 (E.D. Mich. 2006) *5 (harassing and intimidating state court judge), *Elsman v. Standard Federal Bank,* 238 F. Supp. 2d 903, 908 (E.D. Mich. 2003) (on remand) (punishing opposing counsel in another case for representing their clients vigorously).

Rule 11 also forbids attorneys and parties from filing pleadings, motions, and other documents without a legal basis: "[L]egal contentions" must be "warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." [Fed. R. Civ. P. 11(b)(2)].

Rule 11 provides for sanctions for such violations. Fed. R. Civ. P. 11(c). But Rule 11's purpose is to discourage frivolous litigation, not to punish litigants. *Brown v. Pierce Mfg. Inc.,* 169 F.R.D. 118, 119 (E.D. Wis. 1996), *Morrie v. Mickels,* 2000 U.S. Dist. Lexis 1037 (D. Kan. 2000) *3, *Greeley Publishing Co. v. Hergert,* 233 F.R.D. 607, 612 (D. Colo. 2007). "Deterrence is the purpose of sanctions under Rule 11." *Selvy v. HUD,* 198 F.R.D. 485, 487 (E.D. Mich. 2000). Deterrence means deterrence of filing of baseless pleadings and similar documents.

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 2447 (1990), *Elsman,* 238 F. Supp. 2d 903, 908, *Rasmussen,* 2007 U.S. Dist. Lexis 26424 at *29. "Rule 11 is intended to deter a 'litigation strategy' of 'press forward at all costs.'" *Id.,* quoting *B & H Medical, LLC v. ABP Administrator., Inc.,* 354 F. Supp. 2d 746, 750 (E.D. Mich. 2005), *aff'd.* 526 F.3d 257 (6th Cir. 2008).

**Courts grant sanctions *sua sponte* "only in situations that are akin to contempt of court."** *United National Ins. Co. v. R & D Latex Corp.,* 243 F.3d 1102, 1115 (9th Cir. 2001). *Accord, Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 151 (4th Cir. 2002), *In Re Pennie & Edmonds, LLP,* 323 F.3d 86, 90 (2d Cir. 2003), Fed. R. Civ. P. 26 Advisory Committee Notes (1993 Amendments).

In evaluating whether to sanction an attorney under Rule 11, in this circuit, **"'the test…is whether the attorney's conduct was reasonable under the circumstances.'"** *Rasmussen,* 2007 U.S. Dist. Lexis 26424 at *28-*29 (our emphasis), quoting *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997), *cert. den.* 522 U.S. 1046, 118 S. Ct. 687, 139 L. Ed. 2d 634. *See also, Cramer v. Vitale,* 359 F. Supp. 2d 621, 625 (E.D. Mich. 2004), *aff'd.* 267 Fed. Appx. 425, 2008 U.S. App. Lexis 4469 (2008) (applying test), *Thornton v. U.S.,* 2004 U.S. Dist. Lexis 13855 (E.D. Mich. 2004) *7 (same), *B & H Medical, LLC,* 354 F. Supp. 2d 746, 750 (same). The focus is on counsel's reasonable beliefs and conduct as of the pleading's filing date. *Mann v. G & G Mfg. Co.,* 900 F.2d 953, 958 (6th Cir. 1990), *Elsman,* 238 F. Supp. 2d 903, 908.

B. BALANCING RULE 11 WITH THE FIRST AMENDMENT.

"It is not the role of Rule 11 to safeguard a defendant from public criticism that may result from the assertion of non-frivolous claims. Further, unless such measures [like "gag orders"] are needed to protect the integrity of the judicial system or a criminal defendant's right

to a fair trial, a court's steps to deter attorneys from, or to punish them for, speaking to the press have serious First Amendment implications." *Robeson Defense Committee v. Britt*, 132 F.R.D. 650, 654 (E.D. N.C. 1989) (n.4).

In *Sussman v. Bank of Israel,* 56 F.3d 450, 459 (2d Cir. 1995), the Court reversed the district court's sanctions award arising from an improper purpose conclusion based upon filing a complaint to pressure a defendant and accompanying the complaint with adverse publicity about the defendant.

"Holding a press conference to announce a lawsuit, while perhaps in poor taste, is not grounds for a Rule 11 sanction, nor is a subjective hope by a plaintiff that a lawsuit will embarrass or upset a defendant, so long as there is evidence that a plaintiff's central purpose in filing a complaint was to vindicate rights through the judicial process." *In Re Kunstler,* 914 F.2d 505, 518 (4th Cir. 1990) (dicta).

