UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

      Plaintiff,

v.

Case No. 05-74253
Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.*,

      Defendants.

_____/

### OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   September 4, 2008

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

Two motions presently are before the Court in this action. First, by motion filed on February 8, 2008, Defendants seek the dismissal of Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. Next, by motion filed on May 5, 2008, Plaintiff seeks leave to file a third amended complaint, through which he would name additional parties as plaintiffs and would supplement the allegations in support of his federal constitutional claims. Each of these motions is addressed briefly below.

**I.      Defendants' Motion to Dismiss**

Defendant's motion to dismiss Plaintiff's second amended complaint rests principally upon three arguments: (i) that Plaintiff has failed to sufficiently allege the unavailability of an effective state-court remedy or the futility of attempting to pursue such a remedy, (ii) that any such claim of futility is defeated by Plaintiff's failure to take the necessary steps under Michigan law to commence a state-court wrongful death action, and (iii) that the second amended complaint does not comport with the Court's instruction in its August 31, 2006 opinion and order that any such amended pleading must specifically identify actions allegedly taken by each Defendant that would subject this individual to liability under Plaintiff's federal constitutional theory of denial of access to the courts. The Court addressed this motion with counsel at a March 14, 2008 status conference, and advised defense counsel at that time that the motion would be denied. Through the present opinion and order, the Court now memorializes this ruling, and briefly sets forth the grounds upon which Defendants' motion has been denied.

In cases where, as here, a plaintiff contends that he has been deprived of an otherwise viable claim as a result of the actions of the defendant governmental bodies or officials, the Supreme Court has held that the plaintiff's complaint must "identify a remedy that may be awarded as recompense but [is] not otherwise available in some other suit that may yet be brought." *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S. Ct. 2179, 2187 (2002). As the parties and the Court alike have recognized, *see Flagg v. City of Detroit,* 447 F. Supp.2d 824, 829-32 (E.D. Mich. 2006), the analysis of this

"unavailable remedy" element of Plaintiff's denial-of-access claim is governed largely by the Sixth Circuit's decision in *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997). In that case, the court endorsed the general rule that "[b]efore filing an 'access to courts' claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact 'effective' and 'meaningful'?" *Swekel,* 119 F.3d at 1264. Yet, in an accompanying footnote, the court acknowledged, without elaboration or further explanation, that "in some instances it would be completely futile for a plaintiff to attempt to access the state court system." 119 F.3d at 1264 n.2. The court then stated that this "futility" exception was inapplicable to the case before it, where the plaintiff had not "presented evidence" that resort to the state courts would have been futile in that case. 119 F.3d at 1264 n.2.

In the present case, Plaintiff has not attempted to pursue a state-court remedy for the death of his mother, but instead has affirmatively alleged in his complaint that such an effort would be futile. (*See* Second Amended Complaint at ¶ 66.) In Defendants' view, this claim of futility rests largely, if not exclusively, on Plaintiff's inability to identify the specific individual or individuals who are or might be responsible for his mother's death. Yet, as Defendants point out, this Court has construed *Swekel*'s futility exception as "not triggered merely by a plaintiff's inability to discern the precise parties to name as defendants in a state court suit." *Flagg,* 447 F. Supp.2d at 832. It follows, in Defendants' view, that Plaintiff's appeal to this futility exception should be rejected as a matter of law.

Upon careful review of Plaintiff's complaint and the *Swekel* decision, however, the

3

Court is not prepared to rule on the pleadings alone that Plaintiff cannot establish the futility of pursuing a state-court remedy. The district court ruling on appeal in *Swekel* was issued just before the scheduled trial in that case, and following a full period of discovery. *See Swekel,* 119 F.3d at 1261. In its terse discussion of the futility exception, the Sixth Circuit expressly alluded to this opportunity for discovery, observing that the plaintiff in that case had "not presented evidence" that it would have been futile to "attempt to access the state court system." 119 F.3d at 1264 n.2. This illustrates that the futility exception, whatever its precise scope and parameters, rests in part upon the facts of each particular case.

The facts as alleged in Plaintiff's complaint are sufficiently distinguishable from those presented in *Swekel* to preclude a determination as a matter of law that the futility exception is inapplicable here. Most notably, in the ruling affirmed in *Swekel,* the district court had found that the plaintiff "possessed a sufficient factual basis to file a 'John Doe' suit in state court," in light of the information learned by the plaintiff in the course of discovery in a prior state court suit she had brought against another individual who was partly responsible for her husband's death. *Swekel,* 119 F.3d at 1261. While this earlier discovery effort perhaps did not reveal the precise identity of the second individual who also bore responsibility for this death, it established the plaintiff's awareness of the existence of an additional person against whom she could pursue a recovery arising from

4

this loss.  119 F.3d at 1261.[1]

In this case, in contrast, Plaintiff had no vehicle prior to the present suit through which to attempt to secure any sort of "factual basis" for a "John Doe" suit.  Nor is there any indication of any publicly available source from which Plaintiff might have gleaned at least some information about the existence or general identity of the person or persons responsible for his mother's death.  To the contrary, Plaintiff alleges that Defendants have thwarted even this limited sort of pre-suit inquiry by impeding the police investigation into his mother's murder, concealing material evidence, and actively discouraging witnesses from coming forward.[2]  Under these circumstances, the Court is not prepared to rule on the pleadings alone that Plaintiff cannot establish the futility exception recognized in *Swekel,* but instead finds that the resolution of this issue must await Plaintiff's opportunity to develop an evidentiary record in support of his allegations of futility.

