UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND,                              No. 05-74253

       Plaintiff,                           District Judge Gerald E. Rosen

v.                                             Magistrate Judge R. Steven Whalen

CITY OF DETROIT, et.al.,

       Defendants.
_____/

**ORDER**

The Court hereby establishes the following schedule for production of text messages from Bell Industries, Inc., d/b/a SkyTel ("SkyTel"), for *in camera* review, pursuant to the Order Establishing Protocol entered on March 20, 2008 [Docket #69] and the Opinion and Order Regarding Defendants' Motion to Preclude Discovery of Electronic Communications entered on August 22, 2008 [Docket #132].

    **A.    Communications from April 30, 2003**

On or before **September 8, 2008**, Plaintiff shall serve a Rule 34 Document Request on Defendant City of Detroit as to incoming or outgoing text messages or other communications, maintained by SkyTel on behalf of the City of Detroit, that originated from or were received by ***any*** City of Detroit official or employee between 1:30 a.m. and 5:30 a.m. on the morning of April 30, 2003.

On or before **September 10, 2008**, Defendant City of Detroit shall forward the request to SkyTel, along with its written authorization to release said communications to the Court for *in camera* review.

On or before **September 20, 2008**, SkyTel shall forward three copies of said communications, in CD form, to the chambers of the Honorable Gerald E. Rosen, United States District Judge, Eastern District of Michigan, in a sealed envelope, for distribution to United States Magistrate Judge R. Steven Whalen and United States Magistrate Judge Michael J. Hluchaniuk, who will conduct an *in camera* review.

### B. Other Text Messages

Within 14 days of the date of this Order, Plaintiff shall serve a Rule 34 Document Request on Defendant City of Detroit, requesting incoming or outgoing text messages or other communications, maintained by SkyTel on behalf of the City of Detroit, as to text messaging devices issued to specific named individuals, during the time periods set forth at p.2, fn.1 of the Court's Order of March 20, 2008 [Docket #69]. Pursuant to that Order, Plaintiff shall endeavor to identify a more limited number of individuals than the 34 names listed on the original subpoena.[1]

Within 7 days thereafter, Defendant City of Detroit shall forward the request to SkyTel, along with its written authorization to release said communications to the Court for

---

[1] At a status conference on September 4, 2008, Plaintiff's counsel indicated that he has added eight additional names to the list, bringing the total number to 42. However, Plaintiff is still directed to attempt to pare down this list.

*in camera* review.[2]

Within 10 days of receiving this request from Defendant City of Detroit, SkyTel shall forward three copies of said communications, in CD form, to the chambers of the Honorable Gerald E. Rosen, United States District Judge, Eastern District of Michigan, in a sealed envelope, for distribution to United States Magistrate Judge R. Steven Whalen and United States Magistrate Judge Michael J. Hluchaniuk, who will conduct an *in camera* review.

### C.   Spreadsheet of PINs

On May 19, 2008, SkyTel filed, under seal and pursuant to a May 13, 2008 subpoena, a spreadsheet containing a list of cell phones/text messaging devices issued to individuals and departments of the City of Detroit. After *in camera* review, the Court provided hard copies of that document to the attorneys for all parties to this action. SkyTel is now directed to provide this same information, in CD form, to the attorneys for all parties, and to submit two copies, in CD form, directly to the chambers of Magistrate Judge R. Steven Whalen. SkyTel shall provide the CDs within 7 days of the date of this Order.

---

[2] At the status conference on September 4, 2008, the Court expressed its belief that because at this time the communications are being produced only to the Court, it is highly unlikely that Defendant City of Detroit could have any objections ripe for determination. For example, objections based on privilege or relevance would be premature until the Court has had the opportunity to conduct its *in camera* review. However, in the improbable event that the Defendant should have a legitimate and ripe objection to even *in camera* review of a particular request, it shall file a motion for protective order within 7 days of receiving the request. The Court will look disfavorably on unmeritorious objections or objections that appear to have been filed for purposes of delay or strategy. Filing an objection to one request does not relieve the Defendant of the responsibility of directing SkyTel to produce the other requests.

SO ORDERED.

                          S/R. Steven Whalen
                          R. STEVEN WHALEN
                          UNITED STATES MAGISTRATE JUDGE

Dated: September 5, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 5, 2008.

                          S/Gina Wilson
                          Judicial Assistant