UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,

       Plaintiff,

v                                                 Case No.: 05-CV-74253
                                                Hon. Gerald E. Rosen
                                                Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

       Defendants.
_____/

| | |
|---|---|
| NORMAN A. YATOOMA (P54746) | MAYER MORGANROTH (P17966) |
| ROBERT S. ZAWIDEH (P43787) | JEFFREY B. MORGANROTH (P41670) |
| NORMAN YATOOMA & ASSOCIATES, P.C. | MORGANROTH & MORGANROTH, PLLC |
| **Attorneys for Plaintiff** | **Attorneys for Christine Beatty, Only** |
| 219 Elm Street | 3000 Town Center, Suite 1500 |
| Birmingham, MI 48009 | Southfield, MI 48075 |
| (248) 642-3600 | (248) 355-3084 |
| | |
| JOHN A. SCHAPKA (P36731) | KRYSTAL A. CRITTENDON (P49981) |
| CITY OF DETROIT LAW DEPARTMENT | CITY OF DETROIT LAW DEPARTMENT |
| **Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best** | **Attorney for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best** |
| 660 Woodward Avenue, Suite 1650 | 660 Woodward Avenue, Suite 1650 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 224-4550 | (313) 237-3018 |
| | |
| KENNETH L. LEWIS (P26071) | JAMES C. THOMAS (P23801) |
| SAID A. TALEB (P66030) | JAMES C. THOMAS, P.C. |
| RANDAL M. BROWN (P70031) | **Attorney for Defendant Kwame Kilpatrick** |
| PLUNKETT COONEY | 535 Griswold St., Suite 2632 |
| **Attorneys for Ella Bully-Cummings, Only** | Detroit, MI 48226 |
| 535 Griswold, Suite 2400 | (313) 963-2420 |
| Detroit, MI 48226 | |
| (313) 983-4790 | |

_____/

**DEFENDANT, CHRISTINE BEATTY'S, REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT, CHRISTINE BEATTY'S, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR <u>PRODUCTION OF DOCUMENTS</u>**

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    THIS COURT SHOULD NOT PRECLUDE THE INSTANT MOTION PURSUANT TO PROVISION 2A OF THIS COURT'S JANUARY 4, 2008 SCHEDULING ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    PLAINTIFF SHOULD BE ORDERED TO PROVIDE SUPPLEMENTAL ANSWERS AND RESPONSES TO BEATTY'S DISCOVERY REQUESTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    <u>Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 1, 2, and 7-11</u> . . . . . . . . . . . . . . 1

        B.    <u>Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 13-15</u> . . . . . . . . . . . . . . . . . . . . 3

        C.    <u>Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request No. 16</u> . . . . . . . . . . . . . . . . . . . . . . . . 3

        D.    <u>Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 18, 23 and 24</u> . . . . . . . . . . . . . . 4

        E.    <u>Plaintiff Should Be Ordered to Supplement His Answer to Interrogatory No. 1</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# INDEX OF AUTHORITIES

**Court Rules and Statutes**:

Fed. R. Civ. P. 26(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 33(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 34(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 34(b)(2)(E)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**ARGUMENT**

I. **THIS COURT SHOULD NOT PRECLUDE THE INSTANT MOTION PURSUANT TO PROVISION 2A OF THIS COURT'S JANUARY 4, 2008 SCHEDULING ORDER.**

In a desperate effort to deflect attention from the merits of the instant Motion, Plaintiff disingenuously contends that the instant Motion somehow does not comport with Provision 2A of this Court's January 4, 2008 Scheduling Order.

In the matter at bar, Plaintiff's counsel provided numerous assurances to Christine Beatty's ("Beatty") counsel that he would resolve the issues raised by Beatty's counsel by providing supplemental responses signed by Plaintiff, along with signed authorizations, and counsel for the parties had been exchanging numerous e-mails to confirm such discussions. Notwithstanding Plaintiff's counsel's assurances, Plaintiff did not provide the required supplemental responses or authorizations, and, when <u>Plaintiff's counsel failed to respond to Beatty's counsel's July 23, 2008 follow-up letter at all</u>, Plaintiff's counsel was left with no choice but to bring the instant Motion on August 6, 2008. Thus, Plaintiff's counsel should not be able to use his own actions which lead Beatty's counsel to believe that he would resolve the discovery issues raised by Beatty's counsel, as a shield to preclude the instant Motion inasmuch as such use would utterly distort both the letter and spirit of Provision 2A of this Court's Scheduling Order.

