UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHON BOND,

    Plaintiff,

                                       Case No. 05-CV-74253-DT
                                       Hon. Gerald E. Rosen

CITY OF DETROIT, a Municipal          Magistrate Judge Steven R. Whalen
Corporation; CITY OF DETROIT
CHIEF OF POLICE ELLA BULLY-CUMMINGS;
DEPUTY CHIEF OF POLICE CARA BEST;
JOHN DOE OFFICERS 1-20; ASSISTANT
DEPUTY POLICE CHIEF HAROLD CURETON;
LIEUTENANT BILLY JACKSON; MAYOR
KWAME KILPATRICK; and CHRISTINE BEATTY,
jointly and severally,

    Defendants.
_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, INC.
**Attorneys for Plaintiff**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084


JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48225
(313) 224-4550

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold** Cureton, Craig Schwartz & Cara Best
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018


KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)

1

PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

---

**ANSWER OF KWAME KILPATRICK TO**
**PLAINTIFFS' THIRD AMENDED COMPLAINT**


NOW COMES Defendant Kwame Kilpatrick ("Kilpatrick") by and through his attorney, James C. Thomas, of James C. Thomas, P.C., and for his answer to the Third Amended Complaint and Demand for Trial by Jury, states as follows:

1. Answering paragraph 1, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

2. Answering paragraph 2, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

3. Answering paragraph 3, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

4. Answering paragraph 4, Kilpatrick neither admits nor denies the legal conclusion and leave Plaintiffs to their proofs.

5. Answering paragraph 5, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

6. Answering paragraph 6, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

7.  Answering paragraph 7, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

8.  Answering paragraph 8, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

9.  Answering paragraph 9, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

10. Answering paragraph 10, Kilpatrick admits.

11. Answering paragraph 11, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

## GENERAL ALLEGATIONS

12. Answering paragraph 12, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

13. Answering paragraph 13, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

14. Answering paragraph 14, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

15. Answering paragraph 15, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

16. Answering paragraph 16, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

17. Answering paragraph 17, Kilpatrick admits that Harold Nelthrope was a detective in EPU at one time, but denies as untrue the remainder of the allegations in this paragraph.

18. Answering paragraph 18, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

19. Answering paragraph 19, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

20. Answering paragraph 20, Kilpatrick admits that he and Jones went to high school together and were members of the football team. As to the remainder of the allegations, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

21. Answering paragraph 21, Kilpatrick admits that Jones and Martin were members of the 2nd Precinct. Kilpatrick neither admits nor denies the remaining allegations for lack of sufficient information upon which to form a belief.

