# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Ernest Flagg,** as Next Friend of

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
_____/

**DEFENDANTS CITY OF DETROIT, HAROLD CURRETON,
CRAIG SCHWARTZ, AND CARA BEST'S
MOTION TO SET ASIDE DEFAULT**

In accordance with Federal Rule of Civil Procedure 55(c), Defendants City of Detroit, Harold Curreton, Craig Schwartz, and Cara Best hereby respectfully request the court set aside the default taken against them for failing to timely respond to Plaintiffs' Third Amended Complaint. In support of their position, Defendants offer the following:

1. On November 7, 2005, Plaintiff Jonathon Bond filed this civil action for money damages

2. Plaintiff's complaint named, inter alia, the City of Detroit as a party defendant; Plaintiff thereafter served the City and, through counsel, the City timely responded and has actively engaged in the defense of this matter at all times since.

3. On September 21, 2006, Plaintiff filed his First Amended Complaint.

4. Plaintiff's First Amended Complaint again named the City and added, inter alia, Craig Schwartz as party defendant; Plaintiff thereafter served Schwartz, both Schwartz and the City timely responded, and Schwartz and the City have actively engaged in the defense of this matter at all times since.

5. On January 14, 2008, Plaintiff filed his Second Amended Complaint.

6. Plaintiff's Second Amended Complaint again named the City and Schwartz, and added Harold Curreton and Cara Best as party defendants; Plaintiff thereafter served Curreton and Best, Together with the City and Schwartz, Curreton and Best timely responded, and all four have actively engaged in the defense of this matter at all times since.

7. On September 5, 2008, Plaintiff filed his Third Amended Complaint.

8. Plaintiff's Third Amended Complaint added Ashley Jackson and India Bond as party plaintiffs, it named, inter alia, the City, Schwartz, Curreton, and Best as party defendants.

9. The claims reflected in Plaintiffs' Third Amended Complaint duplicate those of the Second Amended Complaint which itself was substantially the same as those of the First Amended Complaint.

10. In accordance with FRCP 15(a)(3), Defendants' response to Plaintiff's Third Amended Complaint was due on or before September 15, 2008; through inadvertence, however, Defendants did not do so.

11. On September 29, 2008, Plaintiffs filed their request for entry of default as to the City, Curreton and Best; the following day, September 30, 2008, Plaintiff filed a similar request as to Defendant Schwartz.

12. Good cause exists to support the set aside of such defaults.

13. On October 1, 2008, Defendants' counsel sought Plaintiffs' concurrence in the relief sought herein; Plaintiffs declined to do so.

Predicated upon the facts presented and the authorities cited above, Defendants City of Detroit, Craig Schwartz, Harrold Curreton, and Cara Best hereby respectfully request the court set aside the defaults taken against them and allow them to continue in the defense of this matter.

Respectfully submitted

S/John A. Schapka

John A. Schapka
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550 ext 23142
schaj@law.ci.detroit.mi.us

DATED: 3 October 2008

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Ernest Flagg,** as Next Friend of
**Jonathon Bond**, a minor, **Taris Jackson**,
as Next Friend of **Ashly Jackson**, a minor;
and **Dr. Brian Greene**, as Next Friend of
**India Bond**, a minor

      Plaintiff,

vs.

Case No. 05-CV-74253-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

**City of Detroit**, A Municipal Corporation,
City of Detroit Chief of Police **Ella Bully-Cummings**,
Deputy Chief of Police Cara Best,
John Doe Officers 1-20,
Assistant Deputy Police Chief Harold Cureton,
Commander **Craig Schwartz**,
Lieutenant Billy Jackson,
Mayor **Kwame Kilpatrick**, and
**Christine Beatty**, Jointly and severally,

      Defendants.
_____/

| | |
|---|---|
| Norman A. Yatooma (P54746) | James C. Thomas (P-23801) |
| Robert S. Zawideh (P43787) | Attorney for Kilpatrick only |
| Attorneys for Plaintiffs | 535 Griswold Street, Suite 2632 |
| 219 Elm Street | Detroit, Michigan 48226 |
| Birmingham, Michigan 48009 | (313) 963-2420 |
| (248) 642-3600 | |
| | |
| Kenneth L. Lewis (P-26071) | Krystal A. Crittendon (P49981) |
| Said A. Taleb (P-66030) | John A. Schapka (P-36731) |
| Randal M. Brown (P-70031) | Attorneys for City, Cureton, Schwartz, |
| Attorneys for Bully-Cummings only | and Best only |
| 535 Griswold, Suite 2400 | City of Detroit Law Department |
| Detroit, Michigan | 660 Woodward, Suite 1650 |
| (313) 983-4790 | Detroit, Michigan 48226 |
| | (313) 224-4550 |
| Mayer Morganroth (P17966) | |

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

Jeffrey B. Morganroth (P41670)
Attorneys for Beatty only
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
_____/

**DEFENDANTS CITY OF DETROIT, HAROLD CURRETON,
CRAIG SCHWARTZ, AND CARA BEST'S
BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**

This civil action seeking money damages arises from the fatal shooting of Tamara Green who died as she sat in an automobile parked at the curb. Green's male companion was wounded but survived. The identity of their assailant is unknown.

