# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of
JONATHAN BOND, a minor,
TARIS JACKSON, as Next Friend of
ASHLY JACKSON, a minor,
DR. BRIAN GREENE, as Next Friend of
INDIA BOND, a minor,

        Plaintiffs,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

        Defendants.

Case No.: 05-CV-74253
Hon. Gerald Rosen

_____/

**NORMAN YATOOMA & ASSOCIATES, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

**PLUNKETT COONEY**
By: Kenneth L. Lewis (P26071)
By: Said A. Taleb (P66030)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorney for Defendant Kilpatrick
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 963-2420

**MORGANROTH & MORGANROTH, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

| | |
|---|---|
| WILLIAMS, WILLIAMS, RATTNER & PLUNKETT<br>By: Thomas G. Plunkett (P18957)<br>By: David E. Plunkett (P66696)<br>Attorneys for Bell Industries, Inc., d/b/a SkyTel<br>380 N. Old Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009<br>(248) 642-0333 | HONIGMAN MILLER SCHWARTZ & COHN<br>By: Herschel P. Fink (P13427)<br>Attorney for Intervenor Detroit Free Press<br>660 Woodward Avenue, Suite 2290<br>Detroit, Michigan 48226-3583<br>(313) 465-7000 |
| MOSS & COLELLA PC<br>By: David Moss (P36757)<br>By: Vince Colella (P49747)<br>Co-Counsel for Plaintiffs Ashly Jackson and India Bond Only<br>29100 Northwestern Hwy., Suite 310<br>Southfield, Michigan 48034<br>(248) 945-0100 | CITY OF DETROIT LAW DEPARTMENT<br>By: John A. Schapka (P36731)<br>By: Krystal A. Crittendon (P49981)<br>Attorneys for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton<br>660 Woodward Ave, Suite 1650<br>Detroit, Michigan 48226<br>(313) 237-3018 |

_____/

## **PLAINTIFFS' MOTION FOR CASE SCHEDULE EXTENSION**

1. NOW COME THE PLAINTIFFS ERNEST FLAGG, as next friend of JONATHAN BOND; TARIS JACKSON, as next friend of ASHLY JACKSON; and DR. BRIAN GREENE, as next friend of INDIA BOND ("PLAINTIFFS"), by and through by their undersigned counsel, NORMAN YATOOMA & ASSOCIATES, P.C., and in support of their Motion for Case Schedule Extension state that the Court should extend the case schedule because good cause is shown for the reasons that: (i) Defendant City of Detroit has just filed the numerous required Sky-Tel text messages for the Court's Magistrates' review in accordance with the recent court orders; (ii) the Magistrates have not had adequate time to review the text messages to segregate discoverable from nondiscoverable text messages; (iii) Plaintiffs have not yet received any text messages from the Magistrates, and for Plaintiffs to continue and complete discovery, their receipt is imperative; and (iv) Plaintiffs have been unable schedule numerous depositions due to the scheduling conflicts of counsel and the unavailability of the text messages,

and more time to schedule and complete these depositions is essential. Specifically, in support of the Motion to Extend Case Schedule, Plaintiffs' state as follows:

1. On November 7, 2005, Plaintiff Ernest Flagg, as Next Friend of Jonathan Bond, sued Defendants City of Detroit, former Mayor Kwame Kilpatrick, his former chief of staff, Christine Beatty, and several other defendants under 42 U.S.C. Sec. 1983 for violation of and conspiracy to deny Plaintiff's Fourteenth Amendment Due Process Right of access to the courts.[1]

2. On September 21, 2006, Plaintiff filed his First Amended Complaint removing several defendants in Plaintiff's Original Complaint, but adding three new defendants.[2]

3. On November 28, 2007, the Court ordered the substitution of Flagg's current counsel in place of Flagg's former counsel.[3]

4. On December 18, 2007, Flagg moved for leave to file his Second Amended Complaint to include earlier dismissed parties as defendants based on review of the available evidence.[4]

