# UNITED STATES OF AMERICA
## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ERNEST FLAGG, as Next Friend of<br>JONATHAN BOND, a minor,<br>TARIS JACKSON, as Next Friend of<br>ASHLY JACKSON, a minor; and<br>DR. BRIAN GREENE, as Next Friend of<br>INDIA BOND, a minor; | Case No.: 05-CV-74253<br>Hon. Gerald Rosen |

        Plaintiff,

-vs-

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST
JOHN DOE POLICE OFFICERS 1 - 20;
ASST. DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ;
MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally

        Defendants.

_____/

| | |
|---|---|
| **NORMAN YATOOMA & ASSOCIATES, P.C.**<br>By: Norman A. Yatooma (P54746)<br>By: Robert S. Zawideh (P43787)<br>Attorneys for Plaintiffs<br>219 Elm Street<br>Birmingham, Michigan 48009<br>(248) 642-3600 | **JAMES C. THOMAS, P.C.**<br>By: James C. Thomas (P23801)<br>Attorney for Defendant Kilpatrick<br>535 Griswold Street, Suite 2632<br>Detroit, Michigan 48226<br>(313) 963-2420 |
| **PLUNKETT COONEY**<br>By: Kenneth L. Lewis (P26071)<br>By: Said A. Taleb (P66030)<br>By: Randal M. Brown (P70031)<br>Attorneys for Defendant Ella Bully-Cummings<br>535 Griswold, Suite 2400<br>Detroit, MI 48226<br>(313) 983-4790 | **CITY OF DETROIT LAW DEPARTMENT**<br>By: John A. Schapka (P36731)<br>By: Krystal A. Crittendon (P49981)<br>Attorney for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton<br>660 Woodward Ave, Suite 1650<br>Detroit, Michigan 48226<br>(313) 237-3018 |

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)
Attorneys for Bell Industries, Inc., d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333

MOSS & COLELLA PC
By: David Moss (P36757)
By: Vince Colella (P49747)
Co-Counsel for Plaintiffs Ashly Jackson and India Bond Only
29100 Northwestern Hwy., Suite 310
Southfield, Michigan 48034
(248) 945-0100

HONIGMAN MILLER SCHWARTZ & COHN
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583
(313) 465-7000

MORGANROTH & MORGANROTH, PLLC
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084

_____/

## PLAINTIFFS' RESPONSE TO MAGISTRATE WHALEN'S ORDER TO APPEAR FOR ORAL ARGUMENT

PLAINTIFFS ERNEST FLAGG, as Next Friend of JONATHAN BOND, TARIS JACKSON, as Next Friend of ASHLY JACKSON, and DR. BRIAN GREENE, as Next Friend of INDIA BOND ("PLAINTIFFS"), by their undersigned counsel, NORMAN YATOOMA & ASSOCIATES, P.C., respond to Magistrate Whalen's October 20, 2008, Order To Appear For Oral Argument with the following list of "individuals"[1] from who text messages are sought with a brief explanation of the relevance of each individual:

---

[1] From the PIN information provided by Skytel, it is difficult to identify which "individuals" are associated with a particular PIN. Nonetheless, Judge Rosen previously ruled that in light of the City of Detroit's inability (or refusal) to produce identifying information, **"If we cannot identify the employees and match them up with the pagers during the relevant time periods, I'm afraid that I will have no recourse but to order the production of all text messages during the relevant time period under the procedure that the Court has outlined in its previous order." See Transcript of April 14, 2008 Hearing, pp. 56.20-56.25, attached hereto as Exhibit A.** Accordingly, Plaintiff has attempted to balance the issue created by the City, Plaintiffs' right and need to obtain relevant evidence against the potential for a larger records production than necessary. Therefore while certain Holders of Skytel devices remain unidentified, the department or description of the Holder may have been such as to require production of text records not assigned, as indicated on the Skytel PIN list, to a named "individual."

| | HOLDER | RELEVANCE |
|---|---|---|
| 1. | CITY OF DETROIT MAYORS OFF | There was no Skytel Pager in which Defendant Kilpatrick was identified by name. However, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 2. | CITY OF DETROIT | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 3. | FIRST LADY | "First Lady" appears to be a reference to Carlita Kilpatrick. There is information to believe she assaulted Tamara Greene at the Manoogian Mansion party, and it should be clear by now that such a desire to obstruct inquiry into this was at least one of the motives in retaliating against Gary Brown and Harold Nelthrope. Accordingly, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 4. | BERNARD K | "Bernard K" appears to be a reference to Bernard Kilpatrick, Defendant Kilpatrick's father. There is information to believe he was at the party where Ms. Greene was assaulted, and that he communicated regularly about all matters with his son, including those relevant to this case. Accordingly, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely |

relevant communications to and from the parties or their principals and agents.

