UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend of JONATHAN BOND,
a minor, TARIS JACKSON, as Next Friend of ASHLY
JACKSON, a minor; and DR. BRIAN GREENE,
as Next Friend of INDIA
BOND, a minor

    Plaintiffs,

v

    Case No.: 05-CV-74253
    Hon. Gerald E. Rosen
    Magistrate Judge R. Steven Whalen

CITY OF DETROIT, a municipal corporation;
DETROIT POLICE CHIEF ELLA BULLY-CUMMINGS;
DEPUTY DETROIT POLICE CHIEF CARA BEST;
JOHN DOE POLICE OFFICERS 1-20; ASST.
DEPUTY POLICE CHIEF HAROLD CURETON;
COMMANDER CRAIG SCHWARTZ; POLICE LT.
BILLY JACKSON; MAYOR KWAME M. KILPATRICK,
CHRISTINE BEATTY, jointly and severally,

    Defendants.

_____/

NORMAN A. YATOOMA (P54746)
ROBERT S. ZAWIDEH (P43787)
NORMAN YATOOMA & ASSOCIATES, P.C.
**Attorneys for Plaintiffs**
219 Elm Street
Birmingham, MI 48009
(248) 642-3600

DAVID MOSS (P36757)
VINCE COLELLA (P49747)
MOSS & COLELLA PC
**Co-Counsel for Plaintiffs Ashly Jackson and India Bond Only**
29100 Northwestern Highway, Suite 310
Southfield, MI 48034
(248) 945-0100

JOHN A. SCHAPKA (P36731)
CITY OF DETROIT LAW DEPARTMENT
**Co-Counsel for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 224-4550

MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
MORGANROTH & MORGANROTH, PLLC
**Attorneys for Christine Beatty, Only**
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

KRYSTAL A. CRITTENDON (P49981)
CITY OF DETROIT LAW DEPARTMENT
**Attorney for City of Detroit, Harold Cureton, Craig Schwartz & Cara Best**
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-3018

JAMES C. THOMAS (P23801)
JAMES C. THOMAS, P.C.
**Attorney for Defendant Kwame Kilpatrick**
535 Griswold St., Suite 2632
Detroit, MI 48226
(313) 963-2420

KENNETH L. LEWIS (P26071)
SAID A. TALEB (P66030)
RANDAL M. BROWN (P70031)
PLUNKETT COONEY
**Attorneys for Ella Bully-Cummings, Only**
535 Griswold, Suite 2400
Detroit, MI 48226
(313) 983-4790

_____/

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

# DEFENDANT, CHRISTINE BEATTY'S, RESPONSE TO MARCH 24, 2009 ORDER TO SHOW CAUSE

NOW COMES Defendant, Christine Beatty ("Beatty"), by and through her attorneys, Morganroth & Morganroth, PLLC, and for her response to the March 24, 2009 Order to Show Cause states as follows:

## INTRODUCTION

On March 24, 2009, this Court entered an Order to Show Cause. Docket No. 190. Therein, this Court required Defendants, Beatty, former Mayor Kilpatrick and the City of Detroit, to "show cause why the Court should not order the production to Plaintiffs' counsel of all text messages contained in Plaintiffs' Rule 34 document request [which] Skytel provided to the Court for *in camera* review." Id.

Because the time period and scope of the text messages sought by Plaintiffs and produced by Skytel for *in camera* review in this case pursuant to Plaintiffs' Rule 34 document request far exceeds the time period, scope, number of individuals and PIN numbers which have already been posted on websites, this Court should not release all of such text messages to Plaintiffs prior to completing its *in camera* review and without any opportunity for Defendants to raise issues of privilege and challenge the relevance and discoverability of such text messages in connection with the issues at bar in this case as mandated by the March 20, 2008 Protocol Order. Docket No. 69. In addition, the public release of these text messages without any in camera review would be at odds with Judge Rosen's February 13, 2009 Order Regarding Discoverability of Text Messages wherein Judge Rosen determined that text messages which did not meet Fed. R. Civ. P. 26(b)(1)'s requirements for discoverability could not be released. See, Docket No. 184

## STATEMENT OF FACTS

On March 20, 2008, this Court entered an Order Establishing Protocol regarding the production to the Court and for the *in camera* review of certain text messages to be produced by Bell

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1

Industries, Inc. d/b/a Skytel ("Skytel"). Docket No. 69. This Court has been conducting its *in camera* review of the text messages produced by Skytel pursuant to Plaintiffs' Rule 34 request from 62 individuals and 482 PIN numbers for certain time periods during August 1, 2002 through April 17, 2004 (the "Federal Court Text Messages").

