# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ernest Flagg, as Next Friend of
**Jonathon Bond**, a minor,
Taris Jackson, as Next Friend of
**Ashley Jackson**, a minor,
Dr. Brian Greene, as Next Friend of
**India Bond**, a minor,

    Plaintiff,

vs.

Case No. 05-CV-74253-DT
Hon. Gerald E. Rosen
Magistrate Judge Steven R. Whalen

**City of Detroit**, A Municipal Corporation,
City of Detroit Chief of Police **Ella Bully-Cummings**,
Deputy Chief of Police **Cara Best**,
John Doe Officers 1-20,
Assistant Deputy Police Chief **Harold Cureton**,
Commander **Craig Schwartz**,
Lieutenant Billy Jackson,
Mayor **Kwame Kilpatrick**, and
**Christine Beatty**, Jointly and severally,

    Defendants.
_____/

| | |
|---|---|
| Norman A. Yatooma (P54746) | James C. Thomas (P-23801) |
| Robert S. Zawideh (P43787) | Attorney for Kilpatrick only |
| Attorneys for Plaintiffs | 535 Griswold Street, Suite 2632 |
| 219 Elm Street | Detroit, Michigan 48226 |
| Birmingham, Michigan 48009 | (313) 963-2420 |
| (248) 642-3600 | |
| | |
| Kenneth L. Lewis (P-26071) | Krystal A. Crittendon (P49981) |
| Said A. Taleb (P-66030) | John A. Schapka (P-36731) |
| Randal M. Brown (P-70031) | Attorneys for City, Cureton, Schwartz, |
| Attorneys for Bully-Cummings only |    and Best only |
| 535 Griswold, Suite 2400 | City of Detroit Law Department |
| Detroit, Michigan | 660 Woodward, Suite 1650 |
| (313) 983-4790 | Detroit, Michigan 48226 |
| | (313) 224-4550 |
| Mayer Morganroth (P17966) | |
| Jeffrey B. Morganroth (P41670) | |

K:\DOCS\LIT\SCHAJ\A37000\OBJECT\JS4190.WPD

Attorneys for Beatty only
3000 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 355-3084
_____/

## DEFENDANTS CITY OF DETROIT, HAROLD Cureton, CRAIG SCHWARTZ, AND CARA BEST'S OBJECTION REGARDING DISCLOSURE OF DESIGNATED TEXT MESSAGES

Defendants City of Detroit, Harold Cureton, Craig Schwartz, and Cara Best hereby objects to the disclosure of designated text messages identified in the court's Second Opinion and Order dated 19 October 2009. In support of their objection, Defendants offer the following.

### The Relevance Threshold

Federal Rule of Evidence establishes the threshold parameters regarding relevance in the federal courts. It provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.

Rule 402 complements Rule 401 by providing that "(a)ll relevant evidence is admissible (and (e)vidence which is not relevant is not admissible.

Considered together, Rules 401 and 402 provide the cornerstone of the Federal evidentiary system. Determining whether evidence is relevant is not so much a question of law as it is one of common experience and logic. Generally, relevance requires only that the evidence have some tendency to prove or disprove a fact of some consequence to the litigation.

Within the context of civil discovery, Federal Rule of Civil Procedure 26(b) embraces a broader view of relevance and concomitantly provides a wider scope of examination than that allowed at trial. In this regard, the test concerns whether the subject inquiry is reasonably calculated to lead to the discovery of admissible evidence. *Lewis v ABC Business Services, Inc.*, 135 F3d 389 (6th Circuit 1998). Accordingly, the broad sweep of FRCP 26(b) is somewhat tempered by FRE 401 and 402.

### The Subject Text Messages

In accordance with the court's order directing that all objections be framed in a manner which does not disclose the content of the communications, Defendants herein refer to each by text line

K:\DOCS\LIT\SCHAJ\A37000\OBJECT\JS4190.WPD

number and date, such being in the same order as they appear in the court's list reviewed by counsel.

      a.      Text Lines 2,949-51
           (1)    10-7-02
           (2)    10-7-02
           (3)    10-7-02

The content of the texts identified above are without any realistic or meaningful context. More importantly, the texts are dated more than six months prior to Tamara Green's death, and it was only after her death that she became a generally known personality or person of public interest. Accordingly, the subject texts do not and cannot bear upon her death or the ensuing investigation as neither had occurred at the time the texts were created. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

      b.      Text Lines 2,974-75
           (1)    10-7-02
           (2)    10-7-02

The content of the texts identified above are without any realistic or meaningful context. More importantly, the texts are dated more than six months prior to Tamara Green's death, and it was only after her death that she became a generally known personality or person of public interest. Accordingly, the subject texts do not and cannot bear upon her death or the ensuing investigation as neither had occurred at the time the texts were created. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

      c.      Text Lines 2,123-40
           (1)    10-6-03
           (2)    10-6-03
           (3)    10-6-03
           (4)    10-3-03

