# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of JONATHAN BOND; TARIS JACKSON,
as Next Friend of ASHLY JACKSON; and
BRIAN GREENE, as Next Friend of
INDIA BOND,

       Plaintiffs,

                                         Case No. 05-74253

v.                                      Hon. Gerald E. Rosen

CITY OF DETROIT, *et al.*,

       Defendants.

_____/

## ORDER REGARDING
## VARIOUS PENDING DISCOVERY MATTERS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 16, 2009

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On November 10, 2009, the Court held a hearing on various discovery-related matters in this case, and also met with counsel in chambers to further address these matters. The present order sets forth the Court's rulings on these matters.

First, by motion filed on September 29, 2009, Plaintiffs sought leave of the Court for six current Detroit Police Department ("DPD") officers and two retired DPD officers to be given an opportunity to review the Tamara Greene homicide file, in accordance with

the protocol established in the Court's February 17, 2009 order.  At the November 10 hearing and at the meeting in chambers, Plaintiffs' counsel identified the specific grounds for permitting these eight current and former DPD officers to review the file, and the Court is now satisfied that Plaintiffs have established a basis for this review.  Accordingly, for the reasons stated on the record at the November 10 hearing, this motion is granted.  As indicated at the hearing, Plaintiffs must ensure that each of these witnesses has signed a written acknowledgment of the protective order, in which each such witness agrees to be bound by the terms of both the protective order and the February 17, 2009 order.  In addition, any communications between Plaintiffs' counsel and the six current DPD officers must proceed through counsel for the Defendant City of Detroit.

     Next, by motion filed on October 15, 2009, three non-party Michigan State Police ("MSP") officers lodged a number of objections to subpoenas *duces tecum* served upon them by Plaintiffs' counsel.  By the time of the November 10 hearing, many of these objections had been resolved, and one of the depositions at issue had gone forward.  The remaining objections, in turn, were resolved during the November 10 meeting in chambers and at the ensuing hearing.  In particular, counsel for the MSP officers has been directed to produce to Plaintiffs' counsel unredacted copies of certain materials previously obtained by Plaintiffs' counsel in redacted form,[1] with these materials to be produced in accordance with the terms of the protective order entered in this action, and

---

[1] These "unredacted" materials will remain redacted as to the information identified in Fed. R. Civ. P. 5.2.

with review of these unredacted materials strictly limited to Plaintiffs' counsel, a single designated expert, and a single designated investigator.[2] In addition, the depositions of the remaining MSP officers will be conducted under seal, with the testimony given at these depositions subject to the terms of the protective order.[3] Finally, to the extent that claims of privilege are made during these depositions, counsel should make a separate record of the portions of the depositions that are claimed to implicate privileged information, and this separate record should be provided to the Court under seal for a determination on any such claim of privilege.

Next, in an October 19, 2009 opinion and order, the Magistrate Judges identified 36 text messages as arguably relevant to Plaintiffs' claims in this case, and hence discoverable under the standards of Fed. R. Civ. P. 26(b)(1). The Defendant City of Detroit filed objections to the disclosure of these text messages, and Defendant Kilpatrick joined in these objections. The Court addressed these objections at an *ex parte, in camera* hearing with defense counsel. For the reasons stated on the record at this hearing, the Court has determined that each of the 36 text messages should be disclosed to Plaintiffs' counsel, with the exception of one sentence at the end of one of these messages which

---

[2]In this respect, Plaintiffs' review of the materials to be provided by counsel for the MSP officers is akin to the limited review of the Tamara Greene homicide file permitted under the Court's February 17, 2009 order. As is the case under that order, any broader disclosure or use of the MSP materials must be authorized by the Court pursuant to a motion filed under seal and identifying the specific grounds for such disclosure or use.

[3]Any party or deponent may subsequently bring a motion requesting that a given deposition no longer be maintained under seal.

will be redacted prior to production.[4] The disclosure of these text messages to Plaintiffs' counsel will, of course, be governed by the terms of the protective order.

