ERNEST FLAGG, as Next Friend
of JONATHAN BOND,

No. 05-74253

      Plaintiff,

District Judge Gerald E. Rosen

v.

Magistrate Judge R. Steven Whalen

CITY OF DETROIT, et.al.,

      Defendants.
                                         /

**ORDER**

      Before the Court is Plaintiffs' Motion for Entry of Default Against Defendants City of Detroit and Kwame Kilpatrick [Docket #295]. The Plaintiffs ask for entry of default as a sanction for a discovery violation, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi). Rule 37(b)(2)(A) sets forth a non-exhaustive list of sanctions that a court may impose for a party's failure to obey a discovery order, including "rendering a default judgment against the disobedient party." This motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Docket #298.[1]

---

[1] In general, a motion for default judgment would be considered a dispositive motion, since an order granting a default judgment would be dispositive of the case. *See Callier v. Gray,* 167 F.3d 977, 981 (6th Cir.1999). "In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514 -515 (6th Cir. 2001) Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge could therefore not *grant* a motion for default judgment, but would have to proceed by Report and Recommendation. It is the nature of the order–whether it is dispositive or non-dispositive of the case–that controls. Thus, a magistrate judge can grant, but cannot deny an application to proceed *in forma pauperis*, since a denial is the functional equivalent of an involuntary dismissal. *Woods v. Dahlberg,* 894 F.2d 187, 187 (6th Cir.1990) Similarly, because the *denial* of a motion for default judgment as a discretionary Rule 37 discovery sanction has no effect on the litigation, it would not constitute a dispositive order. *But see Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (magistrate judge did not have the authority to

-1-

Plaintiffs' motion, filed on January 23, 2010, seeks Rule 37 sanctions based on Defendants' failure to comply with this Court's discovery order of January 15, 2010 [Docket #278]. That order directed that Defendants' produce the requested discovery by January 23, 2010. However, on that same day the discovery was due, and the same day the Plaintiffs filed the present motion, the Defendants filed a motion to extend the time for them to produce the discovery material [Docket #293]. The Plaintiffs did not file a response to the motion to extend, and on February 16, 2010, I extended the time for production to March 2, 2010, noting that the motion was unopposed.

Accordingly the Defendants' motion for default judgment [Docket #295], based on alleged violation of a discovery deadline that was extended, is DENIED AS MOOT.

IT IS SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 7, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 7, 2010.

S/Gina Wilson
Judicial Assistant

---

rule on *post-dismissal* motion for sanctions). The present motion is, of course, pre-judgment.