**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERNEST FLAGG, as Next Friend
of JONATHAN BOND; TARIS JACKSON,
as Next Friend of ASHLY JACKSON; and
BRIAN GREENE, as Next Friend of
INDIA BOND,

       Plaintiffs,

                                        Case No. 05-74253
v.                                       Hon. Gerald E. Rosen

CITY OF DETROIT and KWAME M. KILPATRICK,

       Defendants.
_____/

**ORDER REGARDING CARLITA KILPATRICK'S
AND BERNARD KILPATRICK'S MOTION TO QUASH**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     August 4, 2010    

PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

By motion filed on July 30, 2010, non-parties Carlita Kilpatrick and Bernard Kilpatrick (the "Kilpatricks") seek an order quashing the subpoenas for their depositions or, alternatively, specifying various conditions under which their depositions may go forward. For the reasons stated below, the Court largely denies this motion, with one limited exception, as wholly lacking in merit.

As the first ground for challenging the notices and accompanying subpoenas for their depositions, the Kilpatricks contend that Plaintiffs failed to provide sufficient

advance notice of these discovery efforts. Yet, under the pertinent Federal Rule, Plaintiffs need only have provided "reasonable" advance notice of their intention to depose the Kilpatricks. *See* Fed. R. Civ. P. 45(c)(3)(A)(i); *see also* Fed. R. Civ. P. 30(b)(1).[1] As Plaintiffs point out in their response to the Kilpatricks' motion, the Kilpatricks and their counsel have been on notice of Plaintiffs' intention to take their depositions since at least mid-March of this year. Indeed, in a letter to Plaintiffs' counsel dated March 12, 2010, the Kilpatricks' counsel acknowledged that her clients' depositions had been noticed for March 15, 2010, but she asked as a courtesy that "the depositions be rescheduled at a time and date convenient for all parties so that I may have time to discuss the relevant matters with my clients." (Plaintiffs' Response, Ex. 3.) Since that time, counsel have exchanged a number of letters in an effort to settle upon acceptable dates for the Kilpatricks' depositions. Under this record, it is untenable for the Kilpatricks and their counsel to maintain that they were not given the requisite

---

[1] In support of their challenge to the timeliness of notice, the Kilpatricks cite two provisions of the Federal Rules that are utterly inapplicable here. First, they cite Fed. R. Civ. P. 26(d)(1) for the proposition that Plaintiffs could not seek discovery from them until Plaintiffs' counsel and the Kilpatricks' attorney had met and conferred in accordance with Fed. R. Civ. P. 26(f). Yet, these provisions in Rule 26 dictate only that ***the parties*** must meet and confer at the outset of a case before they may commence discovery. The parties to this suit satisfied this requirement long ago, and nothing in Rule 26(d) prevents them from seeking discovery from parties and non-parties alike.

The second provision cited by the Kilpatricks is equally inapposite, if not more so. In particular, the provision they cite, Fed. R. Civ. P. 27(a), applies to efforts to take a deposition ***before a suit is filed.*** Again, since this suit has been pending for some time, Plaintiffs obviously need not have complied with the terms of Rule 27(a) in order to take the Kilpatricks' depositions.

"reasonable" advance notice of Plaintiffs' intention to depose them.[2]

Having disposed of this threshold procedural issue, the Court turns to the Kilpatricks' substantive challenges to Plaintiffs' effort to depose them. First, they argue that they lack any relevant knowledge of the events and issues implicated by the parties' claims and defenses in this case. Yet, this Court has already heard argument on this matter, in connection with Plaintiffs' request for leave to exceed the usual limit of ten depositions, *see* Fed. R. Civ. P. 30(a)(2)(A)(i), and has determined that there is a sufficient basis for believing that these witnesses may offer testimony that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also* 4/2/2010 Order at 2. To the extent that the Kilpatricks and their counsel believe that Plaintiffs' counsel is exploring irrelevant matters at their forthcoming depositions, they are free to make an appropriate objection, *see* Fed. R. Civ. P. 30(c)(2),[3] and to seek relief

---

[2]To the extent that the Kilpatricks suggest that Plaintiffs were required to personally serve their most recent subpoenas and deposition notices on the Kilpatricks themselves, rather than counsel who has entered an appearance on their behalf, they have not identified any relevant authority for this proposition. Fed. R. Civ. P. 45(b)(1) requires that a copy of the subpoena be "deliver[ed] . . . to the named person." As one court has observed, the "obvious purpose" of this provision "is to mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service." *Hall v. Sullivan,* 229 F.R.D. 501, 504 (D. Md. 2005); *see also* Fed. R. Civ. P. 5(b)(1) (dictating that papers other than the original complaint must be served upon counsel "[i]f a party is represented by an attorney"). In this case, the Kilpatricks do not contend that service upon their attorney failed to provide effective notice; indeed, they and their counsel likely would have taken a dim view of any attempt to contact and serve them directly, rather than through the attorney they have retained to represent them. Moreover, it appears from the record that, although Plaintiffs personally served Bernard Kilpatrick himself with the initial subpoena for his deposition, they have repeatedly served all subsequent subpoenas upon the Kilpatricks' counsel without any complaint, objection, or insistence upon personal service.

