UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST FLAGG, as Next Friend
of J. B., a minor; TARIS JACKSON,
as Next Friend of A. J., a minor; and          Case No. 05-74253
BRIAN GREENE, as Next Friend of                Hon. Gerald E. Rosen
I. B., a minor,

        Plaintiffs,

v.

CITY OF DETROIT and KWAME M. KILPATRICK,

        Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR ENTRY OF DEFAULT AND OTHER RELIEF

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          October 31, 2011

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

In a motion brought on September 15, 2010, shortly after the close of the lengthy discovery period in this case, Plaintiffs raise a variety of complaints about materials that purportedly were withheld during discovery, and they seek the entry of a default judgment and an award of sanctions arising from these alleged discovery violations. For the reasons stated briefly below, the Court finds that Plaintiffs have failed to establish an entitlement to any relief arising from the matters raised in their motion.

As the first of the three purported discovery violations identified in their motion,

Plaintiffs assert that the Defendant City of Detroit has failed to comply with an order directing it to submit to the Court a complete copy of the Detroit Police Department ("DPD") investigative file regarding the murder of Tamara Greene. In support of this contention, Plaintiffs cite the testimony of several DPD officers — including Sergeant Marian Stevenson, Lieutenant Billy Jackson, and Sergeant Mike Russell — who have stated at their depositions that certain materials appeared to be missing from the Greene homicide file when they reviewed in this Court's chambers. It follows, in Plaintiffs' view, that the Defendant City failed to comply with the Court's directive to produce a complete copy of the Greene homicide file.

This complaint of missing materials, however, fails on two scores to provide a basis for relief. First, Plaintiffs failed to bring this matter before the Court in a timely fashion. Under the January 4, 2008 scheduling order that governs this action, a discovery dispute must be raised with the Court within 14 days after a party has notice of this dispute. In this instance, the depositions giving rise to Plaintiffs' awareness of purportedly missing materials were taken in March, June, and July of 2010, but Plaintiffs did not file the present motion until September 15, 2010, roughly six weeks after the last of these depositions. Under these circumstances, the Court declines to intervene in this dispute.

Yet, even if Plaintiffs had timely raised this complaint, they have failed to suggest an evidentiary basis upon which the Court could conclude that the City violated the April 15, 2008 order directing it to produce a complete copy of the Greene homicide file. Most

2

notably, even assuming that the materials identified by Plaintiffs as "missing" from the file are truly missing — a premise the City disputes in certain respects in its response to Plaintiffs' present motion — Plaintiffs have failed to explain the basis for their apparent assumption that these materials were present in the original file used to generate the copy produced to the Court back in April of 2008. Against this unfounded speculation, the City states that it did, in fact, produce a copy of the entire homicide file as it existed in the City's possession at the time this copy was made and submitted to the Court.[1] Indeed, Plaintiffs have pointed to these very same "missing" materials as substantive proof of their underlying claims that Defendants unlawfully interfered with the Greene homicide investigation. Certainly, then, it is within the realm of possibility that some or all of these materials went missing before the Court entered its April 15, 2008 order directing the City to produce a complete copy of the Greene homicide file. Against this backdrop, the Court declines Plaintiffs' invitation to speculate that the City violated the April 15, 2008 order.

The two remaining discovery violations claimed in Plaintiffs' motion warrant little discussion. First, Plaintiffs suggest that Defendants "improperly withheld" an affidavit evidently signed by an individual named Tommie Lee Hodges back in July of 2008. (*See* Plaintiffs' Motion, Br. in Support at 8.) Yet, Plaintiffs acknowledge that they were given

---

[1] The City further observes that this file has not been in its sole possession during all times of relevance to this suit, but instead was turned over to the Wayne County Prosecutor's Office for an extended period. It is possible, then, that materials could have been lost while the file was outside the City's possession and control. Nothing in the record sheds any light on this question.

a copy of this affidavit on April 21, 2010. Clearly, then, Plaintiffs did not timely bring this matter to the Court's attention, but instead waited nearly five months before raising this issue in the present motion. In any event, and as Defendant Kilpatrick aptly observes in his response to Plaintiffs' motion, Plaintiffs have failed to identify any order, or even a discovery request, that would have given rise to either Defendant's obligation to disclose the Hodges affidavit before Plaintiffs received it in connection with the deposition of DPD Officer Mike Carlisle in April of 2010. There is no freestanding, affirmative duty under the Federal Rules of Civil Procedure to turn over any and all materials that the opposing party might find relevant, even absent a request to produce these materials, and a party certainly does not violate any such Federal Rule by failing to anticipate the opposing party's desire for materials it has not requested.

Finally, Plaintiffs contend that the Defendant City has failed to comply with a September 2, 2010 order in which the Magistrate Judge instructed the City to produce certain materials within seven days. In its response to Plaintiffs' motion, however, the City states without contradiction that it sought a brief extension of the deadline for providing these materials, that the Magistrate Judge granted this request, and that the materials in question were timely produced prior to this extended deadline. Accordingly, the Court agrees with the City that this issue is moot.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' September 15, 2010 motion for entry of default and other relief (docket #462) is DENIED.

                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: October 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2011, by electronic and/or ordinary mail.

                        s/Ruth A. Gunther
                        Case Manager