C.  RELEVANT LEGAL PRINCIPLES - RULE 26, RULE 5, & RELATED RULES.

Federal Rule of Civil Procedure 26 compels parties to disclose four categories of documents and information by a designated deadline without waiting for another party's discovery request. Fed. R. Civ. P. 26(a)(1).

Rule 26 mandates that, with an irrelevant exception, "all disclosures under Rule 26(a) must be in writing, signed, and served." Fed. R. Civ. P. 26(a)(4).

Rule 5 prohibits filing of disclosures with the court, with exceptions: Rule 26(a)(1) and 26(a)(2) disclosures "must not be filed until they are used in the proceeding or the court orders filing."

Fed. R. Civ. P. 5(d)(1).

Rule 5(d)(1) arose to alleviate the federal district courts' serious paper storage problems. Before 1978, in most district courts, parties filed all or almost all discovery materials with the court clerk. In that year, the Advisory Committee proposed to restrict filing of discovery materials to materials needed in the proceedings, like those needed for motion and motion response exhibits, and other court-ordered materials for special purposes. After consideration, the Advisory Committee changed the rule to continue the filing requirement, but also to give district courts discretion to order parties and attorneys not file certain discovery materials. In August 1980, this amendment became effective. In amending the rule, the Advisory Committee recognized that the un-amended rule's filing requirement "'had prove[n] to be quite onerous to district court clerks' offices and an item of significant expense to counsel.'" 4B C. A. Wright & A. R. Miller, *Federal Practice & Procedure* (3d ed. West Group 2002), § 1152, p. 461, quoting Cohn, *Federal Discovery: A Survey of Local Rules & Practices in View of Proposed Changes to the Federal Rules,* 63 Minn. L. Rev. 253, 259 (1979).

But the Advisory Committee also recognized that nonparties, including the general public, had an interest in reviewing filed discovery materials. 4B Wright & Miller, *supra,* § 1152, p. 461. As amended, Rule 5(d) recognized the general public's interest in discovery materials, especially when the action's subject matter is of general public interest. *In Re Agent Orange Product Liab. Litig.,* 821 F.2d 139, 145 (2d Cir. 1987), *cert. den. sub nom Dow Chemical Co. v. Ryan,* 484 U.S. 953, 108 S. Ct. 344, 98 L. Ed. 2d 370 (1987), *In Re Consumer Power Co. Secs. Litig.,* 109 F.R.D. 45, 50 (E. D. Mich. 1985), *Flaherty v. Seroussi,* 209 F.R.D. 295, 298 (N.D. N.Y. 1998). *But see U.S. v. Vasquez,* 315 F. Supp. 2d 85, 91 (D. Conn. 1998) (not recognizing such an interest in pretrial discovery documents).

"Access to pretrial documents furthers several important functional goals of society. Court proceedings can be evaluated by individuals who are informed about the issues. Access to pretrial documents lessens the likelihood of private or public graft or judicial ignorance. Pretrial access to information helps the public better understand judicial proceedings and public confidence in the judicial system as a whole can be enhanced. These functional needs of society must be balanced against the functional needs of the judicial system." *In Re Consumer Power Co. Secs. Litig.*, 109 F.R.D. 45, 53 (E. D. Mich. 1985).

In 1998, the Advisory Committee proposed to amend the rule again. The new amendment "was designed to save litigants and district courts from the cost of filing discovery materials...never used in the action. This proposal, of course, was reminiscent of the Committee's 1978 proposal." 4B Wright & Miller, *supra,* sec. 1152, p. 464-465. The Advisory Committee adopted the proposal, and on December 1, 2000, the new amendment became effective. It removed the requirement to file Rule 26 Initial Disclosures with the court clerk.

**Thus, both Rule 5(d)(1) amendments arose from the need to help district courts deal with the massive document storage problems resulting from a near-total requirement for attorneys and parties to file pretrial discovery materials with the court clerk.**

However, since the amendment, more and more federal district courts, including this Court have changed from paper to electronic filing. *E.g.,* Fed. R. Civ. P. 5(d)(3), L.R. 5.1.1 (E.D. Mich.). Under this rule, "after November 30, 2005," parties and attorneys must file almost all papers "electronically." L.R. 5.1.1 (E.D. Mich.). **This new electronic filing requirement has inaugurated an electronic filing regime and removed the reason for the above Rule 5(d)(1) discovery document filing restrictions. The paper storage regime of 1978, 1998, and 2000 no longer exists.**

Although the local rule prohibits filing of discovery materials, like depositions, interrogatories, and requests for documents, unless it "provides factual support for a motion, response, or reply," the local rule does NOT specifically omit Rule 26(a)(1) disclosures from filing requirements. See L.R. 26.2(a)(1).