The remaining two grounds advanced in Defendants' motion warrant little further discussion.  First, Defendants suggest that Plaintiff cannot establish the unavailability of a state-court remedy unless he, or someone acting on his behalf, attains the status of a "personal representative" who is authorized under Michigan law to bring a wrongful

---

[1]Indeed, the plaintiff in *Swekel* evidently had at least some notion about the identity of this second individual, as her counsel asked a witness whether he knew this person in the course of discovery in the prior suit.  119 F.3d at 1261.

[2]In addition, it should be noted that Defendants have taken steps since the commencement of this suit to make it more difficult for Plaintiff to obtain relevant information.  The most obvious example is Defendants' text message communications, which have been the subject of two rounds of defense motions seeking to defeat this avenue of discovery.

death action.  *See* Mich. Comp. Laws § 600.2922(2).  Yet, if Plaintiff is able to establish his allegation that any state-court suit would have been futile, it surely follows that it also would have been futile to secure the "personal representative" appointment that is necessary to commence such a state-court suit.  Moreover, while Defendants cite *Swekel* for the proposition that their alleged actions must have "foreclosed [Plaintiff] from filing suit in state court," *Swekel,* 119 F.3d at 1263, they ignore the remainder of the sentence from which this quoted language is derived — *i.e.,* that it is sufficient if their alleged actions "rendered ineffective **any state court remedy** [Plaintiff] previously may have had."  119 F.3d at 1264 (emphasis added).  As Plaintiff points out, he would have been entitled, as the child of a wrongful death victim, to share in any recovery that might have been obtained in a wrongful death suit, regardless of whether he or someone else had commenced such a suit as personal representative of his mother's estate.  *See* Mich. Comp. Laws § 600.2922(3)(a); *see also* Mich. Comp. Laws § 600.2922(6) (requiring that a hearing be convened before distributing the proceeds of a settlement or judgment in a wrongful death action, and that notice be given to those who are entitled to a share of these proceeds).  Thus, Plaintiff need not establish his standing to bring a wrongful death action in order to show the injury of relevance here — namely, that he has been deprived of the remedy that such a wrongful death suit might have provided.

Finally, Defendants contend that Plaintiff's second amended complaint lacks the requisite specificity as to how each individual Defendant brought about or furthered the alleged denial of Plaintiff's constitutional right of access to the courts.  Having reviewed

the complaint, the Court is satisfied that it meets the liberal pleading standards of Fed. R. Civ. P. 8(a) in this regard, particularly where Plaintiff has asserted both a denial-of-access claim and a claim of conspiracy to violate Plaintiff's constitutional right of access to the courts. For these reasons, as well as the reasons indicated at the March 14, 2008 status conference, the Court denies Defendants' motion to dismiss.

## II. Plaintiff's Motion for Leave to Amend Complaint

Next, by motion filed on May 5, 2008, Plaintiff seeks leave to file a third amended complaint. In this proposed pleading, Plaintiff would name two other children of Tamara Greene — Ashly Jackson and India Bond — as additional plaintiffs, and would provide additional allegations in further support of the denial-of-access and conspiracy claims asserted in the second amended complaint. Although Defendants evidently did not concur in the relief sought in Plaintiff's motion, only Defendant Christine Beatty has filed a response in opposition to this motion.[3]

Neither of the issues raised in Defendant Beatty's response warrants the denial of Plaintiff's motion. First, while Defendant Beatty notes that this case was commenced in late 2005 and that Plaintiff has already been afforded two opportunities to amend his complaint, she has not identified any prejudice that might result from the further amendments sought by Plaintiff. Neither is the Court able to discern any such prejudice, where discovery remains ongoing, and where the amendments sought by Plaintiff do not

---

[3]In addition, Defendant Kwame Kilpatrick filed a notice of his concurrence in Defendant Beatty's response.

7

materially alter the nature or scope of the claims asserted in this case. Next, although Defendant Beatty suggests that amendment would be futile because the two additional children of Tamara Greene, like Plaintiff, lack standing under Michigan law to bring a wrongful death action, the Court explained earlier that this lack of standing has no bearing upon the ability to pursue the denial-of-access claims asserted in this case. Accordingly, the Court finds that leave should be granted for Plaintiff to file a third amended complaint.

## III. Conclusion

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' February 8, 2008 motion to dismiss is DENIED. Next, IT IS HEREBY ORDERED that Plaintiff's May 5, 2008 motion for leave to file third amended complaint is GRANTED. Within *seven (7) days* of the date of this opinion and order, Plaintiff shall file and serve the third amended complaint that is attached as an exhibit to his motion.

                                                 s/Gerald E. Rosen
                                               United States District Judge

Dated: September 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 4, 2008, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Case Manager