II. **PLAINTIFF SHOULD BE ORDERED TO PROVIDE SUPPLEMENTAL ANSWERS AND RESPONSES TO BEATTY'S DISCOVERY REQUESTS.**

A. **Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 1, 2, and 7-11.**

Plaintiff concedes that he has not provided the documents in the form required by Fed. R.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

Civ. P. 34(b)(2)(E)(i)[1]. However, Plaintiff contends that he has responded by "offering a good faith, reasonable alternative production, which is definite in scope, time, place or manner." Plaintiff does not and cannot cite to a single case from the Sixth Circuit espousing this standard. Furthermore, this standard refers to the time, place and manner of <u>production</u>, not to the substance of the producing party's response, which is what is at issue here.

Specifically, Document Request Nos. 1, 2, and 7-11 request all documents that support and/or contradict Plaintiff's allegations in the Second Amended Complaint (both generally and with respect to specific allegations), as well as any damages that Plaintiff is seeking against Beatty. Exh. 3 at 4-8[2]. In response to each request, Plaintiff states that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery." <u>Id.</u>

Plaintiff's responses admittedly do not <u>label responsive documents to correspond to the categories in the request</u> as required by Fed. R. Civ. P. 34(b)[3]. In addition, Beatty did not ask for only documents that Plaintiff will rely upon, but rather requested <u>all documents that support and/or contradict the allegations or the damages</u>. Plaintiff concedes that it did not produce <u>all documents</u> that support or contradict his allegations, yet Plaintiff fails to confirm that he has no

---

1/ Plaintiff does not dispute that he should be ordered to produce all documents responsive to Document Request No. 3 which requests all documents referenced in Sections 2-A through 2-K of Plaintiff's Initial Disclosures. Notwithstanding Plaintiff's concession in this regard, Plaintiff has <u>not</u> produced any category of documents labeled as those referenced in Sections 2-A through 2-K of his Initial Disclosures, as he is required to do pursuant to the Federal Rules of Civil Procedure.

2/ The exhibits referenced herein are attached to Beatty's initial Brief.

3/ Plaintiff apparently contends that he is absolved of this requirement because "most documents produced by Flagg are responsive to multiple response categories." In fact, in that case, Plaintiff is required to identify <u>every category</u> to which a document is responsive.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

2

other responsive documents in his possession, custody of control.

**B.     Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 13-15.**

On August 26, 2008, after Beatty filed the instant Motion and months after such documents were due pursuant to the Federal Rules of Civil Procedure, Plaintiff finally produced documents responsive to Document Request No. 13. However, Plaintiff still has not produced documents responsive to Document Request Nos. 14 and 15 which request all documents that relate to and/or touch upon the death of Tamara Greene, or the investigation of the death of Tamara Greene. Exh. 3 at 9-10. In response to such requests, Plaintiff states that he "will rely on those documents that have been used as exhibits to the parties' pleadings, motions, responses to motions, and any other document filed with the Court, as well as any and all materials and transcripts produced, referenced or identified in the course of discovery." Id. As explained above, this response is evasive and/or deficient inasmuch as: (1) it violates Fed. R. Civ. P. 34(b)(2)(E)(i) because Plaintiff has failed to label the responsive documents to correspond to the categories in this request; and (2) Beatty's request was broader than Plaintiff's purported response (i.e., Beatty did not ask for only documents that Plaintiff will purportedly rely upon; rather, Beatty requested all documents that relate to and/or touch upon the death of Tamara Greene and/or the investigation related thereto.).

**C.     Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request No. 16.**

Plaintiff admittedly has not produced documents responsive to Document Request No. 16 which seeks all medical records for Tamara Greene for the eight years prior to her death on the

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
―――――
NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

purported grounds that such request is "overbroad and irrelevant[4]." Exh. 3 at 10. In response, Plaintiff agreed only to sign an authorization for the release of medical records for the one year time period of April 30, 2002 through April 30, 2003[5]. Id. Plaintiff contends that Beatty's request for eight years of medical records is somehow overbroad inasmuch as this action does not involve Greene's medical condition. However, because Plaintiff seeks $150 million in damages related to the alleged wrongful death of Tamara Greene, Beatty is entitled to verify and assess Tamara Greene's medical history and life expectancy, <u>which requires more than one year of medical records</u>.