22. Answering paragraph 22, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

23. Answering paragraph 23, including sub-paragraphs a through c, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

24. Answering paragraph 24, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

25. Answering paragraph 25, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

26. Answering paragraph 26, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

27. Answering paragraph 27, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

28. Answering paragraph 28, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

29. Answering paragraph 29, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

30. Answering paragraph 30, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

31. Answering paragraph 31, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

32. Answering paragraph 32, Kilpatrick denies as untrue.

33. Answering paragraph 33, Kilpatrick denies as untrue.

34. Answering paragraph 34, Kilpatrick denies as untrue.

35. Answering paragraph 35, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

36. Answering paragraph 36, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

37. Answering paragraph 37, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

38. Answering paragraph 38, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

39. Answering paragraph 39, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

40. Answering paragraph 40, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

41. Answering paragraph 41, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

42. Answering paragraph 42, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

43. Answering paragraph 43, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

44. Answering paragraph 44, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

45. Answering paragraph 45, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

46. Answering paragraph 46, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

47. Answering paragraph 47, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

48. Answering paragraph 48, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

49. Answering paragraph 49, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

50. Answering paragraph 50, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

51. Answering paragraph 51, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

52. Answering paragraph 52, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

53. Answering paragraph 53, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

54. Answering paragraph 54, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

55. Answering paragraph 55, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

56. Answering paragraph 56, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

57. Answering paragraph 57, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

58. Answering paragraph 58, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

59. Answering paragraph 59, Kilpatrick denies as untrue.

60. Answering paragraph 60, Kilpatrick denies as untrue.

61. Answering paragraph 61, Kilpatrick denies as untrue.

62. Answering paragraph 62, Kilpatrick denies as untrue.

63. Answering paragraph 63, Kilpatrick denies as untrue.

64. Answering paragraph 64, Kilpatrick denies as untrue.

65. Answering paragraph 65, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

66. Answering paragraph 66, Kilpatrick denies as untrue.

67. Answering paragraph 67, Kilpatrick denies as untrue.

68. Answering paragraph 68, Kilpatrick denies as untrue.

69. Answering paragraph 69, Kilpatrick denies as untrue.

70. Answering paragraph 70, Kilpatrick denies as untrue.

71. Answering paragraph 71, Kilpatrick denies as untrue.

72. Answering paragraph 72, Kilpatrick denies as untrue.

73. Answering paragraph 73, Kilpatrick denies as untrue.

74. Answering paragraph 74, Kilpatrick denies as untrue.

75. Answering paragraph 75, Kilpatrick denies as untrue.

## COUNT I - VIOLATION OF THE 1ST AND 14TH AMENDMENTS (RIGHT OF ACCESS TO COURTS) PURSUANT TO TITLE 42 USC §1983

76. Answering paragraph 76, Kilpatrick repeats his answers to paragraphs 1 through 75, as though fully set forth herein.

77. Answering paragraph 77, Kilpatrick denies as untrue.

78. Answering paragraph 78, Kilpatrick denies as untrue.

79. Answering paragraph 79, including sub-paragraphs a) through j), Kilpatrick denies each and every allegation as untrue.

80. Answering paragraph 80, Kilpatrick denies as untrue.

81. Answering paragraph 81, Kilpatrick denies as untrue.

82. Answering paragraph 82, Kilpatrick denies as untrue.

83. Answering paragraph 83, Kilpatrick denies as untrue.

84. Answering paragraph 84, Kilpatrick neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

WHEREFORE Kilpatrick respectfully requests this Honorable Court to dismiss the Third Amended Complaint with prejudice, and award costs and attorney fees so wrongfully incurred.

## COUNT II - CONSPIRACY TO VIOLATE PLAINTIFFS' CONSTITUTIONALLY GUARANTEED RIGHT TO ACCESS TO COURTS

85. Answering paragraph 85, Kilpatrick repeats his answers to paragraphs 1 through 84 as though fully set forth herein.

86. Answering paragraph 86, Kilpatrick denies as untrue.

87. Answering paragraph 87, Kilpatrick denies as untrue.

88. Answering paragraph 88, Kilpatrick denies as untrue.

89. Answering paragraph 89, Kilpatrick denies as untrue.

90. Answering paragraph 90, Kilpatrick denies as untrue.

91. Answering paragraph 91, neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

WHEREFORE Kilpatrick respectfully requests this Honorable Court to dismiss the Third Amended Complaint with prejudice, and award costs and attorney fees so wrongfully incurred.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Kilpatrick, by and through his attorney, James C. Thomas of James C. Thomas, P.C., and states his affirmative defenses to Plaintiff's Third Amended Complaint as follows;

1. Failure to State a Claim Upon Which Relief May be Granted.

2. Lack of Standing. Plaintiffs do not have standing to bring the instant claims.

3. Federal Stored Communications Act. The Federal Stored Communications Act prohibits the disclosure of electronic communications which Plaintiffs seek to use as evidence in this case.

4. An Effective and Meaningful State Court Remedy is Available. Plaintiffs are precluded from asserting the instant Federal claim inasmuch as an effective and meaningful State Court remedy is available to Plaintiffs.

5. A State Court Action Would Not be Futile. Plaintiffs could bring a State Court action which would not be futile.

6. Plaintiffs Cannot Demonstrate that They have been Denied a State Court Remedy.

7. Plaintiffs Could Bring a State Court Action inasmuch as the Michigan Statute of Limitations to File a Wrongful Death Action has not Expired.

8. Plaintiffs Fail to Allege any Actions of Kilpatrick that Caused Plaintiffs to be Denied Access to a State Court Wrongful Death Action.

9. Waiver. Plaintiffs have waived their rights to file the instant claims inasmuch as Plaintiffs did not even attempt to take any steps to file or pursue an action in Michigan State Court before filing this case.

10. Estoppel. Plaintiffs are estopped from pursuing the instant claims inasmuch as Plaintiffs did not event attempt to take any steps to file or pursue an action in Michigan State Court before filing this case.

11. Reservation to Supplement or Amend. Kilpatrick reserves the right to supplement or amend these Affirmative Defenses as additional information becomes known during discovery.

## RELIANCE UPON JURY DEMAND

NOW COMES defendant Kilpatrick, by and through his counsel and hereby relies upon the Jury Demand previously filed by Plaintiffs in the within matter.

Respectfully submitted,

JAMES C. THOMAS, P.C.

By: /s/ James C. Thomas
James C. Thomas P23801
Attorney for Defendant, Kilpatrick
2632 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420
jthomas@plunkettcooney.com

DATED: September 26, 2008

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.


           /s/ James C. Thomas
           James C. Thomas