Plaintiffs contend that Defendants' failure to fully investigate Green's death operated to deny them the opportunity to sue her killer in a wrongful death action in state court. They bring their action under the due process clause of the 14th Amendment to the Constitution of the United States.

**Factual Predicate**

Plaintiffs in this matter are Tamara Green's minor children. Each is represented by a different Next Friend.

On November 7, 2005, Green's son, Jonathon Bond, filed this matter. Bond's complaint named, the City and several individuals as party defendants. The City timely responded and has actively engaged in the defense of this matter at all times since.

On September 21, 2006, Plaintiff filed his First Amended Complaint. Plaintiff's First Amended Complaint again named the City, added Craig Schwartz as a defendant, and deleted several individuals who had been named and served under the original complaint. Both Schwartz and the City responded in a timely manner. Both Schwartz and the City actively engaged in the defense of this matter at all times since.

On January 14, 2008, Plaintiff filed his Second Amended Complaint. Its claims were substantially the same as those reflected in his First Amended Complaint. Plaintiff's Second Amended Complaint again named the City and Schwartz, and added Harold Curreton, Cara Best, and several

other individuals as party defendants. The City, Schwartz, Curreton and Best timely responded, and all four have actively engaged in the defense of this matter.

On September 5, 2008, Plaintiff filed his Third Amended Complaint. Its claims are the same as those reflected in his Second Amended Complaint. It does not plead any new factual averment, it does not name any new defendant, and it does not amend any claim lodged against the City, Schwartz, Curreton, or Best. Instead, Plaintiff's Third Amended Complaint adds two new plaintiffs, Ashly Jackson and India Bond, Plaintiff's half-siblings by a common mother, decedent Green.

In accordance with FRCP 15(a)(3), Defendants' response to Plaintiff's Third Amended Complaint was due on or before September 15, 2008; through inadvertence, however, Defendants did not do so.

On September 29, 2008, Plaintiffs filed their request for entry of default as to the City, Curreton and Best; the following day, September 30, 2008, Plaintiff filed a similar request as to Defendant Schwartz.

**Authority**

In accordance with FRCP 55(c), the court may set aside an entry of default, and if a default judgment has been entered, the court may set it aside as well. Because good cause is a sufficient basis upon which to set aside a default judgment, good cause must also be a sufficient basis to avoid entry of such a judgment.

Rule 55(c) of the Federal Rules of Civil Procedure provides a statutory basis upon which a court may set aside the entry of default "for good cause."[1] The Sixth Circuit, in its discussion of the different standards that are used to determine whether to set aside a default as compared to a default judgment, stated:

> While the standards for granting relief differ, the factors to be considered by
> the court are said to be similar and include:

---

[1] Exhibit 1 - <u>United States of America</u> v <u>Thomas Battle</u>, 2007 US Dist LEXIS 87061 (J. Cook 2007).

>    (1) whether culpable conduct of the defendant led to default,
>
>    (2) whether the defendant has a meritorious defense, and
>
>    (3) whether the plaintiff will be prejudiced.

These three factors are to be balanced by the court in determining whether to set aside a an entry of default.[2]

**Argument**

**a. Culpable Conduct**

Defendants' failure to timely respond to Plaintiffs' Third Amended Complaint was not the product any manner of conduct attributed to Defendants themselves. Rather, it was the result of inadvertence and simple error by their counsel borne of a chaotic conditions immediately preceding and following the recent unprecedented political upheaval in the City' governmental structure.

The bedlam of this period was compounded by the fact that both of Defendants' counsel believed the other had filed Defendants' response, and the undersigned was not available to confer with co-counsel on this point as he was involved in trial preparation for back-to-back vehicular death cases in the Third Judicial Circuit Court.[3]

Accordingly, Defendants failure was not the result of any manner of deliberate conduct, conduct which intentionally disregarded or defied the authority of the court or the court rules, or conduct which could be fairly characterized as purposeful, calculated, or malevolently willful.

**b. Meritorious Defense**

A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[4] The test of meritoriousness is not

---

[2] United States of America v Thomas Battle, supra.

[3] Trahan v City and Bailey, Case No 06-628273 NZ (trial date September 15, 2008 - resolved one day before trial), and Downing v City and Smola, Case No. 06-631605 NI (trial date September 29, 2008 - resolved one day before trial).

[4] Williams v Meyer, 346 F3d 607 (6th Cir 2003) (emphasis in original).

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

"likelihood of success, but merely whether the claim or defense is "good at law."[5]

Defendants' meritorious defenses are outline in the affirmative defenses reflected in their answer, albeit late, to Plaintiffs' Third Amended Complaint.[6] Not the least of these concerns Plaintiffs' current access to the state courts.

More specifically, Plaintiffs contend the statute of limitations applicable to state court wrongful death action against their mother's killer has long ago run. A wrongful death action, however, is not Plaintiffs' sole road to recourse.