5 On January 4, 2008, the Court issued a Scheduling Order defining the following dates and deadlines in relevant part:

| | |
|---|---|
| Preliminary Lay Witness List Deadline: | July 17, 2008 |
| Final Expert Witness List Deadline: | July 17, 2008 |
| Discovery Deadline: | July 31, 2008 |
| Final Expert Witness List Deadline: | August 14, 2008 |
| Dispositive Motion Filing Deadline: | August 29, 2008 |
| Joint Final Pretrial Order Deadline: | January 2, 2009 |

---

[1] 11/7/05 Summonses & Complaint on file.
[2] 9/21/08 First Amended Complaint on file.
[3] 10/30/07 Stipulation for Substitution of Attorneys on file; 11/28/08 Order for Substitution of Attorneys on file.
[4] 12/18/07 Motion for Leave to File Second Amended Complaint on file.

Final Pretrial Settlement Conference Date:    January 8, 2009

Trial Date:    January 13, 2009[5]

6. On January 8, 2008, Flagg's Motion for Leave to File Second Amended Complaint was granted and Flagg filed his Second Amended Complaint with the Court on January 14, 2008.[6]

7. On January 25, 2008, Flagg subpoenaed "[c]opies of any and all records of the 14,000 'text messages'... between any City of Detroit official or employee, including, but not limited to Mayor Kwame M. Kilpatrick and Christine Beatty...."[7]

8. On January 31, 2008, several defendants moved to quash the subpoena and for a protective order, contending that the subpoena was irrelevant, overbroad, unduly burdensome, and harassing, based on hypertechnical arguments.[8]

9. On February 1, 2008, Flagg requested copies of the following documents from the City of Detroit, Kilpatrick, Beatty, Bully-Cummings, and Schwartz:

> "Copies of any and all records of incoming and outgoing text messages, telephone calls, and message logs, including the actual text messages originating from or received by any City of Detroit Skytel, Inc. messaging device issued to the following persons:"
>
> (1) Mayor Kwame M. Kilpatrick;
> (2) Carlita Kilpatrick;
> (3) Christine Beatty;
> (4) Billy Jackson, DPD[;]
> (5) Detroit Police Chief Ella Bully Cummings;
> (6) Harold Cureton, DPD;
> (7) Deputy Chief Cara Best, DPD;
> (8) Craig Schwartz, DPD; and
>
> "many other City of Detroit officials and employees."[9]

---

[5] Exhibit 1, 1/4/08 Scheduling Order.
[6] 1/8/08 Order Granting Plaintiff's Motion to File Second Amended Complaint on file; 1/14/08 Second Amended Complaint on file.
[7] 2/1/08 Motion to Preserve Evidence, Exhibit 2, 1/25/08 Subpoena to The Detroit Free Press on file.
[8] 1/31/08 Several Defendants' Motion to Quash Subpoena and for Protective Order on file.

10. Flagg also requested copies of any "agreements between Skytel, Inc. and/or Bell Industries, Inc. (SkyTel's parent corporation or owner) for the provision of communication services by Skytel, Inc. and/or Bell Industries, Inc. to the City of Detroit and any of its agencies or departments from January 1, 2002 to the present."[10]

11. Flagg further requested "[t]he complete homicide investigation file concerning Ms. Tamara Greene...."[11]

12. Moreover, Flagg requested several other categories of documents relevant to his claims and Defendants' defenses.[12]

13. On February 1, 2008, Flagg subpoenaed the same documents from Nonparty Bell Industries, Inc. f/k/a SkyTel, Inc.[13]

14. On February 1, 2008, Flagg moved to preserve evidence based on certain defendants' destruction of evidence and retaliation against Detroit Police Officers for investigating or trying to investigate the Tamara Greene murder case.[14]

15. **On February 7, 2008, this Court ordered Defendants to show cause why the Court should not order them and SkyTel "to preserve the various categories of materials identified in Flagg's motion and sought in Flagg's discovery requests and subpoenas...."**[15]

16. On February 8, 2008, Defendants moved to quash Flagg's February 1, 2008 subpoena and for a protective order, maintaining that the subpoena was irrelevant, overbroad,