| | | |
|---|---|---|
| 5. | AJENE EVANS | Defendant Kilpatrick's relative. Plaintiff believes this individual had all of the parties at the Manoogian mansion, and even had keys to it. Ajene Evans worked for the City and saw his salary rise steeply, 77%, from $32,500 to $57,500. Based on the forgoing, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 6. | AL FIELDS | Mayoral appointee. Given Defendant Kilpatrick and Beatty's control and influence over their appointees, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 7. | ALICE BEATTY | Defendant Beatty's relative. Based on the forgoing, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 8. | ANDREA CARROLL | On information and belief, this Holder is one of Carlita Kilpatrick's closest friends and also held the position of Director of the Manoogian Mansion. Based on the forgoing, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 9. | ANTHONY ADAMS | Former Deputy Mayor and confidant of Defendant Kilpatrick. They possibly communicated regarding the allegations the Mayor faced and the impact on the City. Based on the forgoing, text messages from this Holder appear reasonably calculated to |

lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents.

| | | |
|---|---|---|
| 10. | BRENDA BRACEFUL | Former Deputy Corporation Counsel. Law license subsequently revoked for acts of dishonesty involving client funds. By virtue of her position, she may have worked with Defendants in furtherance of their obstruction of justice. |
| 11. | BLK SPARE 1 | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents |
| 12. | C.D. | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 13. | CEEON QUIETT | Communications Director for the Office of the Mayor and the City of Detroit - a position Mayor Kwame M. Kilpatrick appointed her to in April 2004. She served as the Mayor's advisor, cabinet member and manager of strategic communications. She is also Defendant Beatty's college sorority sister. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents |

NORMAN YATOOMA & ASSOCIATES, P.C.

| | | |
|---|---|---|
| 14. | CHARLES BECKHAM | On information and belief, he is a close confidant of Defendant Kilpatrick, and they may have communicated with each other regarding the issues involved in this lawsuit. |
| 15. | COD USER 2 | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 16. | DAVE MANNEY | Former spokesman for Defendant Kilpatrick and Communications Director for the City during the pendency of the related lawsuits. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 17. | DEDAN MILTON | Childhood friend of Defendant Kilpatrick, was his liaison to the City Council, then became his Chief of Staff. Likely close confidant. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 18. | DERRICK MILLER | Graduated from Cass Tech High School with Defendants Beatty and Kilpatrick in 1988, close friend and confidant of Defendant Kilpatrick and former Chief Administrative Officer. On information and belief, currently under federal investigation for charges of corruption while in office. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |

| | | |
|---|---|---|
| 19. | EMPLOYMENT & TRAINING | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 20. | JAMES CANNING | Former Deputy Press Secretary for Defendant Kwame Kilpatrick. On information and belief, has information regarding the ownership and/or use of the Skytel pagers, and was in contact with several Defendants during the relevant time periods. His position would likely require communication regarding the subjects of this lawsuit. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 21. | JAMES TATE | Spokesperson for the Detroit Police Department and Defendant Bully-Cummings. Has information relevant to Joyce Rodgers and by virtue of his position, would likely be briefed on all issues pertaining to homicide investigation and investigation into the Manoogian Mansion party and the cover up of same. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 22. | KANDIA MILTON | Childhood friend and confidant of Defendant Kilpatrick, worked as his assistant, executive assistant and Deputy Mayor. On information and belief, currently under federal investigation for corruption in office. Saw his salary rise steeply during his employment. Because of his close personal |

NORMAN YATOOMA & ASSOCIATES, P.C.

|     |     |     |
| --- | --- | --- |
|     |     | and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 23. | KAREN | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, or incompletely identified, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 24. | LISA MILLER | On information and belief, she is the wife of Derrick Miller. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from her husband and possibly the parties or their principals and agents. |
| 25. | LUCIUS VASSAR | Former Head of Workforce Development and Chief Administrative Officer appointed by Defendant Kilpatrick. On information and belief, he had close access to Defendant Kilpatrick and communicated with him regularly. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 26. | MIKE TARDIFF | Top aide to Kilpatrick; on information and belief, currently under federal investigation for corruption in office. Long time friend of Defendant Kilpatrick. Because of his close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the |