In early March 2009, the Wayne County Circuit Court released to the public certain text messages which had been subpoenaed by the Wayne County Prosecutor's Office in connection with the criminal prosecution of Beatty and former Mayor Kwame Kilpatrick (the "WCCC Text Messages")[1]. The WCCC Text Messages represent the text messages of only 25 PIN numbers comprised of 21 individual users. Only a small fraction of the WCCC Text Messages (i.e., those text messages subpoenaed by the Wayne County Prosecutor's office) were used in Court documents which have been publicly released by the Wayne County Circuit Court, the 36th District Court and/or were published by The Detroit Free Press in January 2008.

In contrast, Plaintiffs' Rule 34 request has sought the text messages of 482 PIN numbers comprising all the text messages of 62 individuals for an extensive period of time. Only 15 of the individuals included in the WCCC Text Messages are also listed as part of the 62 individuals at issue in connection with the Federal Text Messages. The Federal Text Messages include the following time periods[2]:

   (a)   August 1, 2002 through May 10, 2003;

---

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

1/   In January 2008, the Detroit Free Press published a number of text messages, and the 36th District Court previously ordered the release of other text messages associated with the criminal prosecution of Beatty and former Mayor Kilpatrick. Judge Rosen was aware of such prior public releases of text messages, but nonetheless established the protocol for the *in camera* review of the text messages at issue in this case after such prior releases of other text messages.

2/   The Federal Text Messages also included all text messages sent or received by any City of Detroit official or employee between 1:30 am and 5:30 am on April 30, 2003. These text messages have already been fully reviewed, and the Court has ordered that none of these messages meet the requirements for discoverability in this matter.

2

(b) the two-week periods before and after the date that the Tamara Greene murder investigation was designated as a cold case, which is the period of about March 1, 2004 through April 17, 2004 according to Plaintiffs' Third Amended Complaint at ¶¶ 52-53; and

(c) the periods beginning two weeks before Gary Brown, Harold Nelthrope, Alvin Bowman and Walter Harris filed their state-court suits[3] against the City of Detroit and others, and concluding two weeks after the last defendant was served with the summons and complaint in each of these cases, which is the period of about June/July 2003.

Thus, the senders and recipients of the WCCC Text Messages are a much smaller and vastly different group of individuals than the senders and recipients of the Federal Text Messages, and the time period of the WCCC Text Messages is distinctly different from the time period of the Federal Text Messages.

In light of the foregoing, this Court should not simply release the Federal Text Messages without completing its *in camera* review, and without providing Beatty and the other Defendants with a full and fair opportunity to raise objections to the release of such text messages if, after this Court's *in camera* review, it determines that some of the Federal Text Messages are discoverable in connection with this case, as set forth in the Protocol Order. Beatty, however, acknowledges that this Court need not review nor release the text messages that already have been posted on websites inasmuch as Plaintiffs already have access to such text messages like everyone else. But the posted text messages are only a small part of the Federal Text Messages at issue in this case.

## ARGUMENT

As a threshold matter, Fed. R. Civ. P. 26(b)(1) states, in pertinent part,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any <u>nonprivileged</u> matter that is <u>relevant</u> to any party's claim or defense – including the

---

3/ The state court suits were filed on June 8, 2003.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

3

> existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. (emphasis added).

As Judge Rosen noted in the Court's February 13, 2009 Order Regarding Discoverability of Text Messages, none of the April 30, 2003 text messages which had been reviewed *in camera* by the Court met the standard of Rule 26(b)(1). Docket No. 184. Therefore, Judge Rosen determined that such text messages were not subject to discovery in this case at all. Id. Similarly, with respect to the remaining Federal Text Messages, it is impossible to determine, without full *in camera* review of all text messages that have not been posted on websites, whether any of the Federal Text Messages not posted on websites meet the standard of Rule 26(b)(1), which is a necessary prerequisite to discoverability. If they do not, such text messages, like the April 30, 2003 text messages, should not be released at all. Id. If they do meet the Rule 26(b)(1) standard, then those Federal Text Messages not posted on websites should be the subject of the remaining protocols set forth in the Court's March 20th Order. Docket No. 69. It is noted, however, that any text messages that have been posted on websites are a matter of public record and need not be reviewed by the Magistrates nor released by this Court at all because Plaintiffs already have access to such text messages just like everyone else.