The content of the texts (1) and (2) identified above are without any realistic or meaningful context. More importantly, they make no reference to Tamara Green's death, the ensuing investigation, or Defendants themselves notwithstanding the fact that by the date such texts were created, Green was a generally known personality or person of public interest. Moreover, the texts

do not bear upon any issue presented or otherwise framed in Plaintiff's complaint. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

The content of texts (3) and (4) identified above concern attorney/client communications regarding the decision making process concerning revisions of the Detroit City Code. Accordingly, such are shielded by either the attorney-client privilege or the attorney work product privilege. Defendants therefore object and invoke such privileges.

    d.    Text Lines 21,270-72
           (1)    10-6-03
           (2)    10-6-03
           (3)    10-6-03

The content of the texts identified above concern attorney/client communications regarding the resolution of a civil litigation matter involving the City's Public Lighting Department, such being unrelated in any manner to Plaintiff's claims in the instant matter. Accordingly, the texts are shielded by either the attorney-client privilege or the attorney work product privilege. Defendants therefore object and invoke such privileges.

    e.    Text Lines 10,857-58
           (1)    3-31-03
           (2)    3-31-03

The content of the texts identified above concern an event involving individuals unrelated to Tamara Green's death, the ensuing investigation, or Plaintiff's claims in the instant matter. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

    f.    Text Lines 15,343-44
           (1)    5-29-03
           (2)    5-29-03

The content of the texts identified above are without any realistic or meaningful context. More importantly, the texts are dated nearly one month after Tamara Green's death and refer only to individuals very much alive. Moreover, the texts make no reference to the ensuing investigation into Green's death, those involved in such investigation, or Defendants themselves. Accordingly, the subject texts do not bear upon Greens death or the ensuing investigation. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in

the instant civil action.

      g.      Text Lines 15,419-21

            (1)      5-29-03
            (2)      5-29-03
            (3)      5-29-03

The content of the texts identified above are without any realistic or meaningful context. More importantly, the texts are dated nearly one month after Tamara Green's death and refer only to individuals very much alive. Moreover, the texts make no reference to the ensuing investigation into Green's death, those involved in such investigation, or Defendants themselves. Accordingly, the subject texts do not bear upon Green's death, the ensuing investigation, or any issues presented or otherwise framed in Plaintiff's complaint. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

      h.      Text Lines 29,255-56

            (1)      5-23-03
            (2)      5-23-03

The context of the text messages identified above concern events related to an unrelated investigation initiated prior to Tamara Green's death. Such investigation was unrelated to Green's death as her death had not yet occurred. Moreover, the texts make no reference to Green, the investigation into her death, or Defendants themselves. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

      I.      Text Lines 54,794-98

            (1)      12-18-03
            (2)      12-18-03
            (3)      12-18-03
            (4)      12-18-03
            (5)      12-18-03

The content of the texts identified above concern a social gathering taking place nearly eight months after Tamara Green's death. More importantly, the texts make no reference to her death, the ensuing investigation, those involved in such investigation, or Defendants themselves. Accordingly, the subject texts do not bear upon any issue presented or otherwise framed in Plaintiff's complaint. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of

admissible evidence in the instant civil action.

      j.      Text Lines 69,649-57
            (1)     4-2-04
            (2)     4-2-04
            (3)     4-2-04
            (4)     4-2-04
            (5)     4-2-04
            (6)     4-2-04
            (7)     4-2-04
            (8)     4-2-04
            (9)     4-2-04

The content of the texts identified above concern a body of information regarding a social gathering unrelated to Tamara Green's death or the investigation pertaining thereto. More importantly, the texts make no reference to her death, the ensuing investigation, those involved in such investigation, or Defendants themselves. Accordingly, the subject texts do not bear upon any issue presented or otherwise framed in Plaintiff's complaint. Defendants therefore object as the texts cannot be reasonably calculated to lead to the discovery of admissible evidence in the instant civil action.

                      Respectfully submitted,

                      S/John A. Schapka

                      John A. Schapka
                      City of Detroit Law Department
                      1650 First National Building
                      Detroit, Michigan 48226
DATED: 30 October 2009         (313) 224-4550 ext 23142

I hereby certify that on October 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all counsel of record; and I do hereby certify that I have cause the paper to be sent by United States mail to the following non-ECF participants: none.

                      S/ John A. Schapka (P-36731)

K:\DOCS\LIT\SCHAJ\A37000\OBJECT\JS4190.WPD

City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3062

K:\DOCS\LIT\SCHAJ\A37000\OBJECT\JS4190.WPD