Apart from these matters raised in submissions to the Court, counsel and the Court also addressed certain forthcoming depositions — most specifically, the depositions of Defendant Ella Bully-Cummings and of Michigan Attorney General Mike Cox. As indicated on the record at the November 10 hearing and in the meeting with counsel in chambers, the Court is concerned that these (and possibly other) depositions could touch upon matters which, if made public, could impede or interfere with the ongoing Tamara Greene homicide investigation. Accordingly, the Court has determined that these depositions should be conducted under seal, and that the parties should also conduct under seal any other depositions at which the deponent will be asked about matters concerning the Tamara Greene homicide investigation. As indicated earlier, following the conclusion of any such deposition conducted under seal, any party or deponent is free to bring a motion requesting that the record of this deposition no longer be maintained under seal.

Finally, at the November 10 meeting with counsel in chambers, the Court indicated that it planned to revisit its earlier decision in this case not to impose a "gag" order on counsel as requested by the Defendant City of Detroit. On several occasions in these

---

[4]Counsel for the Defendant City has been directed to file a statement under seal confirming counsel's representation at the *in camera* hearing that this sentence refers to an unrelated matter.

proceedings — including, most notably, at the April 14, 2008 hearing on the City's motion for a "gag" order —the Court has explicitly cautioned counsel against seeking to try this case in the media or engaging in conduct that would run afoul of counsel's professional obligations. In particular, each of the attorneys in this case has been expressly reminded of his or her obligation, under Michigan Rule of Professional Conduct 3.6, to refrain from making a public statement "if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding." With each successive wave of publicity in this case, fueled in part by information supplied or statements made by counsel, it has become increasingly difficult to ensure the fairness of any eventual trial and the selection of an impartial jury. Apart from these concerns, the Court has repeatedly stated its intention to avoid, to the greatest extent possible, any interference with the ongoing investigation into the death of Tamara Greene, and has implemented various measures to reduce the likelihood of such interference. Again, each successive wave of publicity heightens the Court's concern that these measures do not go far enough, and that more drastic action must be taken.

Nonetheless, upon careful consideration following the November 10 hearing, the Court once again elects not to impose a "gag" order upon counsel. As evidenced by the present order and several prior rulings in this case, the Court has taken a number of steps to ensure that the parties are afforded a full opportunity for discovery, while at the same time attempting to avoid undue interference with the Tamara Greene homicide investigation. Regrettably, the Court's efforts to strike the appropriate balance between

these competing concerns have been unduly complicated by the occasional actions of counsel — most commonly, Plaintiffs' counsel — that appear designed more for publicity-seeking than fact-gathering. Against this backdrop, the Court has found it necessary to issue increasingly restrictive orders requiring that more and more materials be maintained under seal, contrary to the Court's own strong preference for full public access to court proceedings and records. *See Rainbow Nails Enterprises, Inc. v. Maybelline, Inc.,* 93 F. Supp.2d 808, 810 n.1 (E.D. Mich. 2000) ("Ours is an open judicial system, and there is a strong common law presumption in favor of public access to court proceedings and records." (internal quotation marks and citation omitted)). Yet, because the Court has imposed such restrictive measures in this case, albeit reluctantly and out of necessity, the opportunities for publicity-seeking mischief have been mitigated, if not altogether eliminated. Under these circumstances, the Court is unwilling — at least at present — to impose the still more restrictive and drastic measure of a "gag" order in a civil suit involving matters of public interest, and instead anticipates — again, subject to evidence to the contrary — that counsel will be more circumspect in any future contacts with the media. If such expectations prove unwarranted, and if additional restrictions prove necessary to safeguard ongoing law enforcement investigations and the right to a fair trial, counsel will have only themselves to blame, as they surely have been amply warned by this late date in these proceedings.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' September 29,

2009 motion for third-party review (docket #217) is GRANTED. IT IS FURTHER ORDERED that the October 15, 2009 motion to quash brought by three non-party Michigan State Police officers (docket #220) is GRANTED IN PART and DENIED IN PART, in accordance with the rulings in this order and at the November 10, 2009 hearing. Finally, IT IS FURTHER ORDERED that Defendants' objections (docket #s 229, 238) to the Magistrate Judges' October 19, 2009 opinion and order are OVERRULED, with the one exception set forth above. Plaintiffs' counsel should make arrangements with the Court to obtain a sealed copy of the text messages identified in the Magistrate Judges' ruling.

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: November 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 16, 2009, by electronic and/or ordinary mail.

          s/Ruth Brissaud
          Case Manager