[3]The Court reminds the Kilpatricks and their counsel, however, that a witness ordinarily must respond to all questions at his or her deposition "subject to any objection," and that a

from the Court as warranted under Fed. R. Civ. P. 30(d)(3)(A).

Next, the Kilpatricks cite the possibility that they might find it necessary to invoke a Fifth Amendment or spousal privilege in response to Plaintiffs' queries during their depositions. This contention, however, rests upon pure speculation, and the Kilpatricks make no effort to identify likely lines of inquiry that would call for the disclosure of privileged communications or information. Moreover, even assuming Plaintiffs were to pursue any such line of inquiry, the Kilpatricks are free to assert appropriate claims of privilege in response to particular questions, and to make a separate record in the event that Plaintiffs' counsel challenges any such claim of privilege. "The circumstances are rare which justify an order that a deposition not be taken at all, and the existence of privilege is not one of those circumstances." *Scovill Manufacturing Co. v. Sunbeam Corp.,* 61 F.R.D. 598, 603 (D. Del. 1973). Rather, the "normal practice" is "to allow the deposition to go forward," with the parties "creat[ing] a record" and "furnish[ing] a context" for any disputes arising from the deponent's assertion of a privilege. *Pritchard v. County of Erie,* No. 04CV534C, 2006 WL 2927852, at *3 (W.D.N.Y. Oct. 12, 2006). This practice enables the Court to rule "upon a concrete record" in determining the validity of a claim of privilege. *Pritchard,* 2006 WL 2927852, at *3.[4]

---

witness may be instructed not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

[4]Notably, while Carlita Kilpatrick cites pending state and federal criminal cases against her husband, Defendant Kwame Kilpatrick, as giving rise to the prospect that she might have to invoke a Fifth Amendment or spousal privilege at her deposition, the parties recently conducted

4

In addition, Plaintiffs correctly observe that the privileges invoked by the Kilpatricks are not as broad as their motion might suggest. Regarding the two marital privileges cited by Carlita Kilpatrick, the first of these, the spousal communications privilege, shields from disclosure only communications between Carlita and Kwame Kilpatrick during their marriage that were made in confidence. *See United States v. Porter,* 986 F.2d 1014, 1018 (6th Cir. 1993). Thus, this privilege would not prevent Carlita Kilpatrick from testifying about events she observed or in which she participated. Nor would this privilege preclude her from testifying about, for example, communications between her and her husband that were not made in confidence, or communications between her husband and others that she overheard. Next, while Carlita Kilpatrick also appeals to a privilege that protects her from being compelled to give testimony against her husband, *see Porter,* 986 F.2d at 1018, Plaintiffs point out that this "adverse spousal testimony privilege has traditionally been limited to criminal cases," *United States v. Premises Known as 281 Syosset Woodbury Road,* 71 F.3d 1067, 1070 (2d Cir. 1995); *see also S.E.C. v. Lavin,* 111 F.3d 921, 925 (D.C. Cir. 1997); *Appeal of Malfitano,* 633 F.2d 276, 277 (3d Cir. 1980). The Kilpatricks have not cited any authority for invoking this privilege in this civil suit, and even if it applied, it would be "limited to instances in which it makes the most sense, where a spouse who is neither a victim nor a participant observes evidence of the other spouse's crime." *Ryan v. Commissioner,* 568 F.2d 531,

---

the deposition of Kwame Kilpatrick himself despite, one assumes, a similar or greater prospect that his Fifth Amendment protection against self-incrimination might be implicated.

544 (7th Cir. 1977).

The Kilpatricks further suggest that one or both of them might find it necessary to invoke the Fifth Amendment privilege against self-incrimination. This privilege may be validly asserted, however, only "where a witness has reasonable cause to apprehend a real danger of incrimination," as opposed to a "mere imaginary, remote or speculative possibility of prosecution." *Donovan v. Fitzsimmons (In re Morganroth),* 718 F.2d 161, 167 (6th Cir. 1983). "A witness risks a real danger of prosecution if an answer to a question, on its face, calls for the admission of a crime or requires that the witness supply evidence of a necessary element of a crime or furnishes a link in the chain of evidence needed to prosecute." *Donovan,* 718 F.2d at 167. Moreover, a "blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions." 718 F.2d at 167; *see also United States v. Highgate,* 521 F.3d 590, 594 (6th Cir. 2008) (requiring that a court affirmatively decide whether the privilege against self-incrimination has been properly invoked, rather than "credit[ing] that assertion without further probing"). Once again, then, the mere prospect that the Kilpatricks might seek to assert the Fifth Amendment privilege against self-incrimination at some point during their depositions does not warrant a blanket protective order relieving them of any obligation to appear for their depositions.