**Notwithstanding Rule 5(d)(1)'s language as to initial Disclosures, at least one federal district court has declared that a party has a duty to file Rule 26 Disclosure supplements.** In *Depew v. Shopko Stores, Inc.*, 2006 U.S. Dist. Lexis 1918 (D. Idaho 2006). *Accord, Crafton v. Blaine Larsen Farms, Inc.*, 2006 U.S. Dist. Lexis 27999 (D. Idaho 2006) *2, that Court stated

"...[T]he proffering party may be absolved of its duty to **file** a supplemental disclosure under Rule 26(e) identifying a certain person only if the other parties have learned through other means that the person might have discoverable information regarding the proffering party's claims or defenses." [Emphasis added].

D.  STRIKING OF PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND SANCTIONING PLAINTIFF'S COUNSEL ARE UNJUSTIFIED, BECAUSE PLAINTIFF'S COUNSEL FILED THE DOCUMENT FOR A PROPER PURPOSE.

Counsel's purpose in filing the second supplemental disclosure, making sure that Plaintiff would be able to call the newly disclosed witnesses, was proper. The filing did not embarrass, harass, or intimidate any party or other legal process participant. The filing did not increase any party's litigation costs needlessly. The filing did not delay the litigation proceedings. The filing did not violate any "gag order," as the Court had denied Defendant Beatty, Kilpatrick and the City's motion for such an order. The Court's suspicion that Plaintiff's counsel filed the document to further publicize this case to the media overlooks that, even if that was Plaintiff Counsel's purpose, which is denied by this Response, the filing was completely unnecessary to

attain that objective. Plaintiff's Counsel could release the witnesses' affidavits without filing any documents with the Court. Thus, filing with the court was not a precondition for publicizing the information contained within the affidavits of the identified witnesses. Plaintiff did not need to file anything as a subterfuge in order to reach the media.[21]

Accordingly Counsel for Plaintiff had no improper purpose in filing Plaintiff's Second Supplemental Disclosure.

The above factors distinguish the instant case from the other cases cited in Section A, *supra* at pp. 7-9, where courts held that attorneys had filed pleadings and similar documents for improper purposes. In contrast to counsel in *Union Planters Bank, Dutka, Palazzolo, Rasmussen,* and *Johnson,* Plaintiff's counsel did not file the document to embarrass, harass, or intimidate anyone. As opposed to counsel in those cases, Plaintiff's counsel did not file the document to increase litigation costs needlessly or delay litigation proceedings. Rather, Plaintiff's Counsel filed them, ironically enough, in an "abundance of caution," based on a recent experience in another federal court. Plaintiff's Counsel intended no disrespect to the Court, and certainly did not attempt to do by subterfuge what he could have done directly: namely inform the press of the testimony of Messrs. Godzwon and Kearns. As a result, those cases are distinguishable and inapplicable. The above factors also distinguish the present case from *Whitehead v. Food Max*, 332 F.3d 796 (5th Cir. 2003) (en banc), where the Court held that attorneys had filed pleadings and similar documents for the improper purposes of promoting

---

[21] There is no need in this case for counsel to circumvent the restrictions of a "gag order" since no such order is in place. This should not minimize, however, the assistance that has been provided to the Plaintiff and law enforcement through information made available as a result of the extensive media coverage that has been generated by this case. From this publicity, witnesses have come forward as the four witnesses identified in Plaintiff's Second Supplemental Disclosure are leading examples. After the media reports, "approximately one thousand anonymous tips have come in." As a result of this additional information, Attorney General Cox has reopened his investigation of the Manoogian Mansion Party and crimes alleged to have occurred at or in connection with the party. "Cox to Investigate New Manoogian Party Info," http://www.wxyz.com/news/story.aspx?content_id=def28184-0142-4b1b-acba-a8712a03cf (3/14/08). Similarly, the City's Chief of Police has held a press conference "requesting information to assist in the investigation…" and has pleaded "for public assistance" in obtaining evidence.

themselves and to embarrass and denigrate others. Unlike counsel in *Whitehead,* Plaintiff's counsel did not stage a grand media event based on an abuse of process publicly vilifying the Defendant by making "extremely hyperbolic, intemperate, and misleading comments...broadcast in at least three television reports." *Whitehead at* 800. As opposed to *Robeson Defense Committee v. Britt,* 132 F.R.D. 650, 653-656 (E.D. N.C. 1989), *aff'd. in part, vacated in part on other grounds* 914 F. 505 (4th Cir. 1990), *cert. den.* 499 U.S. 969, 111 S. Ct. 1607, 113 L. Ed. 2d 669 (1991), and *Bryant v. Brooklyn Barbeque Corp.,* 130 F.R.D. 665, 670 (W.D. Mo. 1990), *aff'd.* 932 F.2d 697 (8th Cir. 1991), *cert. den.* 502 U.S. 1005, 112 S. Ct. 638, 116 L. Ed. 2d 656 (1991), Plaintiff's counsel did not hold press conferences or make public statements for improper purposes. Thus, the above improper purpose cases are distinguishable and inapplicable.

Since Plaintiff's counsel has shown a proper purpose for filing Plaintiff's Second Supplemental Disclosure, or at least demonstrated that there was no improper purpose, striking the pleading and sanctioning Plaintiff's counsel are not warranted.

E. STRIKING OF PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE AND SANCTIONING PLAINTIFF'S COUNSEL ARE UNJUSTIFIED, BECAUSE PLAINTIFF'S COUNSEL'S ACT WAS REASONABLE UNDER THE CIRCUMSTANCES.

Considering the circumstances leading to the filing of the document and the purposes of Rule 11, Plaintiff's counsel's action was reasonable. **Plaintiff's counsel's act of calling Mr. Lewis and asking if the filing would be proper contradicted any strategy of "press forward at all costs."** Plaintiff's counsel did not file the document without consideration and thought. Plaintiff's counsel did not file the document without inquiry. Notwithstanding Rules 5(d)(1) and 26, another federal district court had chastised him for not providing her with Rule 26 Disclosures in that case. These events raised a question in Plaintiff Counsel's

mind as to the propriety of filing this document. **Because of this question, his calling of the clerk was a reasonable inquiry. Also, he called the clerk not to evade or violate the rules, but to follow them.** A miscommunication may have occurred. A misunderstanding may have occurred. **But before acting, Plaintiff's counsel did ask whether the filing was proper.** He filed based only on his understanding, right or wrong, of the clerk's statements. **An error resulting from a miscommunication or misunderstanding is not the kind of conduct that Rule 11 was meant to deter.**

The relevant rules and court decisions are less than 100% clear on the subject. For example, according to Rule 26(a)(4), all disclosures must be served. But the subrule says nothing about filing or nonfiling. Neither the subrule nor any other part of Rule 26 refers to Rule 5(d)(1) on filing. The Court's statement that Rule 26(a)(4) "leads naturally to Rule 5"[22] overlooks Rule 26's lack of reference to Rule 5. As another example, while Local Rule 26.2(a) (E.D. Mich.) prohibits filing of discovery materials with the court clerk and expressly mentions depositions, interrogatories, and document requests, it does not mention Rule 26 Disclosures. As a third example, **in two decisions, despite Rule 5(d)(1), the federal district court in Idaho spoke of a duty to file supplemental pleadings with the court clerk.** See *Depew v. Shopko Stores, Inc.*, 2006 U.S. Dist. Lexis 1918 (D Idaho 2006). *Accord, Crafton v. Blaine Larsen Farms, Inc.*, 2006 U.S. Dist. Lexis 27999 (D. Idaho 2006) *2. Accordingly, Plaintiff's counsel met the reasonable inquiry requirement, had a reasonable legal basis for filing Plaintiff's Second Supplemental Disclosures, and met the standard of reasonable conduct under the circumstances.

Based on the above analysis, Plaintiff's counsel has shown the good cause necessary for this Court to vacate its Order to Show Cause.

---

[22] See the Court's 8/22/05 Order to Show Cause, p 2.

## CONCLUSION

THEREFORE, PLAINTIFF ERNEST FLAGG, AS NEXT FRIEND OF JONATHAN BOND, respectfully requests this Court to vacate the Order to Show Cause.


Dated: August 29, 2008 /s/ Norman A. Yatooma
NORMAN YATOOMA & ASSOCIATES, P.C.
By: Norman A. Yatooma (P54746)
By: Robert Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, MI 48009
(248) 642-36000

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008 I electronically filed the PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE with the Clerk of the Court using the CM/ECF system on the following:

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorney for Defendant Kilpatrick
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**PLUNKETT COONEY**
By: Kenneth L. Lewis (P26071)
By: Said A. Taleb (P66030)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**CITY OF DETROIT LAW DEPARTMENT**
By: John A. Schapka (P36731)
By: Krystal Crittendon (P49981)
Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton
1650 First National Building
Detroit, Michigan 48226
(313) 237-3018

**HONIGMAN MILLER SCHWARTZ & COHN**
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583
(313) 465-7000

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)
Attorneys for Bell Industries, Inc., d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333

**MORGANROTH & MORGANROTH, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

August 29, 2008

/s/Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
Attorneys for Plaintiff
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com