**D.   Plaintiff Should Be Ordered to Produce All Documents Responsive to Document Request Nos. 18, 23 and 24**.

On <u>August 26, 2008</u>, Plaintiff finally provided signed authorizations for the release of Ms. Greene's federal tax returns, which Plaintiff had promised to do long ago. Exh. 3 at 11. Plaintiff has still not provided a signed authorization for the release of Ms. Greene's Michigan tax returns.

Also on August 26, 2008, Plaintiff finally produced some telephone records of Ms. Greene for the time periods at issue. However, Plaintiff has not provided any authorization which would allow Beatty to attempt to obtain the remainder of the telephone records sought by Beatty, even though it is clear that Plaintiff knows the identity of at least one telephone service provider used by Ms. Greene (Nextel).

Finally, Plaintiff contends that he can not provide Ms. Greene's bank records for various

---

4/   Plaintiff tellingly does not address its failure to produce all documents responsive to Document Request No. 17 which seeks all autopsy reports, or any medical records of Tamara Greene created following her death.

5/   Plaintiff finally served the long-promised medical authorizations on <u>August 26, 2008</u>, but only for the one year period.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017
_____

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

4

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

time periods in response to Document Request No. 24 because he purportedly does not "know the names or locations of Ms. Greene's banks or other financial institutions." Exh. 3 at 13. It is difficult to comprehend how Plaintiff, <u>as co-personal representative of Ms. Greene's estate</u>, does not have in his possession, custody or control some records regarding Ms. Greene's finances. At a minimum, Plaintiff should be required to attempt to obtain this information.

### E. **Plaintiff Should Be Ordered to Supplement His Answer to Interrogatory No. 1.**

Plaintiff contends that he need not supplement his Answer to Interrogatory No. 1, which requests the name, address and telephone numbers (residential and business) for each person that Plaintiff believes has knowledge of any facts, information or circumstances relevant to claims and/or defenses raised in the instant action, because Plaintiff has purportedly already provided this information in his Rule 26 Disclosures[6]. Exh. 2 at 3-10. However, in his Rule 26 disclosure, Plaintiff was only required to provide the names and addresses of individuals likely to have discoverable information which Plaintiff might "use to support [his] claims or defenses." Fed. R. Civ. P. 26(A)(i). Interrogatory No. 1 seeks the identities of <u>all people who may have knowledge of any facts or information relevant to any claims or defenses in this action, regardless of whether Plaintiff might use this information</u>. Plaintiff thus must supplement his answer to this Interrogatory.

Finally, Plaintiff still has not provided answers to interrogatories which are signed <u>underoath</u> as required by Fed. R. Civ. P. 33(b)(3).

|  |  |
|---|---|
|  | **MORGANROTH & MORGANROTH, PLLC**<br>By: /s/ Mayer Morganroth<br>MAYER MORGANROTH (P17966) |
| September 8, 2008 | Attorneys for Defendant Beatty |

---

6/    Plaintiff tellingly does not explain why he should not be required to supplement his answer to Interrogatory No. 2 which requests that Plaintiff describe in detail the nature and substance of each person's knowledge. Exh. 2 at 11.

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Norman Yatooma, Attorney. | John A. Schapka, Attorney |
| Kenneth L. Lewis, Attorney | Krystal A. Crittendon, Attorney |
| James C. Thomas, Attorney | Herschel P. Fink, Attorney |

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [None]

                                    MORGANROTH & MORGANROTH, PLLC

                                    By: /s/ Mayer Morganroth
                                    MAYER MORGANROTH (P17966)
                                    Morganroth & Morganroth, PLLC
                                    3000 Town Center, Suite 1500
                                    Southfield, MI 48075
                                    (248) 355-3084
Dated: September 8, 2008            E-mail: mmorganroth@morganrothlaw.com

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302