In Wesche v Mecosta County Road Commission,[7] the Michigan Supreme Court made it abundantly clear that a loss of consortium claim constitutes a cause of action independent of, and standing distinctly on its own from, a bodily injury action even though both may arise from the same underlying incident.

It is axiomatic that a wrongful death action accrues to the estate, and not to the statutory beneficiaries who may share in the estate's assets. The statute of limitations applicable to a wrongful death claim may have run as Plaintiffs contend as such is dependant on matters relating solely to the decedent's estate: e.g., the appointment of a personal representative.

By contrast, a loss of consortium claim accrues to Plaintiffs as it is they, and not the estate, who have suffered the loss of love, companionship, nurturing, and support of their deceased mother. The statute of limitations provisions applicable to a wrongful death action do not attach to a loss of consortium a claim. Plaintiffs are minors. The statute of limitations applicable to their loss of consortium claim has not started to run, and it will not start to run until they individually reach the age of majority, after which they will have one year in which to initiate their civil action.

---

[5] United States of America v Thomas Battle, supra, citing United Coin Meter Company v Seaboard Coastal Line Railroad, 705 F2d 839 (6th Cir 1983)

[6] Although such defenses rely on issues of law more that fact, Defendants will supplement this motion with affidavits.

[7] Wesche v Mecosta County Road Commission, 480 Mich 75 (2008).

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

Accordingly, Plaintiffs access to the state courts has not been foreclosed. As a consequence, they cannot prevail on their fact driven claim that Defendants concealed the known perpetrator's identity and thereby deprived them from having meaningful access to the courts in an action against him or her.

Beyond this, Defendants' factual defense lies in the extensive investigation of the underlying death, and the fact that the identity of the subject killer was never known and therefore could not have been concealed.

Whether matters of law or fact, Defendants defenses are good at law and therefore meritorious.

### c. Prejudice to Plaintiff

In the instant matter, Plaintiffs defaulted Defendants City of Detroit, Craig Schwartz, Harold Curreton, and Cara Best because they neglected to timely respond to Plaintiffs' Third Amended Complaint and thereby "failed to plead or otherwise defend".[8]

More specifically, Defendants have long been involved in defending this litigation; the City for nearly three years, Schwartz for more than two, and Curreton and Best for the past ten months. They have fully participated in discovery, filed and responded to numerous motions, and appeared through counsel at a host of judicial conferences and hearings.

Defendants inadvertent failure to timely respond to Plaintiffs' Third Amended Complaint poses a situation wholly different from that of a party who, after being served with an original complaint, remains hidden, silent, and completely non-participatory. Under such circumstances, "failure to defend" accurately characterizes that party's conduct.

In the instant matter, however, such does not fairly describe Defendants conduct. Reference to the court's ECF system reflects that as of the time and date of this filing no default has actually been entered. To demonstrate their good faith in regard to continuing in a manner consistent with their long time defense, Defendants have since filed their answer to Plaintiff's Third Amended

---

[8] Plaintiffs' Request for Entry of Default, paragraph 5.

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

Complaint.

Setting aside the default taken will not operate to Plaintiffs' prejudice: their asserted claims do not change, the facts and circumstances of the underlying incident do not change, Defendants' defenses do not change, and regardless of the fact that delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice,[9] no appreciable time has been lost in the pursuit of this litigation. Additionally, Defendants continued defense of their positions in this matter does not change the nature of the evidence available to Plaintiffs.

To the contrary, Defendants default ends their participation in the discovery process and deprives Plaintiffs and Co-Defendants of an expedient source of documentary matters and other sources of information.

Defendants need not detail the expansive collection of documentary matters sought by Plaintiffs. Similarly, Defendants need not detail the carefully crafted discovery procedures put into place by the court. Removal of Defendants from this plan will do nothing if not disrupt the orderly flow of sealed discovery materials to the court for in camera review and, if appropriate, disclosure and dissemination to the parties. The burdens to all in this regard are great enough and need not be compounded by forcing Plaintiffs to proceed via subpoenas or other methods which may occasion endless objections, motions to compel, counter motions seeking protective orders, and the type of squabbling which have become the hallmark of this case. Such will inure to the benefit of no one.

## Conclusion

Predicated upon the facts presented and the authorities cited above, Defendants City of Detroit, Craig Schwartz, Harrold Curreton, and Cara Best hereby respectfully request the court set aside the defaults taken against them and allow them to continue in the defense of this matter.

Respectfully submitted

S/John A. Schapka

---

[9] Burrell v Henderson, 434 F3d 826 (6th Cir 2006).

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD

DATED: 3 October 2008

John A. Schapka
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 224-4550 ext 23142
schaj@law.ci.detroit.mi.us

I hereby certify that on 3 October 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record; and I do hereby certify that I have cause the paper to be sent by electronic mail to the following non-ECF participants: none.

S/ John A. Schapka (P-36731)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3062
schaj@law.ci.detroit.mi.us

K:\DOCS\LIT\SCHAJ\A37000\MOT\JS3972.WPD