---

[9] Exhibit 2, 2/1/08 Plaintiff Flagg's First Request for the Production of Documents and Things to Defendants City of Detroit, Mayor Kwame M. Kilpatrick, Christine Beatty, Ella Bully-Cummings and Craig Schwartz, Request to Produce Number 2.
[10] Ibid, Request to Produce Number 1.
[11] Ibid, Request to Produce Number 3.
[12] Ibid, Request to Produce Numbers 3, 5-12.
[13] Exhibit 3, 2/1/08 Plaintiff Flagg's Subpoena for Documents to Bell Industries, Inc. f/k/a SkyTel, Inc, also attached to 2/8/08 Defendants' Motion to Quash Subpoena to Bell Industries, Inc. f/k/a SkyTel, Inc. and for Protective Order, Exhibit 1, 2/1/08 Subpoena for Documents to Bell Industries, Inc. f/k/a SkyTel, Inc, on file.
[14] Exhibit 4, 2/1/08 Flagg's Motion to Preserve Evidence, paras 29, 31-33.
[15] Exhibit 5, 2/7/08 Order to Show Cause.

unduly burdensome, harassing, and in violation of several privileges, based on hypertechnical arguments [i.e., the usual litany of baseless objections].[16]

17. On February 11, 2008, Flagg subpoenaed certain documents such as the contents of Beatty's text messages transmitted on April 30, 2008, between 1:30 AM and 5:30 AM, related to his earlier subpoenaed documents from Nonparty Bell Industries, Inc. f/k/a Skytel, Inc.[17]

18. On February 11, 2008, Flagg requested documents from Defendants identifying SkyTel's PIN numbers issued to certain individuals, as well as "all records of incoming and outgoing emails, text messages, telephone calls and instant messages, including the actual emails, and instant and text messages" from or to several more designated City of Detroit employees during defined time periods.[18]

19. On February 20, 2008, Defendants moved to quash Flagg's February 11, 2008 subpoena and for a protective order, maintaining that the subpoena was irrelevant, overbroad, unduly burdensome, harassing, and in violation of several privileges based on hypertechnical arguments [i.e., the usual litany of baseless objections].[19]

20. **On March 4, 2008, Defendants responded to Flagg's First Request for Production of Documents, by objecting to every single request** as "vague, ambiguous and/or unintelligible,....overbroad....duplicative, unduly burdensome, harassing and/or oppressive....not relevant to any claim or defense....inva[sive of] the attorney-client privilege, work product privilege [and] ....premature", failing and refusing to furnish a single document.[20]

---

[16] 2/8/08 Defendants' Motion to Quash Subpoena to Bell Industries, Inc. f/k/a SkyTel, Inc. and for Protective Order on file.
[17] Exhibit 6, 2/11/08 Subpoena for Documents to Bell Industries, Inc. f/k/a SkyTel, Inc, also attached to 2/20/08 Defendants' Motion to Quash Subpoena to Bell Industries, Inc. f/k/a SkyTel, Inc. and for Protective Order, Exhibit 1, 2/11/08 Subpoena for Documents to Bell Industries, Inc. f/k/a SkyTel, Inc, on file.
[18] Exhibit 7, 2/11/08 Plaintiff's Second Request for the Production of Documents and Things to Defendants City of Detroit, Defendant Kwame M. Kilpatrick, Christine Beatty, and Ella Bully-Cummings, Requests 3, 4.
[19] 2/20/08 Defendants' Motion to Quash Subpoena to Bell Industries, Inc. and for Protective Order on file.
[20] Exhibit 8, 3/4/08 Defendants' Responses to Plaintiff's First Request for Production of Documents and Things.

21. On March 5, 2008, after considering Defendants' February 21, 2008 Response to Order to Show Cause, the Court granted Flagg's Motion to Preserve Evidence and ordered Defendants and SkytTel "to preserve the materials identified at pages 7-10, paragraph 29(A)-(M) of Plaintiff's motion, to the extent that these materials exist and are in the possession, custody, or control of either Defendants or SkyTel." (FN2).[21]

22. **On March 17, 2008, Defendants responded to Flagg's Second Request for Production of Documents, by objecting to every single request like they had objected to Plaintiff's First Request for Production of Documents,** but added their contention that every single request was "beyond the scope of discovery with respect to time frame, subject matter and/or category as discussed at the March 14, 2008 Status Conference, as well as the protocols and safeguards the Court put into place in connection with discovery in this case."[22]

23. On March 20, 2008, this Court granted in part and denied in part both motions to quash the Skytel Subpoenas and denied the motion to quash the Detroit Free Press Subpoena as moot.[23] The Court ordered Defendants to provide PIN numbers related to the text messaging devices, "the names of the individuals associated with each such number and the time periods during which these individuals were assigned a particular number" to Flagg "**on or before Friday, March 28, 2008....**"[24] The Court also ordered Defendants to provide the Detroit Police Department's "homicide file for the murder of Ms. [Tamara] Greene....to Flagg on or before **Friday, March 28, 2008....**"[25]

---

[21] Exhibit 9, 3/5/08 Order to Preserve Evidence, p 2.
[22] Exhibit 10, 3/17/08 Defendants' Responses to Plaintiff's Second Requests for Production of Documents and Things.
[23] Exhibit 11, 3/20/08 Opinion and Order Regarding Defendants' Motions to Quash Subpoenas and Other Discovery Matters, pp 7-12, 17-19.
[24] Ibid, p. 12
[25] Ibid.

24. **The Court also extended its January 4, 2008 Scheduling Order dates and deadlines by ninety (90) days as follows:**

| | |
|---|---|
| Preliminary Lay Witness List Deadline: | October 17, 2008 |
| Final Expert Witness List Deadline: | October 17, 2008 |
| Discovery Deadline: | October 31, 2008 |
| Final Expert Witness List Deadline: | November 14, 2008 |
| Dispositive Motion Filing Deadline: | December 1, 2008 |
| Joint Final Pretrial Order Deadline: | March 20, 2009 |
| Final Pretrial Settlement Conference Date: | March 26, 2009 |
| Trial Date: | April 2009[26] |

25. That same day, the Court established a protocol for review and production of the text messages and designated U.S. Magistrate Judges Whalen and Hluchaniuk to review the text messages, and on March 21, 2008, the Court formally referred this action to them for this purpose.[27]

26. **The Court described the review process as "a sizeable undertaking" and explained that the Magistrates would review the text messages "in several stages."**[28]

27. The Court directed SkyTel to file in successive groups "two copies of these materials [text messages] *under seal*" for the Magistrates' review in accordance with their established schedule.[29] The Magistrates would review "each successive set of communications"

---

[26] Ibid, pp 19-20.
[27] Exhibit 12, 3/20/08 Order Establishing Protocol for Review and Production of Text Messages and Designating Magistrate Judges Whalen and Hluchaniuk to Conduct This Review & 3/21/08 Orders of Reference to United States Magistrate Judge.
[28] Exhibit 12, 3/20/08 Order Establishing Protocol for Review and Production of Text Messages and Designating Magistrate Judges Whalen and Hluchaniuk to Conduct This Review, p 4.
[29] Ibid at pp 5, 6.

and decide "which...communications are discoverable under...Fed. R. Civ. P. 26(b)(1).[30] The Magistrates would forward a proposed "order and accompanying report provided under seal to the Court and the parties' counsel, with the discoverable communications identified in a way that does not divulge their contents."[31] Then, Defense Counsel would have "an opportunity to review the communications identified in the Magistrate Judges' order and report", FN6 and to object "as to discoverability, privilege, or any other matter deemed appropriate to the Court's determination [on] whether to order the disclosure of these communications to Plaintiff. Plaintiff's counsel will then have an opportunity to respond to Defendants' objections, FN7 and the Court will [determine]" whether to sustain or overrule the objections.[32]

28.     On March 31, 2008, the City of Detroit moved to stay all proceedings in this action in large part due to the criminal proceedings against Kilpatrick,[33] and on April 7, 2008, Defendant City amended its motion.[34]

29.     On April 7, 2008, Beatty also moved to stay all proceedings in this action in large part due to the criminal proceedings against her,[35] and on April 11, 2008, Kilpatrick concurred in Defendant City of Detroit's above amended motion.[36]

30.     **On April 10, 2008, Flagg moved for an order compelling Defendant City of Detroit to show cause why it should not be held in contempt for failing to provide the PIN numbers assigned to City employees for SkyTel pagers on time.**[37] Defendant City of Detroit

---

[30] Ibid at p 6.
[31] Ibid.
[32] Ibid at pp 6-7.
[33] 3/31/08 Defendant City of Detroit's Emergency Motion to Stay Civil Proceedings and for Gag Order on file.
[34] 4/7/08 Defendant City of Detroit's Amended Emergency Motion to Stay Civil Proceedings and for Gag Order on file.
[35] 4/7/08 Defendant Beatty's Motion for Stay of Proceedings on file.
[36] 4/11/08 Defendant Beatty's Concurrence in 4/7/08 Defendant City of Detroit's Amended Emergency Motion to Stay Civil Proceedings and for Gag Order on file.
[37] Exhibit 13, 4/10/08 Plaintiff Flagg's Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendant City of Detroit or Why The City of Detroit Should Not Be Held In Contempt

had announced that City employees had shredded "'the itemized statement listing incoming and outgoing telephone numbers relative to test [sic] message equipment."[38] Flagg emphasized that "The City of Detroit has clearly defied this Court's Orders concerning the necessary production of the [Tamara Greene] homicide file, PIN numbers, and pager assignments" essential, to "the production of the relevant text messages."[39]

31. On April 15, 2008, after Defendants had failed to provide the Detroit Police Department's homicide file on Ms. Greene's murder, the Court ordered that, on or before **Friday, April 18, 2008,** "Defendants shall submit to the Court **under seal** a copy of the complete Detroit Police Department homicide file for the murder of Tamara Greene" for "an *in camera* review of this file" and "an initial determination" of discoverable parts.[40] The Court established a procedure for Defendants to object to disclosure and Flagg to respond.[41]

32. On April 15, 2008, this Court denied Defendants City of Detroit's and Beatty's motions to stay proceedings.[42]

33. **The Court also expressed displeasure "regarding the Defendant City's failure to uncover and produce *any information whatsoever* linking specific City employees to specific SkyTel text messaging devices"** and expressed its determination, if necessary, "to revisit this matter with the Defendant City of Detroit and its counsel, both to ensure that no stone is left unturned in the effort to uncover this information wherever it may reside in the City's records, and to determine precisely who might have discarded or destroyed the records from

---

[38] Exhibit 13, 4/10/08 Plaintiff Flagg's Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendant City of Detroit or Why The City of Detroit Should Not Be Held In Contempt, p 4.
[39] Ibid at p 6.
[40] Exhibit 14, 4/15/08 Order to Produce Homicide File for *In Camera* Review, pp 2-3.
[41] Ibid at p 3.
[42] Exhibit 15, 4/15/08 Order Regarding Various Pending Motions.

which this information could have been obtained, when they did so, and the grounds for doing so."[43]

34. The Court directed Flagg to subpoena "information that links particular City of Detroit employees to particular SkyTel text messaging devices for the time periods at issue in this case...."[44]

35. On April 21, 2008, Flagg subpoenaed the above information from SkyTel.[45]

36. **On April 25, 2008, Defendant Beatty moved to quash the above subpoena and bar discovery of electronic communications from SkyTel** based on the U.S. Stored Communications Act.[46]

37. On April 30, 2008, Kilpatrick joined in Beatty's above motion.[47]

38. **On May 2, 2008, Defendant City of Detroit also moved to quash the above subpoena and bar discovery of electronic communications from SkyTel** based on the U.S. Stored Communications Act.[48]

39. On May 5, 2008, Flagg moved to add Ashley Jackson and India Bond as plaintiffs.[49]

40. On May 6, 2008, this Court rejected Beatty's and Kilpatrick's contention that "information regarding the so-called 'PIN' numbers of the text messaging devices it [SkyTel] issued to the Defendant City and the names of the individual City employees to whom these

---

[43] Ibid at p 4, n.1.
[44] Ibid at p 3.
[45] Exhibit 16, 4/21/08 Plaintiff Flagg's Subpoena also attached to 4/25/08 Defendant, Christine Beatty's, Motion to Preclude Discovery of Electronic Communications from SkyTel Based upon the Federal Stored Communications Act, Exhibit 7, on file.
[46] 4/25/08 Defendant, Christine Beatty's, Motion to Preclude Discovery of Electronic Communications from SkyTel Based upon the Federal Stored Communications Act, Exhibit 7, on file.
[47] 4/30/08 Defendant Kilpatrick's Joinder of Motion of Defendant, Christine Beatty's, Motion to Preclude Discovery of Electronic Communications from SkyTel Based upon the Federal Stored Communications Act on file.
[48] 5/2/08 Defendant City of Detroit's Motion to Preclude Discovery of Electronic Communications from SkyTel Based upon the Federal Stored Communications Act on file.
[49] 5/5/08 Plaintiff Flagg's Motion for Leave to File Third Amended Complaint on file.

devices were issued....like the underlying electronic communications sent or received by City employees and maintained by SkyTel, is shielded from civil discovery by the federal Stored Communications Act....." as "utterly lacking in merit."[50] The Court stated that "[a]s explained in the April 15, 2008 order, this subpoena was necessitated by the Defendant City's failure to produce this information in response to the Court's order that it do so."[51]

41. Since Defendant City of Detroit had never filed copies of any City of Detroit-SkyTel contracts, the Court ordered Defendant City to do so "covering the period from August 1, 2002 to September 1, 2007...."[52]

42. On May 8, 2008, Defendant Bully-Cummings notified the Court and all other parties of her compliance with the Court's April 15, 2008 Order requiring production of the Detroit Police Department's complete Tamara Greene homicide file.[53]

43. On May 13, 2008, Non-Party Bell Industries d/b/a SkyTel moved to quash Flagg's February 1, and 11, 2008 subpoenas or to compel Defendant City of Detroit "to request and obtain the subpoenaed information from SkyTel."[54]

44. On May 19, 2008, under the Court's March 20, 2008 Order, Non-Party Bell Industries d/b/a SkyTel filed certain documents with the Court under seal.[55]

45. On August 22, 2008, in an order, the Court addressed several outstanding motions and related matters. The Court denied Defendant City of Detroit's motions to quash subpoenas, but instructed Flagg to "reformulate his third-party subpoena as Rule 34 request for production directed at the Defendant City....prepare and serve a Rule 34 request for production of the

---

[50] Exhibit 17, 5/6/08 Order Regarding Defendants' Motions to Preclude Discovery of Electronic Communications, p 2.
[51] Ibid at p 2, n.2.
[52] Ibid at p 2.
[53] 5/8/08 Notice of Compliance with Court Opinion and Order Dated April 15, 2008 Regarding Production of Detroit Police Department Homicide File 03-113 Regarding Tamara Greene for an In-Camera Review on file.
[54] 5/13/08 Motion to Quash by Non-Party Bell Industries, Inc. d/b/a SkyTel, p 12, on file.
[55] 5/19/08 Non-Party Bell Industries, Inc. d/b/a SkyTel's Notice of Documents Filed Under Seal on file.

relevant text messages maintained by SkyTel on behalf of the Defendant City. The City shall then forward this discovery request to SkyTel, and SkyTel, in turn, shall proceed in accordance with the protocol set forth in the Court's March 20, 2008 order."[56] The Court recognized that its decision also resolved SkyTel's above motion to quash subpoenas or for alternative relief.[57]

46. On September 3, 2008, under the Court's August 22, 2008 Court Order, instead "of re-issuing the same [February 1 & 11, 2008 First and Second] Rule 34 discovery requests...to the City of Detroit," Plaintiffs asked Defendants to supplement their responses to Plaintiffs' First and Second Requests for Production of Documents and Things in accordance with the Court's March 20, 2008 Discovery Protocol Order.[58]

47. On September 4, 2008, the Court granted Plaintiff Flagg's Motion for Leave to File Third Amended Complaint, and on September 5, 2008, Plaintiff Flagg filed his Third Amended Complaint.[59]

48. **On September 5, 2008, Magistrate Whalen established the "schedule for production of text messages from Bell Industries, Inc. d/b/a SkyTel...for *in camera* review...."**[60] Under this schedule, "[o]n or before **September 8, 2008,** Plaintiff shall serve a Rule 34 Document Request on Defendant City of Detroit as to incoming or outgoing text messages or other communications, maintained by SkyTel on behalf of the City of Detroit, that originated from or were received by **any** City of Detroit official or employee between 1:30 a.m. and 5:30 a.m., on the morning of April 30, 2003."[61] Next, "[o]n or before **September 10, 2008,**

---

[56] Exhibit 18, 8/22/08 Opinion and Order Regarding Defendants' Motions to Preclude Discovery of Electronic Communications Excerpt, p 47.
[57] Ibid at p 48, n.32.
[58] Exhibit 19, 9/3/08 Plaintiffs' Request for Supplementation of First and Second Requests for Production of Documents and Things.
[59] 9/4/08 Opinion and Order Regarding Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to File Third Amended Complaint on file; 9/5/08 Plaintiff's Third Amended Complaint on file.
[60] Exhibit 20, 9/5/08 Order.
[61] Ibid at p 1.

Defendant City of Detroit shall forward the request to SkyTel, along with its written authorization to release said communications to the Court for *in camera* review."[62] "On or before September 19, 2008, SkyTel shall forward three copies of said communications, in CD form," to the Court, "in a sealed envelope, for distribution to [Magistrates Whalen and Hluchaniuk], who will conduct an *in camera* review."[63]

49. Magistrate Whalen also ordered that **by September 19, 2008,** Flagg "shall serve a Rule 34 Document Request on Defendant City of Detroit, requesting incoming or outgoing text messages or other communications, maintained by SkyTel on behalf of the City of Detroit, as to text messaging devices issued to specific individuals, during the time periods set forth at p.2, fn.1, of the Court's Order of March 20, 2008" and ordered Flagg to "endeavor to identify a more limited number of individuals than the 34 names listed on the original subpoena. N.1" and the 42 names mentioned during the September 4, 2008 status conference.[64] The Court further ordered that **by September 26, 2008,** "Defendant City of Detroit shall forward the request to SkyTel, along with its written authorization to release said communications to the Court for *in camera* review. N.2."[65] Then, the Court ordered that **within 10 days of receiving this request from Defendant City of Detroit,** SkyTel shall forward three copies of said communications, in CD form," to the Court, "in a sealed envelope, for distribution to [Magistrates Whalen and Hluchaniuk], who will conduct an *in camera* review."[66] Finally, the Court ordered SkyTel to provide "a spreadsheet containing a list of cell/phones/text messaging devices issued to individuals and departments of the City of Detroit....in CD form, to the attorneys for all parties,

---

[62] Ibid at p 2.
[63] Ibid.
[64] Exhibit 20, 9/5/08 Order, p 2.
[65] Ibid at pp 2-3.
[66] Ibid at p 3.

and to submit two copies, in CD form, directly to [Magistrate Whalen]" **by September 12, 2008.**[67]

50. On September 12, 2008, in further compliance with the August 22, 2008 Court Order, Flagg requested further documents that he had subpoenaed from Non-Party Bell Industries, Inc. d/b/a SkyTel, Inc., including "all incoming or outgoing text messages or other communications maintained by SkyTel on behalf of the City of Detroit, that originated from or were received by any City of Detroit official or employee on April 30, 2008."[68]

51. On September 18, 2008, based on the parties' stipulation, Magistrate Whalen modified his order slightly.[69]

52. On September 19, 2008, SkyTel filed "three (3) CDs containing incoming or outgoing text messages or other communications maintained by Sky[T]el on behalf of the City of Detroit that originated from or were received by any City of Detroit official or employee on April 30, 2003, by Non-Party Bell Industries, Inc. d/b/a SkyTel...."[70]

53. **Thus, Defendants have tried to block Plaintiffs' discovery requests regarding the crucial electronic communications at issue continuously and repeatedly, thereby delaying discovery.**

54. **The Court has only resolved Defendants' discovery objections recently, SkyTel has only filed the mandatory documents under seal for the magistrates' in camera review recently, and the magistrates have only recently begun their in camera review.**

---

[67] Ibid at p 3.
[68] Exhibit 21, 9/12/08 Plaintiffs' Third Request for the Production of Documents and Things to Defendant City of Detroit Regarding Electronic Communications, etc.
[69] 9/18/08 Stipulation & Order on file.
[70] Exhibit 22, 9/1908 Non-Party Bell Industries d/b/a SkyTel, Inc.'s Notice of Documents Filed Under Seal.

55. Without their review results, resolution of any disclosure objections, and actual possession of materials ruled discoverable, Plaintiffs cannot decide, beyond the two deposition witnesses currently noticed, which witnesses to depose.

56. For these reasons, the present case schedule is impracticable; good cause for the requested case schedule extension is present; and a 90-day case schedule extension is imperative.

57. Thus, Plaintiffs suggest the following case schedule reflecting their proposed 90-day case schedule extension be ordered:

| | |
|---|---|
| Preliminary Lay Witness List Deadline: | January 17, 2009 |
| Final Expert Witness List Deadline: | January 17, 2009 |
| Discovery Deadline: | January 31, 2009 |
| Final Expert Witness List Deadline: | February 14, 2009 |
| Dispositive Motion Filing Deadline: | March 1, 2009 |
| Joint Final Pretrial Order Deadline: | June 20, 2009 |
| Final Pretrial Settlement Conference Date: | June 26, 2009 |
| Trial Date: | July 2009. |

## CONCLUSION

WHEREFORE, Plaintiffs, ERNEST FLAGG, as next friend of JONATHAN BOND, TARIS JACKSON, as next friend of ASHLY JACKSON, and DR. BRIAN GREENE, as next friend of INDIA BOND respectfully request this Court to:

A. Grant their motion.

B. Extend the present March 20, 2008 case schedule by ninety (90) days as proposed in above motion paragraph 56.

Dated: October 7, 2008

/s/ Norman A. Yatooma
Norman Yatooma & Associates, P.C.
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
lederman@normanyatooma.com

NORMAN YATOOMA & ASSOCIATES, P.C.

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR CASE SCHEDULE EXTENSION

The Court has the authority to extend the case schedule for good cause. Fed. R. Civ. P. 16(b)(4). Good Cause is present here. Thus, the Court should extend the case schedule.

WHEREFORE, Plaintiffs, ERNEST FLAGG, as next friend of JONATHAN BOND, TARIS JACKSON, as next friend of ASHLY JACKSON, and DR. BRIAN GREENE, as next friend of INDIA BOND respectfully request this Court to:

A. Grant their motion.

B. Extend the present March 20, 2008 case schedule by ninety (90) days as proposed in above motion paragraph 56.

October 7, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 7, 2008, I electronically filed the following papers with the Clerk of the Court using the CM/ECF system:

**PLAINTIFF'S MOTION FOR CASE SCHEDULE EXTENSION**

On the following:

| | |
|---|---|
| **PLUNKETT COONEY**<br>By: Kenneth L. Lewis (P26071)<br>By: Said A. Taleb (P66030)<br>By: Randal M. Brown (P70031)<br>Attorneys for Defendant Ella Bully-Cummings<br>535 Griswold, Suite 2400<br>Detroit, MI 48226 | **JAMES C. THOMAS**<br>By: James C. Thomas (P23801)<br>Attorney for Defendant Kilpatrick<br>535 Griswold Street, Suite 2632<br>Detroit, Michigan 48226 |
| **WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**<br>By: Thomas G. Plunkett (P18957)<br>By: David E. Plunkett (P66696)<br>Attorneys for Bell Industries, Inc., d/b/a SkyTel<br>380 N. Old Woodward Avenue, Suite 300<br>Birmingham, Michigan 48009 | **CITY OF DETROIT LAW DEPARTMENT**<br>By: Krystal A. Crittendon (P49981)<br>By: John A. Schapka (P36731)<br>Attorneys for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton<br>660 Woodward Ave, Suite 1650<br>Detroit, Michigan 48226 |
| **HONIGMAN MILLER SCHWARTZ & COHN**<br>By: Herschel P. Fink (P13427)<br>Attorney for Intervenor Detroit Free Press<br>660 Woodward Avenue, Suite 2290<br>Detroit, Michigan 48226-3583 | **MORGANROTH & MORGANROTH, PLLC**<br>By: Mayer Morganroth (P17966)<br>By: Jeffrey B. Morganroth (P41670)<br>Attorneys for Defendant Christine Beatty<br>3000 Town Center, Suite 1500<br>Southfield, Michigan 48075 |

October 7, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com