| | | |
|---|---|---|
| | | discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 27. | MISTY EVANS | Graduated from Cass Tech High School with Defendants Beatty and Kilpatrick in 1988, close friend and staff member of Defendant Kilpatrick. Because of her close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 28. | NEW HIRE 2 | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 29. | NIKKI EVANS | Kilpatrick appointee who, on information and belief, sent out emails to City employees instructing them to engage in a "Media Watch" campaign. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 30. | NNEKA KAFI | Defendant Kilpatrick's niece. Because of her close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 31. | PAMELA SCALES | Former Deputy Budget Director, then Budget Director of the City of Detroit. |

|  |  |  |
|---|---|---|
|  |  | Inexplicably received a 17% raise when the Defendant Kilpatrick was on his way out the door, despite the existence of an alleged $100,000,000.00 budget deficit. Because of her close professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 32. | PATRICIA PEOPLES | Defendant Kilpatrick's cousin and Former Human Resources Deputy Director. Likely would have been involved or knowledgeable regarding the retaliation against Gary Brown, Harold Nelthrope, Walter Harris, and Alvin Bowman. Because of her close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 33. | RUTH CARTER | Former Head of the City of Detroit Law Department, and former girlfriend of Bernard Kilpatrick, Defendant Kilpatrick's father. On information and belief, she closely monitored the Greene homicide investigation for Defendant Kilpatrick. Because of her close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 34. | SEAN WERDLOW | Defendant Kilpatrick's close friend and former Chief Financial Officer for the City of Detroit. Because of his close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |

| | | |
|---|---|---|
| 35. | SILV SPARE 1 | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 36. | SILVER SPARE 1 | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 37. | T W | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 38. | UNASSIGNED | Many of the principals whom Plaintiffs believe were assigned Skytel pagers are not listed on the PIN list. If they are unassigned pagers, they are well suited for those individuals who wish to text anonymously. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 39. | SHEREECE FLEMING-FREEMAN | Detroit Police Commander and former Chief Oliver's Chief of Staff. On information and belief, she exchanged text messages with |

NORMAN YATOOMA & ASSOCIATES, P.C.

Defendant Beatty about the firing of Gary Brown and testified falsely about it in her civil case. Therefore, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents.

| | | |
|---|---|---|
| 40. | BILLY JACKSON | Former Tamara Greene homicide investigator. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 41. | FORMER CHIEF JERRY OLIVER | Former Chief of Police who on information and belief regularly reviewed the homicide investigation file. On information and belief, documents and reports went missing following a review by Chief Oliver's office. Also, alleged to have participated in the firing of Gary Brown. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 42. | PAYTRA WILLIAMS | Former stripper turned Detroit Police Officer reputed to have danced at the Manoogian Mansion party with Tammy Greene. On information and belief, was also attacked by Carlita Kilpatrick and was promoted for her silence. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 43. | OFC. LORENZO JONES | Defendant Kilpatrick's childhood friend and eventual de facto head of his Executive Protection Unit. Likely to have knowledge of the Manoogian Mansion party, and on information and belief, interactions between |

|  |  |  |
|---|---|---|
|  |  | Defendant Kilpatrick and Tammy Greene. Rumored to be related to Butch Jones, head of Young Boys Incorporated ("YBI"), a notorious drug gang. Defendant Kilpatrick's friend, Keith Stallworth, was convicted of laundering money through his strip clubs for YBI. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 44. | OFC. MIKE MARTIN | Lorenzo Jones' close friend with whom he served on Defendant Kilpatrick's Executive Protection Unit. Likely to have knowledge of the Manoogian Mansion party, and on information and belief, interactions between Defendant Kilpatrick and Tammy Greene. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 45. | JANICE BUTLER | Chief of Staff to Defendant Ella Bully Cummings. Because of her professional relationship with Bully-Cummings, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 46. | ASST. CHIEF GEORGE HALL, DPD; | Deputy Chief under Defendants Kilpatrick and Bully-Cummings. Because of his position and professional relationship with Oliver, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 47. | WALTER SHOULDERS | Assistant Chief to Jerry Oliver. On information and belief, participated in communications with Oliver, Fleming-Freeman and Defendant Beatty regarding the firing of Gary Brown. Because of his |

professional relationship with Oliver, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents.

| | | |
|---|---|---|
| 48. | CMDR TODD BETTISON, DPD | Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 49. | DEP. CHIEF WALTER MARTIN | Oversaw the Tamara Greene homicide investigation after it was assigned to Cold Case. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 50. | WALTER LONG | Precinct Commander with Detroit Police Department. On information and belief, may know about destruction of records. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 51. | BRIAN STAIR, DPD | Member of the Detroit Police Department. Had knowledge of the internal affairs investigation that began with Harold Nelthrope's investigation. Close friend of Mike Martin. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear |

| | | |
|---|---|---|
| | | reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 52. | FRED MCCLURE | Member of the Detroit Police Department. Had knowledge of the internal affairs investigation that began with Harold Nelthrope's investigation. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 53. | ROOSEVELT LAWRENCE | Member of the Detroit Police Department. Had knowledge of the internal affairs investigation that began with Harold Nelthrope's investigation. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 54. | PIERRE FORTIER | Member of the Detroit Police Department. On information and belief, has information concerning the destruction of evidence, records, reports and file information related to the Tamara Greene homicide investigation. Because of his rank and/or position within the Detroit Police Department during the relevant periods, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 55. | TYRONE SCOTT | High ranking official in the Detroit Fire Department with strong ties to Defendant Kilpatrick. Has knowledge of EMS services and disappearance of records regarding |

same and retaliation against witnesses regarding same. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents.

| | | |
|---|---|---|
| 56. | SETH DOYLE | High ranking official in the Detroit Fire Department with strong ties to Defendant Kilpatrick. Has knowledge of EMS services and disappearance of records regarding same and retaliation against witnesses regarding same. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 57. | CHERYL CAMPBELL, | High ranking official in the Detroit Fire Department with strong ties to Defendant Kilpatrick. Has knowledge of EMS services and disappearance of records regarding same and retaliation against witnesses regarding same. Text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 58. | MATT ALLEN | Defendant Kilpatrick's former Press Secretary. Because of his close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 59. | KERWIN WIMBERLEY, | Defendant Kilpatrick's liaison to the Detroit City Council. Because of his close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely |

| | | |
|---|---|---|
| | | relevant communications to and from the parties or their principals and agents. |
| 60. | PAM EVANS | Member of the Detroit Police Department during the relevant time periods. Because of her position in the Police Department, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 61. | DETECTIVE M. JIMENEZ | On information and belief, Det. Jiminez was, at the relevant times, a member of the Detroit Police Department, Homicide Unit, and has knowledge of the Tamara Greene homicide investigation. Because of her position in the Police Department, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |
| 62. | MARK ANDRE CUNNINGHAM | Former aide to Defendant Kilpatrick. Because of his close personal and professional relationship with Kilpatrick, text messages from this Holder appear reasonably calculated to lead to the discovery of admissible evidence, namely relevant communications to and from the parties or their principals and agents. |

Respectfully Submitted,

Dated: October 23, 2008

/s/ Norman A. Yatooma (P54746)
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2008, I electronically filed the PLAINTIFFS' RESPONSE TO MAGISTRATE WHALEN'S ORDER TO APPEAR FOR ORAL ARGUMENT with the Clerk of the Court using the CM/ECF system on the following:

**PLUNKETT COONEY**
By: Kenneth L. Lewis (P26071)
By: Said A. Taleb (P66030)
By: Randal M. Brown (P70031)
Attorneys for Defendant Ella Bully-Cummings
535 Griswold, Suite 2400
Detroit, MI 48226

**JAMES C. THOMAS**
By: James C. Thomas (P23801)
Attorney for Defendant Kilpatrick
535 Griswold Street, Suite 2632
Detroit, Michigan 48226

**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT**
By: Thomas G. Plunkett (P18957)
By: David E. Plunkett (P66696)
Attorneys for Bell Industries, Inc., d/b/a SkyTel
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009

**CITY OF DETROIT LAW DEPARTMENT**
By: Krystal A. Crittendon (P49981)
By: John A. Schapka (P36731)
Attorneys for Defendants City of Detroit, Craig Schwartz, Cara Best and Harold Cureton
660 Woodward Ave, Suite 1650
Detroit, Michigan 48226

**HONIGMAN MILLER SCHWARTZ & COHN**
By: Herschel P. Fink (P13427)
Attorney for Intervenor Detroit Free Press
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3583

**MORGANROTH & MORGANROTH, PLLC**
By: Mayer Morganroth (P17966)
By: Jeffrey B. Morganroth (P41670)
Attorneys for Defendant Christine Beatty
3000 Town Center, Suite 1500
Southfield, Michigan 48075

Dated: October 23, 2008

/s/ Norman A. Yatooma
**Norman Yatooma & Associates, P.C.**
By: Norman A. Yatooma (P54746)
By: Robert S. Zawideh (P43787)
Attorneys for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600
nya@normanyatooma.com