In any event, this Court should not just release all of the Federal Text Messages on the grounds that there may be some overlap with the WCCC Text Messages that have been posted on websites because the volume of the Federal Text Messages far exceeds the volume of the WCCC Text Messages which have been posted on websites. The Federal Text Messages presumably encompass hundreds of thousands of messages from 62 individuals and 482 PIN numbers[4]. There

MORGANROTH & MORGANROTH, PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

---

4/  Beatty does not know the precise volume of text messages at issue in this case inasmuch as she has not yet been permitted to review such text messages (except the small portion of text messages from April 30, 2003). However, based upon this Court's statements, and the number of individuals and PIN numbers for whom text messages have been sought

4

should necessarily only be a small, minimal overlap between the Federal Text Messages and the portion of the WCCC Text Messages that have been posted on websites because the time periods are distinct, the portions of the WCCC Text Messages that have been posted cover only a sprinkling of random dates and the scope of the Federal Text Messages regarding the users and PIN numbers involved far exceeds those of the WCCC Text Messages. In fact, the number of text messages which are already in the public domain (i.e., the text messages which have been publicly released by the Wayne County Circuit Court and by the 36th District Court in connection with the criminal case, and the text messages published by the Detroit Free Press in January 2008), in the aggregate total approximately 6,600 text messages which is minuscule compared to the number of the Federal Text Messages at issue here which presumably number in the hundreds of thousands and encompass significantly more individuals and PIN numbers and encompass a much greater time period[5].

Defendant, Beatty, acknowledges that there is certainly no need for this Court to sift through and review the text messages which have already been posted on websites, and indeed Plaintiffs can simply access and review the already posted text messages just like everyone else. However, because the vast number of Federal Text Messages at issue have not been posted on websites or made public in any manner, and have never been subject to any review for privilege and relevancy, this Court should, in accord with the Protocol Order, continue its *in camera* review of the Federal Text Messages which have not been posted on websites.

---

(62 individuals and over 480 PIN numbers), the volume of such text messages is presumed to encompass hundreds of thousands of text messages.

5/   Even if the number of non-public text messages in the Federal Text Messages was *de minimis*, which it certainly is not, this Court should still follow the procedures in the Protocol Order in order to ensure that each message was non-privileged and relevant to the matter at bar.

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

5

## **CONCLUSION**

For all the foregoing reasons, Beatty respectfully this Court does not release any text messages prior to completing its *in camera* review, and following the protocol set forth in the Court's March 20th Order.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
Attorneys for Defendant Beatty
3000 Town Center, Suite 1500
Southfield, MI 48075
(248) 355-3084

Dated: April 3, 2009

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE 1500
SOUTHFIELD, MI 48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY 10019
(212) 586-5905
FAX (212) 586-7302

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Norman A. Yatooma, Attorney | John A. Schapka, Attorney |
| Kenneth L. Lewis, Attorney | Krystal A. Crittendon, Attorney |
| James C. Thomas, Attorney | Herschel P. Fink, Attorney |

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

David Moss, Esq./Vince Colella, Esq.
Moss & Colella, PC
29100 Northwestern Hwy., Suite 310
Southfield, MI  48034

                            MORGANROTH & MORGANROTH, PLLC
                            By: /s/ Mayer Morganroth
                            MAYER MORGANROTH  (P17966)
                            Morganroth & Morganroth, PLLC
Dated:  April 3, 2009              E-mail: mmorganroth@morganrothlaw.com

MORGANROTH
&
MORGANROTH,
PLLC
ATTORNEYS AT LAW

MICHIGAN OFFICE
3000 TOWN CENTER
SUITE  1500
SOUTHFIELD, MI  48075
(248) 355-3084
FAX (248) 355-3017

NEW YORK OFFICE
156 W. 56 STREET
SUITE 1101
NEW YORK, NY  10019
(212) 586-5905
FAX (212) 586-7302