Next, in the event that the Court concludes (as it now has done) that their depositions should go forward, the Kilpatricks ask that the Court impose various

6

limitations upon these discovery efforts. First, they challenge Plaintiffs' request to videotape their depositions. Yet, while a protective order against videotaping a deposition may be entered upon a showing of good cause, *see* Fed. R. Civ. P. 26(c)(1), this standard is satisfied only through the specific identification of a clearly defined and sufficiently serious harm attributable to this method of recording a witness's testimony. *See Fanelli v. Centenary College,* 211 F.R.D. 268, 270 (D.N.J. 2002). "Good cause cannot be established upon some general or speculative alleged harm," nor by appealing to the additional anxiety induced by videotaping. *Fanelli,* 211 F.R.D. at 270-71. In this case, the parties have routinely videotaped the depositions of most (if not all) witnesses, and the Court is not aware of any concerns arising from this practice. In light of the Kilpatricks' failure to suggest why the videotaping of their depositions would be uniquely or especially problematic, and in light of the legitimate concern that the parties might be unable to secure the presence of these out-of-state witnesses at any eventual trial, the Court finds that Plaintiffs are entitled to preserve the Kilpatricks' testimony on videotape.

The Kilpatricks further suggest that the Court should enter an order limiting Plaintiffs' inquiries to "relevant matters" and restricting the duration and subject matter of their depositions. (Kilpatricks' Motion at ¶ 21.) The Federal Rules themselves, however, limit the duration of depositions to seven hours, *see* Fed. R. Civ. P. 30(d)(1), and restrict discovery efforts of any sort (including depositions) to "nonprivileged matter[s] that [are] relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). The Kilpatricks' depositions, like the parties' other discovery efforts in this case, will be governed by these

and all other applicable provisions of the Federal Rules, and they have not explained what would be gained by the entry of an order confirming what should be amply evident to the parties and their counsel: namely, the Court's intention to enforce these rules, as well as its availability to resolve any disputes that may arise during the parties' discovery efforts.

Next, the Kilpatricks ask that their deposition testimony be kept under seal. As Plaintiffs observe, the Kilpatricks have not made a particularly compelling showing of the need for this protective measure, but instead merely parrot the language of Rule 26(c)(1), citing generalized and unspecified concerns of "annoyance, embarrassment, oppression, undue burden, and injury to [Carlita Kilpatrick's] minor children." (Kilpatricks' Motion at ¶ 23.) Nonetheless, the Court believes it appropriate to order that the Kilpatricks' deposition testimony be maintained under seal, at least initially, until the Court has an opportunity to review the transcripts of this testimony and the parties and deponents have an opportunity to address, under a more complete record, whether this testimony should remain under seal. As grounds for this determination, the Court notes that the Kilpatricks are non-parties whose privacy interests warrant greater protection under Fed. R. Civ. P. 26(c)(1). In addition, while the Kilpatricks have made overbroad appeals to spousal and Fifth Amendment privileges, the Court agrees that there is a reasonable prospect that at least some of Plaintiffs' inquiries might implicate these privileges, and the Court believes it best that any such matters of privilege be addressed and resolved before the testimony at issue is publicly disclosed. It also bears emphasis that the Court does not know what subjects Plaintiffs' counsel intends to explore during these depositions. Under these

circumstances, the Court finds it prudent to order that the deposition testimony be kept under seal, at least initially, in order to ensure that sensitive (and potentially irrelevant) matters remain appropriately shielded from public view during the discovery phase of this high-profile case.

Finally, the Kilpatricks and their counsel seek an award of expenses and attorney fees. To the extent that this request rests upon Fed. R. Civ. P. 37(a)(5), it surely cannot be said that the Kilpatricks have prevailed in their present motion, such that an award of "the movant's reasonable expenses" would be warranted. To the extent that the Kilpatricks mean to suggest that they are entitled to an award of fees and expenses that they and their counsel will incur in preparing for and attending their depositions, they have not identified any authority for such an award, and neither is the Court aware of any. Rather, a non-party witness who is subpoenaed to appear for a deposition ordinarily is entitled only to a witness "fee[] for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1); *see also* 28 U.S.C. § 1821(b)-(c) (establishing the attendance fee and mileage allowance for a witness to appear for his or her deposition); *Robertson v. Dennis (In re Dennis),* 330 F.3d 696, 704-05 (5th Cir. 2003). Although an additional award of fees or expenses might be warranted in order to "avoid imposing undue burden or expense" on a non-party, Fed. R. Civ. P. 45(c)(1); *see also United States v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1982), the Kilpatricks have failed to identify any excessive or unreasonable burden or expense that they will incur by simply appearing for their depositions at the office of their counsel in Texas.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Carlita Kilpatrick's and Bernard Kilpatrick's July 30, 2010 motion for protection and to quash notices of depositions (docket #409) is GRANTED, to the extent that it requests that the depositions of these two non-parties be conducted under seal, and is otherwise DENIED. Counsel for the parties and for the Kilpatricks are directed to promptly confer and agree upon dates and times for Carlita and Bernard Kilpatrick to appear for their depositions. In the eventthat counsel fail to negotiate in good faith on a schedule for conducting these depositions, the Court will determine the dates upon which these depositions will go forward.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 4, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager